# EXHIBIT C

Of Counsel:
TSUKAZAKI YEH & MOORE

THOMAS L.H. YEH  2341
85 W. Lanikaula Street
Hilo, Hawaii 96720

(808) 961-0055 (phone)
(808) 969-1531 (fax)

Attorneys for Plaintiff
WORLD BOTANICAL
GARDENS, INCORPORATED

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| WALTER L. WAGNER, | ) | Civil No. 04-1-0232 |
| | ) | |
| Plaintiff, | ) | FINAL JUDGMENT |
| | ) | |
| vs. | ) | |
| | ) | *Date:*   *October 17, 2007* |
| WORLD BOTANICAL GARDENS, | ) | *Time:*   *8:00 a.m.* |
| INCORPORATED, | ) | *Judge:*   *Glenn S. Hara* |
| | ) | |
| Defendant. | ) | *No Trial Date Set* |
| | ) | |

### *FINAL JUDGMENT*

The Court having entered an Order Denying Plaintiff Walter L. Wagner's Motion for Partial Summary Judgment and Granting Defendant World Botanical Gardens, Incorporated's Motion For Summary Judgment herein on October 17, 2007, and the Court having granted World Botanical Gardens, Incorporated's Motion For Award of Attorneys' Fees and Costs, and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that Judgment be and the same is hereby entered in favor of Defendant World Botanical Gardens, Incorporated and against Plaintiff Walter L. Wagner on all counts, claims and causes of action which were alleged in the

## EXHIBIT "A"

First Amended Complaint or which arise out of the First Amended Complaint, and said First Amended Complaint be and the same is hereby dismissed with prejudice.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT Defendant World Botanical Gardens, Incorporated is awarded Judgment in the sum of $_____$ in attorneys fees and $_____$ in taxable costs against Plaintiff Walter L. Wagner.

The Court expressly directs the entry of this Final Judgment consistent with Rule 58 of the Hawaii Rules of Civil Procedure.

DATED:  Hilo, Hawaii, _____.

_____    _____
JUDGE OF THE ABOVE-ENTITLED COURT

---

*Walter L. Wagner v. World Botanical Gardens, Incorporated;*
*Civil No. 04-1-0232*

FINAL JUDGMENT

---

-2-

 

Of Counsel:
TSUKAZAKI YEH & MOORE

THOMAS L.H. YEH  2341
85 W. Lanikaula Street
Hilo, Hawaii  96720
(808) 961-0055 (phone)
(808) 969-1531 (fax)

PRESTON MICHIE  80310
321 SE Alder Street #7
Portland, OR  97214
(503) 804-7331

CRAIG A. SENEF  93170
321 SE Alder Street
Portland, Oregon 97214
Telephone: (503) 295-2766

Attorneys for Plaintiff
WORLD BOTANICAL
GARDENS, INCORPORATED

## IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

## STATE OF HAWAII

| | | |
|---|---|---|
| WORLD BOTANICAL GARDENS, INCORPORATED, a Nevada corporation, | ) ) ) | Civil No. 05-1-0210 |
| Plaintiff, | ) ) ) | FINDINGS OF FACT, CONCLUSIONS OF LAW, AND DECISION AND ORDER |
| vs. | ) ) ) | |
| WALTER WAGNER; LINDA WAGNER; DAN PERKINS; DAVID ADAMS; JOHN DOES 1-10; JANE DOES 1-10, and DOE ENTITIES 1-10, | ) ) ) ) ) | *Trial Date:*  *April 28, 2008* |
| Defendants. | ) ) ) | *Judge:*  *Greg K. Nakamura* |

I hereby certify that this is a full, true and correct
copy of the original on file in this office.

Clerk, Third Circuit Court, State of Hawaii

ATTENTION
PLEASE NOTE CHANGES



## *TABLE OF CONTENTS*

FINDINGS OF FACT ................................................................ 2

A.   Procedural Background ..................................................... 2

        (1)   Conversion ......................................................... 6

        (2)   Misappropriation ................................................... 6

B.   Information Relating to Formation of World Botanical Gardens, Inc.
    and the Defendants' Involvement ........................................... 9

C.   Misappropriation of WBGI Funds by Defendants ........................... 12

D.   Change in Control of WBGI .............................................. 15

E.   Discovery of Misappropriation and Termination of Defendants
    Walter Wagner and Dan Perkins ........................................... 16

F.   Attempts by Defendants Walter Wagner, Linda Wagner and
    Dan Perkins to Regain Control Over and Divert Share Sale Monies ............... 18

G.   Unauthorized Sale of WBGI Treasury Shares by Defendants
    Walter Wagner, Linda Wagner and Dan Perkins and Diversion
    of WBGI's Funds ......................................................... 19

H.   Defendants Walter Wagner, Linda Wagner and Dan Perkins
    Falsely Represented Their Authority to Act on Behalf of WBGI
    and Engaged in Abuse of Process ......................................... 23

I.   Violations of Nevada Injunctions ......................................... 27

J.   Damages ............................................................... 29

K.   Vexatious Litigant ..................................................... 30

CONCLUSIONS OF LAW ......................................................... 40

A.   Misappropriation, Conversion and Breach of Fiduciary Duty,
    and Unjust Enrichment ................................................... 40



B.  Unauthorized Sale of WBGI Treasury Shares, Theft of Trade Secrets and Interceptance and Interference with Prospective Economic Advantage . . . . . . . . . . 41

C.  Punitive Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

D.  Attorneys' Fees and Costs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

E.  Permanent Injunction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

F.  Abuse of Process and Malicious Prosecution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

G.  Vexatious Litigants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

DECISION AND ORDER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

## TABLE OF AUTHORITIES

**Cases**

*Morgan v. Planning Department, County of Kauai,*
   104 Haw. 173, 86 P.3d 982 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

*Office of Hawaiian Affairs v. Housing and Community*
   *Development Corporation of Hawaii,*
   117 Haw. 174, 212, 177 P.3d 884 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45



### FINDINGS OF FACT, CONCLUSIONS OF LAW,
### AND DECISION AND ORDER

This action came on for trial on April 28 and 29, 2008, before the Honorable Greg K.
Nakamura, Judge Presiding. Appearing on behalf of Plaintiff WORLD BOTANICAL
GARDENS, INCORPORATED ("WBGI") were Thomas L.H. Yeh, Esq., and Preston Michie
and Craig A. Senef, *pro hac vice*. Plaintiff WBGI entered into a settlement agreement with
Defendant David Adams, which was previously approved by this Court pursuant to HRS Section
663-15.5 at a hearing on April 24, 2008. On June 20, 2008, based upon the Settlement
Agreement between WBGI and Defendant David Adams, the Court entered an Order of
Dismissal of All Claims, with Prejudice, as Against Defendant David Adams in this lawsuit. The
Remaining Defendants are Defendant WALTER WAGNER, LINDA WAGNER, and DAN
PERKINS ("the Remaining Defendants").

On April 28, 2008, only Defendant Walter Wagner was present at trial. Defendant Walter
Wagner informed the Court that Dan Perkins would not be present for the trial. He also informed
the Court determined that Linda Wagner, Defendant Wagner's wife, would not be present at trial
until an unspecified time later in the case.

On April 28, 2008, the Court granted WBGI's request to enter default against Defendant
Dan Perkins, but the Court took WBGI's request to find Defendant Linda Wagner in default
under advisement.

At the beginning of trial on Tuesday morning, April 29, 2008, Defendant Walter Wagner
was again present, but not Linda Wagner. The Court inquired of Defendant Wagner whether his
wife would be present for trial. Defendant Wagner indicated to the Court that his wife would be
present later in the morning. Defendant Linda Wagner briefly appeared before the Court later
that morning.

Shortly after Defendant Linda Wagner appeared in Court, a recess was taken by the
Court. After the recess, neither Defendants Walter Wagner nor Linda Wagner were present. The
Court noted for the record that Defendant Linda Wagner had been arrested pursuant to a bench
warrant which was issued because of an indictment. Neither Defendants Walter Wagner or
Linda Wagner appeared in Court when it reconvened on April 29, 2008, shortly after 9:49 a.m.,
after three calls for them had been made. Said Defendants failed to request any continuance of



the trial or to be excused.  At the conclusion of the trial on April 29, 2008, the Court entered default against Defendant Linda Wagner for her failure to appear.

Based upon the record and pleadings herein, and upon the testimony presented and exhibits introduced at trial, the Court makes the following Findings of Fact, Conclusions of Law and Decision and Order for purposes related to the issuance of a preliminary injunction herein.

## *FINDINGS OF FACT*

### A.    *Procedural Background*

1.    On June 30, 2005, Plaintiff WBGI filed its Complaint herein.  The Complaint alleged, *inter alia*, that:

A.    Between 1995 to the present, Defendants Walter Wagner and Perkins solicited contributions to or for the benefit a business operation called World Botanical Gardens (Complaint, Paragraph 11).

B.    Between 2001 and 2004, Defendant Walter Wagner converted more than $100,000.00 of WBGI funds to his or his wife Defendant Linda Wagner's personal accounts and to ventures or entities owned or controlled by Defendant Walter Wagner (Complaint, Paragraph 13).

C.    Between July 2004 to the present, Defendant Walter Wagner, with the knowledge, assistance or approval of Defendants Linda Wagner and Dan Perkins, converted WBGI funds to Defendant Walter Wagner's personal account or to ventures owned or controlled by him (Complaint, Paragraph 14).

D.    The conversions were a breach of fiduciary duty, constituted conversions or thefts of WBGI funds that occurred while Defendants WalterWagner, Linda Wagner and Dan Perkins served as officers and/or directors of WBGI, and that the conversions of WBGI funds continued after they ceased serving as such officers or directors of WBGI under misrepresentations that they continued to have authority to act on behalf of WBGI (Complaint, Paragraph 15).

E.    After his termination as a Garden Director and as a director of WBGI, Defendant Walter Wagner attempted to appoint a Board of Directors and claimed that this self-



appointed board controlled WBGI and he therefore had a right to control its bank accounts and website (Complaint, Paragraphs 54-57).

F.    That after Walter Wagner's termination as a director of WBGI, Defendants Walter Wagner and Linda Wagner purported to sign a "Corporate Resolution" as "former officers" of WBGI under which Defendant Walter Wagner purported to retain the authority to appoint members of the Board of Directors, and thereafter initiated a lawsuit seeking to declare that he and his self-appointed board constituted the Board of Directors in *World Botanical Gardens, Inc. v. Ken Francik, et al.*, Civil No. 05-1-0163, filed in the Circuit Court of the Third Circuit, State of Hawaii (Complaint, Paragraphs 32, 60).

G.    Defendants Walter Wagner and Dan Perkins misappropriated WBGI's distinctive trademarks and trade names for their own use to and in order to commit fraud in the solicitation of investments and to convert funds belonging to WBGI to their own use (Complaint, Paragraphs 65-66).

H.    That Defendants Walter Wagner, Linda Wagner and Dan Perkins are liable for breach of fiduciary duty, for mismanagement, conversion, fabricating loans to WBGI or from WBGI to themselves, and interfering with WBGI's business relationships (Complaint, Count I).

I.    That said Defendants are liable for fraud in the inducement and solicitation of investments in WBGI, and misappropriation of business opportunities belonging to WBGI to their own use (Complaint, Count II).

J.    That said Defendants are liable for conversion of WBGI funds and commingling (Complaint, Count III).

K.    That said Defendants are liable for abuse of process and malicious prosecution in the filing and prosecution of Civil No. 05-1-0163 (Complaint, Count VIII.).

L.    That said Defendants are entitled to an accounting and the imposition of a constructive trust upon the proceeds, funds or assets acquired with WBGI funds improperly diverted to their own use (Complaint, Counts VI and VI [sic]).

M.    That said Defendants should be enjoined from the continued acts being taken by them and which have caused irreparable harm to WBGI.

N.    That said Defendants are liable for punitive damages.

 

2.     The following pre-trial orders have been entered against the Defendants in relation to their failure or refusal to produce documents in response to WBGI's requests for production of documents, their failure to cooperate in the taking of their depositions, their failure to comply with the Court's discovery orders, and their failure to comply with the Court's Order Setting Jury-Waived Trial Date and Pre-Trial Deadlines:

A.     1/11/06 - Order Granting Plaintiff World Botanical Gardens, Incorporated's Motion to Compel Discovery and For Sanctions, Filed Herein on November 21, 2005.

B.     6/2/06 - Order on Motion for Sanctions.

C.     1/18/07 - Order on Motion to Compel Discovery and for Sanctions, and for Order of Civil Contempt Against All Named Defendants, Filed on September 15, 2006.

D.     1/18/07 - Order Awarding Attorney's Fees and Costs Incurred by Plaintiff WBGI in Filing of Motion to Compel Discovery and for Sanctions, and for Order of Civil Contempt Against All Named Defendants, Filed on September 15, 2006.

E.     10/4/07 - Order Granting Plaintiff's Motion for Sanctions and to Compel Discovery for Failing to Attend Deposition, and for an Award of Attorney's Fees and Costs, Filed Herein on July 13, 2007 (regarding Defendant Dan Perkins).

F.     3/13/08 - Order Granting Plaintiff's Motion for Sanctions Against Walter Wagner for Failing to Attend Oral Deposition, for Entry of Default Against Walter Wagner, and for an Award of Attorney's Fees and Costs.

G.     4/3/08 - Order Awarding Attorneys Fees and Costs Incurred by Plaintiff World Botanical Gardens, Incorporated in Filing of Motion for Sanctions Against Walter Wagner for Failing to Attend Oral Deposition, for Entry of Default Against Walter Wagner, and for an Award of Attorney's Fees and Costs, Filed Herein on January 25, 2008.

3.     On April 3, 2008, the Court entered an Order Granting Plaintiff World Botanical Gardens, Incorporated's Motion for Sanctions Against Defendants Walter Wagner, Dan Perkins and David Adams for Failure to Comply with the Order Setting Jury-Waived Trial Date and Pre-Trial Deadlines, filed herein on April 4, 2007, pertaining the Court-ordered Settlement Conference.

 

4.     The Court has awarded the following monetary amounts to Plaintiff thus far:

| *Date/Title of Order* | *Against* | *Amount* |
|---|---|---|
| 1/11/06 - Order Granting Plaintiff World Botanical Gardens, Incorporated's Motion to Compel Discovery and For Sanctions, Filed Herein on November 21, 2005 | Walter Wagner, Linda Wagner, & Dan Perkins, jointly and severally | $      903.18 |
| 6/2/06 - Order on Motion for Sanctions | Walter Wagner, Linda Wagner, & Dan Perkins, jointly and severally | $   4,584.72 |
| 1/18/07 - Order on Motion to Compel Discovery and for Sanctions, and for Order of Civil Contempt Against All Named Defendants, Filed on September 15, 2006 | Linda Wagner, individually<br><br>Walter Wagner, individually | $      250.00<br><br>$      400.00 |
| 1/18/07 - Order Awarding Attorney's Fees and Costs Incurred by Plaintiff WBGI in Filing of Motion to Compel Discovery and for Sanctions, and for Order of Civil Contempt Against All Named Defendants, Filed on September 15, 2006. | Walter Wagner & Linda Wagner, jointly and severally<br><br>Dan Perkins (jointly and severally w/ Walter Wagner and Linda Wagner for 60% of $2,988.27) | $   2,988.27<br><br>$   1,792.96 |
| 10/4/07 - Order Granting Plaintiff's Motion for Sanctions and to Compel Discovery for Failing to Attend Deposition, and for an Award of Attorney's Fees and Costs, Filed Herein on July 13, 2007 (regarding Defendant Dan Perkins) | Dan Perkins, individually | $   4,252.93 |
| 3/13/08 - Order Granting in Part and Denying in Part Plaintiff World Botanical Gardens, Incorporated's Motion for Partial Summary Judgment filed herein on November 30, 2007 | Walter Wagner, individually<br><br>Biegel Law Firm Expenses:<br><br>Purchase of TMK No. (3) 3-1-004:027: | <br><br>$ 47,789.69<br><br>$ 42,928.25 |



| | | |
|---|---|---|
| 4/3/08 - Order Awarding Attorneys Fees and Costs Incurred by Plaintiff World Botanical Gardens, Incorporated in Filing of Motion for Sanctions Against Walter Wagner for Failing to Attend Oral Deposition, for Entry of Default Against Walter Wagner, and for an Award of Attorney's Fees and Costs, Filed Herein on January 25, 2008 | Walter Wagner, individually | $    931.78 |
| 4/3/08 - Order Granting Plaintiff World Botanical Gardens, Incorporated's Motion for Sanctions Against Defendants Walter Wagner, Dan Perkins and David Adams for Failure to Comply with the Order Setting Jury-Waived Trial Date and Pre-Trial Deadlines, filed herein on April 4, 2007, pertaining to the Court-ordered Settlement Conference. | Walter Wagner & Dan Perkins, jointly and severally | $  14,814.26 |

5.      Previous Determination of Liability and Damages.

Based on the Court's *Order Granting in Part and Denying in Part Plaintiff World Botanical Gardens, Incorporated's Motion For Partial Summary Judgment Filed Herein on November 30, 2007* (hereinafter "PSJ Order of March 13, 2008"), the liability of the Remaining Defendants on certain issues was decided.  These issues include:

(1)    <u>Conversion</u>.  Defendants Linda Wagner, Walter Wagner and Dan Perkins diverted WBGI funds to their personal purposes.  These included funds for the Wagners' personal mortgage, property tax payments and personal credit card payments and for debts incurred to creditors for personal expenditures.

(2)    <u>Misappropriation</u>.  Defendant Walter Wagner must repay funds taken from WBGI.  This includes (mis)characterization of funds taken as:

(a)    "Loans."  The Court determined that it is not relevant whether the funds taken are characterized as loans or embezzlement and that either way Walter Wagner owes WBGI these funds and has not accounted for them.

(b)    "Business Expense."  The Court determined that Walter Wagner's use of WBGI funds to pay personal legal expenses in California to The Biegel Law Firm to

-6-



defend against criminal charges are not a "business expense" (PSJ Order of March 13, 2008, Finding 13, at page 6). The Court further held that Walter Wagner must repay these funds in the amount of $47,789.69 to WBGI (PSJ Order of March 13, 2008, Conclusion 14, at page 12).

(c)   "Salary". Among the checks written by Walter Wagner and David Adams on WBGI's account, were checks to Mauna Kea Agriculture, Inc. to purchase a 20-acre parcel of land near WBGI's garden, TMK No. (3) 3-1-004-027 ("Parcel 27"). WBGI funds were used to purchase the real property parcel, but Walter Wagner recorded the parcel in his own name. The Court ordered a constructive trust be placed upon the real property parcel to ensure the repayment of $42,928.25 to WBGI for funds expended toward the purchase of this parcel (see PSJ Order of March 13, 2008) on the basis that "[t]hese payments had none of the normal indicia of payments of salary, no evidence of an employment contract has been submitted, and no documents or evidence has been submitted establishing that the requirements of NRS 78.140 were met" (see PSJ Order of March 13, 2008, Finding 15, at page 7).

(d)   "Wellness Foundation" or "Monterey Bay Terrarium." The Court has determined by the PSJ Order of March 13, 2008 that Defendant Walter Wagner is liable for WBGI funds diverted to unrelated business ventures of Walter Wagner called "Wellness Foundation" or "Monterey Bay Terrarium."

(3)   Accounting. The Court also ordered that the Remaining Defendants provide a full and complete accounting of all income received by or for the benefit of WBGI and all expenditures of WBGI funds made between April 12, 2001 and August 2003, with such accounting to be provided to the Court and WBGI no later than June 30, 2008. No such accounting has been filed by the Remaining Defendants to date.

(4)   Entering of Default Against Defendant Walter Wagner. Pursuant to the Court's April 3, 2008 Order Awarding Attorneys Fees and Costs Incurred by Plaintiff World Botanical Gardens, Incorporated in Filing of Motion for Sanctions Against Walter Wagner for Failing to Attend Oral Deposition, for Entry of Default Against Walter Wagner, and for an Award of Attorney's Fees and Costs, Filed Herein on January 25, 2008, the Court entered default against Defendant Walter Wagner.



6.      In related proceedings during the pendency of this lawsuit, which proceedings were initiated by WBGI in the State of Nevada, entitled *World Botanical Gardens, Inc. v. Walter Wagner, et al.*; CV 05-02079, filed in the District Court for the County of Washoe, State of Nevada (hereinafter "the Nevada Court"), WBGI obtained a series of orders of injunction and judgments against Defendants Wagner and Perkins and others which included the following:

A.      10/21/05 - Order for Preliminary Injunction (*which Order prohibited the sale of WBGI shares*) ( Plaintiff's trial Ex. "62").

B.      4/24/06 - Order for Permanent Injunction ( Plaintiff's trial Ex. "123").

C.      10/2/06 - Findings of Fact, Conclusions of Law, Order of Permanent Injunction, and Judgment ( Plaintiff's trial Ex. "82").

D.      10/5/06 - Order of Contempt (*wherein the Court found, inter alia, that (1) Walter Wagner and Dan Perkins violated the Preliminary Injunction and Permanent Injunction with Walter Wagner entering WBGI's property, by interfering with WBGI's business website and that Walter Wagner and Dan Perkins continued to sell WBGI stock without obtaining permission and through deceptive means; and (2) the methods used by these Defendants were to deliberately circumvent the Courts injunctions*) ( Plaintiff's trial Ex. "83").

E.      10/5/06 - Order (*awarding attorneys fees and costs*) ( Plaintiff's trial Ex. 84").

F.      2/7/07 - Findings of Fact, Conclusions of Law, Order of Contempt, and Judgment of Contempt (*wherein the Court ordered that a constructive trust be created on share sale funds in the amount of $281,216 for Walter Wagner and $70,304 for Dan Perkins, and awarded WBGI fees and costs of $23,170.63*) ( Plaintiff's trial Ex. "84").

G.      5/29/07 - Findings of Fact, Conclusions of Law, and Order Approving the Sale of Defendants' Ownership Interests in World Botanical Gardens, Inc. at Public Auction by the Washoe County Sheriff's Office (*wherein the Court found (1) the amount remaining on the 10/5/06 award is $66,884.89; (2) re-determining the amount due from Walter Wagner on the share sales is $285,376.00 and amount due from Dan Perkins is $71,344.00; and, (3) as of 4/2007, Walter Wagner owes WBGI the sum of $427,519.00, Dan Perkins owes WBGI the sum of*



$174,421.00, and Linda Wagner and David Adams each owe WBGI the sum of $66,884.00) ( Plaintiff's trial Ex. "88").

        H.    6/14/07 - Findings of Fact, Conclusions of Law, and Order (*wherein the Court (1) entered a vexatious litigant order against Walter Wagner and Dan Perkins; and (2) awarded WBGI fees and costs of $9,675.00*) ( Plaintiff's trial Ex. "89").

        7.    On November 3, 2006, Defendants Walter Wagner, Linda Wagner and Dan Perkins appealed certain of the judgments and orders to the Nevada Supreme Court. On January 15, 2008, the Nevada Supreme Court issued its Order of Affirmance ( Plaintiff's trial Ex. "96").

        8.    On July 20, 2007, a Report of Sheriff's Sale was filed, in which the sale of the shares held by Defendants Walter Wagner, Linda Wagner and Dan Perkins to satisfy the Nevada judgment was reported, along with the application of credits from those share sales against the prior Nevada judgments ( Plaintiff's trial Ex. "130").

**B.**    *Information Relating to Formation of World Botanical Gardens, Inc. and the Defendants' Involvement*

        9.    World Botanical Gardens, Incorporated ("WBGI") is a Nevada corporation doing business on the Island of Hawaii as a botanical garden about 16 miles north of Hilo. WBGI operates the botanical garden under the business name, "World Botanical Gardens."

        10.    "World Botanical Gardens" has operated continuously as a botanical garden at its present location since about 1995.

        11.    WBGI was formed as a Nevada corporation on April 12, 2001 by Defendant Walter Wagner.

        12.    Defendants Walter Wagner and Linda Wagner are residents of Pepeekeo, County and State of Hawaii.

        13.    Defendant Dan Perkins is a resident of the State of Utah.

        14.    Defendants Walter Wagner (also known as Walter L. Wagner), Linda Wagner (also known as Linda M. Wagner) and Dan Perkins raised capital for the operation of the business and for other purposes from investors both before and after WBGI's formation as a Nevada corporation by selling ownership interests in the business using a share purchase agreement referred to as a "participation agreement." The participation agreement was



purportedly issued by a World Botanical Gardens Joint Venture Partnership which was purported to hold the shares of WBGI. No Joint Venture Partnership agreement existed.

15.     Defendant Dan Perkins acted as a marketing consultant for WBGI before and after WBGI's formation as a Nevada corporation, and claims to have attended "corporate" meetings with Walter Wagner and Linda Wagner prior to shareholder or investor meetings ( Plaintiff's trial Ex. "53").

16.     In a funding plan dated November of 1998, Defendants Walter Wagner, Linda Wagner and Dan Perkins were described as board members of an entity called "World Botanical Gardens, Inc." Defendants Walter Wagner and Linda Wagner were described as CEO and Secretary, respectively, of WBGI ( Plaintiff's trial Ex. "134").

17.     Prior to the formation of WBGI, the Nevada corporation, Defendant Walter Wagner created a Utah corporation by the name of "World Botanical Gardens, Inc." in about 1995.

18.     The Utah corporation was involuntarily dissolved by the Department of Commerce of the State of Utah on March 1, 1996 for failure to file an annual report. The Notice of Dissolution was sent to Walter Wagner at his Utah address, the same address which he used to create yet another Utah corporation called World Botanical Gardens-Second, Inc. on April 11, 1996 (Plaintiff's Exs. "1" and "2"). The Notice of Dissolution was in Defendants' Walter Wagner's and Linda Wagner's possession and was included in records turned over by said Defendants to WBGI's current directors in 2003. Defendants Wagner knew or should have known the Utah corporation had been dissolved.

19.     No steps were taken by any of the Remaining Defendants to reinstate the Utah corporation, which would have required submission of a tax "Letter of Good Standing" from the Utah Tax Commission. No evidence exists that corporate tax returns for the dissolved Utah corporation were ever prepared by any of the Defendants.

20.     Despite the dissolution of the Utah corporation called World Botanical Gardens, Inc., Defendants Walter Wagner, Dan Perkins, and Linda Wagner continued to raise capital for the business from investors through participation agreements in the name of the defunct Utah corporation between 1996 and March 2001. In sales materials provided to prospective

-10-



purchasers by Defendants Walter Wagner and Dan Perkins during this period of time, investors were led to believe that WBGI was an existing Utah corporation (Plaintiff's Exs. "3" and "4"). After the dissolution of the Utah corporation, no corporate entity legally existed until WBGI's formation as a Nevada corporation on April 12, 2001.

21.    The marketing materials and other information provided by Defendants Walter Wagner and Dan Perkins to investors between March of 1996 to April of 2001 falsely led these investors to believe they were investing in a valid existing Utah corporation. Investors were led to believe that the dissolved Utah corporation owned approximately 300 acres of land on the Island of Hawaii in fee. Participation agreements were provided to investors referencing the Utah corporation, and Defendants Walter Wagner and Linda Wagner signed Certificates of Ownership as President and Chief Financial Officer, respectively, of the defunct Utah corporation.

22.    On January 31, 2000, Defendant Dan Perkins was informed that he had no right to sell securities in the form of the participation agreements or investor agreements without proper registration of such securities with the Business Registration Division of the Department of Commerce and Consumer Affairs (Plaintiff's Exs. "6" and "7")

23.    WBGI, the Nevada corporation known as "World Botanical Gardens, Incorporated", was formed in April of 2001. To remove legal uncertainty as to the status of investors who invested in the business known as "World Botanical Gardens" before the Nevada corporation's formation, WBGI's Board of Directors passed a resolution in 2005 to recognize pre-April 2001 investors as legitimate WBGI shareholders. WBGI's shareholders (including investors in the Nevada corporation) ratified this resolution at the annual WBGI shareholder's meeting on October 22, 2005.

24.    After WBGI was formed, the Remaining Defendants failed to take any steps to conduct elections of directors until the end of 2002. The Remaining Defendants continued to sell participation agreements for the purchase of shares after such formation, and represented to prospective purchasers that the funds generated would be used to pay for the development of the gardens including construction of a visitor center. Defendant Linda Wagner continued to sign share certificates as Chief Financial Officer and held herself out as a Treasurer of WBGI until August of 2003, when Annette Emerson was appointed by the Board of Directors to serve in this capacity.



25.     Because they raised capital and otherwise sought to promote WBGI, both before and after WBGI was incorporated in Nevada on April 12, 2001, Defendants Walter Wagner, Linda Wagner, and Dan Perkins were promoters of WBGI.

## C.     *Misappropriation of WBGI Funds by Defendants*

26.     The Remaining Defendants failed to disclose that investor funds were being used by Defendants Walter Wagner and Linda Wagner to pay for commingled credit card and expense accounts which included expenses unrelated to WBGI's business operations, such as Defendants Wagners' personal living expenses, a mortgage on Defendants Walter Wagner's and Linda Wagner's personal residence, the purchase of a parcel of real property that was acquired with WBGI funds and put in Defendant Walter Wagner's name, legal expenses incurred by Defendant Walter Wagner to defend criminal charges that had been made against him for matters unrelated to WBGI business, and expenses incurred by Defendant Walter Wagner in establishing unrelated businesses called Monterey Bay Terrarium located in Monterey California, and "wellness" centers.

~~27.     In an April 21, 2006 "affidavit" filed herein, Linda Wagner attested that she left~~ her employment with WBGI "circa 1998" and any salary she was paid for this service was paid during a three year period starting in 1996. She also attested that any loans she had made to the World Botanical Gardens for operations was repaid for three years and the last such payment was also "circa 1998" ( Plaintiff's trial Ex. "73"). However, after its incorporation, Defendants Wagner used WBGI funds to make a series of nine (9) payments, each in the sum of $1,340.36, to Linda Wagner between May of 2001 and January of 2002, totaling the sum of $12,063.24 ( Plaintiff's trial Ex."114"). The expense was noted on the books of WBGI to be for salary or "paychecks" on spreadsheets. No approval of such paychecks was made by a disinterested Board ~~of Directors or the shareholders of WBGI ( Plaintiff's trial Ex. "8").~~

28.     In addition, during the same period between May of 2001 and January of 2002, a series of nine (9) checks from WBGI's bank account in the sum of $1,000.00 each was paid to Linda Wagner, totaling $9,000.00 ( Plaintiff's trial Ex. "115"). These payments were characterized as "loan" payments to Linda Wagner on spreadsheets ( Plaintiff's trial Ex. "11"). No approval of such payments was made by a disinterested Board of Directors or the shareholders. No loan agreements were ever produced. Defendant Dan Perkins has stated in

deposition testimony that he had not seen any loan agreements between WBGI and Defendant Linda Wagner (Plaintiff's Ex "86", p. 117).

29.     During the period between May of 2001 through December of 2003, a total of $26,737.34 [handwritten: $27,463.28] was paid to Linda Wagner by WBGI for what has been characterized as "rent" for use of an approximately 100 square foot area of the Wagners' personal residence ( Plaintiff's trial Ex. "116"). The "rent" payments were acknowledged by Defendant Linda Wagner to be the same amounts as mortgage payments on the Wagners' residence. She has also admitted that there was no rental agreement between WBGI and the Wagners and that she does not even know how the amount of rent was determined, wrote rent checks based on instructions from Defendant Walter Wagner and did not question whether the rent amount was fair or reasonable ( Plaintiff's trial Ex."78", pp. 191-193). The fair rental value of this space was $150.00 per month. Thus, there is an overpayment of rent in the sum of $21,937.34. [handwritten: $22,813.28]

30.     In a "Supplemental Statement" dated August 28, 2006 and filed herein, Defendant Dan Perkins swore, under penalty of perjury, that he had reviewed rental contracts between Linda Wagner and WBGI, that he had been aware of the amounts of money that had been diverted by Defendant Walter Wagner to the "wellness foundation" over the course of three years, and that he thought was a "good idea" ( Plaintiff's trial Ex. "81"). This statement falsely attests to the existence of written rental contracts which Defendant Linda Wagner has testified did not exist (Deposition of Linda Wagner, Volume II, pp. 191-192, Plaintiff's trial Ex. "78"), and evidences the fact that Defendant Dan Perkins knew that money which he was soliciting from investors for their intended purpose of funding WBGI business operations and improvements was being diverted by Defendants Wagner for their personal unrelated "wellness" ventures and Defendants Wagners' mortgage.

31.     Between May of 2001 and October of 2003, when Defendant Walter Wagner was still writing checks from WBGI's checking accounts, WBGI paid a total of $44,464.56 [handwritten: $42,617.56] in health insurance and dental insurance for Defendants Walter and Linda Wagner and their children ( Plaintiff's trial Ex. "117"). No approval of such insurance payments was made by a disinterested board or WBGI's shareholders. No written employment agreements were produced by any of the Defendants showing that an agreement providing for such benefits had been entered into.



32.    Between August of 2001 and October of 2002, $2,215.75 was paid for artwork, picture frames, and various dues for publications such as the Health Physics Society and entities unrelated to WBGI's business ( Plaintiff's trial Ex. "118").

33.    Between 2001 and 2003, while Defendants Wagner were in control of the financial operations and check writing of WBGI, said Defendants paid for personal credit card expenses and other personal expenses with WBGI funds. Defendant Linda Wagner acknowledged her responsibility for monitoring these credit card charges ( Plaintiff's trial Ex. "73", page 4, April 21, 2006 Affidavit of Linda Wagner). These personal expenses paid for with WBGI funds total the sum of $152,779.03 (Plaintiff's Exs. "101", "102" and "103"). Defendant Linda Wagner has admitted that while she was Treasurer of WBGI, her duties were to keep track of WBGI's financial operations (Deposition of Linda Wagner, Volume I, pp. 36-37, Plaintiff's trial Ex. "75"). Defendant Linda Wagner also signed checks and wrote checks at Defendant Walter Wagner's direction (Deposition of Linda Wagner, Volume II, pp. 122, 132, 139, Plaintiff's trial Ex. "78").

34.    Between 2001 and 2003, while the Defendants Wagner were in control of the financial operations and check writing authority of WBGI, a total of $65,650.34 in WBGI funds was spent for funding unrelated wellness foundation and Monterey Bay Terrarium ventures being advanced by Defendant Walter Wagner (Plaintiff's Exs. "105", "106" and "107"). Defendant Linda Wagner was aware that WBGI funds were being spent for ventures such as the Monterey Bay Terrarium. She understood from Defendant Walter Wagner that there was a loan agreement between WBGI and Defendant Walter Wagner for such advances, for which Defendant Linda Wagner gave her approval, purportedly as a director of WBGI and for which no documents exist ( Plaintiff's trial Ex. "78", pp. 179-180, 183-184). No loan agreement between WBGI and Defendant Walter Wagner for such advances has been produced, and Defendant Dan Perkins has verified that he had not ever seen any such loan agreement between WBGI and Defendant Walter Wagner ( Plaintiff's trial Ex. "86", p. 117).

35.    Prior to the date that Annette Emerson began serving as WBGI' Treasurer in August of 2003, Defendant Linda Wagner served in the self-appointed capacity as Treasurer of WBGI. During the period of time she purportedly served as a Treasurer, Defendant Linda Wagner testified she would prepare checks for herself or Walter Wagner to sign, and was



responsible for the preparation of WBGI's financial records ( Plaintiff's trial Ex. "78", pages 105-106, 122, 132 and 139).

36.    Credit card accounts and payment for credit card charges for personal expenses and WBGI business expenses were commingled. No accounting was provided by Defendants Wagner ( Plaintiff's trial Ex. "78", pp. 167-168).

37.    The Court has issued summary judgment as to other sums expended to or for the benefit of Defendants Walter Wagner and Linda Wagner having no relationship to WBGI's business operations, including the costs of defending criminal charges brought against Defendant Walter Wagner in Monterey, California for allegedly violating a restraining order, and on or about November 5, 2002, Defendant Walter Wagner received a deed to a parcel of real property acquired with $42,928.25 of WBGI's funds and put into Walter Wagner's name (see Order Granting in Part and Denying in Part Plaintiff World Botanical Gardens, Incorporated's Motion For Partial Summary Judgment Filed Herein on November 30, 2007). No disclosure of this acquisition was made to WBGI's shareholders.

38.    David Adams, the son-in-law of Defendant Dan Perkins, had specific discussions with Dan Perkins about the misuse of WBGI funds, and Defendant Dan Perkins did not take any steps to stop this practice or inform investors about this use of WBGI funds for non-WBGI matters. Defendant Dan Perkins knew that WBGI funds were being used for the personal or unrelated expenses of the Wagners, and continued to solicit investments and sell shares representing that the monies would be used for the construction of WBGI's improvements, knowing that the monies would be used to pay for the Wagners' personal expenses instead.

**D.**    ***Change in Control of WBGI***

39.    In April of 2003, Ken Francik became a WBGI director who, along with others, together constituted an independent Board of Directors. Previous to the independent Board of Directors, none of the Remaining Defendants had prepared detailed or accurate financial statements for investors. The Remaining Defendants also failed to disclose to investors that Defendant Walter Wagner claimed that WBGI owed him money for work claimed to be performed prior to and after its formation as a Nevada corporation.

40.    In August of 2003, WBGI's Board of Directors named Ken Francik as WBGI's Chairman of the Board. Shortly thereafter, Ken Francik assumed WBGI's executive powers and

 

began directing WBGI's business affairs. WBGI's Board of Directors did not appoint or designate Defendant Walter Wagner as President after the board was formed.

41.    In August 2003, WBGI's Board of Directors named Annette Emerson as Secretary/Treasurer. Annette Emerson has held the position as WBGI's Treasurer continuously from August 2003 to the date of this Order. Defendant Linda Wagner was neither a WBGI director nor a WBGI officer after August of 2003. Defendant Linda Wagner has admitted in deposition testimony that after Annette Emerson became Treasurer, she no longer had any position of authority and was neither an officer or director of WBGI (Deposition of Linda Wagner, Volume I, pp. 71-72, 75, Plaintiff's trial Ex. "75").

42.    Annette Emerson reported to Ken Francik. Her duties shortly thereafter included overseeing WBGI's financial books and records, preparing financial reports, writing checks to pay WBGI's bills, and otherwise performing functions as WBGI's Treasurer.

43.    During the summer of 2003, before her designation as WBGI's Treasurer, and continuing through the fall of 2003 and into the following year, Ms. Emerson examined WBGI's books and records which had previously been kept by Defendants Walter Wagner and Linda Wagner and which were in discovery.

44.    On December 1, 2003, WBGI's Board of Directors authorized the hiring of Walter Wagner as Garden Director of WBGI. No other agreement existed between WBGI and Defendant Walter Wagner as of that date.

### E.    *Discovery of Misappropriation and Termination of Defendants Walter Wagner and Dan Perkins*

45.    During her examination of WBGI's books and records in late 2003 and early 2004, Ms. Emerson discovered that Defendants Walter Wagner and Linda Wagner had improperly diverted WBGI funds to pay their personal expenses, including toys for their children, groceries, personal travel, car payments, insurance, personal medical and dental expenses, and other personal items. The Wagners also used WBGI funds to fund unrelated business ventures of Defendants Wagner called "wellness," "wellness foundation," and "Monterey Bay Terrarium."

46.    Discovery was also made of WBGI funds expended by Defendant Walter Wagner to defend himself against criminal charges related to his history of attempting to contact a former law school classmate, who had previously obtained an injunction against such contacts in California.

-16-

47.    During a Board of Directors meeting of April 16-17, 2004, Defendant Walter Wagner was confronted about violating the terms of the written contract to serve as Garden Director and also about the discovery of the use of WBGI funds for his unrelated business ventures. During the meeting, Defendant Walter Wagner admitted to taking at least $50,000 for the "Wellness Center" ( Plaintiff's trial Ex. "23").

48.    During the same meeting, the Board of Directors set the commission rate for sale of WBGI treasury shares by Defendant Dan Perkins at between 10-15%, instead of the 20% he was asking for ( Plaintiff's trial Ex. "23").

49.    Defendant Dan Perkins continued to serve as a WBGI director until he was removed for cause on or about February 19, 2005 by WBGI's board after the discovery that he was participating in unauthorized WBGI share sales together with Defendants Walter Wagner and Linda Wagner. Between August 2003 and his removal from WBGI's Board, WBGI had retained Defendant Dan Perkins as WBGI's agent under contract to raise capital from investors through participant agreements. WBGI's board terminated its contract with Dan Perkins on or about February 19, 2005, after which Dan Perkins had no authority to represent or act on behalf of WBGI on any matter.

50.    After the December 1, 2003 Garden Director contract was entered into, Defendant Walter Wagner continued to serve as WBGI's Garden Director until WBGI's Board of Directors terminated his position as Garden Director in May of 2004 for cause, including the diversion of more than $100,000.00 of WBGI's funds to his personal purposes, including unrelated business ventures ( Plaintiff's trial Ex. "24").

51.    As Garden Director, Defendant Walter Wagner was responsible for day-to-day operations of the Gardens. Defendant Walter Wagner reported to Ken Francik. His duties were defined and limited by a written agreement between WBGI and Defendant Wagner which was executed by the parties in December of 2003, and further subsequently defined and limited by Ken Francik. Walter Wagner's duties did not include performing the functions of President of WBGI.

52.    After August of 2003, Defendant Walter Wagner did not have authority to exercise executive authority on any WBGI matters, including filing legal or other documents with officials or agencies of the States of Nevada or Hawaii (other than those acts required to

-17-

 

carry out his duties as Garden Director), without the prior approval of Ken Francik or WBGI's Board.

53.     After his termination as Garden Director in May of 2004, Defendant Walter Wagner had no authority to act on behalf of WBGI in any capacity other than his participation as a WBGI director.

54.     Defendant Walter Wagner served on WBGI's Board of Directors until September 2, 2004, when WBGI's Board of Directors voted to remove him from the Board for cause. The motion to remove Defendant Walter Wagner from the Board was made by David Adams and seconded by Defendant Dan Perkins ( Plaintiff's trial Ex. "31"). Defendant Linda Wagner has admitted in deposition testimony that Defendant Walter Wagner was so removed from WBGI's board in September of 2004 ( Plaintiff's trial Ex. "75", page 84, lines 3-7). Defendant Dan Perkins also admitted in deposition testimony that Defendant Walter Wagner was removed from the WBGI board in September of 2004 and that after this date, Defendant Walter Wagner was only acting on behalf of himself ( Plaintiff's trial Ex. "86", pp. 20, 23).

55.     After his removal from WBGI's Board of Directors on September 2, 2004, Defendant Walter Wagner lacked authority to take any action on behalf of or to represent WBGI in any capacity, and was merely a WBGI shareholder (Defendant Walter Wagner's shares were sold at public auction by the Washoe County, Nevada Sheriff's Office on June 29, 2007, at which time his relationship with WBGI ended, see Plaintiff's trial Ex. "130").

F.     *Attempts by Defendants Walter Wagner, Linda Wagner and Dan Perkins to Regain Control Over and Divert Share Sale Monies*

56.     On September 13, 2004, Defendants Walter Wagner and Linda Wagner purported to adopt a corporate resolution on behalf of WBGI and signed the resolution as the "former officers" of WBGI, by which they appointed themselves as directors of WBGI, along with Dan Perkins, David Adams and others, with this self-appointed board to serve as directors until January 1, 2005, with shareholder elections to be held in the interim ( Plaintiff's trial Ex. "32"). Neither the shareholders of WBGI nor the Board of Directors of WBGI approved this resolution. David Adams had informed Defendant Walter Wagner that he declined such an appointment, and was not notified of his unilateral appointment until well after litigation arose concerning the validity of the resolution.

 

57.     On September 25, 2004, at the annual meeting of shareholders, the shareholders of WBGI voted to elect Leslie Cobos, Preston Michie, Mark Robinson, and Gehardt Uhle as new directors, and Ken Francik, Annette Emerson, Dan Perkins and Don Miller carried over as directors from the previous term (Plaintiff's Exs. "33", "34" and "35").

### G.     *Unauthorized Sale of WBGI Treasury Shares by Defendants Walter Wagner, Linda Wagner and Dan Perkins and Diversion of WBGI's Funds*

58.     Commencing in July of 2004 and continuing through January of 2005, Defendants Walter Wagner, Linda Wagner and Dan Perkins began to solicit participation agreements for the sale of treasury shares of WBGI and diverted all of the money received from the sale of such shares to bank accounts which were owned or controlled by Defendants Wagner. In order to accomplish these sales, investors were informed by the Defendants to submit checks payable to World Botanical Gardens or World Botanical Gardens, Inc. and to mail them to the personal mailing address used by Defendants Wagner.

59.     During the period through February 19, 2005, Defendant Dan Perkins was still a director of WBGI and was also contracted to sell shares for WBGI (Plaintiff's Exs. "44" and "45"). During this same period of time, Defendant Walter Wagner agreed to pay Defendant Perkins 20% of the amounts received and which sums were diverted to Defendants Wagner. Defendant Perkins has admitted receiving commissions from Defendant Walter Wagner for the sale of WBGI shares to the investors whose investment monies were pocketed by Defendant Walter Wagner. He also admitted that during this period of time, he instructed investors to send their money to Defendant Walter Wagner rather than to WBGI, and that Defendant Walter Wagner did not have authority to cash or endorse checks on behalf of WBGI after he had been removed as a Garden Director in May of 2004 ( Plaintiff's trial Ex. "86", pp. 21, 52, 54-55, 61).

60.     Defendant Linda Wagner participated in providing the contact information for prospective investors who Defendant Dan Perkins would then contact. Investors were provided postage pre-paid Express Mail envelopes in which to send their checks which were addressed to "Walter Wagner, World Botanical Gardens" at P.O. Box, 411, Honomu, HI, which was Walter Wagner's personal mailbox ( Plaintiff's trial Ex. "86", pp. 70-73).

61.     While Defendants have claimed that the information used to solicit investors came from comment cards which Defendant Walter Wagner purported to retrieve from trash cans,

-19-

Defendant Dan Perkins has admitted that the comment cards represented a business opportunity that belonged to WBGI ( Plaintiff's trial Ex. 86, p. "83").

62.     After representatives of WBGI learned that Defendant Dan Perkins had been assisting Defendants Wagner in the sale of participation agreements and the diversion of funds owing to WBGI, Defendant Dan Perkins was removed from the WBGI Board of Directors and terminated Dan Perkins' authority to sell shares on behalf of WBGI. Defendant Perkins was also requested to cease and desist from all activities relating to WBGI, return all books and records of WBGI in his possession, and to return all WBGI customer address lists and other related WBGI documents (Plaintiff's Exs. "44" and "45").

63.     Before he was removed from office, Defendant Dan Perkins had been provided with comment cards left by visitors to the World Botanical Gardens. The comment cards were used by WBGI for the purpose of obtaining feedback from visitors on their experience at the gardens and for possible follow-up in the event that the visitors were interested in investing in WBGI or obtaining information about WBGI. The comment cards completed by customers contained their names and addresses for future contact by WBGI ( Plaintiff's trial Ex. "40"; Testimony of David Adams, Trial Transcript from April 29, 2008, pp. 32-33). Comment cards used by WBGI from 2001 through 2005 informed visitors that "we will not sell, trade or otherwise share any of your information with anyone." Defendant Perkins failed to return any of the comment cards provided to him.

64.     On March 14, 2005, WBGI sent a letter to Defendant Walter Wagner, prohibiting him or anyone else from selling any shares of stock of WBGI pending its completion of an investigation into the previous sales, and instructed Walter Wagner to cease and desist from using trademarks belonging to WBGI. Defendant Walter Wagner was also asked to provide information related to World Botanical Gardens Foundation, and entity he claimed to have donated his WBGI shares to. He also claimed he was selling shares owned by the Foundation ( Plaintiff's trial Ex. "46").

65.     Between January of 2005 through December of 2006, Defendants Walter Wagner, Linda Wagner and Dan Perkins engaged in the sale of participation agreements for the World Botanical Gardens and the issuance of share certificates in the name of World Botanical Gardens, Inc. or the World Botanical Gardens Foundation, using participation agreements bearing the name of World Botanical Gardens Foundation. For instance, in a sale in early 2005 involving an

-20-

 

investor named Mark D. Ward, Mr. Ward sent a check payable to "World Botanical Gardens" to Defendant Perkins' address, and Mr. Ward received a participation agreement from the Defendants bearing the name of the Foundation, sales material using the World Botanical Gardens' trade name and trademarks, and a share certificate signed by Walter Wagner as President and Linda Wagner as Treasurer of WBGI ( Plaintiff's trial Ex. "66").

66.     In a series of sales to an investor named Nicholas Gearhard between mid-2005 to early 2006, Mr. Gearhard first received a letter dated June 17, 2005 from Walter Wagner, who signed the letter as President of WBGI and which represented that Walter Wagner's personal address was the business address of WBGI. The June 17, 2005 letter enclosed a stock certificate using a form with the name of World Botanical Gardens, Inc. and was signed by Walter L. Wagner and Linda M. Wagner, as President and Treasurer, respectively. In a January 10, 2006 letter to Mr. Gearhard, Walter Wagner used a letterhead with the name of the World Botanical Gardens Foundation and he executed the letter as President of the Foundation. The January 10, 2006 letter enclosed a stock certificate using the name of the Foundation, and Defendants Walter Wagner and Linda Wagner signed the certificate as President and Treasurer, respectively, of the Foundation ( Plaintiff's trial Ex. "69").

67.     Similarly, on May 13, 2005, Defendant Walter Wagner wrote a letter to an investor named Ed Boehmer on letterhead which indicated it was from WBGI, however it contained Walter Wagner's personal P.O. Box and was signed by Walter Wagner as President of WBGI ( Plaintiff's trial Ex. "132"). Instead of obtaining Mr. Boehmer's contact information from a Comment Card, Mr. Boehmer's visitor information was obtained from guest book information which had been completed by his wife.

68.     In October of 2005, Defendant Walter Wagner wrote a second letter to Ed Boehmer relating to the same transaction on letterhead indicating it was from World Botanical Gardens Foundation and signing the letter as "President" of World Botanical Gardens Foundation, thereby contradicting his earlier letter of May 13, 2005. Plaintiff's trial Ex. "132."

69.     In a prospective sale in early 2006, an investor named David McCollum was contacted by Defendant Dan Perkins, who represented that he was from World Botanical Gardens. Defendant Perkins mailed Mr. McCollum a packet containing information that provided Walter Wagner's personal mailing address and phone number as the business address



and phone number of WBGI, and contained misleading information about who was on the Board of Directors of WBGI ( Plaintiff's trial Ex. "67").

70.    In mid 2006, the same method of sales were used with other potential investors such as Jonathan Wiersig, who received a phone call from Defendant Dan Perkins, who continued to state that he was from World Botanical Gardens and provided sales information using trade names and trademarks owned by WBGI ( Plaintiff's trial Ex. "77-B").

71.    There is and was no World Botanical Gardens Foundation.  Despite several requests and orders for the production of documents which constituted evidence as to the actual existence of such a Foundation, none of the Defendants produced such records.  On January 18, 2007, the Court issued an order which determined that World Botanical Gardens Foundation did not exist.

72.    In 2004 and 2005, Defendant Linda Wagner misrepresented that she was WBGI's Treasurer on WBGI share certificates which were issued by Defendant Walter Wagner and herself as part of the unauthorized share sale scheme, despite the fact that Annette Emerson, not Linda Wagner, was WBGI's Treasurer after August 2003.

73.    After August of 2003, Defendant Linda Wagner executed numerous documents purporting to be WBGI documents using the title of WBGI Treasurer, without authority or authorization to do so, including a Promissory Note dated January 1, 2004, and unauthorized certificates purporting to be WBGI share certificates which were mailed by Defendant Walter Wagner to unsuspecting and innocent investors.

74.    Defendants Walter Wagner, Linda Wagner and Dan Perkins also misrepresented the existence of the World Botanical Gardens Foundation in soliciting investments in WBGI, and Defendants Walter Wagner and Linda Wagner held themselves out as officers of the non-existent Foundation.

75.    The share certificates which were purported to be in the name of World Botanical Gardens, Inc. and World Botanical Gardens Foundation were created as part of a fraud scheme whereby Defendants Walter Wagner, Dan Perkins, and Linda Wagner sold WBGI treasury shares without authority or authorization to do so and pocketed the proceeds, instead of turning the proceeds over to WBGI as investors were led to believe would occur.  Checks from investors made out to "World Botanical Gardens" and "World Botanical Gardens Inc." were endorsed and deposited into the personal bank accounts of Defendants Wagner.

76.    Between July of 2004 and June of 2006, Defendants Walter Wagner, Linda Wagner and Dan Perkins participated in the sale of WBGI treasury shares which generated the total sum of $356,720.00, $351,520.00 and which sum was represented by Defendants Walter Wagner, Linda Wagner and Dan Perkins to be used for the benefit of WBGI, but which was instead used by said Defendants for their own benefit ( Plaintiff's trial Ex. "113").

77.    After his removal as WBGI's Garden Director in May of 2004, Defendant Walter Wagner's sole authority to act on behalf of, and his sole responsibility toward WBGI, was derived solely from his position as a WBGI director. Thereafter, Defendant Walter Wagner filed false reports with the State of Nevada that did not accurately describe WBGI's officers after May of 2004, until these reports were corrected by WBGI.

78.    After August of 2003, Defendant Walter Wagner executed numerous documents purporting to be WBGI documents using the title of President of WBGI without authority or authorization to do so, including a Promissory Note dated January 1, 2004, certificates purporting to be WBGI share certificates, and signed and mailed letters to innocent and unsuspecting investors purporting to welcome new investors to WBGI pursuant to Defendants' fraud scheme, without disclosing any of these sales to WBGI's Board of Directors.

79.    Defendants Walter Wagner and Dan Perkins contacted persons who had visited WBGI's Gardens and left personal contact information intended for WBGI's benefit, and solicited investments from such visitors using personal information intended for WBGI, which information was obtained and used by Defendants for their personal benefit. The solicitations by said Defendants requested investments so that the monies paid could be used to construct a visitor center and for other improvements to the Gardens' operations.

**H.    *Defendants Walter Wagner, Linda Wagner and Dan Perkins Falsely Represented Their Authority to Act on Behalf of WBGI and Engaged in Abuse of Process***

80.    Defendant Walter Wagner filed at least one false certificate with the State of Nevada in March of 2005, falsely listing himself, Defendant Linda Wagner, and Defendant Dan Perkins as WBGI officers, and falsely listing as WBGI directors other individuals who had never been elected to WBGI's Board of Directors ( Plaintiff's trial Ex. "49").

81.    Before and after the formation of the Nevada corporation in April of 2001, Defendants Walter Wagner, Linda Wagner and Dan Perkins continuously referred to themselves

-23-

 

and to investors as being "partners" in a joint venture partnership which owned shares of WBGI. No such joint venture partnership existed.

82.     Despite their lack of authority to do so, after September 2, 2004, Defendants Walter Wagner and Linda Wagner continued to falsely hold themselves out to be WBGI officers and directors to investors, the Hawaii and Nevada Courts, and to others.

83.     After the removal of Defendant Walter Wagner from WBGI's Board of Directors, on September 13, 2004, Defendants Walter Wagner and Linda Wagner purported to adopt a resolution as "former officers" of WBGI, by which they claimed they and other persons constituted WBGI's Board of Directors, as opposed to WBGI's proper Board of Directors who had been elected and approved by WBGI's shareholders in August of 2003 ( Plaintiff's trial Ex. "32").

84.     After the September 13, 2004 "resolution," Defendants Walter Wagner, Linda Wagner, and Dan Perkins engaged in the filing of lawsuits and the filing of numerous affidavits and declarations by which they falsely claimed to be directors of WBGI.

85.     This conduct included bringing suit or the filing of false declarations in WBGI's name against Ken Francik in Hawaii (filed on May 9, 2005 in *World Botanical Gardens, Inc. v. Ken Francik,* Civil No. 05-1-0163, Circuit Court of the Third Circuit, State of Hawaii ( Plaintiff's trial Ex. "50") and against Josephine Perkins, Dan Perkins daughter-in-law, in Clark County (Las Vegas), Nevada, filed on August 18, 2005 in *World Botanical Gardens, Inc. v. Josephine Perkins,* Case No. A508735, Eighth Judicial District Court for the State of Nevada, in and for the County of Clark ( Plaintiff's trial Ex. "58"), by hiring counsel without authority or authorization to do so. According to Defendant Dan Perkins, he informed Defendant Walter Wagner that his relative Josephine Perkins (who he described as a "bit dingy") was claiming to hold some position in WBGI, based on what he had heard "third hand," and that Defendant Walter Wagner followed up on this ( Plaintiff's trial Ex. "86", pp. 131-32). Josephine Perkins is actually Defendant Dan Perkins' daughter-in-law.

86.     After their removal from any positions of authority, Defendants Walter Wagner, Dan Perkins and Linda Wagner continued to falsely claim they were members of WBGI's Board of Directors in retaining counsel and prosecuting these suits. They also filed false declarations and affidavits which were used by them in support of lawsuits in which they sought to obtain control over WBGI.

-24-

87.    In a May 11, 2005 Declaration filed by Defendant Walter Wagner in Civil No. 05-1-0163, Circuit Court of the Third Circuit, State of Hawaii, Defendant Walter Wagner falsely attested that the Utah corporation which was called World Botanical Gardens, Inc. had been dissolved when the Nevada corporation was formed (not in 1996 as the Utah records show), that he was a board member continuously since WBGI's inception, and that he and Linda Wagner were board members until their appointment to another board which occurred by reason of the September 13, 2004 resolution ( Plaintiff's trial Ex. "51"). Defendants Linda Wagner and Dan Perkins attested to the truth of these statements (Plaintiff's trial Exs. "52" and "53").

88.    The Defendants also filed with the Court in Civil No. 05-1-0163, a Declaration which was purportedly signed by David Adams on June 16, 2005. David Adams has testified that said Declaration does not contain his signature and was not aware that the Declaration had been filed (Plaintiff's Exs. "54" and "128"; Transcript, Vol. 2, pp. 53-54). Defendants Walter Wagner, Linda Wagner and Dan Perkins executed Declarations dated June 16, 2005, which were also filed in support of a motion for preliminary injunction against Ken Francik, in which said Defendants falsely claimed that certain persons were on WBGI's Board of Directors (including Dan Perkins, who had been removed from this position in February of 2005 and David Adams who denied ever being on such a Board), that Defendant Walter Wagner had donated 1,000 shares of WBGI stock to the World Botanical Gardens Foundation, and that WBGI had loaned some $100,000.00) to a "wellness foundation" (Plaintiff's Exs. "52", "53" and "55").

89.    As with the World Botanical Gardens Foundation, none of the Defendants ever produced records relating to the existence of any "wellness foundation" or of any "loan" from WBGI to such a foundation.

90.    As a result of these and related misrepresentations by Defendants, WBGI hired counsel to defend Ken Francik in Civil No. 05-1-0163 and incurred attorneys fees and costs in defending against said lawsuit. The lawsuit in Civil No. 05-1-0613 was dismissed on the basis of the internal affairs doctrine contained in HRS Section 414-435.

91.    Thereafter, WBGI brought suit in Washoe County, Nevada against Defendants and the other members of Defendant Wagner's self-appointed Board in *World Botanical Gardens v. Walter Wagner et al,* Case No. CV05-02079, filed in the District Court for the County of Washoe, State of Nevada ("Reno trial"), seeking declaratory and other relief, including damages,

-25-

to the effect that WBGI's duly elected Board of Directors had the authority to direct WBGI's business affairs and not the Defendants.

92.    After the Reno trial, District Judge Brent Adams ("Judge Adams") ruled in WBGI's favor on all matters in dispute and subsequently issued a series of Orders that are part of the record in this case. Such orders included an October 21, 2005 Order For Preliminary Injunction against Defendants Wagner and Perkins entered in Case No. CV05-02079 which enjoined said Defendants from selling shares of WBGI or claiming that they were officers or directors of WBGI, and Orders of Permanent Injunction filed in Case No. CV05-0279 on April 24, 2006 and October 5, 2006, which permanently enjoined said Defendants from continuing such acts (Plaintiff's Exs. "62", "82" and "123"). Despite such injunctive relief, Defendants Wagner and Perkins continued to sell WBGI's treasury shares in the manner described above, using the World Botanical Gardens Foundation scheme.

93.    On October 5, 2006, Judge Adams found Defendants Walter Wagner and Dan Perkins in contempt of court for violating the orders of injunction by interfering with WBGI's business website and for continuing to sell WBGI's stock without permission and through deceptive means for the deliberate purpose of attempting to circumvent the Court's prior orders of injunction ( Plaintiff's trial Ex. "83").

94.    WBGI filed the instant suit on June 30, 2005.

95.    On July 28, 2004, after his termination as Garden Director, Walter Wagner filed a Complaint against WBGI in *Walter L. Wagner v. World Botanical Gardens, Inc.*, Civil No. 04-1-0232, Circuit Court of the Third Circuit, State of Hawaii, alleging that through the course of the years 1995 and 2003, Walter Wagner was a "regularly salaried worker" for WBGI, who had deferred taking payment on his salary. The Complaint further alleged that for each year the deferred payment balance was reduced to a Promissory Note, and that at the end of 2003, the total balance of the combined Promissory Notes was $340,736.75. The Complaint further attached a Promissory Note dated January 1, 2004, signed by Defendants Walter Wagner and Linda Wagner in their purported capacities as WBGI's President and Secretary/Treasurer, respectively. The 2004 Promissory Note purported to carry forward and liquidate the past balance of an alleged previous 2003 Promissory Note (Plaintiff trial Exhibit "125").

96.    After filing the Complaint in Civil No. 04-1-0232, Walter Wagner purported to serve the Complaint upon his wife, Linda Wagner, who Defendant Walter Wagner claimed was

-26-

WBGI's Secretary/Treasurer, without WBGI's knowledge and no answer was filed on behalf of WBGI. Thereafter, Walter Wagner scheduled a hearing on a Motion for the Entry of a Default Judgment. At a August 24, 2004 proof hearing (after his termination as Garden Director in May of 2004), Walter Wagner represented to the Court that the 2004 Promissory Note was authorized by WBGI, that he and Linda Wagner were the only shareholders of WBGI, that Nevada law only required a Nevada corporation to have officers and no directors, that WBGI did not object to any default being taken, and that Walter Wagner wanted to obtain the Default Judgment as he was expecting to divest his sole ownership of WBGI to others. Based upon Wagner's representation, a default judgment was entered against WBGI in the sum of $340,736.75 ( Plaintiff's trial Ex. "28").

97.     The Return and Acknowledgment of Service filed by Defendant Walter Wagner in Civil No. 04-1-0232 falsely represented that Defendant Linda Wagner was the Secretary/Treasurer of WBGI as of July 28, 2004.

98.     WBGI's Board of Directors and officers were not notified of filing of the Complaint in Civil No. 04-1-0232, or the purported service on WBGI, and also did not have notice or knowledge of the Promissory Note upon which the Complaint was based.

99.     In an Affidavit executed by Defendant Dan Perkins on October 1, 2007 and filed by Defendant Walter Wagner in Civil No. 04-1-0232, Defendant Perkins attests that he resigned from WBGI's board in February of 2005, contradicting his earlier Declaration filed in Civil No. 05-1-0163 (Plaintiff's Exs. "53" and "97").

I.     *Violations of Nevada Injunctions*

~~100.     During trial herein, WBGI presented evidence of vandalism at the home of Dr.~~ Landreth ("Lanny") Neel, WBGI's Garden Director, that had occurred during construction of Dr. Neel's home in the fall of 2006. Dr. Neel filed a police report about this incident with the Hawaii Police Department. Dr. Lanny Neel had previously purchased the property from WBGI and Defendant Walter Wagner had attempted to prevent such purchase from closing.

101.     Defendant Walter Wagner has previously sworn under penalty of perjury in an Affidavit filed with this Court on May 12, 2006, that he had previously examined files in a cabinet, which he knew to be located in WBGI's file cabinet and which he knew to be the property of WBGI, located at the residence of Dr. Lanny Neel, WBGI's Garden Director, without ~~permission to do so.~~



"~~Last year I visited at the residence of Lanny Neel, who has daily~~ access to the WBGI corporate office. While knocking at the door and waiting for an answer (he was apparently not home) I noticed in the open carport at least one file cabinet drawer, which I recognized to be from a WBGI file cabinet. I took a cursory examination of the file cabinet drawer, and saw that it indeed contained many WBGI documents, and was from one of the WBGI file cabinets that had the year prior been delivered to the downtown Hilo office. I did not determine whether other such file cabinet drawers were scattered throughout his residence. I did not remove any of the documents that were present, and I do not now recall ~~exactly which documents they were.~~"

Affidavit of Walter L Wagner in Opposition to Sanctions, Plaintiff's trial Ex. "126".

102.    Defendant Walter Wagner had also been seen on WBGI's property by WBGI employees within the past several months, despite the fact that Judge Adams had permanently enjoined Defendant Walter Wagner from being within 90 feet of WBGI's property. On October 5, 2006, Judge Adams issued an Order of Contempt in Case No. CV05-02079, finding that Defendant Walter Wagner knowingly and intentionally violated the Preliminary Injunction and Permanent Injunction issued by the Nevada Court by "entering the property of WBGI numerous times . . . without permission" and that Defendants Walter Wagner and Dan Perkins violated the Court's orders – by marketing and selling WBGI stock, a non-existent entity, the "World Botanical Gardens Foundation" ( Plaintiff's trial Ex. "83").

103.    Defendant Linda Wagner has also violated Judge Adams' Orders by participating in the sale of WBGI treasury shares by signing share certificates as the Treasurer or Chief Financial Officer (CFO) of the non-existent entity,"World Botanical Gardens Foundation."

104.    Defendants Walter Wagner, Linda Wagner, and Dan Perkins have violated the Nevada injunctions, as described above, and have shown a continued propensity to continue to disobey the injunction orders of Judge Adams.

105.    Defendant Walter Wagner recently sent to David Adams a copy of a letter dated March 2, 2008, in which both Defendants Walter Wagner and Linda Wagner claimed that the Order of Dismissal they fraudulently obtained in the Josephine Perkins matter was still a valid order establishing that they are on WBGI's Board of Directors ( Plaintiff's trial Ex. "127"; Testimony of David Adams, Trial Transcript at pp. 58-59). In his April 24, 2006 Order, Judge Adams expressly enjoined the Defendants from relying on the Order of the Eighth Judicial

-28-

District Court of the State of Nevada to suggest that the existing WBGI Board of Directors is not the authorized Board of Directors of WBGI or that Defendants Walter Wagner or others are the authorized Board of Directors for any purpose ( Plaintiff's trial Ex. "123", pp. 4-6).

~~106.   Plaintiff WBGI offered to present additional testimony to the Court concerning~~ recent vandalism to signage and a spring box located on WBGI's property, which vandalism occurred within 24 hours of Defendant Walter Wagner's release from jail, after having been ~~arrested for identity theft in the first degree and theft in the first degree on April 17, 2008.~~

## J.   *Damages*

107.   Between 2001 and 2003, Defendants Walter Wagner and Linda Wagner used WBGI funds to pay for personal expenses and personally benefitted from this use of WBGI funds in the following amounts:

4|12|01 - 12|31|01   ~~2001~~   -   ~~$59,050.96~~  $49,537.46

2002   -   $46,365.79

2003   -   $47,362.28

(Plaintiff's Exs. "101", "102" and "103").

108.   Between 2001 and 2003, Defendant Walter Wagner, with the assistance of his wife, Defendant Linda Wagner, and with the knowledge of Defendant Dan Perkins, diverted the following amounts to Walter Wagner's wellness foundation and Monterey Bay Terrarium venture:

4|12|01 - 12|31|01   ~~2001~~   -   ~~$3,691.11~~  $2,761.83

2002   -   $46,731.91

2003   -   $15,227.32

(Plaintiffs Exs. "81", "105", "106" and "107").

109.   $9,000.00 in WBGI funds were paid to Defendant Linda Wagner for "loans", records of which have not been provided by the Defendants ( Plaintiff's trial Ex. "115").

110.   Between 2001 and 2003, rent in the sum of $27,463.28 ~~$26,737.34~~ was paid to or for the benefit of Defendants Walter Wagner and Linda Wagner for a 32-month period for which no rental agreement has been produced, for use of an approximately 100 square foot space, the fair rental value of which was $150.00 per month, and the amount overpaid was $22,813.28 ~~$21,937.34~~ ( Plaintiff's trial Ex. "116").

 

111.   Between 2001 and 2003, WBGI funds were used to pay for personal medical and dental insurance premiums for Defendants Walter Wagner, Linda Wagner, and their children in the sum of ~~$44,564.56~~ $43,617.56 ( Plaintiff's trial Ex. "117").

112.   Between 2001 and 203, WBGI funds totaling $2,215.75 were used to pay for additional miscellaneous personal expenses of Defendants Walter Wagner and Linda Wagner (Plaintiff's trial Ex. "118").

113.   The diversion of WBGI funds for the personal expenses of Defendants Walter Wagner and Linda Wagner, whether it was called rent, loans or salary, constituted undisclosed self-dealing which was not approved or ratified by uninterested shareholders or directors of WBGI. NRS Section 78-140(2).

114.   Between 2004 and 2006, Defendants Walter Wagner, Linda Wagner and Dan Perkins sold $356,720.00 of WBGI's treasurey shares and converted the proceeds from such sales to their own use ( Plaintiff's trial Ex. "113").

115.   While the Nevada Court has entered judgment against Defendant Walter Wagner for the sum of $286,376.00 and against Defendant Dan Perkins in the sum of $71,344.00, representing the sums they pocketed under their 80%/20% split, this judgment related to Judge Adams's determination that a constructive trust should be imposed on the proceeds of sale and that said Defendants had been unjustly enriched by these amounts. However, the loss to WBGI by the diversion of these funds totaled a minimum of $356,720.00 as a result of the conduct of each of the Remaining Defendants.

116.   As a result of the Defendants' acts of filing lawsuits without legal cause, in order to protect its interest and that of its shareholders in this lawsuit and the Nevada lawsuit, WBGI has incurred approximately $450,000.00 in legal fees and costs since 2005.

117.   The damage to WBGI's goodwill, ability to operate and solicit additional investments is approximately $1,000,000.00.

**K.   *Vexatious Litigant***

118.   Defendant Walter Wagner has filed at least seven cases *in propria persona* in the proceeding seven years that have been determined adversely to Wagner. These cases are:

(1)   *Evelyn Anne-Marie Wagner, et al. v. Mark Cohen*, et al., Supreme Court No. 25653. On November 9, 2000, Walter Wagner and Linda Wagner filed a complaint in the Third Circuit Court of the State of Hawaii (Civil No. 00-1-0468) on behalf of their minor

-30-



daughter. On May 30, 2003, the Hawaii Supreme Court held that Wagner and his wife were not permitted to act as attorneys and represent their daughter as counsel, since they were not attorneys licensed to practice law in Hawaii. An Order Dismissing Appeal was filed on May 30, 2003).

(2)   *Walter L. Wagner v. WBGI*, Civil No. 04-1-0232. On July 28, 2004, Defendant Walter Wagner, who was a WBGI director at the time, filed suit in the Third Circuit Court of the State of Hawaii against WBGI in Hilo *in propria persona*, alleging that WBGI had breached a promissory note relating to back pay Wagner was allegedly owed by WBGI. Civil No. 04-1-0232 was dismissed by the Third Circuit Court on January 15, 2008. A Final Judgment was entered on January 15, 2008.

(3)   *Walter L. Wagner, et al. v. Juergen Canda, et al.*, Civil No. 05-1-0337. On November 2, 2005, Defendants Wagners filed suit in the Third Circuit Court of the State of Hawaii to quash an administrative subpoena of Linda Wagner's bank records in investigating WBGI's report of embezzlement related to the fraudulent share sale scheme. The Wagners filed a First Amended Complaint, which the County of Hawaii successfully had dismissed. The Wagners failed to file a pretrial statement per Rules of Court 12(q). The Third Circuit Court filed an Order of Dismissal of that case on April 20, 2007.

(4)   *In re: The Matter of the Motion to Quash an Administrative Subpoena between Office of Hawaii County Prosecuting Attorney, Subpoena Issurer/Appellee, and Walter L. Wagner and Linda M. Wagner, Subpoena Recipients*, Supreme Court No. 27745 (relating to S.P. No. 06-1-0001, Circuit Court of the Third Circuit, State of Hawaii. On July 13, 2007, the Hawaii Supreme Court affirmed the Circuit Court's Order Denying Recipients' Motion to Quash Administrative Subpoena filed on January 30, 2006.

(5)   *Walter L. Wagner v. Title Guaranty Escrow Services, Inc., et al.*, Civil No. 05-1-0406. On December 27, 2005, Defendant Walter Wagner filed suit in the Third Circuit Court of the State of Hawaii seeking to enforce the fraudulent default judgment procured by Defendant Walter Wagner in Civil No. 04-1-0232, Third Circuit Court, State of Hawaii. The Third Circuit Court dismissed that case for lack of prosecution on April 20, 2007.

(6)   *Dan Perkins and Walter L. Wagner v. Kenneth Francik, et al.*, Civil No. 06-1-0384. On December 6, 2006, Dan Perkins and Walter L. Wagner filed a slander and libel suit in the Third Circuit Court of the State of Hawaii against these defendants pro se alleging that



the defendants stated at WBGI's annual shareholders meeting and in a subsequent newsletter to WBGI's shareholders that Wagner and Perkins had committed the crime of "embezzlement" when in fact no WBGI official made such statements. On April 23, 2007, the Third Circuit Court dismissed this case against these individuals for lack of personal jurisdiction and dismissed this case against WBGI under the doctrine of forum non conveniens.

(7)     *Dan Perkins and Walter L. Wagner v. WBGI, et al.*, Civil No. 07-1-0015. On January 17, 2007, Defendants Dan Perkins and Walter L. Wagner filed a shareholder derivative lawsuit in the Third Circuit Court of the State of Hawaii against WBGI seeking to appoint a receiver based on alleged mismanagement by WBGI's board in bringing suit against Walter Wagner and Dan Perkins in Hawaii to hold them accountable for misappropriating WBGI funds through fraudulent share sales, for damages to WBGI, and for injunctive and declaratory relief. On April 1, 2008, the Third Circuit Court granted WBGI's motion for summary judgment, and the Court dismissed that lawsuit. A Final Judgment was filed on August 19, 2008.

119.    WBGI brought suit in September of 2005 in Nevada (Case No. CV-05-02079, District Court for Washoe County, State of Nevada, Judge Adams presiding) against Defendants to make clear that WBGI's then current board was WBGI's lawful board, to stop Defendants from interfering in WBGI's business affairs, to stop Defendants from continuing to sell WBGI treasury shares to unsuspecting victims and pocketing the money, to recover damages, and to obtain equitable relief.

120.    WBGI prevailed on all issues after a three-day trial held in Reno, Nevada on August 17-21, 2006. During trial, the Defendants presented a number of defenses to WBGI's claims, including the same claims they had made in the unauthorized *World Botanical Gardens, Inc. v. Ken Francik, et al.* matter (Civil No. 05-1-0163), among other allegations:

A.      That WBGI's board was mismanaging WBGI's business affairs by filing suit against Defendants Walter Wagner and Dan Perkins seeking to recover misappropriated WBGI funds through share sales which Judge Adams found to be "intentionally fraudulent," and seeking damages for other misconduct, and for injunctive and declaratory relief, and by failing to properly manage WBGI's business affairs; and

B.      That WBGI could not incur legal expenses because of a document Walter Wagner refers to as the so-called "Two-Boards Agreement," an agreement Defendants Walter Wagner and Dan Perkins both testified under oath at trial was not an agreement with WBGI.

-32-

121.   Defendants Walter Wagner and Dan Perkins asked Judge Adams to appoint a Receiver for alleged mismanagement of WBGI, a request the Court denied. Judge Adams' findings specifically included a finding that, "There is no evidence of mismanagement of WBGI by its Board of Directors. Rather the actions of the Remaining Defendants have caused WBGI significant harm and financial damage" ( Plaintiff's trial Ex. "82" at ¶33).

122.   Despite having litigated and lost their case that a Receiver should be appointed because of alleged mismanagement by WBGI's then current board, Defendants Walter Wagner and Dan Perkins brought suit in the Third Circuit Court of the State of Hawaii in *Dan Perkins and Walter L. Wagner v. WBGI*, Civil No. 07-1-0015, seeking appointment of a Receiver based on substantially the same allegations they unsuccessfully raised in Nevada at trial.

123.   Defendants appealed Judge Adams' rulings in Case No, CV-05-02079 to the Nevada Supreme Court. On December 29, 2007, the Nevada Supreme Court affirmed the Orders of the Washoe County Court. Defendants Walter Wagner and Dan Perkins continue to insist on the legitimacy of a judgment obtained by Defendants against Josephine Perkins from Judge Cory in Las Vegas, Nevada in Case No. A508735, Eighth Judicial District Court of the State of Nevada, Clark County, despite being enjoined by Nevada Judge Adams' from relying on Judge Cory's Order, a ruling that was upheld on appeal to the Nevada Supreme Court.

124.   WBGI has successfully defeated six motions to dismiss WBGI's damages claims by Defendants on various legal theories that utterly lack merit, including:

A.   The case should be dismissed as an improperly plead shareholders derivative suit when in fact the suit is a suit by the corporation, and not a shareholders derivative suit.

B.   The case should be dismissed because Walter Wagner did not authorize WBGI to retain Tsukazaki, Yeh & Moore, WBGI's Hawaii counsel, when in fact Tsukazaki, Yeh & Moore was properly retained by WBGI to represent it.

C.   The case should be dismissed because Defendant Walter Wagner did not authorize WBGI to sue himself or his co-conspirators when in fact Defendant Walter Wagner had no authority to act on behalf of WBGI in any capacity after September 4, 2004, when he was removed from WBGI's board for cause.

D.   The case should be dismissed for failing to state a cause of action even though Walter Wagner admits he borrowed approximately $100,000.00 from WBGI (a claim

-33-



WBGI characterizes as a conversion because there are no loan agreements), admits using more than $40,000.00 in WBGI funds to purchase real property which he placed in his own name, and admits using more than $40,000.00 in WBGI funds to pay personal legal expenses defending criminal charges against Walter Wagner brought in California which Walter Wagner claims are legitimate business expenses because he was arrested while handing a business card to a prospective investor, a preposterous, meritless argument.

   E. The case should be dismissed because WBGI committed fraud in Nevada by bringing damages claims against Doug Hansen in Nevada in violation of WBGI's promise to this Court and for violating the so-called "Two-Boards Agreement" that Walter Wagner falsely alleges applies to damage claims, when in fact Judge Adams has ruled that the so-called "Two-Boards Agreement" is not a binding contract. Defendant Walter Wagner falsely stated under oath to this Court that Nevada Judge Adams had ruled in his favor in Nevada that he was in fact selling his personal shares in WBGI, when in fact Judge Adams found that Defendants Walter Wagner and Dan Perkins were selling WBGI treasury shares.

   F. The case should be dismissed because Ken Francik, WBGI's Chairman and President, allegedly lied when Francik testified in Nevada that he did not give permission to Wager Wagner to sell his personal shares when in fact Francik did not give Defendant Wagner permission to sell WBGI treasury shares.

  125. Judge Adams specifically addressed the allegation that Ken Francik gave Defendants Walter Wagner and Dan Perkins permission to sell shares in WBGI in his June 14, 2007 Order declaring Wagner and Perkins to be "vexatious litigants" within the meaning of Nevada law:

> Wagner and Perkins have repeatedly alleged in multiple pleadings filed with this Court that Francik gave them permission to sell shares in WBGI which somehow exempted them from this Court's Preliminary and Permanent Injunction against the sale of "any" WBGI shares and authorized them to commit fraud and misappropriate WBGI funds for their own purposes. In fact, Francik did not give Wagner and/or Perkins permission to sell shares in WBGI and pocket the proceeds.

( Plaintiff's trial Ex. "89", at ¶3d).

-34-

 

126.    On June 28, 2006, Defendant Walter Wagner filed, but failed to schedule, a Motion for Protective Order in this case seeking to prevent WBGI from sending settlement offers to other Defendants, a frivolous motion this Court appropriately ignored, and one which violates public policy of the State of Hawaii favoring the exchange of settlement offers among litigants. In doing so Defendant Wagner violated H.R.Ev. Rule 408 by submitting a copy of WBGI's settlement offer to Defendant David Adams and making arguments to the Court based on that document.

127.    In the Motion for Protective Order, Defendant Walter Wagner included a copy of a letter he sent to Detective Juergen Canda of the Hawaii County Police Department falsely alleging that Preston Michie, WBGI's General Counsel, and Ken Francik, WBGI's Chairman of the Board and President, committed the crime of "witness tampering" for including in its settlement offer to David Adams a requirement that David Adams answer WBGI's questions truthfully under oath.  This is a frivolous, specious argument.

128.    Defendants Walter Wagner, Linda Wagner, and Dan Perkins have filed statements with this Court false stating that Preston Michie (WBGI's General Counsel), age 60, is the father of Leslie Cobos (WBGI's Secretary), age 55.  This is clearly an attempt to embarrass these individuals with false allegations of child abuse and statutory rape by Leslie' Cobos' mother who has never met Preston Michie.

129.    The Remaining Defendants have also repeatedly filed numerous pleadings lacking factual or legal merit with this Court without providing proper service of such pleadings on WBGI's counsel or verifying such service through Certificates of Service, in violation of Court rule.  As note above, they have signed or sworn to numerous declarations or "affidavits" which have been prepared by Defendant Walter Wagner which have been inconsistent, have no basis in fact, and which are not based on personal knowledge.

130.    On or about March 2007, WBGI filed a motion with Nevada Judge Adams seeking to have Defendants Walter Wagner and Perkins declared "Vexatious Litigants" within the meaning of Nevada law on a variety of bases including improper conduct, false statements, meritless motions, preposterous explanations of events, frivolous lawsuits and other legal misconduct and abuse of process by Wagner and Perkins in both Nevada and Hawaii, including the illegal practice of law in Nevada.



131.    On June 14, 2007, Judge Adams granted WBGI's motion ( Plaintiff's trial Ex. "89", hereinafter "Vexatious Litigant Order") and determined Walter Wagner and Dan Perkins to be vexatious litigations based on the misconduct of Defendants Wagner and Perkins in:

      A.    Making "false and misleading allegations, which are repetitive abusive and devoid of any factual or legal basis" (Vexatious Litigant Order at 2);

      B.    Repeatedly alleging in multiple pleadings that Ken Francik perjured himself before the Nevada court and committed fraud in prosecuting claims against Defendants in Nevada when in fact Ken Francik testified truthfully. "Wagner's and Perkins' allegation of perjury are abusive and devoid of any factual or legal bases and have been alleged with the intent to harass." Id.

      C.    Repeated alleging in multiple pleadings that WBGI's Nevada counsel has acted inappropriately in representing WBGI including an alleged felony in seeking to collect on WBGI's judgment through a sheriff's sale of Defendants' stock in WBGI at public auction, as provided by Nevada law. "Wagner and Perkins falsely allege that WBGI is engaging in a prohibited 'initial public auction' in violation of Nevada securities law when in fact the very statute Wagner and Perkins cite for this proposition expressly exempts sheriff's sales from Nevada securities laws. "These arguments utterly lack legal or factual merit." Wagner's and Perkins' allegations to the contrary are abusive and devoid of any arguable factual or legal bases and have been alleged with the intent to harass." Id, at 3.

      D.    Wagner and Perkins have repeatedly alleged that Ken Francik gave them permission to sell shares in WBGI and pocket the proceeds when in fact no one gave Wagner or Perkins permission to defraud anyone. "Wagner's and Perkins' allegations that they had permission to sell shares in WBGI, defraud innocent victims, and misappropriate WBGI funds by pocketing the proceeds are abusive and devoid of any arguable factual or legal basis." Id, at 4.

      E.    Wagner and Perkins have repeatedly alleged that a so-called "Two Boards Agreement" somehow prohibited WBGI from expending money on legal fees to clarify control over WBGI, when in fact the "agreement" is not a contract because the parties did not intend to contract with one another, because there is no consideration to support the alleged "contract," because the "agreement" was the product of duress from Wagner, and because WBGI complied with its terms. "Wagner's and Perkins' allegations of the existence of a two-boards' agreement and WBGI's alleged breach of the agreement are devoid of any factual or legal basis." Id, at 4-5.

F.     Wagner and Perkins have repeatedly alleged that an entity referred to as the World Botanical Gardens Foundations existed through which Wagner donated the money received from the sale of WBGI shares, when in fact Wagner's entity was "created for the purpose of effecting fraud." "Wagner's and Perkins' allegations of the existence of World Botanical Gardens Foundation are devoid of any arguable factual or legal basis." Id. at 5.

G.     Wagner and Perkins have repeatedly alleged that they created a "joint venture partnership," which somehow owned WBGI, when in fact no such entity exists. "Wagner's and Perkins' allegations of the existence of a Joint Venture Partnership are devoid of any arguable factual or legal basis." Id.

H.     Wagner and Perkins have repeatedly alleged that Wagner was no longer a defendant at trial because a Permanent Injunction had been entered against him when in fact Wagner was a defendant at trial because at least two claims for relieve, declaratory judgment and constructive trust, remained to be resolved against him at trial. "Wagner's and Perkins' allegations that Wagner was no longer a defendant at the time of trial are devoid of any arguable factual or legal basis." Id., at 5-6.

I.     WBGI provided the Nevada court with six specific instances of pleadings filed in other Nevada or Hawaii courts through which Wagner and Perkins have made false and misleading allegations, which are repetitive, abusive, and devoid of any arguable factual or legal basis including:

1.     Wagner v. Cohen, Civil No. 00-1-0468 (2003) (where Wagner was sanctioned by the Hawaii Supreme Court for practicing law without a license);

2.     World Botanical Gardens, Inc. v. Francik (Civil No. 05-1-0163 (2005) (Wagner falsely alleged that he and his shadow board controlled WBGI, arguments that are abusive and devoid of any arguable factual or legal bases and were alleged with the intent to harass;

3.     World Botanical Gardens, Inc. v. Perkins (Case No. A50508735) (2005) (in which Wagner falsely alleged that he and his shadow board controlled WBGI, arguments that are abusive and devoid of any arguable factual or legal bases and were alleged with the intent to harass);

-37-



    4.    *Wagner v. Title Guaranty Escrow Services, Inc.*, Civil No. 05-1-01406 (in which Wagner tried to interfere in a sale of property by WBGI in violation of the Nevada court's injunction not to interfere in WBGI's business affairs); and

    5.    *Perkins v. Francik*, Civil No. 06-1-0384 (in which Wagner and Perkins sued WBGI and three members of its board alleging defamation during a shareholder meeting in Las Vegas, Nevada, a case over which the Hawaii court had no jurisdiction); and

    6.    *Perkins v. Francik*, Civil No. 07-1-0015 (in which Wagner filed a shareholder derivative suit with a request to appoint a receiver, a case for which the Hawaii court had no jurisdiction). Id., at 5-7.

Judge Adams' Vexatious Litigant Order on these matters contains the following findings of fact:

> "5.    Wagner and Perkins have raised no significant factual or legal arguments that they did not raise in their original pleadings before this Court at the hearing on Preliminary Injunction in October 2005 save one — their baseless argument that WBGI committed a fraud on this Court by prosecuting claims against Defendants in Nevada allegedly in violation of a promise WBGI made to Judge Nakamura in Hilo, Hawaii not to bring damages claims in Nevada that are pending in Hawaii against Defendants, a promise WBGI did not abrogate. The Court heard arguments and considered evidence concerning the legality of the "two-boards" agreement, alleged mismanagement of WBGI, the existence of a Joint Venture Partnership, the existence of a "charity" called the "World Botanical Gardens Foundation," alleged fraud by WBGI in various respects, and other arguments to explain their misconduct and rejected each of them. This Court has had to endure virtually endless repetition of arguments the Court has heard and rejected repeatedly. Rather than accept the findings of this Court, Wagner and Perkins have raised these same points in multiple meritless pleadings in Nevada and Hawaii where the Hawaii courts have also rejected them. WBGI has unnecessarily incurred extensive legal expense defending these multiple false, meritless, and repetitive legal and factual arguments. As I found at trial, the facts Wagner and Perkins allege are simply not true. I find that Wagner and Perkins' goal in this regard is to abuse the legal process to destroy WBGI if they cannot have their way.

6.        I find the conduct by Wagner and Perkins to be an extreme, intentional abuse of the legal process. Wagner and Perkins have refused to cooperate in discovery. They have refused to comply with this Court's orders and judgments. This Court has found them in contempt of court several times.  Yet they continue to ignore the orders of this Court. They continue to abuse the legal process by continuing to file nonsensical documents and pleadings that utterly lack merit thereby forcing WBGI to incur unnecessary legal expenses, expenses WBGI can ill afford. They have made multiple false statements to this Court. Wagner has practiced law without a license in Nevada in erroneously advising his fellow Defendants on the legal effect of the "two-boards agreement," the risk of attorneys fees being awarded at trial, and the legal effect of WBGI's promise to Judge Nakamura in Hawaii. Wagner and Perkins brazenly asked this Court to appoint a receiver on grounds that WBGI has incurred massive legal expenses—expenses WBGI incurred defending against their extensive, repetitious, and meritless legal and factual arguments this Court has repeatedly rejected. It is my understanding that they are engaging in the same conduct before the Hawaii courts. As a result WBGI has been denied a speedy, just, and inexpensive resolution of the issues in this case, a result contrary to the policy of the State of Nevada.

7.        Wagner and Perkins' conduct in these proceedings personify the meaning of "vexatious litigants." Indeed, in the 33 years this judge has practiced law and in the 18 years this judge has served on the bench, I have never seen such reprehensible abuse of the legal process. Nothing this Court does seems to deter their abusive conduct save putting them in jail."

Id. at 7-9.

Judge Adams' Conclusions of Law including the following:

"3.        Wagner and Perkins have abused the civil legal process by making misrepresentations to this and other courts in both Nevada and Hawaii, by making misrepresentations to opposing counsel, by ignoring orders and judgments of this Court, by failing to disclose and/or concealing information from opposing counsel and this Court, by filing voluminous legal pleadings replete with misrepresentations and false statements, and by attempting to relitigate issues in both this Court and other courts which



this Court long-ago resolved after both a preliminary injunction hearing and a trial on the merits.

> 4.    Wagner and Perkins are vexatious litigants."

Id., at 9.

132.    As with the Court in Washoe County, Nevada, this Court has witnessed an abuse of the legal system and repeated misconduct by the Remaining Defendants, particularly by Defendant Walter Wagner, who has drafted and filed numerous pleadings on his and the Remaining Defendants' behalf, uses the fictitious caption "HB-1" on his pleadings, even though he has not been licensed to practice law in the State of Hawaii.

## *CONCLUSIONS OF LAW*

**A.**    *Misappropriation, Conversion and Breach of Fiduciary Duty, and Unjust Enrichment*

1.    Between 2001 and 2003, Defendants Walter Wagner (aka Walter L. Wagner), Linda Wagner (aka Linda M. Wagner) and Dan Perkins knowingly aided, assisted and abetted each other in the misappropriation of WBGI funds for Defendants Walter Wagner's and Linda Wagner's personal expenses, mortgage payments, unrelated expenses, wellness center, Monterey Bay Terrarium, unrelated legal defense costs, the acquisition of real property which was placed in Defendant Walter Wagner's name, and the payment of commissions to Dan Perkins.

2.    The diversion of such WBGI funds was accomplished through the solicitation of investments by Defendants Walter Wagner and Dan Perkins, and the diversion of such funds at the direction of Defendant Walter Wagner, which funds were under the control of Defendants Walter Wagner and Linda Wagner.

3.    As self-appointed officers and directors of WBGI, and as promoters of WBGI, Defendants Walter Wagner, Linda Wagner and Dan Perkins owed and assumed fiduciary duties to WBGI which were breached when they converted WBGI funds to their personal benefit, without disclosure to WBGI's shareholders and without approval.

4.    Defendant Dan Perkins knew or should have known that substantial portions of investor monies he was soliciting from investors on the basis of representations he made that the funds would be used for capital improvements or operations of WBGI, was in fact being used for Defendants Wagner's personal expenses and unrelated ventures.

 

5.     Defendants Walter Wagner and Linda Wagner have converted and misappropriated WBGI funds to their own use and been unjustly enriched by the use of WBGI funds for their personal benefit.

6.     As a direct and proximate result of the misappropriation of funds for their personal expenses, "wellness" expenses, and mortgage payments, and breach of fiduciary duty, WBGI has been specially damaged the sum of $296,147.02 ( Plaintiff's trial Ex. "131").

**B.     *Unauthorized Sale of WBGI Treasury Shares, Theft of Trade Secrets and Interceptance and Interference with Prospective Economic Advantage***

7.     As to the sale of WBGI treasure shares for which Defendants Walter Wagner, Linda Wagner and Dan Perkins pocketed proceeds using both the WBGI name and the World Botanical Foundations scheme, and Defendants Walter Wagner, Linda Wagner and Dan Perkins violated a number of duties to WBGI.

8.     Defendants Walter Wagner, Linda Wagner and Dan Perkins aided, abetted and assisted each other in diverting funds which investors intended to be used by or for the benefit of WBGI by:

A)     Fraudulent inducement and representations to investors that the funds would be used for WBGI's projects or operating expenses;

B)     Misrepresentations by each of the Remaining Defendants of their representative capacity of WBGI.

C)     Fraudulent endorsement of stock certificates by Defendants Walter Wagner and Linda Wagner, in which they misrepresented themselves as officers of WBGI or in the non-existent World Botanical Gardens Foundation.

D)     Interfering, intercepting and diverting money from investors intended for WBGI's use, thereby interfering with prospective business relations and opportunities which WBGI had with the investors, who intended to purchase WBGI's shares with this money.

E)     Misappropriation of trade secrets in the form of confidential information provided by visitors for WBGI to their personal use.

F)     Misappropriation of WBGI's common law trademarks and trade name for their personal benefit.

G)     Repeated conversion of funds belonging to WBGI to their own use.

-41-



9.      As a direct and proximate result of the Defendants Walter Wagner's, Linda Wagner's and Dan Perkins's participation in the sale of WBGI's treasure shares, WBGI has been damages in the sum of $356,720.00, plus pre-judgment interest and said Defendants should be held jointly and severally liable therefor.

10.      WBGI is also entitled to recover attorneys' fees and costs incurred in this lawsuit on the basis of assumpsit, as WBGI has filed this lawsuit to recover the sums by which the Remaining Defendants were unjustly enriched.

11.      Defendants Walter Wagner, Linda Wagner and Dan Perkins also aided and abetted each other in initiating, prosecuting and supporting multiple legal proceedings having no factual or legal basis, and by filing false and misleading pleadings, affidavits and declarations with the court in this and other proceedings. The legal fees and costs incurred by WBGI exceed $450,000.00.

12.      Having been removed from any position of authority by WBGI's proper Board of Directors, and having been removed from any authority to sell WBGI's treasure shares, the Remaining Defendants engaged in conduct with the purpose of continuing to exercise unauthorized control over the financial operations of WBGI and engaged in the unauthorized sale of WBGI's treasury shares and the unauthorized use of WBGI's trademarks and trade name to sell WBGI treasury shares or participation agreements to unsuspecting investors who believed they were investing monies for the purpose of furthering WBGI's business interests.

13.      When it was discovered that the Remaining Defendants had been pocketing investor money from checks investors had written to or on behalf of WBGI, the Remaining Defendants then participated in a revised scheme by which it was claimed that Defendant Walter Wagner "donated" 1,000 of his personal shares to the World Botanical Gardens Foundation and that it was the Foundation's shares which were being sold. This scheme was fraudulent and deceptive because (1) no such Foundation existed, (2) there was no actual transfer of Defendant Walter Wagner's personal shares to the Foundation, (3) Defendant Walter Wagner did not reduce his share count, (4) Defendants Walter Wagner and Dan Perkins represented to investors that they represented WBGI, (5) none of the investor funds were used to benefit WBGI as the investors intended, (6) Defendants Walter Wagner and Linda Wagner falsely represented the existence of the Foundation, (7) the Remaining Defendants falsely led investors to believe that Defendant Walter Wagner's personal post office box was the mailing address of WBGI, (8) the

 

Remaining Defendants never disclosed these transactions to WBGI, and (9) the Remaining Defendants continued to use WBGI's trademarks and trade names without permission.

14.     Since the inception of the business operations of World Botanical Gardens, the Remaining Defendants have engaged in a lengthy patters and practice of holding themselves out as representatives of non-existent or dissolved entities, including the dissolved Utah corporation called World Botanical Gardens, Inc., World Botanical Gardens Joint Venture Partnership, Wellness Center, Monterey Bay Terrarium, and the World Botanical Gardens Foundation.

15.     During the course of their sale of shares or participation agreements, the Remaining Defendants also made commission payments to Defendant Dan Perkins through the making of check to entities called "Helping Hands" or "Neways," and which Defendants Walter Wagner and Linda Wagner claimed to be charitable donations.

16.     None of the Remaining Defendants have produced income tax returns which would establish that they declared any of the amounts received by them over the years as income.

17.     During the period of time that Defendants Walter Wagner and Dan Perkins remained as directors on WBGI's Board of Directors and at the same time they were pocketing money from WBGI treasure share sales, they intentionally breached their fiduciary duty to WBGI by claiming to investors that WBGI would use the funds for its operations or capital improvements. The Remaining Defendants converted WBGI treasury share sale money intended for WBGI's use to their own personal use.

18.     As a direct and proximate result of the Remaining Defendants' actions, WBGI's ability to operate its business has been seriously restricted, its reputation has suffered, and its ability to raise fund for capital improvements has been affected due to the public's knowledge about the litigation that has been necessitated by the Remaining Defendants' activities. Damage to WBGI's goodwill is $1,000,000.00 or more.

C.     *Punitive Damages*

19.     WBGI has proven by clear and convincing evidence that the Remaining Defendants engaged in fraud, conversion, intentional interference with WBGI's prospective business opportunities, embezzlement, misappropriation or theft of WBGI's trade secrets and trade names, abuse of process, and malicious prosecution. The Remaining Defendants fraudulently used the WBGI entity to further their personal goals and for their personal benefit, and acted wilfully and without regard to the financial well being of WBGI or its shareholders.

-43-

 

20.    As a direct and proximate result of the wrongdoing of the Remaining Defendants, WBGI incurred approximately $450,000.00 in legal fees having to litigate this proceeding, and the several other lawsuits filed by the Remaining Defendants which were part of their scheme to gain control over WBGI, along with the Nevada lawsuit filed by WBGI in Nevada to protect its interests under the internal affairs doctrine.

21.    In addition to the damages resulting from the Remaining Defendants' bad acts, WBGI is entitled to an award of punitive damages against the Remaining Defendants which considers:

(1)    the attorneys' fees and costs incurred by WBGI in all legal proceedings involving the Remaining Defendants since the filing of *World Botanical Gardens, Inc. v. Ken Francik, et al.,* Civil No. 05-1-0163, filed in the Circuit Court of the Third Circuit, State of Hawaii, on May 9, 2005;

(2)    the amount of WBGI funds taken by Defendants Walter Wagner and Linda Wagner for their personal expenses;

(3)    the proceeds from the sale of WBGI's treasury shares which was pocketed by the Remaining Defendants; and

(4)    the amounts necessary to punish the Remaining Defendants for their wanton, malicious and unlawful conduct which damaged WBGI and for their abuse of process.

**D.    *Attorneys' Fees and Costs***

22.    WBGI is not entitled to doubly collect on both its Nevada judgments against Defendants Walter Wagner and Dan Perkins or any Hawaii judgments the Court may award relating to illegal share sales against these same Defendants. Only one recovery, including any interest awarded, is proper.

23.    WBGI is also entitled to recover attorney's fees and costs incurred in this lawsuit on the basis of assumpsit, as WBGI has filed this lawsuit to recover the sums by which the Remaining Defendants were unjustly enriched.

**E.    *Permanent Injunction***

24.    WBGI has prevailed on the merits of its claims. A permanent injunction against Defendants Walter Wagner, Linda Wagner and Dan Perkins is necessary to prevent irreparable harm to WBGI, whose interests have already been substantially harmed by the Remaining Defendants, and that the public interest supports granting such injunctive relief, (a) to protect

 

WBGI, its employees, officers, directors, representatives, agents, attorneys, landlords, purchasers of WBGI property, garden visitors, customers, vendors, and other persons with whom WBGI does business from Defendants Walter Wagner and Linda Wagner, (b) to protect the property of WBGI's employees, officers, directors, representatives, agents, attorneys, landlords, purchasers of WBGI property, garden visitors, customers, vendors, and other persons with whom WBGI does business from Defendants Walter Wagner and Linda Wagner, and (c) to stop Defendants Walter Wagner, Dan Perkins, and Linda Wagner from interfering in WBGI's business affairs.

*Morgan v. Planning Department, County of Kauai,*

104 Haw. 173, 86 P.3d 982 (2004) ........................................... 45


*Office of Hawaiian Affairs v. Housing and Community*

*Development Corporation of Hawaii,*

117 Haw. 174, 212, 177 P.3d 884 (2008) .................................... 45

25.    A permanent injunction should issue forthwith, as WBGI has shown that it has prevailed on the merits of its claims and such injunctive relief should be granted. Defendants Walter Wagner, Linda Wagner and Dan Perkins have not obeyed the Orders of the Nevada Court and the issuance of an order of injunctive relief is appropriate. The balance of irreparable harm favors issuance of a permanent injunction and the public interest supports granting of such relief, given the potential for irreparable harm to the business interests, property rights and the interests of WBGI, its employees, officers, directors, representatives, agents, attorneys, landlords, purchasers of WBGI property, garden visitors, customers, vendors, and other persons with whom WBGI does business. *Office of Hawaiian Affairs v. Housing and Community Development Corporation of Hawaii*, 117 Haw. 174, 212, 177 P.3d 884 (2008); *Morgan v. Planning Department, County of Kauai*, 104 Haw. 173, 86 P.3d 982 (2004).

**F.    *Abuse of Process and Malicious Prosecution***

26.    Defendants Walter Wagner, Linda Wagner and Dan Perkins have abused the civil legal process by initiating lawsuits without probable cause by making misrepresentations to this Court and other Courts, by making misrepresentations to opposing counsel, by ignoring orders of this Court, by failing to disclose information from opposing counsel and this Court, by failing to comply with Hawaii Rules of Civil Procedure regarding discovery, by filing voluminous legal

-45-

 

pleadings replete with misrepresentations, false and inconsistent statements, by filing numerous meritless motions each containing frivolous arguments, and by attempting to relitigate issues in this Court which were long-ago resolved in Nevada.

27.   In addition, Defendant Walter Wagner has practiced law without a license in this Court by preparing and filing pleadings, motions, affidavits on behalf of his fellow Defendants, by giving legal advice to his fellow Defendants, and by attempting to argue on behalf of his fellow Defendants.

28.   The abuse of process was for the ulterior and unwarranted purpose of gaining control over WBGI or to frustrate WBGI's efforts at protecting its interests, and without factual or legal basis.

## G.   *Vexatious Litigants*

29.   Defendant Walter Wagner is hereby declared a vexatious litigant within the meaning of HRS Section 634J-1 (1) for commencing, prosecuting, or maintaining in propria persona at least five civil actions other than small claims court actions that have been finally determined adversely to plaintiff Walter Wagner.

30.   Defendants Walter Wagner, Linda Wagner and Dan Perkins are hereby declared vexatious litigants within the meaning of HRS Section 634J-1 (2) for relitigating or attempting to relitigate in propria persona and in bad faith the validity of final determinations in Nevada adverse to defendants involving WBGI who prevailed on all issues in dispute.

31.   Defendants Walter Wagner, Dan Perkins, and Linda Wagner are hereby declared vexatious litigants within the meaning of HRS Section 634J-1 (4) for filing in bad faith unmeritorious motions, pleadings, and other papers, and otherwise engaging in tactics that were frivolous or solely intended to cause unnecessary delay.

32.   Defendants Walter Wagner and Dan Perkins are hereby declared vexatious litigants within the meaning of HRS Section 634J-1 based on Nevada Judge Adams' Order on June 14, 2007 ( Plaintiff's trial Ex. "89") that Defendants Walter Wagner and Dan Perkins are vexatious litigants within the meaning of Nevada law, a declaration this Court finds is based upon the same or substantially similar facts, transactions, and occurrences.



### *DECISION AND ORDER*

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment be entered against Defendants Walter Wagner (also known as Walter L. Wagner), Linda Wagner (also known as Linda M. Wagner) and Dan Perkins as follows:

1. ~~*Special Damages* against Defendants Walter Wagner and Linda Wagner, jointly~~ and severally, in the sum of $12,063.24 ~~relating to misappropriation~~ of WBGI funds ostensibly to ~~pay salary to Defendant Linda Wagner when in fact no salary was due.~~

2. *Special Damages* against Defendants Walter Wagner and Linda Wagner, jointly and severally, in the sum of $9,000.00 relating to misappropriation of WBGI funds to make loan payments to Linda Wagner when in fact no such loan exists.

3. *Special Damages* against Defendants Walter Wagner and Linda Wagner, jointly and severally, in the sum of ~~$21,937.34~~ $20,813.28 relating to misappropriation of WBGI funds ostensibly to pay rent when in fact no rent was due in excess of $150.00 a month for the lease of a small space in Defendants' home for a WBGI office.

4. *Special Damages* against Defendants Walter Wagner and Linda Wagner, jointly and severally, in the sum of ~~$44,464.56~~ $42,617.56 relating to misappropriation of WBGI funds to pay personal health and dental insurance for Defendants and their children.

5. ~~*Special Damages* against Defendants Walter Wagner and Linda Wagner, jointly~~ and severally, in the sum of $44,464.56 ~~relating to misappropriation~~ of WBGI funds to pay salary ~~when in fact no salary was due.~~

6. *Special Damages* against Defendants Walter Wagner and Linda Wagner, jointly and severally, in the sum of $2,215.75 relating to misappropriation of WBGI funds to pay miscellaneous personal expenses.

7. *Special Damages* against Defendants Walter Wagner and Linda Wagner, jointly and severally, in the sum of $152,779.03 relating to misappropriation of WBGI funds to pay personal expenses.

8. *Special Damages* against Defendants Walter Wagner, Dan Perkins, and Linda Wagner, jointly and severally, in the sum of ~~$356,720.00~~ $351,520.00 relating to their illegal and fraudulent sales of WBGI treasury shares and associated misappropriation of WBGI funds, plus pre-judgment interest at the Legal Rate from the date of each check.

 

9.      *Special Damages* against Defendants Walter Wagner in the sum of $65,650.34 relating to misappropriation of WBGI funds to pay personal expenses of a "wellness center" and "Monterrey Bay Terrarium, personal ventures of Defendant Walter Wagner that have nothing to do with WBGI.

10.      *Special Damages* against Defendant Walter Wagner in the sum of $47,789.69 relating to the misappropriation of WBGI funds to pay personal legal to the Biegel Law Firm.

11.      *Special Damages* against Defendant Walter Wagner in the sum of $42,928.25 relating to the misappropriation of WBGI funds to purchase TMK No. (3) 3-1-004:027.

12.      *General Damages* against Defendants Walter Wagner, Linda Wagner and Dan Perkins, jointly and severally, in the sum of $1,000,000.00 for loss of good will, subject to a credit in the amount of $18,000.00, representing the portion of WBGI's Nevada settlement with Doug Hansen attributable to general damages in Hawaii ( Plaintiff's trial Ex. "85").

13.      *Punitive Damages* against Defendant Walter Wagner in the sum of $ 500,000.00 *uu*

14.      *Punitive Damages* against Defendant Linda Wagner in the sum of $ 150,000.00 *p*

15.      *Punitive Damages* against Defendant Dan Perkins in the sum of $ 100,000.00

16.      Pursuant to HRS Sections 607-9 and 14, Defendants Walter Wagner, Linda Wagner, and Dan Perkins are jointly and severally liable to WBGI for attorneys' fees and costs incurred by WBGI in litigating this action.  WBGI shall submit its requested attorneys' fees and costs by motion.

17.      Judgment shall also be entered against Defendants Walter Wagner, Linda Wagner and Dan Perkins for attorneys' fees and costs previously awarded against them herein in the following sums:

*Walter Wagner*

| | |
|---|---|
| 1/11/06 - Order Granting Plaintiff World Botanical Gardens, Incorporated's Motion to Compel Discovery and For Sanctions, Filed Herein on November 21, 2005 | $    903.18 |
| 6/2/06 - Order on Motion for Sanctions | 4,584.72 |
| 1/18/07 - Order on Motion to Compel Discovery and for Sanctions, and for Order of Civil Contempt Against All Named Defendants, Filed on September 15, 2006 | 400.00 |

 

| | |
|---|---|
| 1/18/07 - Order Awarding Attorney's Fees and Costs Incurred by Plaintiff WBGI in Filing of Motion to Compel Discovery and for Sanctions, and for Order of Civil Contempt Against All Named Defendants, Filed on September 15, 2006 | 2,988.27 |
| 4/3/08 - Order Awarding Attorneys Fees and Costs Incurred by Plaintiff World Botanical Gardens, Incorporated in Filing of Motion for Sanctions Against Walter Wagner for Failing to Attend Oral Deposition, for Entry of Default Against Walter Wagner, and for an Award of Attorney's Fees and Costs, Filed Herein on January 25, 2008 | 931.78 |
| 4/3/08 - Order Granting Plaintiff World Botanical Gardens, Incorporated's Motion for Sanctions Against Defendants Walter Wagner, Dan Perkins and David Adams for Failure to Comply with the Order Setting Jury-Waived Trial Date and Pre-Trial Deadlines, filed herein on April 4, 2007, pertaining to the Court-ordered Settlement Conference | 14,814.26 |
| **Total:** | **$24,622.21** |

### Linda Wagner

| | |
|---|---|
| 1/11/06 - Order Granting Plaintiff World Botanical Gardens, Incorporated's Motion to Compel Discovery and For Sanctions, Filed Herein on November 21, 2005 | $    903.18 |
| 6/2/06 - Order on Motion for Sanctions | 4,584.72 |
| 1/18/07 - Order on Motion to Compel Discovery and for Sanctions, and for Order of Civil Contempt Against All Named Defendants, Filed on September 15, 2006 | 250.00 |
| 1/18/07 - Order Awarding Attorney's Fees and Costs Incurred by Plaintiff WBGI in Filing of Motion to Compel Discovery and for Sanctions, and for Order of Civil Contempt Against All Named Defendants, Filed on September 15, 2006 | 2,988.27 |
| **Total:** | **$ 8,726.17** |

### Dan Perkins

| | |
|---|---|
| 1/11/06 - Order Granting Plaintiff World Botanical Gardens, Incorporated's Motion to Compel Discovery and For Sanctions, Filed Herein on November 21, 2005 | $    903.18 |




| | |
|---|---|
| 6/2/06 - Order on Motion for Sanctions | 4,584.72 |
| 1/18/07 - Order Awarding Attorney's Fees and Costs Incurred by Plaintiff WBGI in Filing of Motion to Compel Discovery and for Sanctions, and for Order of Civil Contempt Against All Named Defendants, Filed on September 15, 2006 | 1,792.96 |
| 10/4/07 - Order Granting Plaintiff's Motion for Sanctions and to Compel Discovery for Failing to Attend Deposition, and for an Award of Attorney's Fees and Costs, Filed Herein on July 13, 2007 (regarding Defendant Dan Perkins) | 4,252.93 |
| 4/3/08 - Order Granting Plaintiff World Botanical Gardens, Incorporated's Motion for Sanctions Against Defendants Walter Wagner, Dan Perkins and David Adams for Failure to Comply with the Order Setting Jury-Waived Trial Date and Pre-Trial Deadlines, filed herein on April 4, 2007, pertaining to the Court-ordered Settlement Conference | 14,814.26 |
| *Total:* | **$26,348.05** |

18.    At the request of WBGI and upon its own motion, the Court determines that Defendants Walter Wagner, Linda Wagner, and Dan Perkins are vexatious litigants within the meaning of HRS Section 634J-1.

19.    Defendants Walter Wagner, Linda Wagner and Dan Perkins are prohibited and enjoined from initiating any new lawsuits or other legal actions (except proper appeals), without prior approval of the presiding Judge of the Court where the litigation is proposed to be filed pursuant to HRS Section 634J-7, and a Vexatious Litigant Order will be issued consistent herewith.

20.    Consistent with Conclusion of Law Nos. 23 and 24, an Order of Permanent Injunction shall also be entered against Defendants Walter Wagner, Linda Wagner and Dan Perkins consistent with the terms of this Order.

21.    Final Judgment shall be entered upon determination of the attorney's fees and costs to be awarded to WBGI.

DATED:  Hilo, Hawaii, _____**OCT - 9 2008**_____.

_____
JUDGE OF THE ABOVE-ENTITLED COURT

SEAL (THIRD CIRCUIT COURT)

-50-



*World Botanical Gardens, Incorporated v. Walter Wagner, et al.;*
Civil No. 05-1-0210
FINDINGS OF FACT, CONCLUSIONS OF LAW, AND DECISION AND ORDER