WALTER L. WAGNER
532 N 700 E
Payson, Utah 84651
retlawdad@hotmail.com
808-443-6344

FILED
U.S. DISTRICT COURT

2011 NOV -9  P 1:06

DISTRICT OF UTAH

BY:_____
   DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| WALTER L. WAGNER, ) | Case:  2:11cv00784 CW |
| ) | |
| Plaintiff ) | **AFFIDAVIT OF WALTER L.** |
| ) | **WAGNER IN SUPPORT OF** |
| vs. ) | **MOTION FOR PRELIMINARY** |
| ) | **INJUNCTIVE RELIEF** |
| PRESTON MICHIE, KENNETH ) | |
| FRANCIK, LESLIE COBOS, MARK ) | |
| ROBINSON, ANNETTE EMERSON ) | |
| STEVE BRYANT, WORLD BOTANICAL ) | Hon. Brooke C. Wells |
| GARDENS, INC. (WBGI), ) | |
| ) | |
| Defendants ) | |
| ) | |

## AFFIDAVIT OF WALTER L. WAGNER IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

I, Walter L. Wagner, affirm state and declare under penalty of perjury of the law of the State of Utah as follows:

1.  The allegations of the *First Amended Complaint* are true of my own knowledge unless expressed as based on information or belief.

## Fraudulent Publication of "Indictment"

2.  In 2008 an indictment was issued in Hawaii naming myself (and my wife) and falsely asserting I had engaged in felony attempted theft and identity theft. The indictment was based entirely upon lies told by defendant Kenneth Francik to a grand jury in Hilo, Big Island, Hawaii for the purpose of furthering a smear campaign he had engaged in against myself and my wife as the founders of WBGI.

3.  The gist of his lies to the grand jury were to the effect that my wife and I had signed a WBGI promissory note while no longer WBGI officers, and hence such signature was an attempted theft of WBGI monies, and an "identity theft" of the title of being a WBGI officer. The promissory note had been signed on January 1, 2004 and was the subject of civil litigation in which defendant Francik and I were both then engaged (and which is currently pending before the appellate court of Hawaii).

4.  In fact, at the time of signing of the promissory note, my wife and I remained as the WBGI officers, which positions we had obtained when we

founded the company in 1995, and when we re-incorporated in Nevada in 2001. No effort anywhere had been made to remove us as officers prior to January 1, 2004 when we signed that promissory note (the last in an annual series of nine such notes), and we remained listed as the WBGI officers with the Nevada department of corporations through and until at least September 2, 2004. On September 2, 2004 defendant Francik, Dan Perkins and other board members conducted a telephone board meeting and voted to remove myself and Linda Wagner as WBGI officers, and to replace us with defendants Francik and Emerson. Those facts were likewise known to defendant Francik. (The promissory note in question deferred an already-existing WBGI obligation that had come into existence on January 1, 2003, deferring payment thereon for a period of ten years. The obligation was for payment of salary to myself at the standard rate of the previous decade for services performed.)

5. Defendant Francik had previously attempted to avoid payment on that obligation in the civil action then pending by likewise fraudulently asserting that he, not I, was the proper person to sign such obligations, notwithstanding the fact that for most of the prior decade he'd had no involvement with the company (and was not even a shareholder until 1999).

6. After these facts were fully detailed, the prosecution declined to timely act within the statutory period, and the indictment was dismissed in its entirety circa October 2010 for failure to prosecute.

7. Notwithstanding the dismissal of the indictment, and the lies and fraud used for issuance of the indictment in the first instance, defendant WBGI, defendant Francik, defendant Mark Robinson, and others decided to publish the "indictment" on the WBGI web site for the purpose of further defaming myself and my wife to my business associates, being the WBGI shareholders (a privately held corporation which shareholders I enlisted). Accordingly, those defendants and others published the "indictment" document on the shareholder section of the WBGI website, even though known to be false and dismissed, through and until the filing of the complaint herein approximately one year after the dismissal of the "indictment". No explanation that the indictment was dismissed, or based on lies and fraud, were published along with it, leaving the false impression that the substance of the "indictment" was valid and that I and my wife had engaged in felony conduct.

Fraudulent Emailing of Defamation

8. As detailed in the complaint, defendant Preston Michie has been emailing shareholders falsely asserting that I had embezzled or otherwise improperly diverted WBGI monies that had been destined for construction of a visitor

center, and hence WBGI had been unable to further its development as intended.

9. The situation that gave rise to this cover-up of theft of Visitor Center monies is as follows:

a) Preston Michie joined Kenneth Francik on the WBGI board of directors in September 2004. At that time, WBGI was raising monies for its intended Visitor Center, encouraging existing WBGI shareholders to invest additional monies with the promise that those additional monies would be deposited into a dedicated Visitor Center account. WBGI raised approximately $220,000 during that period of time through and until circa January 2005, which monies were deposited into that dedicated account.

b) Thereafter, circa May 2005 Defendants Francik, Michie and others voted to initiate litigation against me and others and they began using the Visitor Center account monies to fund that litigation, completely depleting those funds, as well as numerous other funds.

c) Unable to replenish the dedicated Visitor Center account funds that had been depleted, defendants Francik, Michie and others began attempting to cover-up the missing funds by falsely claiming that I had spent those monies elsewhere while serving as the WBGI President. In fact, I never had signatory control over any of those Visitor Center account monies, never authorized their

removal, and never approved their usage to fund litigation against myself. I had, however, been present at the Bank of Hawaii and watched as the Visitor Center account was opened. I was kept apprised of the account balance by defendant Annette Emerson, who had signatory control over the account and had helped open the account, and learned from her that the balance had reached $220,000 by January 2005 with only approximately $20,000 being used for obtaining of the Visitor Center special use permit.

d) Louis Pratt is one of the WBGI shareholders, and since he was concerned about his investment and the lack of construction of the intended Visitor Center, he sent an email to defendant Steven Bryant, which email I have read. Answering on behalf of defendant Bryant was defendant Michie, in which he falsely asserted that there was never a dedicated Visitor Center account and that the monies that had been intended for construction of the visitor center had been unlawfully diverted by myself and spent elsewhere. I have also read Mr. Michie's email to Mr. Pratt. This attempted cover-up of the theft of the Visitor Center account funds is highly defamatory of myself in that it ascribes to myself the theft of those dedicated Visitor Center account funds, when in fact the party falsely accusing myself was responsible for the theft, in that he served as the WBGI general counsel overseeing the litigation which consumed the Visitor Center account funds. A copy of the email from Mr. Pratt to defendant Bryant,

and the response from defendant Michie to Mr. Pratt, will be available as evidence at the hearing of this motion.

## Fraudulent Accusation of Mismanagement

10. While serving as WBGI President, and my wife as WBGI Secretary/Treasurer, we maintained an accurate and up-to-date accounting of all WBGI shareholders. This was maintained on a dedicated WBGI computer, and we also had others assist in maintaining its accuracy.

11. Circa June 2004 the computer and the database was placed in the charge of David Adams who then maintained the accuracy of the database. Mr. Adams printed out the database in its entirety circa January 2005 shortly before he resigned. Mr. Adams currently serves as a WalMart store manager in Texas. A copy of the database will be available as evidence at the hearing of this motion.

12. Mr. Cal Andrus is an early WBGI shareholder and original founder of WBGI whose name and information was in the WBGI database maintained by Mr. Adams. At some point, his name and the name of Milton Lunt, another early WBGI shareholder also in the database maintained by Mr. Adams, were unlawfully removed from the database by one or more of the defendants.

13. Upon inquiry, those shareholders were then falsely informed that they were not shareholders. Upon further inquiry, they were falsely informed that the reason their names were not in the database was because I had maintained

7

poor or incomplete records while serving as the WBGI president. That false accusation is highly defamatory of myself and untrue, as it ascribes the poor maintenance of WBGI records by the defendants to myself.

### Further Fraudulent Defamation on Website

14. In addition to the fraudulently obtained "indictment" on the shareholder section of the WBGI website, defendants have posted other documents on the shareholder section of the WBGI website they have obtained by fraud that falsely impugns the character of me, my wife and others.

15. In that civil action initiated by WBGI against me in 2005 (Hawaii No. 05-1-0210), my wife and others, defendants used the fraudulently obtained "indictment" to cause my wife to be arrested and both of us removed from the Hilo courtroom at the time of the "trial" of that civil action, circa April 2008. This arrest and removal from the courtroom precluded us from exercising any of our civil rights to contest the fraudulent accusations being made against us, to give our own testimony, or to cross-examine witnesses. The "judgment" issued based entirely on one side's evidence is currently pending review in the appellate court in SCWC-30133, with an expected reversal based upon WBGI's fraud in having us arrested and removed from the courtroom based upon the phony "indictment".

16. The false arrest pursuant to the subsequently dismissed "indictment" was orchestrated by defendant Francik with the collusion of the trial court judge (Hon. Greg Nakamura), who arranged for the arrest in his courtroom when he took a short "break" so that it would not be on the record. Defendant Francik's retained lawfirm (Tsukazaki, Yeh and Moore) has Mr. Tom Yeh as lead attorney, and who also serves as a *judge pro tempore* for that trial court judge. Mr. Yeh was also involved in arranging that false arrest that precluded us from defending against the false accusations made against us. Both the trial court judge's and the attorney's conduct is now also under review by the Hawaii appellate court, as it clearly served to deprive us of our civil right to a trial.

17. As a consequence of a complete lack of opposition at the "trial" with only defendant WBGI presenting its false accusations, primarily via the testimony of defendant Francik and defendant Emerson herein, a "judgment" was issued against plaintiff herein and his wife. A copy of the petition for review will be available as evidence at the hearing of this motion.

18. Defendant WBGI, defendant Robinson and others have posted that "judgment" obtained by the fraud of arresting Linda Wagner at the "trial", and some of the other documents they filed in that action, in the shareholder section of the WBGI website along with the fraudulently obtained "indictment", for the purpose of defaming plaintiff and his wife and to otherwise attempt to give

credence to the fraudulently obtained "indictment" and otherwise attempt to show that plaintiff herein somehow managed to unlawfully take WBGI monies, when the facts are exactly the opposite; i.e. that plaintiff Wagner is still owed considerable monies he loaned to WBGI which legal action is pending in Hawaii appellate court as well, and the monies stolen from the WBGI Visitor Center Account were removed by one or more of the defendants herein.

19.    Similarly, defendants fraudulently obtained a "judgment" on the same complaint that they had concurrently filed in Nevada. The "judgment" was obtained by the lies of defendant Francik and others to that trial court, as will be detailed more fully at the hearing of this motion. That "judgment" is likewise posted on the shareholder section of the WBGI website.

Background in Fraud Investigation

20.    In addition to my work in founding the World Botanical Gardens, I am involved in many other arenas. Currently I am involved in the insurance industry, which requires state licensing, and I am accordingly licensed in many states including Utah. Part of the requirements for maintaining insurance appointments is the requirement for completion of coursework in detecting frauds. This includes detecting frauds by beneficiaries, by insurance producers or their employees, by providers or their employees, or numerous other areas wherein frauds might arise. This also requires extensive testing following

coursework on detecting frauds, including Anti-Money-Laundering courses, Medicare Fraud courses, etc., which testing I have complied with, completed, and passed with high scores. I am highly qualified for detecting fraud. Evidence of this coursework will be made available upon request.

21. This Court may rest assured that defendants have been working frauds on the courts of Hawaii and Nevada. The testimony of Dan Perkins that he voted along with defendant Francik to remove myself as WBGI President and my wife as Secretary Treasurer, on September 2, 2004, is powerful evidence that defendant Francik knew who the WBGI officers were prior to that vote to remove us. I have also seen the written minutes of that meeting, and it agrees exactly with Mr. Perkins' affidavit filed herein. When Mr. Francik swore to that grand jury that he was telling the truth, the whole truth and nothing but the truth, and falsely claimed Linda Wagner had been replaced as a WBGI officer in 2003, he knew quite well that that was not true, as he had voted to have her replaced on September 2, 2004 more than one year later. But it suited his needs to lie to obtain an "indictment" so he could derail the "trial" that was then forthcoming. This is but one fraud of many he has engaged in before the Courts of Hawaii, but is likely the most serious and needs to be exposed, as well as expunged from the WBGI website. It is also the fraud that was used to obtain

11

two trial court judgments in Hawaii, both of which are in the process of being reversed at the appellate level as this fraud is made clearer to them.

## Conclusion

20. Accordingly, it is respectfully requested that this court issue a preliminary injunction requiring the removal of the fraudulently obtained "indictment", the fraudulently obtained "judgments" obtained by use of that "indictment" etc, and the related filings made by defendants in those actions, from the shareholder section of the WBGI website, and that plaintiff be given permanent access to the shareholder section to verify compliance by the defendants with this Court.

DATED:   November 7, 2011

_Walter L. Wagner_ (signature)
Walter L. Wagner