WALTER L. WAGNER
532 N 700 E
Payson, Utah 84651
retlawdad@hotmail.com
808-443-6344

FILED
U.S. DISTRICT COURT

2011 NOV 16  P 2: 14

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| WALTER L. WAGNER, ) | Case:   2:11cv00784 |
| ) | |
| Plaintiff ) | **MEMORANDUM OF LAW IN** |
| ) | **SUPPORT OF MOTION FOR** |
| vs. ) | **PRELIMINARY INJUNCTIVE** |
| ) | **RELIEF** |
| PRESTON MICHIE, KENNETH ) | |
| FRANCIK, LESLIE COBOS, MARK ) | |
| ROBINSON, ANNETTE EMERSON ) | |
| STEVE BRYANT, WORLD BOTANICAL ) | Hon. Clark Waddoups |
| GARDENS, INC. (WBGI), ) | |
| ) | |
| Defendants ) | |
| ) | |

# **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

## Introduction

As injunctions are equitable remedies whose grant or denial in each case is governed by principles of equity[1], the rights or subjects that properly lie within the power of a court of equity to control or protect by injunction are the same as those over which equity jurisdiction extends generally.[2] The principles of right, justice, and morality create equitable claims. A court of equity does not create rights but rather determines whether legal rights exist, and if so, whether it is proper and just to enforce those rights.[3] Injunctive relief is granted not as a matter of right but in the exercise of sound judicial discretion.[4]

In proper circumstances, injunctive relief is an appropriate remedy against malicious interference with business relationships.[5] The right to carry on business without obstruction is a property right and acts committed without just

---

[1] *Wichita Wire, Inc. v. Lenox*, 11 Kan. App. 2d 459, 726 P.2d 287 (1986)

[2] see *American Jurisprudence 2d*, Equity, sections 37-61

[3] *Titchenal v. Dexter*, 166 Vt. 373, 693 A.2d 682 (1997)

[4] *Morrison v. Work*, 266 U.S. 481, 45 S.Ct. 149, 69 L.Ed. 394 (1925); *In re Agent Orange Product Liability Litigation*, 373 F. Supp. 2d 7 (E.D. N.Y. 2005), as amended, (Mar. 28, 2005) and judgment aff'd, 517 F.3d 104 (2d Cir. 2008), cert. denied, 129 S.Ct. 1524, 173 L.Ed. 2d 667 (**2009**)

[5] *American Jurisprudence 2d*, Injunctions, section 60

2

cause that interfere with the carrying on of business constitute an irreparable injury warranting injunctive relief.[6]

## Specific Relief Sought Allowable in Federal Court

A federal district court has wide discretion to fashion appropriate injunctive relief in a particular case.[7] The elements of a cause of action for injunctive relief involving a tort are the 1) tort itself and 2) an irreparable injury that cannot be compensated by an ordinary damage award.[8] Equity will restrain publication of false and defamatory words where publication is the means incident to such tortious conduct.[9]

Particular cases exactly on point show that injunctive relief should be granted to prohibit a defendant from reiterating statements that had been found

---

[6] *David Harp Restaurant Management, Inc. v. Cromwell*, 183 A.D.2d 423, 586 N.Y.S.2d 210 (1st Dep't 1992)

[7] *Richmond Tenants Organization, Inc. v. Kemp*, 956 F.2d 1300 (4th Cir. 1992); *National Min. Ass'n v. U.S. Army Corps of Engineers*, 145 F.3d 1399 (D.C. Cir. 1998); see also *Garrett v. Lehman*, 751 F.2d 997 (9th Cir. 1985), for relief granted a US Marine notwithstanding non-exhaustion of post-discharge administrative remedies.

[8] *Brownfield v. Daniel Freeman Marina Hospital*, 208 Cal. App. 3d 405, 256 Cal. Rptr. 240 (2d Dist 1989)

[9] *American Jurisprudence 2d*, Injunctions, sections 93, 96 and 97

in a current or prior legal proceeding to be false and libelous so as to prevent future injury to a plaintiff's personal reputation and business relationships.[10]

In the instant matter, defendants are reiterating and republishing an "indictment" as if it were being presently charged against plaintiff herein, even though they know full well that it was dismissed in its entirety more than one year ago and that it was based on falsehoods which they themselves orchestrated to be presented to a grand jury to obtain issuance of that "indictment". Notwithstanding their full knowledge of the falsity thereof, and the discontinuance of prosecution thereof, they continue to publish it to plaintiff's business associates (shareholders of WBGI) for the express purpose of placing him in a false light. Moreover, they urge upon this court that they have the right to do so, and that this Court has no authority to order them to remove such libelous content from their internet website.

Injunctive relief restraining the publication of matter defaming a plaintiff personally is proper where there is no adequate remedy at law because of the continuing nature of the defendant's invasions of a plaintiff's rights and the difficulty of evaluating the injuries in monetary terms.[11] Moreover, injunctive

---

[10] *Lothschuetz v. Carpenter*, 898 F.2d 1200 (6th Cir. 1990); see also *Kisser v. Coalition for Religious Freedom*, 1996 WL 147978 (N.D. Ill. 1996)

[11] *Dickson v. Dickson*, 12 Wash. App. 183, 529 P.2d 476 (Div. 2 1974)

4

relief will restrain the publication of false and defamatory words where publication is the means of the tortious conduct.[12]

The "indictment" document published by defendants herein specifically alleges that plaintiff herein committed two felonies, "attempted theft" and "identity theft". This is false and defamatory and is being published as the means of the tortious conduct. Moreover, and more importantly, it is being published for the express purpose of setting forth the falsehood that the State of Hawai'i is continuing to charge plaintiff herein with such felonies, which such is patently false, in that those charges were thoroughly litigated in that prior criminal proceeding, found utterly wanting, and the case dismissed. It is being published to plaintiff's friends, business associates and prospective business associates to expressly cause him harm to those relationships.

It is that false promotion that the State of Hawai'i is presently charging plaintiff herein with felonies that is the most damaging, as such alleged State action would tend to support the false claims by defendants that plaintiff committed those felonies, when no such evidence whatsoever exists, and no such felonies were committed, and the basis of the issuance of the "indictment" was the lying to the grand jury by one of the defendants (Francik).

---

[12] *Guion V. Terra Marketing of Nevada, Inc.*, 90 Nev. 237, 523 P.2d 847 (1974)

5

Clearly, the State of Hawai'i is not charging plaintiff with any felony (nor is it yet charging defendant Francik with the felony of lying to that grand jury). For defendants to publish on their internet website that plaintiff is being charged with a felony by the State of Hawai'i constitutes a false and defamatory publication for which this Court has ample jurisdiction to issue injunctive relief.

Likewise, the other 'legal documents' they have posted on their website are posted there for the purpose of giving the impression that plaintiff Wagner engaged in civil wrongdoing for which they are owed monies. In fact, those cases are presently active cases for which, unlike the criminal "indictment" that is now dismissed in its entirety, they are presently pending. It is expected that the appellate courts of Hawai'i will also recognize the frauds worked upon the trial courts, and reverse those judgments. Because those preliminary judgments are false and libelous, it is also respectfully requested that this court fashion appropriate injunctive relief to have all 'legal pleadings' removed from defendant's internet website.

## Conclusion

Because of the lengthy period of the defamation (plaintiff is uncertain when the "indictment" document was initially published on defendant's website,

as he only learned of it after filing the original complaint herein), as will be ascertained either at the hearing of this motion or later, it is further requested that in fashioning the appropriate injunctive relief that this Court take steps to mitigate against the damage already done.  Specifically, it is requested that this Court further order a 'Corrective" to be placed on defendant's website, in lieu of the false and defamatory pleadings placed thereon, in which it states that the pleadings were removed because some were known to be false and obtained by fraud, and that the State of Hawai'i is not prosecuting plaintiff herein.  It is requested that this 'Corrective' be left in place on the website for the same period of time that the other 'pleading documents' have been in place on that website.  This is in accord with this Court's inherent authority to exercise its equitable discretion, discussed *supra*, to fashion an appropriate remedy.

DATED:    November 15, 2011

*/s/ Walter L. Wagner*

Walter L. Wagner