Arnold Richer, #2751
Patrick F. Holden, #6247
**RICHER & OVERHOLT, P.C.**
Attorneys for Defendant World Botanical Gardens, Inc.
901 West Baxter Drive
South Jordan, Utah 84095
Telephone: (801) 561-4750
Email: aricher@richerandoverholt.com

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| WALTER L. WAGNER, an individual, | : | |
| Plaintiff, | : | Case No. 2:11-cv-00784-BCW |
| v. | : | DEFENDANT WORLD BOTANICAL GARDENS, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION. |
| PRESTON MICHIE, an individual, KENNETH FRANCIK, an individual, LESLIE COBOS, an individual, MARK ROBINSON, an individual, ANNETE EMERSON, an individual, STEVE BRYANT, an individual, and WORLD BOTANICAL GARDENS, INC., a Nevada corporation, | : : : : | Magistrate Paul M. Warner |
| Defendants. | : | |

---

Defendant World Botanical Gardens, Inc, a Nevada corporation ("Defendant WBGI"), by

and through its attorneys of record Arnold Richer and Patrick F. Holden of RICHER &

OVERHOLT, P.C., and pursuant to the *Federal Rules of Civil Procedure* (hereinafter "Rule" or

"Rules") 7 and 65 and DUCivR 7-1, submits Defendant World Botanical Gardens, Inc.'s

WBGI 03

Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction.

## INTRODUCTION

This is the latest in a series of cases between Plaintiff Walter L. Wagner ("Plaintiff") and Defendant WBGI.   Up to this point, the litigation has been confined to the state courts of Nevada and Hawaii.  Having lost in every state court action, Plaintiff now seeks to involve the United States District Court for the District of Utah in his ongoing campaign against Defendant WBGI. Plaintiff's First Amended Complaint for Damages and Injunctive Relief (the "Complaint") is nothing more than a restatement of facts, claims and issues previously litigated and resolved in three prior state court actions.

## SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's Complaint contains five state-law defamation claims and one corporate fraud, waste and mismanagement claim.  Plaintiff's defamation allegations cover three subject-matter areas; (1) poor record-keeping; (2) misappropriation of WBGI funds; and (3) fraud in the execution of a promissory note in 2004.  In addition, Plaintiff alleges a separate claim based on waste, fraud and mismanagement at Defendant WBGI.

**(1) Poor Record-keeping**.   Defendant WBGI's allegedly stated that Plaintiff kept poor shareholder records while in control of WBGI and that Plaintiff's poor record-keeping resulted in an incomplete list of all Defendant WBGI shareholders.  [Plaintiff's Complaint, Count I, ¶¶ 13-16 and Count II, ¶¶ 18- 19]

WBGI 03

**(2) Misappropriation of WBGI Funds.** Defendant WBGI's allegedly stated that Plaintiff embezzled funds designated for use to construct a visitor center ("Visitor Center"). Defendant WBGI allegedly stated that there was no designated Visitor Center account and that Plaintiff misappropriated investor funds for personal use. [Plaintiff's Complaint, Count III, ¶ ¶ 21-24 and Count IV, ¶ ¶ 27 - 29]

**(3) Fraudulent 2004 Promissory Note.** Defendant WBGI allegedly stated that Plaintiff fraudulently executed a promissory note from Defendant WBGI in favor of Plaintiff. Defendant WBGI allegedly stated that Plaintiff's spouse executed the promissory note as an officer of Defendant WBGI, but was in fact not an officer of Defendant WBGI. [Plaintiff's Complaint, Count V, ¶ ¶ 31 - 37]

**(4) Waste, Fraud and Mismanagement.** Plaintiff asks this Court to appoint a receiver and replace the existing Board based on Defendant WBGI's alleged: (a) failure to build a Visitor Center; (b) refusal to pay money owed to Plaintiff; (c) expenditure of attorneys' fees to prosecute and defend state court cases; (d) the use of Visitor Center funds for attorneys' fees; and (e) the sale or transfer of property for inadequate consideration. [Plaintiff's Complaint, Count VI ¶ ¶ 40 - 64]

## BACKGROUND AND STATE COURT CASES

Defendant WBGI is a small business which owns and operates a botanical garden in the State of Hawaii. Defendant WBGI has a Board of Directors (the "Board"), which are the named

WBGI 03

individual defendants in this lawsuit.  Plaintiff originally formed Defendant WBGI, but was

eventually removed when the Board discovered Plaintiff's grave and ongoing misconduct.

Plaintiff's misconduct is detailed in three state court decisions[1]:

    (1)  World Botanical Gardens, Inc. v. Walter Wagner, et al.; Second Judicial District for

the State of Nevada, Washoe County; Case No. CV05-02079, dated October 2, 2006. [Docket #

7; Exhibit 1] (the decision shall hereinafter be referred to as the "Nevada Judgment" and the

court as the "Nevada Court");

    (2)  Walter L. Wagner v. World Botanical Gardens, Inc.; Third Circuit Court for the State

of Hawaii; Civil No. 04-01-0232, dated November 13, 2007. [Docket # 7; Exhibit 2] (the

decision will hereinafter be referred to as the "First Hawaii Judgment" and the court as the "First

Hawaii Court"; Plaintiff's appeal is pending before the Hawaii Court of Appeals); and

    (3)  World Botanical Gardens, Inc. v. Walter Wagner, et al.; Third Circuit for the State of

Hawaii; Case No. 05-01-0210, dated October 9, 2008. [Docket # 7; Exhibit 3] (the decision will

hereinafter be referred to as the "Second Hawaii Judgment" and the court as the "Second Hawaii

Court").  Plaintiff's Petition for Certiorari is pending before the Hawaii Supreme Court.

    After the Board removed Plaintiff, Plaintiff attempted to create a separate Board, and

challenged the legitimacy of the Board which had removed him.  Plaintiff's challenge to the

---

[1] Defendant WBGI attached the three decisions to Defendant WBGI's Memorandum in
Support of Motion to Dismiss [Docket # 7], respectively as Exhibits 1, 2 and 3.  Defendant
WBGI requested the Court take judicial notice of theses three decisions, and incorporates that
request and supporting argument herein.

WBGI 03

Board consisted of a list of misdeeds including, but not limited to, diversion of corporate funds to

personal accounts, failure to keep proper financial records, failure to pay employment taxes and

failure to keep accurate records of shareholders.  The Nevada Court characterized Plaintiff's

actions as a "relentless conspiracy and campaign . . . to gain control of WBGI at any cost."

[Docket # 7; Exhibit 1, pgs. 2-3, ¶ 6]

       As a result of Plaintiff's misconduct, Defendant WBGI filed an action in the State of

Nevada, Defendant WBGI's state of incorporation.  Defendant WBGI sought to resolve issues

related to the Board's authority and the propriety of Plaintiff's conduct.  After a three day trial,

the Nevada Court ruled that Defendant WBGI's removal of Plaintiff was proper and that the

Board had properly managed the business and affairs of Defendant WBGI.  As part of its ruling,

the Nevada Court found that Plaintiff diverted corporate funds to personal accounts, failed to

keep proper financial records, failed to pay employment taxes and failed to keep accurate records

of shareholders.  In addition, the Nevada Court stated that Plaintiff "intentionally and illegally

engaged in a fraudulent scheme to sell shares of WBGI stock to unsuspecting purchasers."

[Docket # 7; Exhibit # 1, pg. 7, ¶ 27]

       Plaintiff's behavior resulted in the Nevada Court issuing an Order of Contempt against

Plaintiff after its initial ruling[2].  The Court ruled that Plaintiff violated its Injunction by engaging

---

       [2]  Attached as Exhibit #1 is the "Order of Contempt" from the Second Judicial District
Court of the State of Nevada, Case No. CV05-02079 dated October 5, 2006.  Defendant WBGI
requests that the Court take judicial notice of this document pursuant to Fed.R.Evid. 201.

WBGI 03

in fraudulent sales of Defendant WBGI's stock.  "The Court finds that this type of intentional

deception is characteristic of all of the improper and fraudulent share sales by Defendants Walter

Wagner and Dan Perkins." [Exhibit 1; pg. 7]   The Nevada Court, taken aback by Plaintiff's

conduct, stated:

> Defendants Walter Wagner and Dan Perkins, shockingly, were unable to state
> how many shares of stock they had sold, unable to state the purchase price they
> had received for the stock they had sold, and were unable to account for the
> disposition of funds received from innocent and unsuspecting victims.

[Exhibit 1; pg. 8]

The Nevada Court found Plaintiff in contempt, ordered a "complete accounting of all

shares sold of any stock or any interest . . . ." [Exhibit 1; pg. 9], and imposed a constructive trust

on all proceeds collected by Plaintiff from the fraudulent stock sales.

Plaintiff did not comply with the Nevada Court's order to produce an accounting, which

not surprisingly resulted in another contempt order[3].  The Nevada Court sentenced Plaintiff to 90

days in jail and ordered Plaintiff to hold $281,216.00 in constructive trust for the defrauded

investors.  The Nevada Court was clearly exasperated:

> it doesn't seem to matter what any court does.  It doesn't seem to matter that one
> judge in Hawaii, this judge in Nevada on twice, two, and now three occasions has
> told him that his view of life is not true.

---

[3]  Attached as Exhibit # 2 is the Findings of Fact, Conclusions of Law, Order of
Contempt, and Judgment of Contempt from the Second Judicial District Court of the State of
Nevada, Case No. CV 05-2079 dated February 7, 2007 and Transcript of Proceedings; Order of
the Court; August 21, 2006, Case No. CV05-02079.  Defendant WBGI requests that the Court
take judicial notice of this document pursuant to Fed.R.Evid. 201.

WBGI 03

The facts he asserts are not correct.  He just continues to behave as though he runs the corporation, and he engages in every kind of act possible to prevent those authorized and elected to manage the corporation from doing so.

The Court's frustration in this case is not what result might be warranted by the law and the facts, my frustration is how any court anywhere can enforce any order that might be an inducement to Mr. Wagner, who has a legal degree, to recognize the efficacy of legal decisions and comply with them.

[Exhibit C; pg. 6 - 7]

Unfortunately, Plaintiff did not stop here.  Plaintiff's misconduct continued in the form of vexatious litigation, which was the subject of yet another Nevada Court order[4].  The Nevada Court found that Plaintiff, as a vexatious litigant:

abused the civil legal process by making misrepresentations to this and other courts in both Nevada and Hawaii, by making misrepresentations to opposing counsel, by ignoring orders and judgments of this Court, by failing to disclose and/or concealing information from opposing counsel and this Court, by filing voluminous legal pleadings replete with misrepresentations and false statements, and by attempting to relitigate issues in both this Court and other courts which this Court and other courts have long-ago resolved after both a preliminary injunction hearing and a trial on the merits.
[Exhibit D; pg. 9].

Two Hawaii court actions followed the Nevada case.  In the First Hawaii Court, Plaintiff sued Defendant WBGI to recover funds Plaintiff claims he was owed pursuant to a promissory note purportedly executed by Defendant WBGI. [Docket # 7; Exhibit # 2; ¶ 1] The First Hawaii

---

[4] Attached as Exhibit # 3 is the Findings of Fact, Conclusions of Law, and Order from the Second Judicial District Court of the State of Nevada; Case No. CV05-02079; dated June 14, 2007.  Defendant WBGI requests that the Court take judicial notice of this document pursuant to Fed.R.Evid. 201.

WBGI 03

Court ruled against Plaintiff finding that "[t]he 2004 promissory note which purported to incorporate and merge all of the prior promissory notes, was fraudulently created." [Docket # 7; Exhibit # 2; pg. 16; ¶ 5].

Defendant WBGI then sued Plaintiff in the Second Hawaii Court to recover funds improperly diverted and misappropriated by Plaintiff. [Docket #7; Exhibit 3] The Second Hawaii Court found Plaintiff liable for conversion and misappropriation of corporate funds. [Docket # 7; Exhibit # 3; pg. 6; ¶ 5]   The Second Hawaii Court also declared Plaintiff a vexatious litigant: "As with the Court in Washoe County, Nevada, this Court has witnessed an abuse of the legal system and repeated misconduct by [Plaintiff]" [Docket # 7; Exhibit # 3; pg. 40; ¶ 132]

Plaintiff's campaign against Defendant WBGI continued with the filing of Plaintiff's Complaint herein.  Plaintiff now asks this Court to enjoin Defendant WBGI to refrain from publishing (1) an indictment issued by a Hawaii Grand Jury against Plaintiff for attempted theft and identity theft; and (2) rulings from three state courts finding Plaintiff engaged in misconduct with respect to Defendant WBGI.  Plaintiff also demands Defendant WBGI publish a retraction of the aforementioned documents.

Plaintiff fails to meet the four requirements for the issuance of a preliminary injunction. In addition, Defendant WBGI has already removed the Hawaii Indictment from its website. Defendant WBGI also advised Defendant WBGI shareholders that the State of Hawaii did not pursue the Indictment against Plaintiff and was, therefore dismissed.  The civil decisions from the states of Hawaii and Nevada all relate to litigation between Plaintiff and Defendant WBGI

2

WBGI 03

and are appropriately the subject of Defendant WBGI's website to shareholders.

## POINT I

### DEFENDANT WBGI REMOVED THE HAWAII INDICTMENT FROM ITS WEBSITE RENDERING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION MOOT.

It is well-settled that "to grant Plaintiff's motion for a preliminary injunction, the request must not be moot." Flynn v. Lee, 2011 WL 5865851 *3 (S.D.N.Y. Civ No 11-5311 Nov. 15, 2011). Plaintiff asks this Court to enjoin Defendant WBGI from publishing a copy of an Indictment brought against Plaintiff by the State of Hawaii arising out of his activities with Defendant WBGI. This claim is moot because Defendant WBGI removed the Indictment from its website in September of 2011. In addition, Defendant WBGI informed its shareholders that there were no longer criminal charges pending against Plaintiff.

## POINT II

### PLAINTIFF'S PROPOSED INJUNCTION VIOLATES DEFENDANT WBGI'S FIRST AMENDMENT RIGHTS.

The United States Supreme Court cautioned that a preliminary injunction "is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008). Further, "[b]ecause it constitutes drastic relief to be provided with caution, a preliminary injunction should be granted only in cases where the necessity for it is clearly established." United States v. Enterprise Management Consultants, 883 F.2d 886, 888-889 (10th Cir. 1989).

Plaintiff bears a heavy burden, especially here, where Plaintiff seeks to enjoin allegedly

WBGI 03

defamatory statements.  "A preliminary injunction is a prior restraint, and as such, bears a heavy presumption against its constitutional validity."  Bihari v. Gross, 119 F.Supp.2d 309, 324 (S.D.N.Y. 2000)(internal citations and quotations omitted).  The Second Circuit observed that: "Equity will not restrain by injunction the threatened publication of a libel, as such, however great the injury to property may be.  This is the universal rule in the United States and was formerly the rule in England." American Malting Co. v. Keitel, 209 F. 351, 354 (2d Cir. 1913).

In the instant case, Plaintiff seeks to enjoin the publication of public documents from three different state courts.  At issue are three civil judgments and one criminal indictment. The content of the speech addresses allegations of Plaintiff's fraudulent conduct with respect to Defendant WBGI.  Thus, the proposed injunction would impair speech concerning allegations of fraud at corporation, a matter of some public importance.

For example, one federal court refused to grant a preliminary injunction where the speech involved "fraud of a well-known interior designer." Bihari v. Gross, 119 F.Supp.2d 309, 325 - 326 (S.D.N.Y. 2000)(internal citations and quotations omitted).  The court reasoned that "[s]uch speech is arguably within the sphere of legitimate public concern, which imbues the speech with a heavy presumption of constitutional protection."  Id, at 325 - 326.

Similarly, the three state court decisions related to Plaintiff's fraudulent misconduct are matters of legitimate public concern.  Certainly, they are of particular concern to Defendant WBGI's shareholders.  Therefore, the Court should deny Plaintiff's request for a preliminary injunction on the grounds that such an injunction would constitute an impermissible prior

4

WBGI 03

restraint on speech in contravention of the First Amendment.

## POINT III

### PLAINTIFF HAS FAILED TO MEET HIS BURDEN UNDER FED.R.CIV.P. 65.

The Tenth Circuit recently set fort the standards a moving party must meet in order to

obtain a preliminary injunction:

> In order to secure a preliminary injunction, the moving party must establish the
> following elements: (1) a substantial likelihood of success on the merits; (2)
> irreparable injury will occur if the injunction is not issued; (3) the threatened
> injury to the movant outweighs any damage the injunction may cause the
> opposing party; and (4) issuance of the injunction would not be adverse to the
> public interest.

Kansas Judicial Watch v. Stout, 653 F.3d 1230 (10th Cir. 2011).

Defendant WBGI will address each element in order.

### 1.  Substantial Likelihood of Success on the Merits.

Plaintiff must first establish the likelihood of success on the merits.  "The sine qua non of

this four-part inquiry is likelihood of success on the merits: if the moving party cannot

demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle

curiosity."  New Comm Wireless Services, Inc. v. Sprintcom, Inc., 287 F.3d 1, 9 (1st Cir. 2002).

Plaintiff's defamation claims are all barred under the doctrine of issue preclusion.

Defendant WBGI served Plaintiff with Defendant WBGI's Memorandum in Support of Motion

to Dismiss on November 7, 2011. [Docket # 7]   In Docket # 7, Defendant WBGI argues that

Plaintiff's claims are barred under the doctrine of issue preclusion, lack of standing and lack of

jurisdiction.  Rather than restate these arguments, Defendant WBGI hereby incorporates by reference the arguments made in Docket # 7 as also applicable to show that Plaintiff is unlikely to succeed on the merits.

In addition, Defendant WBGI offers the following additional arguments against Plaintiff's claims on the merits.

**Plaintiff Fraudulently Created the 2004 Note.**

Plaintiff's spouse, Linda Wagner, executed several promissory notes in the name of Defendant WBGI in favor of Plaintiff.  Ms. Wagner did so on behalf of Defendant WBGI but did not have authority to execute the 2004 Note.  Ms. Wagner was no longer an officer of Defendant WBGI after August of 2003.  Ms. Emerson took over Ms. Wagner's responsibilities at that time. These facts were the subject of several notable court findings in the First Hawaii Court Judgment, thus subject to issue preclusion.

** "The 2004 promissory note could not have been signed by Linda Wagner as Secretary or Treasurer because Annette Emerson was the Secretary/Treasurer at that time." [Docket # 7; Exhibit # 2; pg. 7; ¶ 25]

** "Wagner's own statements to the Court also constitute admissions that the promissory notes are fabrications.  In an effort to avoid the conclusion that he was not performing work as an unlicensed independent contractor, Wagner stated in open court and in affidavits that he was an employee, directly contradicting the face of the promissory notes that he was to be paid under a series of 'independent contractor' contracts." [Docket # 7; Exhibit # 2; pg. 12; ¶ 33].

WBGI 03

** "Wagner's own statements and admissions that he was an employee disprove the promissory notes, which state that Wagner was an independent contractor on their face." [Docket # 7; Exhibit # 2; pg. 16; ¶ 11].

** "The 2004 Promissory Note, which merged and incorporated the prior alleged oral contracts and notes, was fraudulently created and is not enforceable." [Docket # 7; Exhibit # 2; pg. 17; ¶ 13].

Again in the Second Hawaii Judgment, these issues were extensively addressed:

** Ms. Wagner "was neither a WBGI director nor a WBGI officer after August of 2003." [Docket # 7; Exhibit # 3; pg. 16; ¶ 41].

** "After August of 2003, Defendant Walter Wagner executed numerous documents purporting to be WBGI documents using the title of President of WBGI without authority or authorization to do so, including a Promissory Note dated January 1, 2004, certificates purporting to be WBGI certificates, and signed and mailed letters to innocent and unsuspecting investors purporting to welcome new investors to WBGI pursuant to WBGI's Board of Directors." [Docket # 7; Exhibit # 3; pg. 23; ¶ 78].

**Plaintiff Misappropriated Corporate Funds for Personal Use.**

Plaintiff argues that the following statement constitutes defamation: "There has never been a 'visitor center' account . . . Wagner misappropriated several hundred thousands of dollars from WBGI and from investors to his personal purposes." [Complaint; pg. 15; ¶ 27]

Regardless of Plaintiff's after-the-fact re-characterization of embezzled funds, this issue

has been decided by prior state court decisions.  Because the state courts did not specifically use

Plaintiff's nomenclature for the misappropriated funds, Plaintiff now believes he can escape the

preclusive effect of the First and Second Hawaii Judgments that he misappropriated funds.  In

essence, Plaintiff is arguing that while a court found he misappropriated from account A, he

never took from account B.  However, the Courts found Plaintiff misappropriated corporate

funds and made no distinction between misappropriated funds which were part of a Visitor

Center and those which were not:

   ** Plaintiff Wagner "improperly sold interests in WBGI and pocketed the proceeds,

thereby depriving WBGI of badly needed capital." [Docket # 7; Exhibit # 1; pg.7- 8; ¶ 23]

   ** "The blatant disregard by Defendants Walter Wagner and Dan Perkins of the interests

of the innocent victims, the number of these illegal transactions, the length of time over which

they occurred, the repetitive nature of these transactions demonstrating a long-standing pattern of

misconduct, the clearly fraudulent nature of these transactions . . . . ." [Docket # 7; Exhibit # 1;

pg. 8; ¶ 15]

   Plaintiff claims only a recent awareness of the "Visitor Center" issue, and therefore

contends it is appropriately raised in the context of this action.  However, Plaintiff was aware of

the "Visitor Center" issue as far back as December of 2006, when he filed an Affidavit with the

Hawaii Court[5].  In that Affidavit, Plaintiff claimed that "the Visitor Center Account has been

---

   [5] Attached as Exhibit # 4 is the "Sworn Affidavit of Walter L. Wagner in Support of
Motion to Vacate or Limit Exemplified Foreign Judgment; Exhibits A, B, C;" dated December

completely drained of its remaining $200,000.00 in monies by the WBGI Francik board, according to the WBGI financial records I have seen, and those monies have been used elsewhere, including in support of the instant fraudulent litigation." [Exhibit # 4; pgs. 4 - 5]

Therefore, Plaintiff was aware of and did raise the issue in the Second Hawaii Court. Accordingly, Plaintiff's attempt to create a viable claim on the Visitor Center issue fails. Plaintiff's claim is wholly barred under the doctrine of issue preclusion.

**The Court Ordered Sheriff's Sale of Plaintiff's Stock Was Lawful.**

The Nevada Court ordered the sale of Plaintiff's remaining WBGI stock to satisfy pending judgments. The Washoe County Sheriff's Office, acting pursuant to court order and instructions, sold Plaintiff's stock[6]. After conducting a hearing, the Court ordered that Defendant WBGI "may proceed with the public auction of Defendants' interests in WBGI to satisfy WBGI's judgments against Defendants according to the procedures proposed by WBGI . . . ." [Exhibit #5; pg. 6] The Court required Defendant WBGI to provide a "complete accounting of the results of the public auction to this Court promptly after the auction . . . ." [Exhibit # 5; pg. 7]

The Sheriff's Sale of Plaintiff's stock was done pursuant to court approved procedures

---

29, 2006 in the Second Hawaii Court. Defendant WBGI requests that the Court take judicial notice of this document pursuant to Fed.R.Evid. 201.

[6] Attached as Exhibit # 5 is the "Findings of Fact, Conclusions of Law, and Order Approving the Sale of Defendants' Ownership Interests in World Botanical Gardens, Inc at Public Auction by the Washoe County Sheriff's Office;' Civil No. CV05-02079 dated May 29, 2007. Defendant WBGI requests that the Court take judicial notice of this document pursuant to Fed.R.Evid. 201.

WBGI 03

and court supervision.  Any objection to the sale must have and should have been brought before

the Nevada court that authorized and supervised the sale.  As a matter of law, Defendant WBGI

could not have engaged in fraud when it was acting pursuant to the directives of a competent

court which directed and supervised the sale. Therefore, Plaintiff is unlikely to succeed on the

merits of this particular claim.

**Plaintiff's Absence from the Second Hawaii Court Proceedings Does not Effect the Validity of the Second Hawaii Court Judgment.**

Plaintiff claims that his wife's arrest during the trial before the Second Hawaii Court

renders the Second Hawaii Court Judgment void for purposes of issue preclusion.  However, the

Second Hawaii Court already granted Defendant WBGI a partial summary judgment on the issue

of liability well before the hearing. [Docket # 7; Exhibit # 3; pg. 6; ¶ 5]  The hearing was on

damages took place well after the initial liability determination.  Therefore, for res judicata

purposes, any purported irregularity in the proceedings is not relevant.  Plaintiff's liability for

misappropriation was already ruled on and established prior to the hearing.

**2.  Irreparable Injury if Injunction Not Issued.**

Plaintiff fails to establish that he will sustain irreparable injury if Plaintiff does not

receive the requested preliminary injunction.  "In general, a harm is irreparable where there is no

adequate remedy at law, such as monetary damages." Janvey v. Alguire, 647 F.3d 585, 600 (5th

Cir. 2011).  See also International Dairy Foods Association v. Amestoy, 92 F.3d 67, 71 (2d Cir.

1996)("Irreparable harm is injury for which a monetary award cannot be adequate

compensation.")

Plaintiff seeks to enjoin Defendant WBGI from publishing public records documenting

the ongoing litigation between Plaintiff and Defendant WBGI, as well as an indictment from the

State of Hawaii accusing Plaintiff of attempted theft.  Even if defamatory, Plaintiff has an

adequate remedy in the form of monetary damages and therefore no entitlement to a preliminary

injunction.  For example in <u>McLaughlin v. New York</u>, 784 F.Supp. 961, 977 (N.D.N.Y. 1992), a

federal court noted that the "fact that a sufficient after-the-fact remedy, in the form of a

defamation suit, would be available to redress future "blacklisting" prevents this court from

awarding plaintiff's request for an enjoinder of defendants' future speech."  The availability of an

adequate remedy in the form of monetary damages precludes the issuance of a preliminary

injunction in favor of Plaintiff.

### 3.  Threatened Injury to Movant Outweighs Injury to Nonmovant.

Any injury to Plaintiff is speculative and minimal, while the damage to Defendant WBGI

is immediate and substantial.  Plaintiff's claims arose out of Defendant WBGI's response to

legitimate questions from Defendant WBGI shareholders concerning private matters between

Defendant WBGI and its shareholders.  These subjects included share ownership, recordkeeping,

misuse of Defendant WBGI funds, the status of Defendant WBGI's proposed Visitor Center, and

the legitimacy of Plaintiff's claims for back pay pursuant to the 2004 Note.

Defendant WBGI has a fiduciary duty to keep its shareholders appraised of pertinent

matters of interest.  In answering shareholder questions, it was fulfilling its duty to respond to

legitimate shareholder questions candidly and truthfully.  These answers were consistent with the three prior state court decisions.  The thrust of these orders was that Plaintiff misappropriated over $800,000.00 from Defendant WBGI, depriving Defendant WBGI of badly needed capital and severely injuring Defendant WBGI.

If Plaintiff's Motion for a Preliminary Injunction is granted, Plaintiff would continue to allege misconduct on the part of Defendant WBGI - while Defendant WBGI would be forced to remain silent in the face of such allegations.  This, despite the fact that it has three state court decisions exonerating Defendant WBGI from such misconduct.  Some Defendant WBGI shareholders continue to believe Plaintiff's allegations, despite these state court decisions.  The effect of the injunction would be to silence Defendant WBGI and prevent it from referring to public documents about its former Director - Plaintiff.  This is not an appropriate use of the extraordinary remedy of a preliminary injunction.

The Nevada Court Judgment indicates that Defendant WBGI's Board of Directors is properly constituted and further that the Board acted properly in the management of Defendant WBGI.  Not allowing Defendant WBGI to publish this result will harm not only Defendant WBGI, but all of its shareholders by depriving them of an avenue of accurate information concerning a business in which they have an equity interest.

In contrast, allowing publication of these public court records does not harm any legitimate recognizable interest of Plaintiff.  The records are public and available to all.  Thus, their publication cannot harm Plaintiff any more than the actual result of the litigation already

WBGI 03

did.  The court cases happened - and Plaintiff's loss in each of these cases happened.  There is no harm in their publication.

### 4.  Injunction Not in Public Interest.

Plaintiff's requested injunction is contrary to the public interest.  The operative public interest here is the full disclosure by a corporation to its shareholders of court decisions related to the control and finances of that corporation.  Plaintiff would have this Court hide public information germane to the continuing finances and operations of Defendant WBGI.  Not simply the opinions or contentions of Defendant WBGI, but rather public rulings from independent tribunals. Keeping court decisions secret is cannot be in the public interest.

**CONCLUSION**

For the foregoing reasons, Defendant WBGI requests that the Court deny Plaintiff's Motion for a Preliminary Injunction.

DATED this 26th day of November, 2011.

**RICHER & OVERHOLT, P.C.**

Arnold Richer
Patrick F. Holden
Attorneys for Defendant World Botanical Gardens, Inc.

13

WBGI 03

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **DEFENDANT**

**WORLD BOTANICAL GARDENS, INC.'S MEMORANDUM IN OPPOSITION TO**

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** to be delivered to the

following in the manner and on the date below indicated:

[  ] Mail                    Walter L. Wagner
[  ] Fax                     532 N 700 E
[X] Email                    Payson, Utah 84651
[  ] Hand Delivery           retlawdad@hotmail.com
                             (Pro Se Plaintiff)

DATED this 28ᵗʰ day of November, 2011.

14                                                          WBGI 03