CODE: 3370

FILED

OCT 0 5 2006

RONALD A. LONGTIN, JR., CLERK
By: _____
DEPUTY

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

WORLD BOTANICAL GARDENS,
INC., a Nevada corporation,

              Plaintiff,

vs.

WALTER WAGNER, LINDA
WAGNER, DAN PERKINS, DAVID
ADAMS, RON TOLMAN, JACQUE
TOLMAN, KIM HARRIS, DOUG
HANSEN, JIM MCBETH, DOES I
through X, and ROE ENTITIES
I through X,

              Defendants.

Case No.   CV05-02079

Dept. No.   6

**ORDER OF CONTEMPT**

On August 17, 18, and 21, this Court conducted a trial on the merits and a hearing on the Orders to Show Cause against Defendants Walter Wagner and Dan Perkins for violations of the Preliminary Injunction and the Permanent Injunctions previously entered in this case. Robert W. Story and Robert S. Larsen of Story & Sertic appeared on behalf of Plaintiff World Botanical Gardens, Inc. ("WBGI"). Mark Robinson, Annette Emerson, Preston Michie, Ken Francik, and John Wallace testified for WBGI. Treva J. Hearne of

1   Hager & Hearne appeared on behalf of Defendants Walter Wagner,
2   Linda Wagner, Dan Perkins, Dan Hansen, and Dave Adams. Defendants
3   Walter Wagner, Dan Perkins, and Doug Hansen appeared and testified
4   for Defendants.
5        After considering the testimony, evidence, and arguments of
6   the parties on the Orders to Show Cause, this Court now enters its
7   Findings of Fact, Conclusions of Law, and Order of Contempt as
8   follows:
9                         **FINDINGS OF FACT**
10       1. On October 21, 2004, this Court entered a Preliminary
11  Injunction against Defendant Walter Wagner and his "agents,
12  servants, employees, affiliates, successors, assigns, and those
13  persons or entities in active concert or participation with [him]
14  who receive actual notice of this Order by personal service,
15  facsimile, or otherwise" from the following acts:[1]
16            Interfering with WBGI's business affairs;
17            Informing the WBGI domain name registrar
18       or web-host that WBGI does not own the
         <www.wbgi.com> website or from otherwise
19       interfering with the WBGI web page;
20            Selling or marketing, directly or
         indirectly, any WBGI shares of stock without
21       express written WBGI Board of Directors
         approval.
22            Using the name World Botanical Gardens and
         WBGI's trademarks . . . and the email address
23       suffix of <wbgi.com>, or any similar . . .
         email address.
24
25       2. On October 22, 2005, WBGI served Defendants Walter Wagner
26  and Dan Perkins with this Court's Order for Preliminary Injunction;
27  and Defendants Walter Wagner and Dan Perkins had actual knowledge
28  
---
[1] The Court will issue a separate Order and Judgment related to the
trial proceedings.

2

1  of the terms of the Preliminary Injunction no later than October

2  22, 2005.

3       3. No party appealed the Order for Preliminary Injunction.

4       4. On April 24, 2006, this Court entered a Permanent

5  Injunction against Defendant Walter Wagner and his "agents,

6  servants, employees, affiliates, successors, assigns, and those

7  persons or entities in active concert or participation with him who

8  receive actual notice of this Order by personal service, facsimile,

9  or otherwise" from the following acts:

10          Interfering with WBGI's business affairs;

11          Informing the WBGI domain name registrar
            or web-host that WBGI does not own the
12          <www.wbgi.com> website or from otherwise
            interfering with the WBGI web page;

13
            Selling or marketing, directly or
14          indirectly, any WBGI shares of stock without
            express written WBGI Board of Directors
15          approval.

16          Using the name World Botanical Gardens and
            WBGI's trademarks . . . and the email address
17          suffix of <wbgi.com>, or any similar . . .
            email address.

18
       5. On April 26, 2006, WBGI served Defendants Walter Wagner
19
   and Dan Perkins with this Court's Order for Permanent Injunction;
20
   and Defendants Walter Wagner and Dan Perkins had actual knowledge
21
   of the terms of the Permanent Injunction no later than April 26,
22
   2006.
23
       6. No party appealed the Order for Permanent Injunction and
24
   the Order for Permanent Injunction is final and binding.
25
       7. Defendants Walter Wagner and Dan Perkins knowingly and
26
   intentionally violated both the Preliminary Injunction and the
27
   Permanent Injunction as follows:
28
                                3

a. Defendant Walter Wagner interfered in the business of WBGI by entering the property of WBGI numerous times where he trimmed Garden plants without permission and sprayed Round-Up weed killer on Garden plants without permission thereby interfering with WBGI's overall Garden plan, and otherwise engaged in unauthorized activities on WBGI property.

b. Defendant Walter Wagner interfered with the WBGI web page by informing the domain registrar/web host that ownership of the WBGI web page was under litigation thereby causing the domain registrar/web host to place the WBGI web page "under construction."

c. Defendant Walter Wagner filed and recorded, without any legal justification, a lis pendens on the property of WBGI and on the property of Dr. Lanny Neel, WBGI's Garden Director, thereby interfering with WBGI's ability to develop its property and interfering with WBGI's overall Garden plan, and interfering with WBGI's efforts to raise capital through the sale of property to Dr. Neel.

d. Defendants Walter Wagner and Dan Perkins directly and indirectly marketed and sold shares of WBGI stock without ever informing WBGI's Board of Directors of their marketing and/or sales of shares of WBGI stock and without first obtaining permission of any kind from WBGI's Board of Directors to market and/or sell shares of WBGI stock thereby depriving WBGI of capital and knowingly and intentionally defrauding innocent and unsuspecting investors.

4

i. Defendants Walter Wagner and Dan Perkins directly marketed and sold shares of WBGI stock by marketing and selling shares which expressly used "World Botanical Gardens, Inc." Defendant Walter Wagner issued certificates of ownership which expressly used "World Botanical Gardens, Inc." Defendant Walter Wagner, and in one case his wife Linda Wagner, personally endorsed checks made out to "World Botanical Gardens" or "World Botanical Gardens, Inc." for purchase of those shares and personally deposited those checks into his own bank account. Defendant Dan Perkins received a commission from Defendant Walter Wagner for his role in marketing and selling the shares in WBGI to the innocent and unsuspecting investors.

ii. Defendants Walter Wagner and Dan Perkins indirectly marketed and sold shares of WBGI stock by marketing and selling shares through a non-existent "World Botanical Gardens Foundation" which was nothing more than a dba for Defendant Walter Wagner. Through direct telephone conversations with innocent and unsuspecting investors, such as John Wallace, Defendant Dan Perkins stated that he was selling shares owned by a "World Botanical Gardens Foundation." However, the marketing materials that Defendants Walter Wagner and Dan Perkins provided to these innocent and unsuspecting investors contained pictures of the Gardens, repeatedly used the name

"World Botanical Gardens, Inc." with "wbgi.com" as part of an email address, was replete with information about World Botanical Gardens, Inc., and was designed to lead innocent and unsuspecting investors to believe that they were purchasing stock in World Botanical Gardens, Inc., when in fact they were purchasing nothing of value. Defendant Walter Wagner then issued certificates of ownership in a non-existent "World Botanical Gardens Joint Venture Partnership" through his dba the "World Botanical Gardens Foundation." Walter Wagner personally executed checks made out to World Botanical Gardens Foundation for purchase of those shares and personally deposited those checks into a bank account that he owned and controlled. The marketing materials used by Defendants Walter Wagner and Dan Perkins and provided to innocent and unsuspecting investors intentionally misrepresented and omitted material facts such that potential investors, such as John Wallace, could not make an informed investment decision with respect to the shares of WBGI stock offered for sale by Defendants Walter Wagner and Dan Perkins. Defendant Dan Perkins received a commission from Defendant Walter Wagner for his role in marketing and selling shares in WBGI by means of the World Botanical Gardens Foundation to the innocent and unsuspecting investors.

8. The marketing materials that Defendants Walter Wagner and

1  Dan Perkins provided to innocent and unsuspecting investors was
2  knowingly false and knowingly misleading and designed by Defendants
3  Walter Wagner and Dan Perkins to deceive and defraud these innocent
4  and unsuspecting investors into believing that Defendants Walter
5  Wagner and Dan Perkins were associated with and were authorized
6  representatives of WBGI. By providing false information such as
7  false phone numbers and addresses, Defendants Walter Wagner and Dan
8  Perkins, deprived investors, such as John Wallace of the ability to
9  confirm the false representations and statements made by Defendants
10  Walter Wagner and Dan Perkins. The Court finds that this type of
11  intentional deception is characteristic of all of the improper and
12  fraudulent share sales by Defendants Walter Wagner and Dan Perkins.

13  9. Defendants Walter Wagner and Dan Perkins have taken no
14  steps to assure that investors, such as John Wallace, would receive
15  legitimate WBGI shares.

16  10. Defendants Walter Wagner's and Dan Perkins's use of World
17  Botanical Gardens Foundation to market and sell shares in WBGI
18  after October 22, 2005 was knowingly and intentionally and
19  illegally designed to circumvent this Court's Order of Preliminary
20  Injunction and Order for Permanent Injunction.

21  11. Defendants Walter Wagner's and Dan Perkins's sale of
22  shares in WBGI after October 22, 2005 was with the knowledge that
23  it violated this Court's Order for Preliminary Injunction and Order
24  for Permanent Injunction and was intentionally fraudulent.

25  12. Each sale by Defendants Walter Wagner and Dan Perkins of
26  an interest of whatever nature in World Botanical Gardens, Inc.
27  after October 22, 2005 constitutes a separate willful direct
28  contempt of this Court's Order for Preliminary Injunction.

7

13. After repeated questioning by this Court and counsel, Defendants Walter Wagner and Dan Perkins, shockingly, were unable to state how many shares of stock they had sold, unable to state to whom they had sold stock, were unable to state the purchase price they had received for the stock they had sold, and were unable to account for the disposition of funds received from innocent and unsuspecting victims.

14. At this time, the Court is unable to determine the full extent of the improper and fraudulent share sales of Defendants Walter Wagner and Dan Perkins. It appears from the evidence before the Court that the improper and fraudulent share sales reach back as early as July 2004, and possibly earlier.

15. The blatant disregard by Defendants Walter Wagner and Dan Perkins of the interests of innocent and unsuspecting victims, the numbers of these illegal transactions, the length of time over which they occurred, the repetitive nature to these transactions demonstrating a long-standing pattern of misconduct, the clearly fraudulent nature of these transactions, and the severely negative impact these and related activities have had on the ability of WBGI, a small business with less than $450,000 in annual revenues, to obtain badly needed capital by depriving WBGI of the ability to raise capital from its prospective investor list demand that this Court use its equitable powers to address and stop these long-standing patterns of misconduct of Defendants Walter Wagner and Dan Perkins, to protect innocent investors, to make WBGI whole, and to deprive Defendants Walter Wagner and Dan Perkins the benefits of their misconduct.

16. Defendant Walter Wagner has also interfered with WBGI's

8

1   business by placing a lis pendens on WBGI's property and also

2   placing a lis pendens on property sold by WBGI to Dr. Lanny Neel.

3      17. Defendant Walter Wagner has not provided any evidence or

4   testimony which suggests that he has any right, title, or interest

5   in either of those properties.

6   <center>**CONCLUSIONS OF LAW**</center>

7      1. Defendants Walter Wagner and Dan Perkins are in willful

8   and direct contempt of this Court's Order for Preliminary

9   Injunction and Order for Permanent Injunction under NRS Chapter 22

10  and the equitable authority of this Court to enforce its orders.

11  <center>**ORDER OF CONTEMPT**</center>

12     IT IS HEREBY ORDERED that Defendants Walter Wagner and Dan

13  Perkins, no later than Tuesday, October 31, 2006, by 5:00 p.m.

14  serve on WBGI's counsel and file with this Court a full and

15  complete accounting of all shares sold of any stock or any interest

16  of any nature whatsoever in World Botanical Gardens, Inc. without

17  the express written permission of the WBGI Board of Directors from

18  January 1, 2004, forward. This accounting must include copies of

19  all share purchase agreements, marketing materials, certificates of

20  ownership, all checks or monies received from persons or on behalf

21  of such persons purchasing such interest, complete bank records of

22  any deposit in which such checks or monies were placed and the

23  account holder, and the records, including copies of cancelled

24  checks, reflecting the disposition of each such check or monies.

25     Defendants Walter Wagner and Dan Perkins shall, under oath,

26  advise the Court whether they have engaged in improper share sales

27  prior to January 1, 2004. For all improper share sales, Defendants

28  Walter Wagner and Dan Perkins shall make a complete accounting. For

<center>9</center>

1   this purpose an "improper share sale" is any purported transfer of
2   an interest in WBGI by any defendant without the permission of
3   WBGI's Board.

4        Within 30 days of receipt of this information, WBGI, through
5   its counsel, shall advise the Court which of these shares were
6   proper share sales and which share sales were improper.  WBGI shall
7   also advise the Court which improper share sales by Defendants it
8   has recognized and issued share certificates to investors, and
9   which share sales it has not so recognized.

10       IT IS HEREBY FURTHER ORDERED that because neither Defendant
11  Walter Wagner nor Defendant Dan Perkins was able to reveal the
12  total number persons to whom they sold an interest in WBGI, this
13  Court will determine the appropriate contempt penalty after
14  Defendants Walter Wagner and Dan Perkins provide this Court with a
15  full accounting described in the preceding portion of this Order of
16  Contempt.

17       IT IS FURTHER ORDERED that this Court imposes as an equitable
18  remedy to protect innocent third-parties, a constructive trust on
19  all proceeds that Defendants Walter Wagner and Dan Perkins
20  collected from the sale proceeds wherever located of any improper
21  sales of any interest in WBGI of whatever nature from January 1,
22  2004, forward. No later than November 11, 2006, Defendants Walter
23  Wagner and Dan Perkins shall pay to WBGI and its counsel of record
24  in cash or certified funds all proceeds in the constructive trust.
25  For those persons WBGI has not already recognized as shareholders,
26  WBGI shall issue to the purchasing party of shares of stock
27  representing the interest that the purchasing party acquired (or
28  thought he or she was acquiring) from Defendant Walter Wagner

1   and/or his dba, World Botanical Gardens Foundation. WBGI shall also

2   reduce the number of shares owned by Defendant Wagner and/or his

3   dba, World Botanical Gardens Foundation by the number of improper

4   share sales from January 1, 2004 to date.

5          IT IS FURTHER ORDERED that Defendant Walter Wagner is hereby

6   restrained and enjoined, unless he receives advance written

7   approval of WBGI's Board of Directors, from entering upon or being

8   within 90 feet of the property known as the World Botanical

9   Gardens.

10         IT IS FURTHER ORDERED that Defendant Walter Wagner is in

11  contempt of court for using the suffix "wbgi.com" in his email

12  address.

13         IT IS FURTHER ORDERED that Defendants Walter Wagner and Dan

14  Perkins are in contempt of court for using the words "World

15  Botanical Gardens," "World Botanical Gardens, Inc," and "WBGI" in

16  their marketing materials, letters to their victims, unauthorized

17  share certificates, business cards, emails, and on other

18  publications.

19         IT IS FURTHER ORDERED that Defendant Walter Wagner extinguish

20  the lis pendens placed on WBGI's property and the lis pendens

21  placed on property sold by WBGI to Dr. Lanny Neel.

22         IT IS FURTHER ORDERED that Defendants Walter Wagner and Dan

23  Perkins are in contempt of court for their respective failures to

24  comply with WBGI's Requests for Production of Documents by not

25  responding to them or producing any documents whatsoever through

26  them.

27         IT IS FURTHER ORDERED that the Court shall be notified by

28  counsel within 24 hours of any violation of this Order of Contempt

11

1    or the Permanent Injunctions against Defendants Walter Wagner and

2    Dan Perkins, however slight.

3

4                                                          _____
                                                           DISTRICT JUDGE

5    DATED: October ___4___, 2006

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

CERTIFICATE OF SERVICE BY MAILING

Pursuant to NRCP 5(b), I hereby certify that I am an employee of the Second Judicial District Court, in and for the County of Washoe; and that on this ___5th___ day of October, 2006, I deposited in the County mailing system for postage and mailing with the United States Postal Service in Reno, Nevada, a true and correct copy of the attached document addressed as follows:

Robert W. Story, Esq.
Robert S. Larsen, Esq.
777 Sinclair St., Ste. 201
Reno, NV 89501

Walter Wagner
P.O. Box 881
Pepeekeo, HI 96783

Dan Perkins
P.O. Box 514
Payson, UT 84651

Doug Hansen
915 East 1240 South
Spanish Fork, UT 84660

David Adams
P.O. Box 755
Hilo, Hawaii 96720

Heidi Boe
Administrative Assistant

CERTIFIED COPY
The document to which this certificate is
attached is a full, true and correct copy of
the original on file and of record in my office.
DATE: OCT 0 9 2006
RONALD A. LONGTIN, JR., Clerk of the Second
Judicial District Court, in and for the County
of Washoe, State of Nevada.

By _____ Deputy