1  CODE: 3370

2

3  FILED

4  FEB 0 7 2007

5  RONALD A. LONGAIN, JR. CLERK
   By: _____
             DEPUTY

6

7

       IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

8

             IN AND FOR THE COUNTY OF WASHOE

9

10
   WORLD BOTANICAL GARDENS,
11 INC., a Nevada corporation,

12              Plaintiff,
                                    Case No.   CV05-02079
13 vs.
                                    Dept. No.  6
14 WALTER WAGNER, LINDA
   WAGNER, DAN PERKINS, DAVID
15 ADAMS, RON TOLMAN, JACQUE
   TOLMAN, KIM HARRIS, DOUG
16 HANSEN, JIM MCBETH, DOES I
   through X, and ROE ENTITIES
17 I through X,

18              Defendants.

19
       **FINDINGS OF FACT, CONCLUSIONS OF LAW, ORDER OF CONTEMPT, AND**
20                    **JUDGMENT OF CONTEMPT**

21      On January 16, 2007, at 1:30 p.m., this Court conducted a

22 hearing on the Motion to Enforce Contempt against Defendant Walter

23 Wagner and Defendant Dan Perkins for violations of the Preliminary

24 Injunction and the Permanent Injunction previously entered in this

25 case. In addition, this Court conducted a hearing on the Motion to

26 Vacate. The Court's Administrative Assistant set the hearing at the

27 convenience of Defendant Walter Wagner, who was in Monterey,

28 California that week and agreed to travel to Reno, Nevada for the

Hearing. Robert W. Story of Story & Sertic appeared on behalf of Plaintiff World Botanical Gardens, Inc. ("WBGI"). Annette Emerson from San Francisco, California, Preston Michie from Portland, Oregon, and Ken Francik from Los Angeles, California also appeared on behalf of WBGI. Francik testified for WBGI. Neither Defendant Walter Wagner nor Defendant Dan Perkins appeared. Instead, Defendant Walter Wagner and Defendant Dan Perkins telephoned the Court's Administrative Assistant shortly before the hearing to inform the Court that Defendant Walter Wagner and Defendant Dan Perkins would be available by telephone.

After considering the testimony, evidence, and arguments together with the evidence presented at the trial, the Court now enters its Findings of Fact, Conclusions of Law, and Judgment of Contempt as follows:

### FINDINGS OF FACT

1. Defendant Walter Wagner and Defendant Dan Perkins were informed and well-aware that they, as well as Plaintiff WBGI, were ordered by the Court to appear in person for the Motion to Enforce Contempt hearing; and Defendant Walter Wagner and Defendant Dan Perkins knowingly and intentionally and without legal excuse did not appear for the Motion to Enforce Contempt hearing.

2. Defendant Walter Wagner and Defendant Dan Perkins knowingly and intentionally defrauded 60 innocent and unsuspecting investors who thought they were purchasing WBGI stock from WBGI through authorized agents of WBGI in a total amount of $351,520.00, funds which these unsuspecting investors intended WBGI to receive and use to meet WBGI's capital needs. Instead, Defendant Walter Wagner and Defendant Dan Perkins illegally and intentionally

2

misappropriated these funds to their personal purposes such that WBGI did not received any of these funds. Of this $351,520.00, Defendant Walter Wagner personally received $281,216.00 and Defendant Dan Perkins personally received $70,304.00, representing an agreed upon 80-20 split of the proceeds of their wrongdoing.

3.  The total amount of $351,520.00 for the sale of WBGI stock belongs to WBGI, the corporation; and WBGI, the corporation, has been ordered by the Court to issue stock certificates to the actual investors once WBGI receives the money from the sale of the WBGI stock and a final accounting of these improper shares sales has been made by Defendant Walter Wagner and Defendant Dan Perkins.

4.  After the Court entered the Preliminary Injunction, Defendant Walter Wagner and Defendant Dan Perkins knowingly, fraudulently, and in violation of the Preliminary Injunction sold shares of WBGI to at least nine innocent and unsuspecting investors and knowingly, fraudulently, and in violation of the Preliminary Injunction attempted to sell shares of WBGI to at least four additional innocent and unsuspecting investors. Defendant Walter Wagner and Defendant Dan Perkins knowingly violated the "no stock sale" provision of the Preliminary Injunction at least 13 separate times through actual and attempted sales of WBGI stock.

5.  At the conclusion of the trial, the Court ordered Defendant Walter Wagner and Defendant Dan Perkins to produce to the Court and WBGI by 5:00 p.m. on October 31, 2006 a complete accounting of these share sales, including all banking and related records for all improper share sales, which the Court expressly defined as any purported transfer of an interest in WBGI by any Defendant without the permission of WBGI's Board of Directors.

3

1  Neither Defendant Walter Wagner nor Defendant Dan Perkins produced

2  these records to the Court or WBGI.

3      6. Defendant Walter Wagner violated the spirit of the Court's

4  order that he stay 90 feet away from all WBGI property by having

5  his wife, Defendant Linda Wagner, enter WBGI property to serve

6  documents on a person that Defendant Walter Wagner incorrectly

7  assumed was a WBGI employee and who was not capable of receiving

8  service on behalf of WBGI.

9  **CONCLUSIONS OF LAW**

10      1. Defendant Walter Wagner and Defendant Dan Perkins hold the

11  $351,520.00 for the sale of WBGI stock in a constructive trust for

12  benefit WBGI. Of that $351,520.00, Defendant Walter Wagner holds

13  $281,216.00 and Defendant Dan Perkins holds $70,304.00.

14      2. Defendant Walter Wagner and Defendant Dan Perkins are in

15  willful and direct contempt of the Court's Order under NRS Chapter

16  22 and the equitable authority of the Court to enforce its orders

17  for their failure to produce to the Court and to WBGI all banking

18  and related records for all improper share sales.

19      3. Defendant Walter Wagner and Defendant Dan Perkins are in

20  willful and direct contempt of the Preliminary Injunction under NRS

21  Chapter 22 and the equitable authority of the Court to enforce its

22  orders at least 13 separate times for violation of the Preliminary

23  Injunction through their knowing and fraudulent sale and knowing

24  and fraudulent attempted sale of shares of WBGI to innocent and

25  unsuspecting investors, and misappropriating the proceeds to their

26  personal purposes.

27  **ORDER OF CONTEMPT**

28      IT IS HEREBY ORDERED that a constructive trust in the amount

4

1   of $281,216.00 is imposed upon WBGI funds received by Defendant

2   Walter Wagner and that a constructive trust in the amount of

3   $70,304.00 is imposed upon WBGI funds received by Defendant Dan

4   Perkins for the $351,520.00 that Defendant Walter Wagner and

5   Defendant Dan Perkins knowingly and intentionally defrauded from 60

6   innocent and unsuspecting investors who thought they were providing

7   capital to WBGI by investing in WBGI stock.

8   IT IS HEREBY FURTHER ORDERED that Defendant Walter Wagner and

9   Defendant Dan Perkins are each sentenced to serve 90 days in the

10  Washoe County Jail with a no bail hold and to each pay a $3,000.00

11  fine for their knowing, willful, and direct contempt of the

12  Preliminary Injunction and other Court orders.

13  IT IS HEREBY FURTHER ORDERED that, pursuant to NRS 22.100,

14  WBGI is awarded its attorneys' fees in the amount of $23,170.63

15  against Defendant Walter Wagner and Defendant Dan Perkins, jointly

16  and severally.

17  IT IS HEREBY FURTHER ORDERED that all Defendants — Walter

18  Wagner, Linda Wagner, Dan Perkins, and Dave Adams — are hereby

19  restrained and enjoined, unless they receive advance written

20  approval of WBGI's Board of Directors, from entering upon or being

21  within 90 feet of the property known as the World Botanical

22  Gardens.

23  IT IS HEREBY FURTHER ORDERED that Defendants' Motion to Vacate

24  is denied.

25  IT IS HEREBY FINALLY ORDERED that the Court reserves

26  jurisdiction to impose additional sanctions for civil contempt in

27  order to coerce compliance by all Defendants with all the Court's

28  orders and injunctions.

5

## JUDGMENT OF CONTEMPT

JUDGMENT IS HEREBY GRANTED in favor of Plaintiff WBGI and against Defendant Walter Wagner in the amount of $281,216.00 together with pre-judgment interest at the legal rate from the date of each fraudulent share sale and post-judgment interest at the legal rate.

JUDGMENT IS HEREBY GRANTED in favor of Plaintiff WBGI and against Defendant Dan Perkins in the amount of $70,304.00 together with pre-judgment interest at the legal rate from the date of each fraudulent share sale and post-judgment interest at the legal rate.

JUDGMENT IS HEREBY GRANTED in favor of Plaintiff WBGI and against Defendant Walter Wagner and Defendant Dan Perkins, jointly and severally, in the amount of $23,170.63 together with post-judgment interest at the legal rate.

Brent Adams
_____
DISTRICT JUDGE

DATED: February 7, 2007.

6

4185

# CERTIFIED COPY

SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

THE HONORABLE BRENT ADAMS, DISTRICT JUDGE

--oOo--

WORLD BOTANICAL GARDENS,          Case No. CV05-02079

      Plaintiff,                    Dept. No. 6

vs.

WALTER L. WAGNER, et al,

      Defendants.

---

TRANSCRIPT OF PROCEEDINGS
ORDER OF THE COURT
MONDAY, AUGUST 21, 2006

APPEARANCES:

For the Plaintiff:        Robert W. Story, Esq.
                          Attorney at Law
                          777 Sinclair Street, Suite 201
                          Reno, Nevada 89501

                          Robert S. Larsen, Esq.
                          Attorney at Law
                          777 Sinclair Street, Suite 201
                          Reno, Nevada 89501

Reported By:              Leslie R. Rosenthal, CCR #819

1

1    For the Defendant:          Treva J. Hearne, Esq.
                                 Attorney at Law
2                                910 E. Parr Boulevard, Suite 8
                                 Reno, Nevada 89512
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1

2

3                                    -oOo-

4              RENO, NEVADA, MONDAY, AUGUST 21, 2006

5                                    -oOo-

6              THE COURT:  Thank you, Mr. Story.

7              This is a case in which in a real sense it

8   doesn't seem to matter what the Court does.

9              We've consumed now two and a half days of

10  trial, most of which has been recovering the very same

11  issues that were litigated on the motion for preliminary

12  injunction release and the permanent injunction.

13             I have stated twice in findings of fact, that

14  have not been appealed anywhere, and I reaffirm again all

15  the findings of fact contained in the preliminary

16  injunction entered October 21, 2005, and the order for

17  permanent injunction entered April 24, 2006.

18             In those orders the Court found that World

19  Botanical Gardens, Inc., known as WBGI, is a Nevada

20  corporation located in Oahu, Hawaii, doing business as

21  Botanical Garden, as a Nevada corporation.  WBGI is

22  governed by a Board of Directors.

23             As I have twice found the Board of Directors

24  is the Board of Directors of the plaintiff in this case,

1    namely Mr. Francic, Mr. Michie, as the vice chairman of

2    general counsel Ms. Emerson, Leslie Hobos, Don Robinson,

3    Don Miller, and Geihildeuhl, G-e-i-h-i-l-d-e-u-h-l.

4         As the Court has twice earlier found, the

5    Court again confirms that the WBGI Board of Directors as

6    listed has directed WBGI's business affairs since

7    September 25, 2000. It is the lawfully constituted

8    governing board of this corporation.

9         Again, as I have twice earlier found, the

10   defendant Mr. Wagner created a second unauthorized Board

11   of Directors through which he and Mr. Tolman and others

12   have caused and continued to cause confusion among the

13   shareholders of WBGI, and through which Mr. Wagner

14   directly and through others have attempted to wrest

15   control of WBGI through the unauthorized Board of

16   Directors.

17        Mr. Wagner testified last year, and again at

18   this trial, to his theory that there are in effect two

19   entities, something called a venture partnership and

20   something called the corporation.

21        I have earlier found, and I find again, that

22   testimony is not credible. The Court does not accept it.

23   It makes absolutely no sense for a business, formed and

24   operating as a corporation doing business as a

4

1   corporation, maintaining corporate votes, records, and

2   accounts, receiving corporate income and paying corporate

3   obligations, to have some separate organization called a

4   venture partnership.

5          Among the most notorious things Mr. Wagner

6   has testified to is his testimony with regard to Exhibit

7   15.

8          Exhibit 15 is the exhibit which he contends

9   authorizes him and his supporters to be the operating

10  Board of Directors in this corporation.

11         The bylaws in Exhibit 15 and the resolution

12  were adopted on September 13, 2004, and yet Mr. Wagner

13  contends that those actually did not occur with the

14  knowledge that on September 2, 2004, as reflected in

15  Exhibit 12, Mr. Wagner had by unanimous vote been removed

16  from the Board of Directors, that is absolutely nonsense.

17  I don't think this Court or any court anywhere in the

18  world would accept that testimony.

19         So for years there hasn't been any real or

20  genuine dispute about the authority of the Board of

21  Directors of this corporation, or about its legally

22  authorized representative.

23         But what there has been is a relentless

24  campaign by Mr. Wagner in jurisdiction after

5

1   jurisdiction, court after court, to totally refuse to

2   accept the findings of the Court, the results in cases,

3   common sense, anything.

4             It is true that Mr. Wagner is the founder and

5   originator of the Botanical Gardens, which is the subject

6   of this case.  Is it true he and his wife -- their

7   colleagues worked their hearts out for many years to

8   create this beautiful attraction -- commercial

9   attraction, in the State of Hawaii.

10            But after the enterprises incorporated, after

11  a new board was put in place, and after that board

12  decided not to go in Mr. Wagner's direction, after the

13  board raised serious question about his disposition of

14  corporate assets, his use of corporate money and other

15  matters, and after the board finally removed him both as

16  an employee and as an officer, from that day to this

17  Mr. Wagner just will not accept that result.  And so he's

18  actively engaged in litigation all these years, he has

19  done what he could to freeze the corporate bank account,

20  he's gone on the corporate property despite being told in

21  writing that he was not permitted to do so, he's placed a

22  lis pendens on a corporate property on a property sold to

23  a third-party.

24            And it doesn't seem to matter what any court

6

1   does.  It doesn't seem to matter that one judge in

2   Hawaii, this judge in Nevada on twice, two, and now three

3   occasions, has told him that his view of life is not

4   true.

5          The facts he asserts are not correct.  He

6   just continues to behave as though he runs the

7   corporation, and he engages in every kind of act possible

8   to prevent those authorized and elected to manage the

9   corporation from doing so.

10          The Court's frustration in this case is not

11   what result might be warranted by the law and the facts,

12   my frustration is how any court anywhere can enforce any

13   order that might be an inducement to Mr. Wagner, who has

14   a legal degree, to recognize the efficacy of legal

15   decisions and comply with them.

16          The Court's order on October 22nd, 2005 was

17   very, very clear in regard to WBGI stock and restrained

18   and enjoined marketing or selling any real or personal

19   property owned by WBGI, and specifically selling or

20   marketing -- this is Paragraph 10, Page 6, Line 24,

21   "selling or marketing any WBGI shares and stock without

22   WBGI Board of Director's approval."

23          That order shouldn't have been any surprise

24   to Mr. Wagner.  He wrote that very provision in the

7

1    shareholder agreements whichever person has purchased a

2    share of stock in this corporation has signed, including

3    himself.

4           It's always been the condition of the sale of

5    shares of this corporation that they be done with WBGI

6    Board of Director's approval.

7           Mr. Wagner argues, well, I thought that just

8    meant WBGI shares, but not shares in WBGI that I own.

9           Now, what possible sense can that make?  The

10   only shares Mr. Wagner could ever sell would be the ones

11   he owned, not even he claims he was authorized after the

12   entry of a preliminary injunction to sell WBGI treasury

13   shares, or unissued shares, or shares in somebody else.

14          His argument is nonsensical.  He has

15   continued to sell WBGI shares of his knowing that such a

16   sale was in direct violation of the Court's order entered

17   October 22nd, 2005.  And also in violation of the

18   permanent injunction entered April 24, 2006.

19          Further evidence that Mr. Wagner did so

20   intentionally and illegally is the manner by which said

21   shares were sold.

22          The straight-forward way to sell shares in

23   this corporation would be to find a buyer, have a simple

24   contractor bill of sale acknowledging the consideration

8

1   received and the shares sold, and request from the Board

2   of Directors that the identity of the shareholder be

3   changed and a new certificate issued for ownership of

4   shares, and also, by the way, ask for the Board of

5   Director's approval selling the shares.

6          Mr. Wagner obviously, and the Court finds

7   intended to, and did sell his shares, and at the same

8   time intended to and did conceal from the board those

9   sales, so that he wouldn't have to obtain permission

10  before the purchasers actually received their shares, and

11  that's evident by the Wallace transaction, which the

12  Court finds is a characteristic transaction.

13         In that transaction and others, Mr. Wagner

14  created a certificate, and there are other exemplars of

15  this in Exhibit 95 that makes no sense at all.  It's not

16  a certificate of the corporation, it's not a certificate

17  authorized by anybody except Mr. Wagner and Mrs. Wagoner.

18         It doesn't even tell the purchaser what

19  they're getting, it says almost 30 shares, it doesn't say

20  of what.  And then it says in the World Botanical Gardens

21  joint venture partnership, which the Court has twice

22  found and finds a third time in which Mr. Wagner knows to

23  a certainty does not exist, owns nothing, controls

24  nothing, and is not a legal entity in any state or

1    territory in the United States.

2             That was the document he gave people who gave

3    him money.  That conduct, the Court finds, is in

4    violation of the preliminary injunction and the permanent

5    injunction, and was engaged in with knowledge of those

6    orders and was intentionally fraudulent.  Because

7    Mr. Wagner and Mr. Perkins represented to purchasers,

8    such as Mr. Wallace, that in effect they were purchasing

9    stock in the corporation, but what they were purchasing

10   was this joint venture certificate.

11            Mr. Perkins and Mr. Wagner who sold the --

12   made the sales to these people, never transferred the

13   stock, never asked the company to transfer the stock.  So

14   these people were part of a very substantial amount of

15   money to Mr. Perkins and Mr. Wagner and received nothing,

16   nothing except words and concepts such as joint venture

17   partnership.

18            Another piece of legerdemain by Mr. Wagner is

19   this notion of a foundation.  As Mr. Wagner points out,

20   in connection with Botanical Gardens and many other forms

21   of commercial activity, including charitable activities,

22   foundations are often formed to support those activities.

23   In connection with the Botanical Gardens, the raising of

24   flowers and plants, the cultivation of the property, the

1   enhancement of the property, or the building of

2   structures on the property.

3            But, of course, as Mr. Hansen -- as

4   Mr. Wagner, based on his activity with these botanical

5   gardens and several other botanical gardens, his

6   background as a lawyer, well knows the foundation is

7   created as a legal entity, a corporation, usually a

8   nonprofit corporation.

9            Ordinarily as a corporation, which as

10  Mr. Wagner acknowledges seeks tax exempt status under

11  Section 501C3 of the tax code of the United States.  And

12  contributions to such a foundation being tax exempt and

13  are used not for the purpose of profit, nor for the

14  purpose of benefitting the gardens or the real property

15  in question.

16           What Mr. Wagner called the foundation in this

17  case is nothing.  It is a figment of his imagination.

18  Nothing has ever been filed with any proper agency and

19  government anywhere.  No corporation for the foundation

20  has been created.  There's no evidence of any separate

21  bank accounts managed anywhere by anybody.

22           Mr. Wallace certainly wasn't told that he was

23  contributing to grow flowers, he thought and was told by

24  Mr. Perkins that he was buying stock.

1        The foundation is just another creation of

2   this psychic world Mr. Wagner lives in, a totally false

3   universe in which he is still in charge of the gardens,

4   and the manager of the gardens, and the benefactor of the

5   gardens, when in fact for years and years he's had no

6   authority to do anything, to conduct any business, to

7   make any management decision of any kind or to sell any

8   asset of any nature, including stock in this corporation.

9        It's very sad to me that Mr. Wagner does

10  these things.  He's created a thing of great beauty in

11  his finding and creation of these gardens.  But for years

12  he has been living in a fantasy world, striking out and

13  attempting to prepare and diminish, if not destroy, the

14  legal conduct of the only corporation which exists to

15  manage these properties.

16        The testimony of Mr. Hansen -- or Dr. Hansen

17  was interesting to me.  He's obviously a very

18  intelligent, well educated person with a Ph.D. in

19  physics, he's the brother-in-law of Mr. Wagner.  I can't

20  imagine that he's terribly interested in this business

21  other than his, perhaps a conscript from the family, but

22  he did participate in the meeting and Spanish Fork, Utah,

23  he knew there was a corporation, he knew the corporation

24  had a Board of Directors, and he was plainly and

12

1    obviously engaged with his brother-in-law, Mr. Wagner, in

2    creating some alternative universe of corporate

3    governments in control to clout the actual management of

4    the garden.

5            People such as Mr. Hansen and Mr. Perkins and

6    Mr. Wagner who do these things can't expect to do them

7    without consequences.

8            The testimony is replete with evidence about

9    Mr. Wagner trying to paralyze the corporate bank account

10   with its obvious consequence of returned checks and

11   confused accounting, the havoc that was visited on the

12   corporation.

13           The Court has received evidence about

14   Mr. Wagner's efforts in regard to the website, and

15   sometimes he publicly says, well, I have nothing to do

16   with the website, and it's fine with me, and then when

17   he's plainly asked will you have noting to do with the

18   website and leave it alone, then he becomes vague again.

19           The truth is every single place and time he's

20   had an opportunity to do it, whether it's recording a lis

21   pendens, even though he has no ownership in the piece of

22   property, or whether he's freezing the bank accounts or

23   whether he's using the website or visiting the property

24   when he's told in writing not to go there.

1        He just will not cease in his campaign that

2   if he can't control things he will see to it that the

3   gardens are a failure and now he threatens a receivership

4   in pursuing other cases in Hawaii.

5        He just won't quit.  He won't stop unless he

6   gets his own way, no matter how many directors or Boards

7   of Directors or shareholders or courts decide otherwise.

8        The Court finds that the defendant -- the

9   defendants, Mr. Wagner and Mr. Perkins, have violated the

10  preliminary injunction and permanent injunctions entered

11  in this case.

12       The Court orders Mr. Perkins and Mr. Wagner

13  to serve and file in this case no later than Friday,

14  September 8, 2006 at 5:00 a full and complete accounting

15  setting forth the names and purchase price received, and

16  amount of shares sold of any stock or any interest of any

17  nature whatsoever in the plaintiff corporation from

18  January 1, 2005 to the present, including copies of all

19  checks received from any such person or on their behalf,

20  complete bank records of any depository in which said

21  checks were deposited, the name of the depositor and the

22  account holder, and the records, including copies of

23  cancelled checks, reflecting the disposition of each such

24  check.

1    The Court finds that as an equitable remedy,

2 given the fact that innocent third-parties have purchased

3 stock from defendants Wagner and Perkins, subsequent to

4 January 1, 2005, and without any authority to do so, or

5 any consent of the Board of Directors, that a constructed

6 trust is hereby placed upon any set of sale proceeds, and

7 no later than 60 days after the service and filing of the

8 accounting that I just ordered, such proceeds shall be

9 paid to the plaintiff corporation and their counsel in

10 cash or certified funds.

11    Whereupon the corporation shall issue to the

12 purchasing parties shares of stock in the World Botanical

13 Gardens, Inc., and representing the number of shares

14 stated by Mr. Wagner and Mr. Perkins in each such

15 transaction, thereby also reducing the number of shares

16 owned by Mr. Wagner, or on his behalf, or by World

17 Botanical Gardens Foundation, which the Court finds to be

18 a DBA of Mr. Wagner, in the corporation.

19    As to the nature and extent of alleged

20 activities by Mr. and Mrs. Wagner of embezzlement the

21 Court has not had occasion to make findings of facts

22 about that subject because there has been no presentation

23 of evidence either by the board or by the defendants.

24 The Court understands that that question of damages is

1    pending in another court.

2         So I don't believe there is any occasion for

3    the Court to make further orders on that subject at this

4    time, except to find that Mr. Wagner has not complied

5    with any request of production which was served pre-trial

6    in this case, and therefore, is in contempt of court for

7    failure so to do.

8         The Court finds as a matter of law, as I've

9    noted, not only does the board representing the plaintiff

10   corporation constitutes the only legal Board of

11   Directors, and the only corporation of legal entity

12   authorized to conduct business and to use the tradename

13   for trademark -- well, apparently there is no trademark,

14   use the tradename or website name or commercial name of

15   World Botanical Gardens, or World Botanical Gardens, Inc.

16   And the Court finds as a matter of law that any entity

17   known as the World Botanical Gardens joint venture

18   partnership does not exist and has no legal authority to

19   conduct any business of any nature.

20        The Court at this time extends the terms of

21   the permanent injunction to all defendants, and their

22   officers, agents, counsel and employees.  All defendants

23   are permanently hereby restrained and enjoined from each

24   of the activities set forth in the permanent injunction,

16

1   and generally from acting in any way directly or

2   indirectly by any manner or means or through any

3   third-parties in interfering with the conduct and the

4   management of the business known as World Botanical

5   Gardens, Inc.

6           The damages established as a result of the

7   defendant's interference with the website are, I agree

8   with Mr. Story, very modest.  They don't take into

9   account the many, many hours of uncompensated labor

10   contributed by board members and officers of the

11   corporation to deal with the behavior of Mr. Wagner.  And

12   the Court enters judgment against Mr. Wagner and

13   Mr. Hansen jointly and severally in the amount of

14   $12,737.06.

15           As to the order to show cause, as I've noted,

16   the Court finds that the defendant Wagner and the

17   defendant Perkins have been in contempt of said order for

18   the sales of stock since October 21, 2005.

19           The Court additionally orders in this final

20   judgment that the defendants may not directly or

21   indirectly or through any manner or means or through any

22   third-party sell or transfer, alienate any stock of this

23   corporation, including stock owned by them or by their

24   destinies, without the express prior written approval of

17

1   the Board of Directors.

2        The defendant Walter Wagner is hereby

3   restrained and enjoined, unless and until he receives the

4   advance written approval of the Board of Directors of

5   plaintiff corporation, from entering upon or being within

6   90 feet of the property known as World Botanical Gardens

7   at any time.

8        It is the further order of the Court that the

9   Court shall be notified by counsel within 24 hours of any

10  violation of this final judgment, however slight.

11       The defendants and each of them are enjoined

12  from interfering in any way with the operation of the

13  WBGI website.  Specifically, Mr. Wagner is hereby ordered

14  and directed to undertake all acts necessary at the

15  earliest possible time to remove any interference if any

16  such interference exists.

17       The Court finds specifically that the WBGI

18  website is owned exclusively by World Botanical Gardens,

19  Inc. under the direction of the Board of Directors, the

20  incumbent Board of Directors.

21       It is true that the lis pendens were recorded

22  and the real property records in the State of Hawaii.

23  The Court does not have authority in this case to

24  extinguish the lis pendens.

1          However, as I have noted, Mr. Wagner has

2     repeatedly in every possible way clouded the Court's

3     prior orders in this case, and has interfered in diverse

4     ways with the management and conduct of the business of

5     the World Botanical Gardens, Inc.

6          There is no evidence or testimony in this

7     case which suggests that the lis pendens placed -- which

8     he has placed on the real property of WBGI Inc. in Hawaii

9     and as to Mr. Neil, the horticulturist for the property,

10    that Mr. Wagner has any right, title, or interest to

11    those properties, one is owned with WBGI, and the other

12    as at least attempted to be sold to Mr. Neal, and

13    therefore the Court directs Mr. Wagner to forthwith

14    extinguish the lis pendens.

15          Likewise, there has been no testimony

16    received from any source to the effect that the lis

17    pendens with the Court -- the corporation has placed on

18    Mr. Wagner's property represents any claim of the right,

19    title or interest by the corporation to Mr. Wagner's

20    property.

21          The dispute between Mr. Wagner and the

22    corporation is a dispute of claims for embezzlement and

23    those claims on the part of the corporation and claims

24    for compensation on the part of Mr. Wagner.  So the Court

1  directs the corporation to remove the lis pendens from

2  Mr. Wagner's property.

3          The Court finds that each sale by Mr. Wagner

4  or Mr. Perkins of an interest of whatever nature in World

5  Botanical Gardens, Inc., including the transactions

6  that's the subject of testimony in this case, including

7  Mr. Wallace's sale, constitutes an instance of willful

8  direct contempt of the preliminary injunction.

9          And as to each such instance each defendant

10 is hereby sentenced to 15 days in jail, consecutively,

11 and as to each such instance to pay a $500 fine.

12         In addition to this disgorgement of all

13 income from said sales, as I previously ordered.

14         The total number of such instances of

15 contempt is as yet undetermined because neither

16 Mr. Perkins nor Mr. Wagner, shockingly in my view, were

17 unable to simply tell me during repeated examination by

18 the Court and counsel during the trial just how many

19 people had purchased stock and how much stock and for how

20 much money.

21         At the suggestion of plaintiff's counsel, the

22 jail sentence and fine are hereby suspended.  On the

23 condition that defendants comply with the earlier orders

24 I've entered in this case, including the accounting and

20

1   the disgorgement of proceeds in cash or certified funds.

2             And upon the further condition of all the

3   defendants strictly comply with the Court's orders

4   entered in this case.

5             And again, I stress that any order which is

6   not timely performed, counsel is directed to so notify

7   the Court within 24 hours.

8             The Court at this time awards the plaintiffs

9   their costs and attorney's fees and prosecution of the

10  order to show cause, subject to a memorandum of costs and

11  disbursements and an affidavit supporting attorney's fees

12  to be submitted to the Court, together with the written

13  findings and judgment consistent with this decision.

14            And the Court grants plaintiffs and their

15  counsel leave to file within 30 days any additional -- to

16  serve and file within 30 days any additional request for

17  attorney's fees and costs under any other legal

18  authority.

19            Mr. Story, would you prepare findings and

20  judgment consistent with this decision?

21            MR. STORY:  I will, Your Honor.

22            THE COURT:  Thank you.

23            Court is in recess.

24

1                    (Proceedings concluded.)

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1    STATE OF NEVADA  )

2                )  ss.

3    COUNTY OF WASHOE )

4           I, LESLIE R. ROSENTHAL, Certified Court

5    Reporter in and for the State of Nevada, do hereby

6    certify:

7           That the foregoing proceedings were taken by

8    me at the time and place therein set forth; that the

9    proceedings were recorded stenographically by me and

10   thereafter transcribed via computer under my supervision;

11   that the foregoing is a full, true and correct

12   transcription of the proceedings to the best of my

13   knowledge, skill and ability.

14         I further certify that I am not a relative

15   nor an employee of any attorney or any of the parties,

16   nor am I financially or otherwise interested in this

17   action.

18         I declare under penalty of perjury under the

19   laws of the State of Nevada that the foregoing statements

20   are true and correct.

21         Dated this 22nd day of August, 2006.

22

23       Leslie R. Rosenthal, CCR #819

24

23