Code: 3370
ROBERT W. STORY, Bar No. 1268
STORY LAW GROUP
245 East Liberty Street, Suite 530
Reno, Nevada 89501
Telephone: (775) 284-5510
Facsimile: (775) 284-0800
Email: rstory@storylaw.net

Attorneys for Plaintiff World Botanical Gardens, Inc.

FILED

2007 JUN 14 PM 12: 22

RONALD A. LONGTIN, JR.

BY J. Berchem
DEPUTY

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

WORLD BOTANICAL GARDENS, INC.,
a Nevada Corporation,

    Plaintiff,

vs.

WALTER WAGNER, LINDA WAGNER,
DAN PERKINS, DAVID ADAMS, RON
TOLMAN, JACQUE TOLMAN, KIM
HARRIS, DOUG HANSEN, JIM McBETH,
DOES I through X, and ROE ENTITIES I
through X,

    Defendants.

Case No. CV-05-02079

Dept. 6

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**

On May 11, 2007, at 1:30 p.m., this Court conducted a hearing on Defendants' Motion for Relief from Judgment or Order and Plaintiff's Motion to Declare Defendants Wagner and Perkins Vexatious Litigants and Defendant's Motion to Approve WBGI's Proposed Plan to Sell Defendants' Interests in WBGI at Public Auction. Robert W. Story and Lori M. Story of the Story Law Group appeared on behalf of Plaintiff World Botanical Gardens, Inc. ("WBGI"). Preston Michie traveled from Portland, Oregon to appear and testify on behalf of WBGI. No Defendant appeared. Instead, Wagner sent a facsimile to this Court captioned Affidavit of Walter L. Wagner Regarding Representation. Wagner stated that his attorney would not attend and requested that the matters be

decided "on the pleadings we have already filed."

After considering the testimony, evidence, and arguments, this Court now enters its Findings of Fact, Conclusions of Law, Order, and Judgment as follows:

## FINDINGS OF FACT

1. This Court ordered that Wagner and Perkins appear in person for the hearing on May 11, 2007. Wagner and Perkins were each served with a copy of that order, as evidenced by Wagner's false and misleading affidavit, and were informed and well-aware that they were to appear in person. Wagner and Perkins knowingly and intentionally and without legal excuse did not appear for the hearing on May 11, 2007.

2. This Court afforded Wagner and Perkins due process with reasonable notice of the hearing of May 11, 2007, to allow Wagner and Perkins the opportunity to oppose being declared vexatious litigants. Wagner and Perkins filed written oppositions to being declared vexatious litigants, but knowingly and intentionally failed to appear in person at the hearing on May 11, 2007.

3. This Court has reviewed the approximate 164 pleadings filed in this case alone, through many of which Wagner and Perkins have made false and misleading allegations, which are repetitive, abusive, and devoid of any arguable factual or legal basis. The following are a small representative sampling of false and misleading allegations from Wagner and Perkins:

   a. Wagner and Perkins have repeatedly alleged in multiple pleadings filed with this Court that Ken Francik, Chairman of the Board of Directors of WBGI, perjured himself in his testimony before this Court and committed fraud on this Court in prosecuting claims against Defendants in Nevada. In fact, Francik testified truthfully before this Court. All of WBGI's witnesses were credible. They and their representatives have conducted themselves in matters before this Court in a highly professional manner. Wagner's and Perkins' allegations of perjury are abusive and devoid of any arguable factual or legal bases and have been alleged with the intent to harass.

   b. Wagner and Perkins have repeatedly alleged in multiple pleadings filed with this Court that Robert Story has acted inappropriately in representing WBGI including committing an alleged felony in seeking to collect on WBGI's judgment pursuant to Nevada law through a sheriffs sale of Defendants stock in WBGI at public auction. Wagner and Perkins falsely allege that

1  WBGI is engaging in a prohibited "initial public auction" in seeking this Court's approval of
2  WBGI's proposal for conducting the sheriff's sale of Defendants' shares when the very statute
3  quoted by Wagner and Perkins expressly exempts sheriff's sales of stock from Nevada's securities
4  laws. These arguments utterly lack legal or factual merit. WBGI's counsel has represented WBGI
5  before this Court in a highly professional manner throughout the proceedings. Wagner's and
6  Perkins' allegations to the contrary are abusive and devoid of any arguable factual or legal bases and
7  have been alleged with the intent to harass.

   c.  Wagner and Perkins have repeatedly alleged in multiple pleadings filed with
9  this Court that they sold Wagner's personal shares in WBGI. In fact, Wagner and Perkins sold
10 treasury shares in WBGI to innocent fraud victims using false and misleading information sent to
11 these innocent investors by Wagner and Perkins via the U.S. Postal Service. Wagner and Perkins
12 told these investors in phone calls and/or over the internet that they were investing in WBGI to
13 provide capital for WBGI to build a visitor's center among other uses. Wagner and Perkins
14 instructed these innocent investors by phone and/or the internet to make their checks payable to
15 WBGI or "World Botanical Gardens Foundation" (a fictitious entity created to effect fraud) but send
16 their check via the U.S. Postal Service to Walter Wagner instead of WBGI. These investors mailed
17 their checks to Wagner, and not WBGI, intending their checks to be cashed by WBGI to be used by
18 WBGI to meet WBGI's capital needs. Instead, Wagner cashed these checks without authority to do
19 so and split the proceeds with Perkins 80-20 by prior agreement. Moreover, these investors received
20 "Participation Agreements" from Wagner and did not receive an assignment of Wagner's personal
21 shares. Through these fraudulent and illegal devices Wagner and Perkins effected a misappropriation
22 of WBGI moneys. These treasury share sales violated the terms of both this Court's Preliminary and
23 Permanent Injunctions against the sale of "any" shares of WBGI. Wagner's and Perkins' allegations
24 that they sold Wagner's personal shares in WBGI are abusive and devoid of any arguable factual or
25 legal bases.

   d.  Wagner and Perkins have repeatedly alleged in multiple pleadings filed with
27 this Court that Francik gave them permission to sell shares in WBGI, which somehow exempted
28 them from this Court's Preliminary and Permanent Injunction against the sale of "any" shares of

WBGI and authorized them to commit fraud and misappropriate WBGI funds to their own purposes. In fact, Francik did not give Wagner and/or Perkins permission to sell shares in WBGI and pocket the proceeds. Prior to September 4, 2004, when WBGI removed Wagner from WBGI's Board of Directors, Wagner was a WBGI director. As such, Wagner was under a fiduciary duty as a director not to divert investors' funds intended for WBGI to his personal purposes. Prior to February 2005, Perkins was a WBGI director and under contract to sell WBGI shares to raise capital for WBGI. Perkins was under a fiduciary duty as a director and as an agent for WBGI not to divert investors' funds to Wagner that were intended for WBGI. Once his role in the fraud scheme outlined above was discovered in February 2005, WBGI removed Perkins from WBGI's Board of Directors and terminated his contract to sell shares for WBGI. Thus, after February 2005, neither Wagner nor Perkins had authority to represent WBGI on any matter, much less sell treasury shares to innocent victims and pocket the proceeds, yet Wagner and Perkins continued to defraud innocent victims by, among other means, falsely representing to innocent victims that they represented WBGI, and misappropriate WBGI funds through nefarious and fraudulent means. No one gave permission to Wagner or Perkins to commit fraud in any share sale, nor could any WBGI official have done so lawfully. To further disguise the fraudulent nature of these share sales, Wagner and his wife sent each innocent victim such as John Wallace, a victim who appeared at trial to testify, a forged certificate via the U.S. Postal Service falsely purporting to represent an ownership interest in WBGI, but in fact signifying nothing of value. Wagner's and Perkins' allegations that they had permission to sell shares in WBGI, defraud innocent victims, and misappropriate WBGI funds by pocketing the proceeds are abusive and devoid of any arguable factual or legal bases.

    e.    Wagner and Perkins have repeatedly alleged in multiple pleadings filed with this Court that there was a two-boards' agreement between WBGI's Board of Directors and Wagner's shadow board of directors which somehow prevented WBGI from expending money on legal fees. In fact, the alleged two-boards' agreement is not an agreement because there was no meeting of the minds as to who were the parties to the agreement. WBGI officials testified and presented other evidence at trial and in pleadings that WBGI intended to contract with Wagner, Perkins, and the other individual members of Wagner's so-called "shadow board." On the other

hand, Wagner and Perkins testified and provided sworn statements that they did not intend to contract with WBGI; rather, in their minds the agreement was between two "boards," hence the term "two-boards' agreement." "Boards" are not legal entities capable of entering into contracts. Because the testimony and other evidence presented at trial and in other pleadings is clear that the parties did not intend to contract with each other, there is no contract to enforce. Further, the "agreement" lacks consideration because any judgment rendered against WBGI for breach of the agreement would be payable to WBGI as the intended beneficiary of the agreement, resulting in an illusory exchange of promises. The agreement was the product of duress from Wagner. Finally, WBGI complied with its terms. Wagner's and Perkins' allegations of the existence of a two-boards' agreement and WBGI's alleged breach of the agreement are devoid of any arguable factual or legal bases.

f. Wagner and Perkins have repeatedly alleged in multiple pleadings filed with this Court that a World Botanical Gardens Foundation existed through which Wagner and/or Perkins donated the money received from the sale of WBGI shares for the improvement of the Garden. In fact, no World Botanical Gardens Foundation existed and World Botanical Gardens Foundation was nothing more than a dba for Wagner created for the purpose of effecting fraud. Wagner's and Perkins' allegations of the existence of World Botanical Gardens Foundation are devoid of any arguable factual or legal bases.

g. Wagner and Perkins have repeatedly alleged in multiple pleadings filed with this Court that they had created a Joint Venture Partnership which somehow owned WBGI and that the Board of Directors for WBGI was actually the Board of Directors of the Joint Venture Partnership. In fact, no Joint Venture Partnership existed. Wagner's and Perkins' allegations of the existence of a Joint Venture Partnership are devoid of any arguable factual or legal bases.

h. Wagner and Perkins have repeatedly alleged in multiple pleadings filed with this Court that Wagner was no longer a defendant at the time of trial because this Court had previously entered a Permanent Injunction against him. In fact, Wagner was a defendant at the time of trial because at least two claims for relief, declaratory judgment and constructive trust, remained to be resolved against him by the trial and by subsequent proceedings. Wagner's and Perkins' allegations that Wagner was no longer a defendant at the time of trial are devoid of any arguable

factual or legal bases.

   i. Wagner and Perkins have repeatedly alleged in multiple pleadings filed with this Court that Francik and the Board of Directors have grossly mismanaged the affairs of WBGI. In fact, Francik and the Board of Directors have properly managed the affairs of WBGI; and the actions of the Defendants have caused WBGI significant harm and financial damage. Wagner's and Perkins' allegations that Francik and the Board of Directors have grossly mismanaged the affairs of WBGI are devoid of any arguable factual or legal bases and have been alleged with the intent to harass.

  4. WBGI has provided this Court with eight specific examples of pleadings which Wagner and Perkins filed in other Nevada and Hawaii courts through which Wagner and Perkins have made false and misleading allegations, which are repetitive, abusive, and devoid of any arguable factual or legal basis.

   a. Wagner has been sanctioned by the Hawaii Supreme Court for practicing law without a license in *Wagner v. Cohen,* Civ. No. 00-1-0468 (2003). This case predates any filings with this Court. Accordingly, Wagner was well-aware that he could not represent persons other than himself without first being a member of the State Bar. Nonetheless, Wagner has represented on multiple pleadings with this Court that he represented the other Defendants and incredibly represented WBGI, the Plaintiff corporation. Wagner's representation of persons other than himself, including WBGI, constitute the unauthorized practice of law and pleadings with such representation constitute allegations and/or representations devoid of any arguable factual or legal bases.

   b. On or about May 9, 2005, Wagner filed a complaint in the Circuit Court of the Third Circuit of Hawaii as *World Botanical Gardens, Inc., v. Francik,* Civil No. 05-1-0163. At the time Wagner filed this complaint, Wagner had been removed from the Board of Directors and was nothing more than a shareholder in WBGI. Wagner's allegations that he and his shadow board of directors controlled and operated WBGI are abusive and devoid of any arguable factual or legal bases and were alleged with the intent to harass.

   c. On or about August 18, 2005, Wagner and Perkins filed a complaint in the Eighth Judicial District Court of the State of Nevada as *World Botanical Gardens, Inc., v. Perkins,* Case No. A50508735. At the time Wagner and Perkins filed this complaint, Wagner and Perkins had

been removed from the Board of Directors and were nothing more than shareholders in WBGI. Moreover, Josephine Perkins, the alleged defendant in that lawsuit, was a relative of Perkins. Wagner and Perkins then conspiratorially settled this fictitious lawsuit with Josephine Perkins, which settlement resulted in an order finding that Wagner and his shadow board of directors controlled and operated WBGI. Wagner and Perkins perpetrated a fraud upon the court in the Eighth Judicial District. Wagner's and Perkins' allegations and settlement of those allegations are abusive and devoid of any arguable factual or legal bases and were alleged with the intent to harass.

   d. On or about December 27, 2005, Wagner filed a complaint in the Circuit Court of the Third Circuit of Hawaii as *Wagner v. Title Guaranty Escrow Services, Inc.*, Civil No. 05-1-01406. Wagner filed this complaint to interfere with a land sale between WBGI and its Garden Director in violation of this Court's Preliminary Injunction against Wagner interfering with the business affairs of WBGI. Wagner's allegations in that lawsuit are abusive and devoid of any arguable factual or legal bases and were alleged with the intent to harass.

   e. On or about December 1, 2006, Wagner and Perkins filed a complaint in the Circuit Court of the Third Circuit of Hawaii as *Perkins v. Francik*, Civil No. 06-1-0384. Wagner and Perkins filed this complaint against WBGI and three members of the Board of Directors, alleging defamation during a shareholder meeting of a Nevada corporation in Las Vegas, Nevada. The Hawaii court had no jurisdiction over this matter; and Wagner's and Perkins' actions were abusive and devoid of any arguable factual or legal bases and were alleged with the intent to harass.

   f. On or about January 17, 2007, Wagner and Perkins filed a complaint in the Circuit Court of the Third Circuit of Hawaii as *Perkins v. Francik*, Civil No. 07-1-0015. Wagner and Perkins filed this complaint as a shareholder derivative suit with a request for the appointment of a receiver for WBGI. The Hawaii court had no jurisdiction over this matter; and Wagner's and Perkins' allegations were noting more that an improper attempt to relitigate issues already decided in this case. Wagner's and Perkins' allegations and actions were abusive and devoid of any arguable factual or legal bases and were alleged with the intent to harass.

5. Wagner and Perkins have raised no significant factual or legal arguments that they did not raise in their original pleadings before this Court at the hearing on Preliminary Injunction in

October 2005 save one—their baseless argument that WBGI committed a fraud on this Court by prosecuting claims against Defendants in Nevada allegedly in violation of a promise WBGI made to Judge Nakamura in Hilo, Hawaii not to bring damages claims in Nevada that are pending in Hawaii against Defendants, a promise WBGI did not abrogate. This Court heard arguments and considered evidence concerning the legality of the two-boards' agreement, alleged mismanagement of WBGI, the existence of a Joint Venture Partnership, the existence of a "charity" called the "World Botanical Gardens Foundation," alleged fraud by WBGI in various respects, and other arguments to explain their misconduct and rejected each of them. This Court has had to endure virtually endless repetition of arguments this Court has heard and rejected repeatedly. Rather than accept the findings of this Court, Wagner and Perkins have raised these same points in multiple meritless pleadings in Nevada and Hawaii where the Hawaii courts have also rejected them. WBGI has unnecessarily incurred extensive legal expense defending these multiple false, meritless, and repetitive legal and factual arguments. As this Court found at trial, the facts Wagner and Perkins allege are simply not true. This Court finds that Wagner and Perkins' goal in this regard is to abuse the legal process to destroy WBGI if they cannot have their way.

6. This Court finds the conduct by Wagner and Perkins to be an extreme, intentional abuse of the legal process. Wagner and Perkins have refused to cooperate in discovery. They have refused to comply with this Court's orders and judgments. This Court has found them in contempt of court several times. Yet they continue to ignore the orders of this Court. They continue to abuse the legal process by continuing to file nonsensical documents and pleadings that utterly lack merit thereby forcing WBGI to incur unnecessary legal expenses, expenses WBGI can ill afford. They have made multiple false statements to this Court. Wagner has practiced law without a license in Nevada in erroneously advising his fellow Defendants on the legal effect of the "two-boards' agreement," the risk of attorneys' fees being awarded at trial, and the legal effect of WBGI's promise to Judge Nakamura in Hawaii. Wagner and Perkins brazenly asked this Court to appoint a receiver on grounds that WBGI has incurred massive legal expenses—expenses WBGI incurred defending against their extensive, repetitious, and meritless legal and factual arguments this Court has repeatedly rejected. As a result WBGI has been denied a speedy, just, and inexpensive resolution

of the issues in this case, a result contrary to the policy of the State of Nevada.

7. Wagner and Perkins' conduct in these proceedings personify the meaning of "vexatious litigants." Indeed, in the 33 years this judge has practiced law and in the 18 years this judge has served on the bench, I have never seen such reprehensible abuse of the legal process. Nothing this Court does seems to deter their abusive conduct save putting them in jail.

## CONCLUSIONS OF LAW

1. Wagner and Perkins are in willful and direct contempt of this Court's Order under NRS Chapter 22 and the equitable authority of this Court to enforce its orders for their failure to appear for the hearing on May 11, 2007.

2. Wagner and Perkins have been afforded due process to contest WBGI's Motion to Declare them Vexatious Litigants through this Court's hearing on May 11, 2007.

3. Wagner and Perkins have abused the civil legal process by making misrepresentations to this and other courts in both Nevada and Hawaii, by making misrepresentations to opposing counsel, by ignoring orders and judgments of this Court, by failing to disclose and/or concealing information from opposing counsel and this Court, by filing voluminous legal pleadings replete with misrepresentations and false statements, and by attempting to relitigate issues in both this Court and other courts which this Court long-ago resolved after both a preliminary injunction hearing and a trial on the merits.

4. Wagner and Perkins are vexatious litigants.

## ORDER

IT IS HEREBY ORDERED that any issue of corporate control of WBGI is within the exclusive jurisdiction of this Court, and this Court has personal jurisdiction over the parties to this case. Wagner and Perkins may not individually, collectively, or through any third party file any document concerning corporate control of WBGI in this Court or any other court (not including appeals to the Nevada Supreme Court).

IT IS HEREBY FURTHERED ORDERED that the issues litigated by WBGI, by Wagner or Perkins, or by any other party at trial or the Order to Show Cause hearing, such as, but not limited to, the legal effect of the "two-boards agreement," alleged mismanagement of WBGI, the need to

appoint a receiver to manage WBGI, allegations of perjury and other misconduct by WBGI or its representatives, are res judicata and may not be relitigated in any other Court. Wagner and Perkins may not individually, collectively, or through any third party file any document concerning WBGI issues resolved at trial or the Order to Show Cause hearing in this Court or any other court (not including appeals to the Nevada Supreme Court).

IT IS HEREBY FURTHERED ORDERED that Wagner or Perkins may not individually, collectively, or through any third party file any lawsuit, pleading or document concerning WBGI or its directors, officers, employees, agents or representatives in this Court, any other Nevada court (not including appeals to the Nevada Supreme Court), or any other court (not including cases pending in Hawaii as of May 11, 2007).

IT IS HEREBY FURTHER ORDERED that the court clerk is directed not to file any pleading submitted by Wagner and/or Perkins and/or through any third party on behalf of Wagner and/or Perkins, except that the court clerk shall lodge and stamp as "received" any such documents for review by this Court prior to any filing. If this Court determines that any response is necessary from WBGI, this Court will order WBGI to respond. This Court will set an appropriate bond to secure payment of WBGI's attorneys' fees and costs that Wagner and Perkins will have to file before any further papers are filed by them or on their behalf.

IT IS HEREBY FURTHER ORDERED that WBGI's counsel is directed to advise the Court promptly should Wagner or Perkins take any action contrary to this order.

IT IS HEREBY FURTHER ORDERED that, pursuant to NRS 22.100, WBGI is awarded its attorneys' fees in the amount of $9,675.00 against Wagner and Perkins, jointly and severally.

IT IS HEREBY FURTHER ORDERED that the Motion for Relief from Judgment or Order of February 7, 2007 [Rule 60(b) Motion] is denied.

IT IS HEREBY FINALLY ORDERED that the Court reserves judgment to impose the sanction for civil contempt against Wagner and Perkins for their contemptuous failure to appear for the hearing on May 11, 2007.

## JUDGMENT

JUDGMENT IS HEREBY GRANTED in favor of Plaintiff WBGI and against

Wagner and Perkins, jointly and severally, in the amount of $9,675.00.

DATED: June 13, 2007.

_____
DISTRICT JUDGE

STORY LAW GROUP
245 E. Liberty, Suite 530
Reno, Nevada 89501
(775) 284-5510

11