WALTER L. WAGNER      HB-1
PO BOX 411
HONOMU, HI 96728
808 964-5535          Voice
*Pro se*

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

--ooOoo--

| | |
|---|---|
| WORLD BOTANICAL GARDENS, INC., )<br><br>a Nevada corporation, )<br><br>         Plaintiff )<br><br>vs. )<br><br>WALTER WAGNER, *et al.,* )<br><br>         Defendants )<br>_____ ) | CIVIL NO.  SP-06-1-0058<br><br>**SWORN AFFIDAVIT OF<br>WALTER L. WAGNER<br>IN SUPPORT OF<br>MOTION TO VACATE OR<br>LIMIT EXEMPLIFIED<br>FOREIGN JUDGMENT;<br>EXHIBITS A, B, C**<br><br>Date: 2/6/07<br>Time: 8:30 A.M<br>Court: Hon. Greg K. Nakamura |

### SWORN AFFIDAVIT OF WALTER L. WAGNER IN SUPPORT OF MOTION TO VACATE OR LIMIT EXEMPLIFIED FOREIGN JUDGMENT

I, Walter L. Wagner, affirm state and declare under penalty of perjury of the laws of the State of Hawaii as follows:

I am competent to make this affidavit in that I have personal knowledge of the events described herein, and I am qualified by professional experience to competently testify thereto were I to be called as a witness in this matter.

On or about December 28, 2005 this honorable Court entertained a motion to dismiss Civil No. 05-1-0210, *WBGI v. Wagner, et al.,* based on the fact that the essentially identical case had been filed in a different jurisdiction, namely in Reno,

Nevada (the Nevada case, CV-05-02079, Washoe County, Nevada a.k.a. SP NO. 06-1-0058, the instant case).   In lieu of dismissal of that Hilo case, this Court accepted the plaintiff's commitment that they would not pursue any form of monetary damages against any of the defendants in the Nevada case that was then pending before judge Adams of Reno, Nevada, and that plaintiff would seek only determination of governance issues in Nevada, and the monetary claims would be pursued only in Hilo in the instant action.

Attached hereto as <u>Exhibit A</u> is a true and correct transcript of those proceedings, in which I appeared personally, and in which the plaintiff was represented by Mr. Tom Yeh, with <u>relevant portions highlighted for emphasis.</u>

<u>Twice</u>, this Court <u>emphasized</u> that it wanted a **"clear, bright line"** that would separate the Nevada action from the Hilo action by having WBGI make a "commitment that there will be a clear, bright line that the Nevada action deals only with control issues and maybe injunctive relief arising out of the control issues, but that the damages issues or recovery issues are in Hawaii."

Notwithstanding the commitment exacted by this Court in Civil No. 05-1-0210 from Mr. Yeh that no monetary claims for damages would be sought against any of the Nevada defendants and that they would "prosecute all the damages claims here", plaintiff WBGI breached that commitment and sought monetary damages against the defendants in Nevada, and obtained monetary judgments as alleged damages against three of those defendants at trial in an amount of roughly $450,000, namely against myself, against Mr. Dan Perkins, and against Dr. Douglas Hansen, pertaining to the issues of alleged damages caused by the temporary extinguishment of the WBGI web site, and to the alleged damages due to the sale of some of my personal shares (share sale damages), both of which claims also exist in the instant action.  In

**2**

addition, plaintiff was awarded attorney's fees based on those damages, whereas no attorney's fees would otherwise have been validly awardable absent an ability to levy a claim for monetary damages.

Attached hereto as <u>Exhibit B</u> is a true and correct copy of a redacted excerpt of a recent Hawaii-Tribune-Herald article in which Ken Francik brags about the award of monetary damages that he illegally obtained against us.

Because those defendants, including myself, were caught by surprise by plaintiff's actions in seeking monetary damages, they had prepared no defense thereto for trial in Reno, and prior to trial they had instructed their Reno attorney, Ms. Treva Hearne, regarding the commitment made by Mr. Yeh to this Court on behalf of plaintiff WBGI that no monetary damages would be sought by plaintiff WBGI, and that no defenses needed to be prepared for any such claims for monetary damages as they were outlined in the Reno complaint.

Accordingly, Ms. Hearne made no preparation to defend against any claims for monetary damages against any of the named defendants, myself included. Additionally, both Mr. Perkins and Dr. Hansen departed after the first day of the three day trial, believing that their role was solely as witnesses for the purposes of the governance dispute, and not that they were defendants against claims for monetary damages, and they were unable to appear as rebuttal witnesses thereafter, in that they both live out-of-state (in Utah), and were unaware that an expanded case was being presented against them in violation of the commitment made to this honorable Court.

Currently pending in the Nevada Supreme Court is an appeal of all three orders (Plaintiff's exhibits A, B, and C), based in part on the frauds worked upon the Hawaii and Nevada courts in pursuing monetary damages claims in Nevada in

breach of the commitment exacted by this Court that all such claims would be litigated solely in Hawaii.

This is not the first instance of fraud having been worked upon this Court by the Plaintiff or its board members.

## PRIOR RELATED FRAUDS OF WBGI

I. <u>Fraud on WBGI Shareholders</u>

Indeed, even the very initiation of the instant action is a fraud on the shareholders of WBGI. The attached <u>Exhibit C</u> is a true copy of an agreement between WBGI and the defendants herein in which WBGI, via Ken Francik, promised that WBGI corporate funds would not be spent on litigation involving the governance issues that were pending herein during the first six months of this action. That commitment not to waste WBGI corporate funds was breached almost immediately after the <u>Exhibit C</u>, an original copy of which is contained in the file of this case, was signed, as per copies of the WBGI board minutes prepared two weeks later, and which I have seen, have shown. The shareholders of WBGI have thus been defrauded by that breach of commitment.

II. <u>Fraudulent Diversion of Visitor-Center-Funds to Litigation Purposes</u>

Several years ago, while serving on the management of WBGI, I arranged a special account with the Bank of Hawaii at the Kaiko'o branch, known as the Visitor Center account. Ken Francik on behalf of WBGI made written and oral promises to all of the then-existing shareholders of WBGI that if they would increase their financial investment with WBGI, that those monies would be placed into the special Visitor Center account, and used solely for construction of the long-anticipated Visitor Center for the Gardens.

Several of the existing shareholders invested additional monies with WBGI in response to that request, and I oversaw the deposition of approximately $220,000 into such account from the existing shareholders. Of that money, approximately $20,000 was legitimately spent in support of the Visitor Center construction, namely for a Traffic Study and attorney's fees to Ms. Sherrill Erickson in support of the Special Use Permit that was a prerequisite to obtaining a Building Permit. Since obtaining the Special Use Permit, no further work has been done in support of the Visitor Center construction.

Instead, the Visitor Center account has been completely drained of its remaining $200,000 in monies by the WBGI Francik board, according to the WBGI financial records I have seen, and those monies have been used elsewhere, including in support of the instant fraudulent litigation.

III.    Fraud on Hawaii and Nevada Courts

Previously, Mr. David Adams, Mr. Dan Perkins and I have detailed to this Court a fraud worked upon both this Court in Civil No. 05-1-0210, as well as the Reno court, by Mr. Francik in which he lied about the circumstances surrounding my personal share sales of shares in WBGI that I own, and his knowledge of those sales. Specifically, he had claimed he had learned about my personal share sales via an "audit" conducted by his girlfriend in late January, 2005. In fact, as well detailed by myself, Mr. Adams, and Mr. Perkins in Civil No. 05-1-0210, he handled a bank deposit receipt in the name style "World Botanical Gardens [Foundation]" for one such share sale in September, 2004, commented to both Mr. Perkins and Mr. Adams at that mini meeting in which he handled that deposit receipt that it was a good thing I was selling some of my personal shares as it reduced my voting strength in the company, and instructed Mr. Adams to return the misdirected deposit receipt to

5

myself, which Mr. Adams immediately did since I was standing only a few meters away and observing their conversation, which I personally did not hear.

Thereafter, as per his sworn statement provided to this Court in Civil No. 05-1-0210 just a few months ago, he again discussed my personal share sales with Mr. Adams in November, 2004, in which Mr. Adams told him he was reducing my share count in the corporate data base to reflect my share sales.

Clearly, Mr. Francik's subsequent frequent and repeated claims that he knew nothing of my personal share sales until after his girlfriend's "audit" of the WBGI corporate records in late January, 2005 is a fraud that he has been working not only on this honorable Court, but also upon the Nevada court for purposes of attempting to make it appear as if such share sales were done without his permission or board permission, allowing him and his board to collect an award of monetary damages against myself and Mr. Perkins in Reno for such alleged damages.

That particular fraud goes to the heart of the alleged damages to WBGI from the sale of my personal shares, and that fraud on his part was contrived to garner alleged "damages" to WBGI based on the notion that said share sales were done without permission of the WBGI board.  That fraud was further worked upon the courts in an effort to place myself in a false light for purposes of swaying the courts adversely against myself.

IV.    Fraud on Hawaii Court

Nor is Mr. Francik the only fraudulent actor herein.  The fraud of his girlfriend, Ms. Leslie Cobos, has likewise been previously detailed in Civil No. 05-1-0210 in which she has repeatedly knowingly (or with utter reckless disregard for the truth) and falsely claimed that certain checks I authored, and made payable to Mauna Kea Agribusiness, totaling some $80,000.00, were for purchase of a personal piece of

6

property I had acquired from Mauna Kea Agribusiness.   However, as previously detailed by the sworn statements of myself and Mr. John Cross in Civil No. 05-1-0210, those checks were used for purchases of lands now owned by WBGI, not owned by myself.

Over the years I have had various professional experiences in dealing with persons engaged in fraud, such as Mr. Francik in Civil No. 05-1-0210 and which frauds are used in support of the instant "Exemplified Foreign Judgment".   Those experiences include my work in the criminal justice system as an attorney in the1970s dealing with frauds committed by criminals; as a Federal law enforcement officer in the 1970s and 1980s; and as an educator in science and mathematics in the private and public schools of Hawaii, and other states, in dealing on occasion with fraudulent actions by students, in the 1980s and 1990s.   In none of those circumstances have I previously encountered such a pervasive fraud as herein being used to support the instant "Exemplified Foreign Judgment", nor one of such long duration.

Accordingly,   the only appropriate remedy, in light of the fraudulent commitment by the Plaintiff herein that was made to this honorable Court in an effort to stave off dismissal of Civil No. 05-1-0210 during last year's proceeding, is to vacate the instant  "Exemplified Foreign Judgment" or limit it as to advisory purposes only and of no monetary effect.

DATED:        December 29, 2006


Walter L. Wagner

**7**