CODE: 3370

FILED
2007 MAY 29 PM 4:55
[illegible] A. LONGTIN, JR.
BY_____
DEPUTY

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

WORLD BOTANICAL GARDENS, INC., a Nevada corporation,

    Plaintiff,

vs.

WALTER WAGNER, LINDA WAGNER, DAN PERKINS, DAVID ADAMS, RON TOLMAN, JACQUE TOLMAN, KIM HARRIS, DOUG HANSEN, JIM MCBETH, DOES I through X, and ROE ENTITIES I through X,

    Defendants.

Case No.  CV05-02079

Dept. No.  6

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING THE SALE OF DEFENDANTS' OWNERSHIP INTERESTS IN WORLD BOTANICAL GARDENS, INC AT PUBLIC AUCTION BY THE WASHOE COUNTY SHERIFF'S OFFICE**

On May 11, 2007, at 1:30 p.m., this Court conducted a hearing on a Motion by Plaintiff World Botanical Gardens Inc. (WBGI) Motion to Approve WBGI's Proposed Plan to Sell Defendants' Interests in WBGI at Public Auction. Plaintiff WBGI filed its motion pursuant to NRS 104.8112(5). The purpose of this motion is to seek the Court's aid in collecting its judgment against Defendants by holding a public auction of their WBGI shares through the Washoe County Sheriff.

Among other things, WBGI asked this Court to allow Defendants to make argument in opposition before the auction takes place, to reconcile any differences between WBGI's records and

Defendants' belief as to the number of shares they own, to approve WBGI's proposed procedure for effecting these share sales under Nevada law, to supervise the auction by retaining jurisdiction over the auction, to prevent Defendants from interfering with the public auction, to assure that successful bidders get what they pay for at the auction, and to reach timely finality on this collection process. Plaintiff WBGI indicated that it is prepared to follow this Court's instructions in this regard.

Robert W. Story and Lori M. Story of the Story Law Group appeared on behalf of Plaintiff WBGI. Preston Michie, WBGI's General Counsel and Vice Chairman of WBGI from Portland, Oregon, also appeared on behalf of WBGI. Preston Michie presented testimony by affidavit.

None of the Defendants appeared. Defendant Walter Wagner sent a fax to the Court's Administrative Assistant shortly before the hearing to inform the Court that Defendants would not be attending and would not be represented by counsel. Defendants did not oppose WBGI's motion or proposed procedures.

After considering the testimony, evidence, and arguments, the Court now enters its Findings of Fact, Conclusions of Law, and Order as follows:

## FINDINGS OF FACT

1. Defendants Walter Wagner, Dan Perkins, Linda Wagner and Dave Adams have appealed this Court's October 5, 2006 award of attorneys' fees and costs against each of the Defendants jointly and severally.

2. None of the defendants have posted a bond securing payment of this judgment or sought a stay of collection from this Court or the Nevada Supreme Court.

3. Shortly after trial WBGI settled with Defendant Doug Hansen for $52,000 in cash and WBGI stock.

4. Defendant Doug Hansen paid this settlement amount in full on or about December 15, 2006.

5. After applying the settlement amount in accordance with the Hansen Settlement Agreement and accounting for interest on the October 5, 2006 award at the Legal Rate, the amount remaining on the October 5, 2006 award in favor of WBGI against each of the Defendants jointly and severally as of April 15, 2007 is $66,884.89.

6. On February 7, 2007 this Court entered judgment against Walter Wagner in the amount of $281,216.00 representing 80% of the proceeds of illegal and fraudulent sales of WBGI treasury shares to innocent and unsuspecting victims. Walter Wagner did not appeal this award.

7. On February 7, 2007 this Court entered judgment against Dan Perkins in the amount of $70,304.00 representing 20% of the proceeds of illegal and fraudulent sales of WBGI treasury shares to innocent and unsuspecting victims. Dan Perkins did not appeal this award.

8. In calculating the amount illegally misappropriated by Wagner and Perkins, WBGI made a math error of $5,200.00 in Defendants favor.

9. After correcting for WBGI's math error, the amount owed by Wagner to WBGI is $285,376.00 and the amount owed by Perkins to WBGI is $71,344.00.

10. On February 7, 2007 this Court awarded WBGI attorneys' fees in the amount of $23,170.63 jointly and severally. Neither Walter Wagner nor Dan Perkins have appealed this award of attorney fees.

11. After accounting for interest at the Legal Rate, the amount owed by each Defendant as of April 15, 2007 is:

    a. Walter Wagner    $427,519.11
    b. Dan Perkins    $174,421.42
    c. Linda Wagner    $66,884.89
    d. Dave Adams    $66,884.89

12. Interest continues to accrue on these amounts at the Legal Rate.

13. On May 11, 2007, this Court awarded WBGI attorneys' fees against Wagner and Perkins jointly and severally in the amount of $9,675.00.

14. Defendants own the following shares in WBGI:

    a. Walter Wagner    2,578 shares
    b. Dan Perkins    440 shares
    c. Linda Wagner    50 shares
    d. Dave Adams    120 shares

15. WBGI proposes to sell Defendants' shares in eleven lots as follows:

a. Lot 1   Owned by: Walter Wagner     1500 shares

b. Lot 2   Owned by: Walter Wagner     500 shares

c. Lot 3   Owned by: Walter Wagner     500 shares

d. Lot 4   Owned by: Walter Wagner     78 shares

e. Lot 5   Owned by: Dan Perkins       200 shares

f. Lot 6   Owned by: Dan Perkins       200 shares

g. Lot 7   Owned by: Dan Perkins       40 shares

h. Lot 8   Owned by: Linda Wagner      50 shares

i. Lot 9   Owned by: Dave Adams        100 shares

j. Lot 10  Owned by: Dave Adams        20 shares

k. Lot 11  Owned by: Walter Wagner     Residual Interest

16. Lot 11 represents all future interests Walter Wagner may have or obtain in WBGI should his appeal succeed or should he otherwise be found to own WBGI shares.

17. WBGI proposes to destroy all of Defendants existing certificates and issue new certificates corresponding to these lots and deliver the new certificates to the Washoe County Sheriff's Office prior to public auction.

18. WBGI proposes to follow the notice and other procedures relating to the sale of certificated securities by the Washoe County Sheriff at public auction.

19. WBGI proposes to require that each bidder at the public auction register as a Qualified Bidder before he or she may bid for WBGI shares at public auction. A Qualified Bidder must be:

a. An accredited investor;

b. An existing shareholder; or

c. A Defendant.

20. Qualified Bidders must provide certain information to WBGI and make certain representations to WBGI prior to the public auction as a condition of becoming a Qualified Bidder.

21. WBGI proposes to allow Defendants to bid for shares only if they have deposited the following amounts with the Court prior to public auction to secure payment:

a. Walter Wagner, $128,900 (2578 shares at $50 each, reflecting the lower value of Wagner's shares);

b. Dan Perkins, $44,000 (440 shares at $100 each—the value attributed to WBGI shares in the Hansen settlement);

c. Linda Wagner, $5,000 (50 shares at $100 each); and

d. Dave Adams, $12,000 (120 shares at $100 each).

22. WBGI has offered to credit the above amounts against the amount owed WBGI by each Defendant if they elect to sell all of their shares by notifying this Court of their intent to do so.

23. WBGI proposes to require all other Qualified Bidders to make a refundable deposit of $10,000.00 with WBGI to secure payment of shares at auction.

24. WBGI proposes to provide access to WBGI financial and other information posted on its website and to make its officers available to Qualified Bidders to answer questions they may have about the financial condition and other matters of interest to Qualified Bidders.

25. WBGI proposes that each Qualified Bidder be issued a unique identification number.

26. WBGI proposes to begin biding on each lot with a bid of $10.00.

27. WBGI proposes to require each winning bidder to pay for their shares in cash, money order, or other means acceptable to WBGI at the auction.

28. WBGI proposes that it may step in front of any winning bidder's bid should a winning bidder default on payment.

29. WBGI proposes that the amount of each winning bid for each lot will be credited against the amount owed WBGI by each Defendant accordingly in accordance with a priority set forth in its Motion.

30. WBGI proposes to pay over to any Defendant any amount received from the auction in excess of that owed WBGI by that Defendant.

31. WBGI proposes that Defendants pay the costs of the auction, including an administrative fee of 5% of the auction proceeds, not to exceed $5,000.00, payable to WBGI to reimburse WBGI for its administrative costs.

32. WBGI proposes to provide an accounting of the auction results of this Court promptly

after the auction.

## CONCLUSIONS OF LAW

1. WBGI is within its rights to pursue collection of judgments this Court has awarded WBGI against Defendants by all legal means, notwithstanding Defendants' appeals because Defendants have not posted a bond securing payment of the judgments against them or obtained a stay of collection from this Court or from the Nevada Supreme Court.

2. This Court is authorized to supervise the proposed public auction of Defendants' interests in WBGI pursuant to NRS 104.8112(5).

3. WBGI's proposed procedure for conducting the public auction of Defendants' interests in WBGI, including Defendant Wagner's Residual Interest, is reasonable and proper, and the Court approves WBGI's proposed procedure without modification except as may otherwise be provided in this order.

4. Under NRS 18.160 – NRS 18.180 Defendants must pay WBGI's reasonable collection costs of conducting the public auction to satisfy WBGI's judgment against Defendants, including attorneys' fees, sheriff's fees, costs to publish notice, and other reasonable costs.

## ORDER

IT IS HEREBY ORDERED that WBGI may proceed with the public auction of Defendants' interests in WBGI to satisfy WBGI's judgments against Defendants according to the procedures proposed by WBGI without modification except as may be provided in this order.

Defendants are ordered not to interfere in the public auction in any way, including contacting prospective buyers, providing information concerning WBGI or the value of WBGI's shares to prospective buyers, or otherwise trying to influence the outcome of the auction.

Any Defendant may accept WBGI's offer to purchase all of his or her shares at the proffered price per share ($100 a share for Defendants Linda Wagner, Dan Perkins, and Dave Adams; $50 a share for Defendant Walter Wagner) by providing notice of his or her intent to do so to WBGI within 10 days of the date of this order. WBGI shall credit each Defendant with the appropriate amount of any accepted offer against amounts otherwise due WBGI from that Defendant.

Defendants Linda Wagner and Dave Adams may bid at auction for their shares only if they

deposit funds with WBGI securing payment in accordance with WBGI's proposed procedures within 10 days of the date of this order. WBGI shall hold these funds in trust for the benefit of Defendants pending the results of the public auction.

Defendants Wagner and Perkins may bid at auction for their shares only if they (1) first pay the $3,000.00 in outstanding fines imposed by this Court against these Defendants on February 7, 2007 for contempt of Court; and (2) deposit funds with WBGI securing payment in accordance with WBGI's proposed procedures within 10 days of the date of this order. WBGI shall hold these funds in trust for the benefit of Defendants pending the results of the public auction.

No Defendant may bid more for shares than they post as security with WBGI.

WBGI shall apply any funds deposited by a Defendant with WBGI that are not used to purchase their respective shares first to pay WBGI's costs of conducting the public auction and second to pay any remaining amounts due WBGI from that Defendant, including interest accrued at the Legal Rate. WBGI is ordered to return any remaining funds to defendants.

WBGI shall provide a complete accounting of the results of the public auction to this Court promptly after the auction, including remaining amounts due WBGI from each Defendant after accounting for (1) interest at the Legal Rate through the date of the auction, (2) the costs of conducting the public auction, including reasonable attorneys fees, sheriff's fees, publication costs, a WBGI administrative fee of 5% of the auction proceeds not to exceed $5,000.00, and other reasonable costs, and (3) any funds deposited with WBGI by Defendants pursuant to this order.

WBGI shall advise the Court whether any Defendant is owed money from the auction should the amounts paid at auction exceed the amount due from that Defendant and when WBGI expects to turn over the excess proceeds to that Defendant.

DATED: May 25, 2007.

*Brent Adams*

_____
BRENT ADAMS
DISTRICT JUDGE