Arnold Richer, #2751
Patrick F. Holden, #6247
**RICHER & OVERHOLT, P.C.**
Attorneys for Defendant World Botanical Gardens, Inc.
901 West Baxter Drive
South Jordan, Utah 84095
Telephone: (801) 561-4750
Email: aricher@richerandoverholt.com

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WALTER L. WAGNER, an individual, | |
| Plaintiff, | Case No. 2:11-cv-00784-BCW |
| v. | DEFENDANT WORLD BOTANICAL GARDENS, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS. |
| PRESTON MICHIE, an individual, KENNETH FRANCIK, an individual, LESLIE COBOS, an individual, MARK ROBINSON, an individual, ANNETE EMERSON, an individual, STEVE BRYANT, an individual, and WORLD BOTANICAL GARDENS, INC., a Nevada corporation, | |
| | Magistrate Paul M. Warner |
| Defendants. | |

Defendant World Botanical Gardens, Inc, a Nevada corporation ("Defendant WBGI"), by and through its attorneys of record Arnold Richer and Patrick F. Holden of RICHER & OVERHOLT, P.C., and pursuant to the *Federal Rules of Civil Procedure* (hereinafter "Rule" or "Rules") 12(b)(1), 12(b)(6) and DUCivR 7-1, submits Defendants World Botanical Gardens,

Inc.'s Reply Memorandum in Support of Motion to Dismiss.

## POINT I

## PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF ISSUE PRECLUSION.

Plaintiff attempts to avoid the preclusive effects of the three prior state court decisions, arguing that Plaintiff's claims arose after these three cases. Because Plaintiff's claims arose after the three prior state court decisions, Plaintiff argues they are not barred by issue preclusion.

### A. The Visitor Center Funds.

Plaintiff argues that his claims arising out of misappropriated funds earmarked for a Visitor Center were neither addressed nor known to Plaintiff during the state court cases. Plaintiff claims only a recent awareness of the "Visitor Center" issue, and therefore contends it is appropriately raised in the context of this action. However, Plaintiff was aware of the "Visitor Center" issue as far back as December of 2006, when he filed an Affidavit with the Hawaii Court[1]. In that Affidavit, Plaintiff claimed that "the Visitor Center Account has been completely drained of its remaining $200,000.00 in monies by the WBGI Francik board, according to the WBGI financial records I have seen, and those monies have been used elsewhere, including in support of the instant fraudulent litigation." [Docket # 19; Exhibit # 4; pgs. 4 - 5]

Thus, Plaintiff's claim that he did not know and could not have raised this issue is

---

[1] The "Sworn Affidavit of Walter L. Wagner in Support of Motion to Vacate or Limit Exemplified Foreign Judgment; Exhibits A, B, C;" dated December 29, 2006 in the Second Hawaii Court is attached as Exhibit # 4 to Defendant WBGI's Memorandum in Opposition to Plaintiff's Motion for a Preliminary Injunction.

without merit. In fact, each state court concluded that Plaintiff misappropriated corporate funds. See [Docket # 7; Exhibit # 1; pg.7- 8; ¶ 23](Plaintiff Wagner "improperly sold interests in WBGI and pocketed the proceeds, thereby depriving WBGI of badly needed capital.") [Docket # 7; Exhibit # 2; pg. 12; ¶ 35]("Funds from Garden operations and investor sales would be used to pay for Wagner's commingled personal expenses and WBGI's expenses.")

Most telling, the Second Hawaii Court found:

that WBGI funds were being used for the personal or unrelated expenses of the Wagners, and [Dan Perkins] continued to solicit investments and sell shares representing that monies would be used for the construction of WBGI improvements, knowing that the monies would be used to pay for the Wagners' personal expenses instead.

[Docket # 7; Exhibit # 3; pg. 15; ¶ 38]

Thus the Second Hawaii Court did address the misappropriation of funds purportedly designated for "improvements" but instead used for Plaintiff's own benefit. The issue was litigated, Plaintiff knew about the issue, and it was decided against Plaintiff. Plaintiff's "Visitor Center" claims are barred under the doctrine of issue preclusion.

**B. The Hawaii Indictment.**

Plaintiff claims that the publication of the Hawaii indictment ("Indictment") constitutes defamation and that it is not subject to issue preclusion because the Indictment was issued after the state court litigation. First, the Indictment was based on Plaintiff's misappropriation of funds. Plaintiff notes that the Indictment related to the "fraudulent issuance of a WBGI

promissory note." [Complaint, ¶ 34]   Plaintiff further alleges that "[a]s a consequence, . . . plaintiff was wrongfully prosecuted . . . ." [Complaint, ¶ 33]   Again, the prosecution was based on the claim that "plaintiff signed a WBGI promissory note on January 1, 2004, without being a WBGI officer . . . and that accordingly they had attempted to defraud WBGI by doing so . . . ." [Complaint, ¶ 33].

The First Hawaii Court found that "[t]he 2004 promissory note which purported to incorporate and merge all of the prior promissory notes, was fraudulently created." [Docket # 7; Exhibit # 2; pg. 16, ¶ 5] Thus, the basis of the Indictment - the defamatory content - was the subject of a prior court finding and is therefore subject to issue preclusion.  The First Hawaii Court litigated and resolved the issue of whether Plaintiff fraudulently executed the 2004 Note.

## C. The Second Hawaii Court Trial.

Plaintiff argues that he was not afforded a full and fair opportunity to litigate in the Second Hawaii Court.  Plaintiff claims his wife was arrested during the trial, and as a result, he was unable to attend the remaining trial.  Accordingly, Plaintiff contends the Second Hawaii Judgment ought not preclude his defamation claims.

According to Plaintiff, his spouse was arrested during the trial. [Wagner Aff., ¶ 14]   As a result, Plaintiff left to post his spouse's bail. [Wagner Aff., ¶ 14]   When Plaintiff returned, the trial was over. [Wagner Aff., ¶ 14]

On March 13, 2008, the Second Hawaii Court entered an "Order Granting in Part and

Denying in Part Plaintiff World Botanical Gardens, Incorporated's Motion for Partial Summary Judgment Filed Herein on November 30, 2007[2]." The Second Hawaii Court found that:

> Personal expenses of the Wagners, unrelated to WBGI's business, were paid for with WBGI's funds, including funds solicited by Defendant Dan Perkins for WBGI's business operations. Full disclosures and accurate records of income and expenses were not kept, disclosed or maintained by defendants.
>
> [Docket # 7; Exhibit # 2; pg. 8; ¶ 16].

Therefore, Plaintiff's Complaint about his absence from the trial does has no relevance to the preclusive effect of the Second Hawaii Court's grant of partial summary judgment.

In addition, Plaintiff's own recitation of facts related to his absence from the Second Hawaii Court trial raises no questions about the validity of the Second Hawaii Court Judgment. Plaintiff requested no continuance. Instead, he simply chose not to attend the trial so he could bail out his wife. Plaintiff's voluntary absence from trial raises no issues concerning the validity of the Second Hawaii Court Judgment.

**D.  Poor Record Keeping.**

Plaintiff claims that the issue of Plaintiff's poor record keeping was tangential, hence not an appropriate basis to apply issue preclusion. However, the Nevada Court in an Order of Contempt arising from the same matter stated:

---

[2] Attached as Exhibit # 1 is a copy of the "Order Granting in Part and Denying in Part Plaintiff World Botanical Gardens, Incorporated's Motion for Partial Summary Judgment Filed Herein on November 30, 2007" from the Circuit Court of the State of Hawaii, Civil No. 05-1-0210, from the Second Hawaii Court. Defendant WBGI pursuant to Fed.R.Evid. 201, requests that the Court take judicial notice of this state court document.

> After repeated questioning by this Court and counsel, Defendants Walter Wagner and Dan Perkins, shockingly, were unable to state how many shares of stock they had sold, unable to state to whom they sold the stock, unable to state the purchase price they had received for the stock they had sold, and were unable to account for the disposition of funds from innocent and unsuspecting victims.

[Docket # 19; Exhibit # 1; Order of Contempt; Finding of Fact # 13, pg. 8]

Plaintiff's record-keeping was not tangential to the litigation. It was important enough for the Nevada Court to go out of its way and include the issue in two separate findings of fact in the context of contempt proceedings. Accordingly, it is appropriate to give the Nevada Court Judgments preclusive effect against Plaintiff's defamation claims.

## POINT II

## PLAINTIFF FAILED TO STATE A CLAIM FOR FRAUD ARISING OUT OF THE SHERIFF'S SALE OF PLAINTIFF'S STOCK.

The Nevada Court ordered the sale of Plaintiff's remaining WBGI stock to satisfy pending judgments. The Washoe County Sheriff's Office, acting pursuant to court order and instructions, sold Plaintiff's stock[3]. After conducting a hearing, the Court ordered that Defendant WBGI "may proceed with the public auction of Defendants' interests in WBGI to satisfy WBGI's judgments against Defendants according to the procedures proposed by WBGI . . . ." [Docket # 19; Exhibit #5; pg. 6] The Court required Defendant WBGI to provide a "complete

---

[3] The "Findings of Fact, Conclusions of Law, and Order Approving the Sale of Defendants' Ownership Interests in World Botanical Gardens, Inc at Public Auction by the Washoe County Sheriff's Office;' Civil No. CV05-02079 dated May 29, 2007 is attached as Exhibit # 5 of Defendant WBGI's Memorandum in Opposition to Plaintiff's Motion for a Preliminary Injunction [Docket #19].

accounting of the results of the public auction to this Court promptly after the auction . . . ." [Exhibit # 5; pg. 7]

The Sheriff's Sale of Plaintiff's stock was done pursuant to court approved procedures and court supervision. Any objection to the sale must have and should have been brought before the Nevada court that authorized and supervised the sale. As a matter of law, Defendant WBGI could not have engaged in fraud when it was acting pursuant to the directives of a competent court which directed and supervised the sale. Plaintiff has not and cannot plead and prove a fraud claim arising out of the sale of his stock.

## POINT III

## COMPLAINTS REGARDING THE INTERNAL AFFAIRS OF DEFENDANT WBGI SHOULD BE RESOLVED IN NEVADA STATE COURT.

Defendant WBGI argued that this Court lacks jurisdiction over complaints addressing the internal affairs of Defendant WBGI, a Nevada corporation. This argument is based on a Nevada statute stating that claims relating to the management of a Nevada corporation must be brought in "the district court of the county in which the registered office of the corporation is located . . . ." N.R.S. 78.630.

In response, Plaintiff argues that this Court has concurrent jurisdiction over such claims where this Court's jurisdiction is based on diversity pursuant to 28 U.S.C. § 1332. See Codos v. National Diagnostic Corp., 711 F.Supp. 75 (E.D.N.Y. 1989)("state legislatures have no power to expand or contract federal diversity jurisdiction.")

Conversely, in <u>Atkins v. Tony Lama Company, Inc.</u>, 624 F.Supp. 250, 257 (S.D. Indiana 1985) the court addressed a complaint of corporate mismanagement brought in federal court. The court declined to hear the matter, noting that "this Court would be required to immerse itself in Texas law, a task which in the Court's opinion is better left to the courts of that state." <u>Id</u>. <u>See also</u> <u>Reid v. Hughes</u>, 578 F.2d 634 (5th Cir. 1978)(considering a corporate mismanagement case stating "[t]his type of cause of action, however, is of the type traditionally assigned to state courts . . . .")

Even if the Court concludes it has concurrent jurisdiction, it should nevertheless abstain from considering Plaintiff's corporate mismanagement claims. "A federal court may abstain from hearing a case or claim over which it has jurisdiction to avoid needless disruption of state efforts to establish coherent policy in an area of comprehensive state regulation." <u>Friedman v. Revenue Management of New York, Inc.</u>, 38 F.3d 668, 671 (2d Cir. 1994). The Second Circuit concluded that:

> abstention would avoid needless interference with New York's regulatory scheme governing its corporations. New York has a strong interest in the creation and dissolution of its corporations and in the uniform development and interpretation of the statutory scheme regarding corporations.

<u>Id</u>.

Nevada has no less a strong interest in the uniform development and interpretation of its statutory scheme regarding corporations. Plaintiff's allegations concern the internal affairs of Defendant WBGI, which are governed by the law of Nevada. Accordingly, Defendant WBGI

8

requests that this Court abstain from exercising jurisdiction over this matter and direct Plaintiff to pursue any claims involving Defendant WBGI's internal affairs to the state courts of Nevada.

## CONCLUSION

For the foregoing reasons, Defendant WBGI requests that the Court dismiss Plaintiff's Complaint.

DATED this 30th day of November, 2011.

**RICHER & OVERHOLT, P.C.**

_____
Arnold Richer
Patrick F. Holden
Attorneys for Defendant World Botanical Gardens, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **DEFENDANT WORLD BOTANICAL GARDENS, INC.'S REPLY MEMORANDUM** to be delivered to the following in the manner and on the date below indicated:

| | |
|---|---|
| [ ] Mail | Walter L. Wagner |
| [ ] Fax | 532 N 700 E |
| [x] Email | Payson, Utah 84651 |
| [ ] Hand Delivery | retlawdad@hotmail.com |
| | (Pro Se Plaintiff) |

DATED this 30th day of November, 2011.

*[signature]*