WALTER L. WAGNER
532 N 700 E
Payson, Utah 84651
retlawdad@hotmail.com
808-443-6344

FILED
U.S. DISTRICT COURT

2012 JAN 26  P 12: 45

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | | |
|---|---|---|
| WALTER L. WAGNER, | ) | Case:   2:11cv00784 |
| | ) | |
| Plaintiff | ) | **AFFIDAVIT OF WALTER L.** |
| | ) | **WAGNER IN SUPPORT OF** |
| vs. | ) | **MOTION  FOR EXTENSION** |
| | ) | **OF TIME OR,** |
| PRESTON MICHIE, KENNETH | ) | **ALTERNATIVELY, FOR** |
| FRANCIK, LESLIE COBOS, MARK | ) | **SERVICE UPON THE** |
| ROBINSON, ANNETTE EMERSON | ) | **CLERK OF THE COURT** |
| STEVE BRYANT, WORLD BOTANICAL | ) | |
| GARDENS, INC. (WBGI), | ) | Hon. Clark Waddoups |
| | ) | |
| Defendants | ) | (Jury Trial Demanded) |
| | ) | |

## AFFIDAVIT OF WALTER L. WAGNER IN SUPPORT OF MOTION FOR EXTENSION OF TIME OR, ALTERNATIVELY, FOR SERVICE UPON THE CLERK OF THE COURT

I, Walter L, Wagner, affirm state and declare, under penalty of perjury, as follows:

1.    I have email addresses for some of the named defendants, but I have been directed by their Hawaii attorney not to send emails to them.  I had previously been engaged in efforts at settlement via email, in particular with Mr. Bryant, but this was subsequently foreclosed when his attorney advised I was to engage in no further email contact with him.  I am aware he is aware of this case, because of the last email he had sent to a friend and which was forwarded to me in which Mr. Bryant referenced he had become a defendant in this case, and that he had seen the complaint.

2.    I have endeavored to locate residence addresses where the named defendants can be served, but I have not been successful thus far.  I have searched electronically via google and other means, but I have not found viable addresses for them.

3.    Defendant WBGI has viable addresses for all of the defendants, and it would be very easy for either WBGI's attorney to be designated as the agent for service of process for the other defendants, all of whom are WBGI officers (present and recent past), or to require defendant WBGI to

divulge the addresses of the other un-served defendants, if this court declines to allow service pursuant to Rule 5(b)(2)(D).

4.     It is my understanding that Rule 5(b)(2)(D) should be read in conjunction with its immediately preceding Rule 5(b)(2)(C). Together they read:

*(C) mailing it to the person's last known address—in which event service is complete upon mailing;*

*(D) leaving it with the court clerk if the person has no known address;*

While Rule 4 is the normal rule for service of the Summons and Complaint, it applies when the address of the party is known. When the address has never been known, Rule 5 should be applicable. Under 5(b)(2)(C), if a party has been served, then that party has had a known address, and if that party has moved without leaving a forwarding address, then subsequent pleadings can be mailed to the last known address.

5.     If a party has a last known address, then Service of Process would have been effected there, or possibly elsewhere, and then Rule 5(b)(2)(C) would be applicable thereafter for service of all subsequent pleadings. However, if a party has never had a known address, then he/she/it could not have been served with the Summons and Complaint pursuant to Rule

4, and thus this part (D) implies that service of the Summons and Complaint may be effected by "*leaving it with the court clerk if the person has no known address*", meaning no past known address from which they moved, or present known address.

6.     I am aware of an opinion of a federal trial court in Massachusetts that takes a somewhat contrary view (*Cryer v. UMASS Medical Correctional Health, et al.;* Civil NO. 10-11346-PBS, US District Court, D. Massachusetts, March 7, 2011;

(http://scholar.google.com/scholar_case?case=14960736109271718910),

but I believe that view is in error, at least with respect to the instant case, as I am not seeking a default against defendants based on service upon the Clerk, but rather attempting to obtain verification that Rule 5(b)(2)(D) does allow service on the clerk (as opposed to service by publication in newspapers, as is allowed in some state courts when the party cannot be located) when there is no known address, and there never has been one.

7.     In essence, I believe that the easy solution to service would be for defendant WBGI's Utah counsel to simply be designated as the agent for service of process for the un-served defendants, as that counsel is already in constant communication with the un-served defendants, all of whom are officers or directors of defendant WBGI.  Likewise, since an individual has a duty to avoid unnecessary expenses of serving the summons pursuant to

4

Rule 4(d), the easiest way to avoid such unnecessary expenses is to designate their corporate attorney as their agent for service of process, absent any other viable means of service.

DATED:     January 26, 2012


_____

Walter L. Wagner


## CERTIFICATE OF SERVICE

I certify that the above document was served on Arnold Richer, 901 W. Baxter Drive, South Jordan, UT 84095 by placing same in the US Mail addressed to Mr. Richer, postage thereon fully prepaid on January 26 2012.

DATED:     January 26, 2012


_____

Walter L. Wagner