### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

### CENTRAL DIVISION

| | |
|---|---|
| **WALTER L. WAGNER,**<br><br>             **Plaintiff,**<br><br>**v.**<br><br>**PRESTON MICHIE; KENNETH FRANCIK; LESLIE COBOS; MARK ROBINSON; ANNETE EMERSON; STEVE BRYANT; and WORLD BOTANICAL GARDENS, INC., a Nevada corporation,**<br><br>             **Defendants.** | **ORDER**<br><br><br>**Case No. 2:11-cv-784-CW-PMW**<br><br><br><br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court is Walter L. Wagner's ("Wagner") motion for an extension of time for service of process or, alternatively, for service of process upon the Clerk of the Court.[2]

Wagner's amended complaint in this case was filed on October 5, 2011.[3]  Wagner has provided the court with timely proof of service with respect to World Botanical Gardens, Inc.

---

[1]  *See* docket no. 9.

[2]  *See* docket no. 28.

[3]  *See* docket no. 2.

("WBGI").[4]  However, he has not provided the court with proof of service with respect to the remaining defendants named in his amended complaint ("Defendants"), and more than 120 days have elapsed since Wagner's amended complaint was filed.

In the motion before the court, Wagner seeks an extension of time for service of process on Defendants or, alternatively, for service of process upon the Clerk of the Court.  Wagner asserts that he has been unable to serve Defendants because "WBGI has not been forthcoming with providing him with" valid addresses for Defendants.[5]  Wagner also makes the conclusory assertion that he has attempted to locate valid addresses for Defendants without success.  Based on those assertions, Wagner requests an extension of time to serve Defendants or, alternatively, for the court to allow him to serve process on Defendants by leaving it with the Clerk of the Court.

In relevant part, rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

For the following reasons, the court has determined that Wagner's arguments are without merit.  First, Wagner has failed to provide any reason why WBGI is required to disclose

---

[4]  *See* docket no. 4.

[5]  Docket no. 28 at 3.

2

Defendants' addresses to him.  Second, he has not provided court with any detail concerning the efforts he has undertaken to locate Defendants' addresses.  Finally, Wagner has failed to persuade the court that serving process on Defendants by leaving it with the Clerk of the Court is permissible.  Wagner relies upon rule 5(b)(2)(D) of the Federal Rules of Civil Procedure to support that argument; however, rule 5 governs service of pleadings and other papers, not service of the summons and complaint.  It is rule 4, not rule 5, that governs service of the summons and complaint.

For those reasons, the court concludes that Wagner has failed to demonstrate "good cause" for his failure to serve Defendants in a timely fashion.  Fed. R. Civ. P. 4(m).  Accordingly, Wagner's motion for an extension of time for service of process or, alternatively, for service of process upon the Clerk of the Court[6] is **DENIED WITHOUT PREJUDICE**.

Although the court has denied Wagner's motion, the court reiterates that it is a denial without prejudice.  The court recognizes that rule 4(m) requires notice to Wagner before his claims against Defendants can be dismissed pursuant to rule 4(m).  This order serves as that required notice.  Wagner may renew his motion for an extension of time to serve Defendants, but any such motion must be filed on or before March 30, 2012, and must also provide the court with enough detail to determine whether "good cause" exists for extending the time to serve Defendants.  *Id.*  Wagner's failure to file such a motion on or before March 30, 2012, will result

---

[6] *See* docket no. 28.

in a recommendation to Judge Waddoups that Wagner's claims against Defendants be dismissed pursuant to rule 4(m).  *See id*.

       **IT IS SO ORDERED**.

       DATED this 5th day of March, 2012.

                  BY THE COURT:

                  PAUL M. WARNER
                  United States Magistrate Judge