WALTER L. WAGNER
532 N 700 E
Payson, Utah 84651
retlawdad@hotmail.com
808-443-6344

FILED
U.S. DISTRICT COURT

2012 MAR 27  P 4: 20

DISTRICT OF UTAH

BY:_____
      DEPUTY CLERK

# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

---

| | |
|---|---|
| WALTER L. WAGNER, ) | Case:   2:11cv00784 |
| ) | |
| Plaintiff ) | **RENEWAL OF MOTION** |
| ) | **FOR EXTENSION OF TIME** |
| vs. ) | **OR, ALTERNATIVELY,** |
| ) | **FOR SERVICE UPON THE** |
| PRESTON MICHIE, KENNETH ) | **CLERK OF THE COURT** |
| FRANCIK, LESLIE COBOS, MARK ) | |
| ROBINSON, ANNETTE EMERSON ) | |
| STEVE BRYANT, WORLD BOTANICAL ) | |
| GARDENS, INC. (WBGI), ) | Judge Clark Waddoups |
| ) | |
| Defendants ) | Magistrate Paul M. Warner |
| ) | |

---

## RENEWAL OF MOTION FOR EXTENSION OF TIME OR, ALTERNATIVELY, FOR SERVICE UPON THE CLERK OF THE COURT

Pursuant to the Order of the honorable Paul M. Warner of March 5, 2012 setting forth the requirements for the renewal of plaintiff's motion for an extension of time, plaintiff Walter L. Wagner hereby renews his motion for an extension of time, and amplifies upon his earlier motion.

I

## GOOD CAUSE EXISTS FOR ALLOWING EXTENSION

This motion is filed before the March 30, 2012 deadline set forth in the earlier Order of March 5, 2012 denying without prejudice plaintiff's opportunity to refile the request for an extension of time. Additionally, by the accompanying sworn affidavit, plaintiff now provides the requisite detail showing good cause as to why he should be granted additional time to serve defendants.

Defendants are not in Utah, nor are they in Hawaii, the two states in which plaintiff has lived for the past several decades. Rather, they are in states foreign to plaintiff's residences. The internet searches conducted by plaintiff have led to multiple addresses for multiple individuals of the same or similar names, and plaintiff has not, to date, been able to ascertain which is the correct address. As noted in the accompanying affidavit, this is in part due to the efforts of defendants to preclude plaintiff from contacting

2

them, in that they obtained a court order to preclude all contact, including contact to simply verify their address, save for the lone exception being actual service of court process. Absent that verifying information, plaintiff was at a loss to determine which of the many addresses that showed on his internet searches were the valid addresses for the defendants.

Because plaintiff believed that Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure (FRCP) means what it says, he believed that after a reasonable internet search that he conducted, and not having direct confirming information, that he could serve the defendants by leaving the Summons and Complaint with the clerk, as is directly implied by said rule. His understanding of the rule is not unreasonable, as he has since learned that others, members of the bar in their state, have also obtained such an understanding (as noted in his affidavit when an attorney in another jurisdiction stumbled upon the same difficulty using a reasonable reading of the rule). In particular, if one limits Rule 5 to only pleadings that are filed after the Summons and Complaint is served, then Rule 5(b)(2)(D) would be an 'orphan rule', that is, one in which it could never be applicable[1] (and hence a meaningless rule, similar to the human appendix being a vestigial

---

[1] One could conceivably imagine a situation such as having the process server simply happen upon the defendants on the street, but that is such an unlikely situation as being not what was reasonably contemplated by the rule.

3

organ, having no current use).  Because the body of FRCP Rule 4 does not state that the FRCP Rule 4 is the only rule that is applicable to the service of the Summons and Complaint, and because the body of FRCP Rule 5 does not specifically exclude service of the Summons and Complaint, one has to believe that FRCP Rule 5(b)(2)(D) was enacted for a reason, and not as a vestigial rule serving no purpose.

The only reason for FRCP Rule 5(b)(2)(D)'s existence could be to cover the existent situation of serving a legal document when there has never been a known address, which implies service of the Summons and Complaint.  If the address had at one time been known (for example, when the Summons and Complaint was initially served, but the defendant then moved without providing a forwarding address before any other documents were served), then clearly FRCP Rule 5(b)(2)(C) would be the applicable rule.  But in this case, the address has never been known, so that would fall under FRCP Rule 5(b)(2)(D).

This is clearly a reasonable understanding of the rule, and one on which the plaintiff relied, and on which attorneys in other jurisdictions have relied (also to their detriment).  Plaintiff was unaware that this Court would interpret the rule to be an effective vestigial rule.  This is particularly so in light of FRCP Rule 4 conferring a <u>duty upon the defendants</u> to <u>minimize the costs associated with service of process</u>.  That duty is also extended by

4

implication to the judiciary. Accordingly, good cause exists to extend the time for service if this Court now wishes to restrict service of the Summons and Complaint solely to FRCP Rule 4 and leave FRCP Rule 5(b)(2)(D) as a vestigal rule serving no effective function, in that plaintiff Wagner relied upon a reasonable interpretation of the rule, an identical interpretation other attorneys with similar situation also obtained, to his detriment.

II

## DEFENDANTS NOT PREJUDICED BY EXTENSION

Defendants are well aware of this case, and the service of the Summons and Complaint on defendant WBGI. They are, in essence, the corporation WBGI since they are its board of directors served with the complaint on WBGI in their official capacity as board members (with the sole exception of defendant Emerson, who has apparently resigned as a WBGI board member, based upon third-hand reports received by plaintiff). Moreover, at least one of them has acknowledged he's seen the Complaint (see accompanying sworn affidavit of plaintiff). Accordingly, service of the Summons and Complaint at a later date than the original time-schedule of FRCP Rule 4 would not work a hardship of surprise upon the defendants, since they are well-apprised of the Complaint and have, as a board, contracted with counsel to represent WBGI on the complaint, even if they individually have not been formally served.

5

III

## DEFENDANTS OWE A DUTY TO AVOID UNREASONABLE EXPENSE

Pursuant to FRCP Rule 4(d), the defendants have a duty to avoid unnecessary expense of serving the summons. That rule reads: "*An Individual, corporation or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. ...*" (And it is noted that these defendants are subject to service under 4(e), service of an individual within the US).

An easy way to accommodate that duty is to allow service of the Summons and Complaint by email pursuant to FRCP Rule 4(d)(1). While the rule itself appears primarily designed to be effected pursuant to postal mail (USPS), it can just as easily be implemented by email, including a copy of the Summons and Complaint, the requisite waiver request, the text prescribed in Form 5, etc. The rule almost appears to anticipate email, as it allows the information to be sent by either "first-class mail" (USPS) or "other reliable means" (email is reliable). This would minimize extensively the costs associated with service. Duplicate print-copies, already prepared, could additionally be lodged with WBGI's counsel for those who might wish to avoid the costs associated with printing from their email documents.

Accordingly, plaintiff alternatively requests that he be allowed to serve the defendants by email, for all of whom he has valid email addresses.

6

This would additionally comport with their desire to keep their physical addresses secret, as is currently the case.

IV

CONCLUSION

Plaintiff expended considerable effort to locate the physical addresses of defendants, to no avail.  He was unable to narrow the various choices of addresses down to a single address because of the restriction the defendants placed upon him by way of court order from Hawaii.

Plaintiff reasonably believed that he had a viable alternative to service upon the individual when unable to ascertain an exact physical address.  His reading of Rule 5(b)(2)(D) was straightforward, and the same reading as bar-admitted attorneys in other jurisdictions.  He was unaware that this Court would take a narrower interpretation, particularly in light of the duty to lessen the expenses associated with service of process.

Defendants are not harmed or prejudiced in any way by granting plaintiff an extension of time to effect service, in that they are already fully aware of the complaint, having commissioned as a group their hiring of counsel to represent defendant WBGI, for which they are members of the board of directors; as well as one member of their board (and President of WBGI) acknowledging in an email that he's seen the complaint.

7

Accordingly, they have full knowledge of the instant suit, and will not be 'surprised' by a service later than initially anticipated by the rules.

WHEREFORE, good cause exists to grant plaintiff an extension of time to effect service of process in accordance with some, all or none of the suggestions made.  Plaintiff does not seek to create a difficulty for the individual defendants in service of process, but at the same time is saddled with the difficulty of not being allowed to telephone them to verify which is the correct address.  Accordingly, plaintiff requests explicit order from this Court allowing him to telephone the various addresses to ascertain which are the correct ones, or alternatively that he be allowed to provide service by email

DATED: March 27, 2012


Walter L. Wagner