WALTER L. WAGNER
532 N 700 E
Payson, Utah 84651
retlawdad@hotmail.com
808-443-6344

FILED
U.S. DISTRICT COURT

2012 MAR 27  P 4: 22

DISTRICT OF UTAH

BY:_____

# UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | | |
|---|---|---|
| WALTER L. WAGNER, | ) | Case:   2:11cv00784 |
| | ) | |
| Plaintiff | ) | **AFFIDAVIT OF WALTER L.** |
| | ) | **WAGNER IN SUPPORT OF** |
| vs. | ) | **RENEWAL OF MOTION** |
| | ) | **FOR EXTENSION OF TIME** |
| PRESTON MICHIE, KENNETH | ) | **OR, ALTERNATIVELY,** |
| FRANCIK, LESLIE COBOS, MARK | ) | **FOR SERVICE UPON THE** |
| ROBINSON, ANNETTE EMERSON | ) | **CLERK OF THE COURT** |
| STEVE BRYANT, WORLD BOTANICAL | ) | |
| GARDENS, INC. (WBGI), | ) | Judge Clark Waddoups |
| | ) | |
| Defendants | ) | Magistrate Paul M. Warner |
| | ) | |

# AFFIDAVIT OF WALTER L. WAGNER IN SUPPORT OF RENEWAL OF MOTION FOR EXTENSION OF TIME OR, ALTERNATIVELY, FOR SERVICE UPON THE CLERK OF THE COURT

I

## BACKGROUND

I, Walter L. Wagner, affirm state and declare, under penalty of perjury of the laws of the state of Utah, as follows:

This honorable Court has directed that I may renew my motion for an extension of time in which to serve the individually named defendants, setting forth that the denial was without prejudice to re-file. The Court asserted that I had not "*provided court with any detail concerning the efforts he has undertaken to locate Defendants' addresses.*"[1] This affidavit will serve to rectify that omission.

First, this Court needs to be aware that I am deliberately handicapped in investigating the defendants. Specifically, defendants obtained a court order in Hawaii (in conjunction with the "judgment" obtained without a valid trial) that precludes me, or any agent acting on my behalf, from having any contact with any of the defendants herein. I cannot telephone them to verify which of numerous potential addresses is the correct one, nor may I

---

[1] Page 3, top sentence, *Order* of March 5, 2012

email them to confirm addresses, etc., nor may I have an agent acting on my behalf engage in such conduct. Their attorney in Hawaii, Thomas Yeh, within the past few months, threatened sanctions when I had attempted a settlement by emailing defendant Bryant, after apparently defendant Bryant forwarded my settlement offer email to Mr. Yeh. Even though I do not believe the Hawaii court has jurisdiction over my actions in other states, I prefer not to ruffle feathers in that regard.

I do have valid email addresses for all of the named defendants, which I have had for some time, and with which I have previously communicated with them. However, absent specific court order, I believe the rules for service of process do not allow for service of process by email. Nevertheless, I have the Amended Complaint and the Summons in electronic format, and I am able to email them those documents, should this Court authorize service by email.

In fact, the individually named defendants are well-aware of this lawsuit, as all of them are current members of the board of directors (save Ms. Emerson who is, I believe, now recently resigned from that board). I have confirmed this fact by way of an email that Mr. Bryant wrote to a WBGI shareholder stating that he has "*seen the legal filing by Walter Wagner*" and which was subsequently forwarded to me (attached herewith

as *Exhibit "A"*). Further, in order for WBGI to act (as they did in retaining Utah counsel) they must act as a Board of Directors, and hence the individual members would of necessity be apprised of this lawsuit and the Amended Complaint.

These facts are presented, not to show that they are effectively served (which they are), but that valid service as determined by this Court, that should transpire in the next few months, will work no difficulty on them in that they are already aware of the Amended Complaint and have directed their Utah counsel to file on their behalf, though not individually, but on behalf of them as a Board of Directors.

II

## PREVIOUS EFFORTS AT LOCATING DEFENDANTS' ADDRESSES

I have never met any of the defendants other than in Hawaii (save in Las Vegas at board meetings conducted there when I met defendants Francik, Emerson, Michie and Cobos) when they were nowhere near their home addresses. None of them live in Hawaii. I had general information regarding their whereabouts from having met them in Hawaii, and I used that general information to search for physical addresses on the mainland (in their home states).

I performed numerous internet searches using 'Google' to find articles or other information about them. This effort was for about 15 hours total time, which resulted in very little direct information as they all appear to have very low internet profiles. The searches routinely resulted in links to the WBGI website, in which the address given for them is the WBGI postal address in Honomu, Hawaii. Nowhere did I ascertain a home residence address where they might be served. In most instances, I had information for multiple individuals with the same name, and I was not able to narrow that information down to a single individual due to the restriction on my ability to telephone, email or otherwise seek verification of which was the proper individual.

### III

### CURRENT ONGOING EFFORTS

I have continued searching the internet for additional information that would locate residence addresses. Using the 'White Pages' on the internet I have found the following:

| | |
|---|---|
| Steve Bryant: | 12 returns for that name in Minnesota |
| Mark Robinson: | 44 returns for that name in Washington |
| Annette Emerson: | 5 returns for that name in California |
| Preston Michie: | 5 returns for that name in Oregon |

      Leslie Cobos:           4 returns for that name in California

      Kenneth Francik:      1 return for that name in California

With respect to Kenneth Francik, I also received an alias (aka) for that name under the name of Kenneth Francis with the same address. Under that alias there are 12 returns.

I believe that I would be able to narrow each of those returns down to 1, or possibly 2, returns if I were authorized to telephone (or have an agent do so on my behalf) the various addresses given for those returns to verify which is the correct address. It is also possible that none of those returns are the proper address. The returns include common variants on two of the names (Steve, Steven, Stephen; Ken, Kenneth) as I am uncertain of the exact spelling that is customarily used.

This Court will note that in the Affidavit filed earlier there were attached two documents in the *Exhibit "C"* that had addresses for defendant Emerson, listed as "1380 Greg St. #204, Sparks NV 89431". I investigated that address and found it to be a mail-drop only, not a residence. Further, I am reliably informed by neighbors to that address that defendant Emerson does not live in Nevada, but lives in California. Apparently, at the time that she was filing documents with Nevada she attempted to make it appear to the clerks in the State of Nevada that she

6

was a Nevada resident, for purposes of satisfying the residency requirement for the *'Resident Agent'* position she had obtained by telling me she was a resident of Nevada. While that statement was given under penalty of perjury (a Class C felony in Nevada), I have no evidence that defendant Emerson has ever had Nevada as a domicile state.

Also, on reviewing that last document I discovered that an address is given for defendant Francik that matches one of the returns on my internet search. Accordingly, I believe that that is a correct address (though I'm not certain if it is still good, as the returns don't give dates, and the document was from eight years ago which I recently pulled from my archived files), and I have accordingly forwarded the Summons and Complaint to that particular address with the requisite waiver request and appropriate information.

IV

## RELIANCE UPON RULE 5

If I have been remiss in not further elucidating the addresses of the defendants, it is because I have relied upon Rule 5 of the Federal Rules of Civil Procedure (FRCP) as a 'backup'. While this Court has indicated that Rule 5 is not applicable, that is not my understanding, nor am I alone in that regard, as I have since ascertained. In particular, Rule 5(b)(2)(D) states

that "*A paper is served under this rule by: (D) leaving it with the court clerk if the person has no known address.*"

While certainly Rule 4 gives the general procedure for service of a summons and complaint <u>when the address is known</u>, when the address is not known and has never been known, it would appear that Rule 5(b)(2)(D) is applicable. Otherwise, that particular rule is meaningless, as there would be no situations in which it could be applicable. If the address has never been known, then clearly the summons could not have been served. If the address has been known, but has since changed so that it is no longer known (no forwarding address), then Rule 5(b)(2)(C) is applicable, which reads: "*A paper is served under this rule by: (C) mailing it to the person's last known address – in which event service is complete upon mailing.*" Accordingly, the only instance in which Rule 5(b)(2)(D) is applicable would be when the address has never been known and there is not a previously known address that is no longer valid. Since the only paper that could be served when the address has never been known would be the summons and complaint, then the only time that Rule 5(b)(2)(D) could conceivably come into play is when the address has never been known and the summons and complaint needs to be served.

8

This is not a 'far-fetched' interpretation of the rule, but rather a plain-reading of the rule that I relied upon in deciding, after several months of fruitless effort via internet searches, to leave the Summons and Complaint with the court's clerk in accordance with Rule 5(b)(2)(d). This Court apparently takes a 'novel' (to me, though apparently I have since learned also an interpretation by at least one other court[2]) interpretation that Rule 4 is the only rule that pertains to the Summons and Complaint, and that Rule 5 always pertains to service of papers after the Summons and Complaint, even though it does not state as such in the general body of the rule, and even though that interpretation would leave Rule 5(b)(2)(D) as an 'orphan' rule with no circumstances in which it would ever be applicable.

Certainly leaving the Summons and Complaint with the clerk, and then notifying the WBGI attorney, who in fact does represent them as a group (board of directors), to come and get the individual complaints for each individual within the group is in keeping with the spirit of Rule 4(d)(1)[3]

---

[2] The plaintiff's attorney in *Cryer v. UMass;* civil no. 10-11346-PBS, US District Court, Massachussets, March 7, 2011; took the exact same position with respect to Rule 5(b)(2)(D), leaving the Summons and Complaint with the clerk because he had no known address. The trial court asserted, as has this Court, that such is not a proper understanding of the rule, without detailing the understanding presented above).

[3] Rule 4(d)(1), *Requesting a Waiver. An individual, corporation, or association that is subject to service under Rule 4(e), (f) or (h) has a duty to avoid unnecessary expenses of serving the*

9

that such individuals have a <u>duty</u> to avoid unnecessary expenses of serving the summons.

Because I have not been able to narrow down the potential addresses for the defendants, because of the restrictions on my ability to contact the defendants, I have not yet been able to avail myself of simply sending them a cover letter and Summons and Complaint with the request that they mail back the waiver.

V

## CONCLUSION

I reasonably relied upon Rule 5(b)(2)(D) and its plain reading in deciding to leave the Summons and Complaint with the clerk of the court, expecting that a simple phone call to the WBGI attorney would allow for the copies to be retrieved by that counsel for the individuals of the group he represents. I have not incurred extraordinary expense that would ultimately be charged against them, in seeking to serve them at the numerous various addresses I obtained for them during my earlier internet search. I was unaware of the cited case (*Cryer v. UMass*) in this affidavit at the time I left

---

*summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. ..."*

the Summons and Complaint for each of the defendants with the Court's clerk.

I am aware that the defendants have in fact seen the Complaint because of the email I was forwarded that was written by WBGI's President, and that they authorized their Utah counsel to respond on behalf of themselves as a group guised as WBGI.

I can see no prejudice or harm to defendants in allowing additional time to effect service, if this Court considers leaving the documents with the clerk of the court, under the circumstances of this case, to not be a valid method. I would simply request that I be allowed the opportunity to telephone the various addresses to determine which one is the valid address (and for that limited purpose only).

I can suggest various options that this Court might wish to consider to expedite service. First, since I have valid email addresses for the parties, I would suggest service by email be authorized by this Court, with hard-copy originals of the Summons and Complaint provided to Mr. Richer at his South Jordan office. Second, if this Court has a problem with such service, I would suggest that this court approve my limited telephoning to verify which of the numerous returned addresses is indeed the correct address for the defendants, followed by my service of a request for waiver of the

service by a third party. Finally, I would suggest that this magistrate Court read again the Rule 5(b)(2)(D) and recognize that it would indeed be an orphan rule, with no applicability under any circumstances, if it cannot be applied in situations such as the instant matter, and accordingly allow service on the clerk, followed with email notifications to the defendants and to their counsel Mr. Richer advising them that the Summons and Complaint has been left in the custody of the clerk, and inviting them to provide mailing addresses to the clerk if they continue to wish to keep their addresses hidden from me.

DATED: March 27, 2012

_Walter L. Wagner_
Walter L. Wagner

# EXHIBIT "A"

## Email from Defendant Bryant Acknowledging Awareness of Complaint

# RE: Heads up

From: **Walter Wagner** (retlawdad@hotmail.com)
Sent: Mon 3/26/12 7:04 AM
To: retlawdad@hotmail.com

From: miltonlunt@hotmail.com
To: retlawdad@hotmail.com
Subject: FW: Heads up
Date: Thur, 15 Sep 2011 08:59:06 -1000

> Date: Wed, 14 Sep 2011 06:45:28 -0700
> Subject: RE: Heads up
> From: steveb@wbgi.com
> To: miltonlunt@hotmail.com
>
> > Milton,
>
> I've seen the legal filing by Walter Wagner. It's obvious my attempts to
> remedy any deficiencies related to shareholder records have been used
> against me. As this is now a matter for the courts, I will not make any
> further statements regarding these issues.
>
> Steve Bryant
>