Arnold Richer, #2751
Patrick F. Holden, #6247
**RICHER & OVERHOLT, P.C.**
901 West Baxter Drive
South Jordan, Utah 84095
Telephone: (801) 561-4750, Ext. 15
Email: aricher@richerandoverholt.com

Attorneys for Defendant World Botanical Gardens, Inc.

## IN THE UNITED STATES DISTRICT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| WALTER L. WAGNER, | : | Case No. 2:11-cv-00784-CW-PMW |
| Plaintiff, | : | |
| v. | : | DEFENDANT WORLD BOTANICAL GARDENS, INC.'S MEMORANDUM IN |
| PRESTON MICHIE, an individual, KENNETH FRANCIK, an individual, LESLIE COBOS, an individual, MARK ROBINSON, an individual, ANNETE EMERSON, an individual, STEVE BRYANT, an individual, and WORLD BOTANICAL GARDENS, INC., a Nevada corporation, | : | OPPOSITION TO PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION. |
| | : | |
| | : | District Judge Clark Waddoups |
| | : | Magistrate Judge Paul M. Warner |
| Defendants. | : | |

Defendant World Botanical Gardens, Inc. ("Defendant WBGI"), hereby submits

Defendant WBGI's Memorandum in Opposition to Plaintiff's Objection to Report and

Recommendation.

## INTRODUCTION

Plaintiff Walter L. Wagner ("Wagner") objects to Magistrate Paul M. Warner's *Report and Recommendation* ("*Report*") partially granting and partially denying Defendant WBGI's Motion to Dismiss. Defendant WBGI moved to dismiss Wagner's defamation claims based on the preclusive effects of three prior state court decisions. In addition, Defendant WBGI moved to dismiss Wagner's fraud, waste and mismanagement claim based on Wagner's lack of standing. Defendant WBGI argued that because the Washoe County Sheriff's Office sold Wagner's stocks in Defendant WBGI, he no longer had an equity interest in the company, and therefore lacked standing.

Magistrate Warner denied Defendant WBGI's motion to dismiss based on issue preclusion. At issue, were the preclusive effects of three state court decisions[1]; the Nevada Decision, the First Hawaii Decision and the Second Hawaii Decision. [*Report*, pgs. 3 - 6 (describing three state court decisions)] Magistrate Warner found that Defendant WBGI established three of the four elements of issue preclusion[2]; (1) the identity of the issues; (2) the

---

[1] Magistrate Warner took judicial notice of the three state court decisions. [*Report*, pg. 3]. In addition, Magistrate Warner referred to the three state court decisions as (1) the Nevada Decision or the Nevada Court; (2) the First Hawaii Decision or the First Hawaii Court; and (3) the Second Hawaii Decision or the Second Hawaii Court. Defendant WBGI will use the same nomenclature throughout this memorandum.

[2] Magistrate Warner applied Nevada issue preclusion law to the Nevada decision and Hawaii issue preclusion law to the First and Second Hawaii decisions.

WBGI 03

identity, or privity, of the parties; (3) the actual litigation of issues; and (4) the finality of judgment.

Magistrate Warner determined that Defendant WBGI did not establish the finality of the respective state court decisions. [*Report,* pg. 12 and pg. 14]  As a result, Magistrate Warner declined to grant Defendant WBGI's Motion to Dismiss based on issue preclusion.  Magistrate Warner did, however, invite Defendant WBGI to submit evidence establishing the finality of the state court decisions. [*Report*, pg. 16]  Defendant WBGI has submitted a second motion to dismiss specifically addressing the finality of the state court decisions, which is submitted concurrently herewith.

Addressing Wagner's fraud, waste and mismanagement claims, Magistrate Warner concluded the Wagner lacked standing to assert such claims against Defendant WBGI.  Based on findings from the Nevada Court as well as the Second Hawaii Court, Magistrate Warner observed that the Washoe County Sheriff's Office had sold all of Wagner's shares in Defendant WBGI at a Sheriff's Sale. [*Report*, pg. 17]  Therefore, Wagner no longer had any equity stake in Defendant WBGI. [*Report*, pg. 18]  Based on Wagner's lack of equity interest in Defendant WBGI, Magistrate Warner concluded that Wagner lacked standing to bring the fraud, waste and mismanagement claims against WBGI. [*Report*, pg. 18]

WBGI 03

**POINT I**

**MAGISTRATE WARNER CORRECTLY FOUND THAT DEFENDANT WBGI MET
THREE OF THE FOUR ELEMENTS OF ISSUE PRECLUSION REQUIRED UNDER
NEVADA LAW.**

Magistrate Warner correctly found that Wagner's defamation claim raised identical issues

to those raised in the Nevada Decision, that Wagner was a party to the Nevada Decision and that

the issues were actually and necessarily litigated in the Nevada Court.  The elements of an issue

preclusion defense under Nevada law are that:

> ([a]) the issue decided in the prior litigation must be identical to the issue
> presented in the current action; ([b]) the initial ruling must have been on the
> merits and have become final; ([c]) the party against whom the judgment is
> asserted must have been a party or in privity with a party to the prior litigation;
> and ([d]) the issue was actually and necessarily litigated.

Five Star Capital Corp. v. Ruby, 194 P.3d 709, 713 (Nev. 2008)(quotations, citation and

footnote omitted)(third alteration in original).

Wagner does not dispute that he was a party to the Nevada Case.  Neither is the finality of

the decision at issue, inasmuch as Magistrate Warner deferred ruling on this element.  Thus,

Wagner challenges only the identical nature of the issues and whether the issues were actually

and necessarily litigated.

Wagner claims that the sole issue before the Nevada Court was which of two competing

boards of directors ought to control Defendant WBGI.  However, the resolution of this issue

necessarily involved the resolution of a number of inter-related factual and legal issues.  For

4

WBGI 03

instance, the Nevada Court needed to rule on the propriety of Wagner's conduct as a board member and officer. This in turn required the resolution of whether Wagner misappropriated funds, whether he kept proper records and whether his removal from the board of directors was proper. These issues were inextricably intertwined with which board properly controlled Defendant WBGI. Thus, they were necessarily litigated within the meaning of issue preclusion.

In addition, these issues were actually litigated. The Nevada Decision explicitly identified the issues ruled upon them. Wagner does not dispute he was present at the Nevada proceedings. Instead, Wagner claims he could have called additional witnesses, but did not. This fact, even if true, does not preclude application of issue preclusion. Wagner was provided ample opportunity to address these issues.

The issues in the Nevada Case are identical to Wagner's defamation claims. Wagner's defamation claims are based on the issue of his poor record keeping at Defendant WBGI. This issue, though couched in the form of a defamation claim, is the same issue addressed by the Nevada Court.

## POINT II

## MAGISTRATE WARNER CORRECTLY FOUND THAT DEFENDANT WBGI MET THREE OF THE FOUR ELEMENTS OF ISSUE PRECLUSION REQUIRED UNDER HAWAII LAW.

Magistrate Warner correctly found that the issues in the Hawaii Cases were identical to issues raised in the instant case, that Wagner was a party to the Hawaii cases and that the issues

WBGI 03

were litigated, decided and essential to the Hawaii Decisions.  The elements of issue preclusion

under Hawaii law are:

> ([a]) the fact or issue in the present action is identical to the one decided in the
> prior adjudication; ([b]) there was a final judgment on the merits in the prior
> adjudication; ([c]) the parties to the present action are the same or in privity with
> the parties in the prior action; and ([d]) the fact or issue decided in the prior action
> was actually litigated, finally decided, and essential to the earlier valid and final
> judgment.

Smallwood v. City & County of Honolulu, 185 P.3d 887, 895 (Haw. Ct. App. 2008).

Warner does not contest that he was a party in both Hawaii cases.  Magistrate Warner

made no finding on the finality of the decisions, therefore, this issue is not before the Court.

Wagner contests the identity of the issues and whether the issues were essential and actually

litigated.  Wagner correctly states that the Hawaii Court of Appeals recently issued a decision in

the First Hawaii Case.  However, Wagner's analysis of the impact of this decision is incorrect.

The decision impacts solely the finality of the First Hawaii Decision.

**A.  Effect of Recent Decision from Hawaii Court of Appeals.**

The Hawaii Court of Appeals, in Wagner v. World Botanical Gardens, Incorporated, 268

P.3d 443 (Haw. Ct. App. 2011), reviewed the First Hawaii Court Decision.  A copy of the

decision is attached as Exhibit A.  In Wagner, the court reviewed the trial court's dismissal of

Wagner's twelve count complaint.  Id. at 446.  Wagner stated claims based on eight separate

promissory notes.  Id.  The court also reviewed Wagner's quantum meruit claim arising from

Wagner's alleged "services and activities which rendered a net positive benefit to WBGI and its

6

WBGI 03

land holdings, by improving the lands it owns, and creating a Botanical Gardens with an attendant large cash flow." Id. at 454.

The court concluded that "summary judgment was not warranted as to Wagner's claim based on quantum meruit, and further proceedings on remand are required as to this claim. **In all other respects, we affirm the circuit court.**" Id. at 446 (emphasis added). Thus, the Hawaii Court of Appeals affirmed the First Hawaii Judgment's ruling on all claims related to Wagner's instant defamation claim. On the issue of the fraudulent creation of the promissory notes, the court affirmed the First Hawaii Court Judgment. Id. at 454. By affirming the trial court's ruling, excluding only the quantum meruit claim, the Hawaii Court of Appeals also affirmed the trial court's finding relative to the status of Wagner and his spouse as officers of WBGI.

The First Hawaii Court noted that by Wagner's own admission, Linda Wagner was not Treasurer of WBGI from 2001 through 2004. See First Hawaii Decision, pg. 10; ¶ 32 (3). Further, the First Hawaii Court found that "Ken Francik and Annette Emerson were appointed as President and Secretary/Treasurer, respectively, in August 2003." See First Hawaii Decision, pg. 14, ¶ 45. Finally the First Hawaii Court found that, "[t]he 2004 promissory note was also falsely misrepresented to be executed by Linda Wagner in her capacity as Secretary/Treasurer of WBGI, when she admits she did not serve in that capacity at that time." See First Hawaii Decision, pg. 16; ¶ 5.

Therefore, the Hawaii Court of Appeals affirmed both aspects of the First Hawaii

WBGI 03

Decision related to Wagner's defamation claims: (1) the fraudulent nature of the 2004

promissory note; and (2) Linda Wagner's status as an officer of WBGI at the time of the

execution of the promissory notes.  The overall effect of the decision is limited to the finality

element of issue preclusion.  Because the case has been remanded, the judgment will not be final

until the quantum meruit claims has been resolved at the trial court, and likely on appeal.

However, none of the remaining elements of issue preclusion are impacted.  The decision

affirmed the trial court's finding that the promissory note was fraudulent as well as the status of

Ms. Wagner as an officer of Defendant WBGI at the time of the execution of the promissory

note.

**B.**      **The Second Hawaii Decision Involved an Identify of Issues Which Were Actually and Necessarily Litigated.**

Wagner contests that the validity of the Second Hawaii Judgment based on the alleged

wrongful exclusion of his spouse from the trial.  As a threshold matter, Wagner's spouse is not a

party to this case and therefore any alleged violation of Ms. Wagner's rights is not properly

before this Court.  In addition, the appropriate manner to challenge such alleged trial court

misconduct is through an appeal.  However, the Hawaii Court of Appeals has rejected all of

Wagner's appeals of the Second Hawaii Decision.  Finally, Wagner does not claim he was

arrested at the trial.  Therefore, Wagner voluntarily chose not to appear at the rest of the Second

Hawaii Court trial.

The issues were actually litigated.  The contents of the Second Hawaii Decision show that

WBGI 03

the issue of both Wagner's misappropriation of Defendant WBGI funds as well as Ms. Wagner's status as a Defendant WBGI officer were actually and necessarily litigated. On pages 2 through 4 of the Second Hawaii Judgment, the court identifies the issues alleged in the complaint. Further, the liability of Wagner, including for conversion and misappropriation, was determined at a prior motion for summary judgment. [Second Hawaii Judgment, pg. 6, ¶ 5]

## POINT III

### MAGISTRATE WARNER CORRECTLY FOUND THAT WAGNER LACKED STANDING TO BRING FRAUD, WASTE AND MISMANAGEMENT CLAIMS AGAINST DEFENDANT WBGI.

Wagner challenges Magistrate Warner's finding that he lacked standing to bring his fraud, waste and mismanagement claims against Defendant WBGI. Wagner provides more details in support of his fraud, waste and mismanagement claims. However, Magistrate Warner did not rule on the sufficiency of these claims. Instead, Magistrate Warner found that Wagner lacked standing to bring such claims. Therefore, Wagner's allegations regarding the alleged fraud, waste and mismanagement have no bearing on the validity of Magistrate Warner's ruling.

Wagner also claims the sale was fraudulent. However, Wagner does not claim that the sale did not occur. Nor does Wagner dispute that the sale was conducted pursuant to court order and under court direction. Instead, Wagner claims that the stock was worth much more than the amount for which it sold.

Wagner has not shown that he does in fact hold any type of equity interest in Defendant

WBGI 03

WBGI.  Without such a showing, there is no basis to challenge Magistrate Warner's finding of lack of standing.

**CONCLUSION**

For the foregoing reason, Defendant WBGI requests that the Court adopt Magistrate Warner's *Report* without modification.

DATED this 4th day of April, 2012.

**RICHER & OVERHOLT, P.C.**

Arnold Richer
Patrick F. Holden
Attorneys for Plaintiff

WBGI 03

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **DEFENDANT**

**WORLD BOTANICAL GARDENS, INC.'S MEMORANDUM IN OPPOSITION TO**

**OBJECTION TO REPORT AND RECOMMENDATION** to be delivered to the following on

the date and in the manner below indicated:

[  ] Mail                             Walter L. Wagner
[  ] Fax                              532 N 700 E
[X] Email                           Payson, Utah 84651
[  ] Hand Delivery               retlawdad@hotmail.com

DATED this 4th day of April, 2012.

_Patel F. Bell_

11                                              WBGI 03