# EXHIBIT A

Westlaw.

268 P.3d 443
Page 1
126 Hawai'i 190, 268 P.3d 443
(Cite as: 126 Hawai'i 190, 268 P.3d 443)

H

Intermediate Court of Appeals of Hawai'i.
Walter L. WAGNER, Plaintiff–Appellant,
v.
WORLD BOTANICAL GARDENS, INCORPOR-
ATED, Defendant–Appellee.

No. 28998.
Dec. 23, 2011.

**Background:** Former garden director brought ac-
tion against operator of botanical gardens for
breach of contract, quantum meruit, and construct-
ive trust. The Circuit Court granted defendant sum-
mary judgment. Former garden director appealed.

**Holdings:** The Intermediate Court of Appeals,
Ginoza, J., held that:
(1) default judgment on breach of contract claim
was void because service of process was defective;
(2) service of process on operator by mailing com-
plaint to operator's registered agent was not proper;
(3) operator was not liable for alleged obligations
under promissory notes and credit card loans; and
(4) genuine issues of material fact existed as to
whether alleged services provided to botanical gar-
dens by former garden director required a contract-
or's license, precluding summary judgment on
quantum meruit claim.

Affirmed in part, reversed in part, and re-
manded.

West Headnotes

**[1] Judgment 228 ☞340**

228 Judgment
    228IX Opening or Vacating
        228k339 Authority of Court
            228k340 k. In general. Most Cited Cases

Judgment 228 ☞386(1)

228 Judgment
    228IX Opening or Vacating
        228k386 Time for Application
            228k386(1) k. In general. Most Cited Cases
    Whether a motion for relief from judgment is
timely implicates the jurisdiction of the circuit
court. Rules Civ.Proc., Rule 60(b).

**[2] Appeal and Error 30 ☞893(1)**

30 Appeal and Error
    30XVI Review
        30XVI(F) Trial De Novo
            30k892 Trial De Novo
                30k893 Cases Triable in Appellate
Court
                    30k893(1) k. In general. Most Cited
Cases
    The existence of jurisdiction is a question of
law that is reviewed de novo under the right/wrong
standard.

**[3] Judgment 228 ☞153(2)**

228 Judgment
    228IV By Default
        228IV(B) Opening or Setting Aside Default
            228k153 Time for Application
                228k153(2) k. Limitations applicable
in general. Most Cited Cases
    Botanical garden operator's motion to set aside
default judgment, which asserted that the default
judgment was void because service of process was
defective and also that plaintiff had committed
fraud upon the court in obtaining the default judg-
ment, was not subject to one year limitations peri-
od. Rules Civ.Proc., Rule 60(b)(4).

**[4] Judgment 228 ☞386(3)**

228 Judgment
    228IX Opening or Vacating
        228k386 Time for Application
            228k386(3) k. Invalid or unauthorized

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

268 P.3d 443
126 Hawai'i 190, 268 P.3d 443
(Cite as: 126 Hawai'i 190, 268 P.3d 443)

Page 2

judgments. Most Cited Cases
A judgment may be declared void upon a motion for relief from judgment regardless of how much time has passed between entry of judgment and filing the motion. Rules Civ.Proc., Rule 60(b)(4).

**[5] Judgment 228 ⬥346**

228 Judgment
228IX Opening or Vacating
228k346 k. Invalidity of judgment in general. Most Cited Cases
The determination of whether a judgment is void is not a discretionary issue.

**[6] Appeal and Error 30 ⬥893(1)**

30 Appeal and Error
30XVI Review
30XVI(F) Trial De Novo
30k892 Trial De Novo
30k893 Cases Triable in Appellate Court
30k893(1) k. In general.. Most Cited Cases
Appellate court reviews de novo the circuit court's ruling that the default judgment was void.

**[7] Judgment 228 ⬥5**

228 Judgment
228I Nature and Essentials in General
228k5 k. Essentials in general. Most Cited Cases

**Judgment 228 ⬥16**

228 Judgment
228I Nature and Essentials in General
228k16 k. Jurisdiction of the person and subject-matter. Most Cited Cases
A judgment is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.

**[8] Process 313 ⬥48**

313 Process
313II Service
313II(A) Personal Service in General
313k48 k. Nature and necessity in general. Most Cited Cases
In order for a trial court to exercise personal jurisdiction over a defendant, the defendant must be served with a copy of the summons and the complaint. Rules Civ.Proc., Rule 4(d).

**[9] Corporations and Business Organizations 101 ⬥2544(2)**

101 Corporations and Business Organizations
101IX Corporate Powers and Liabilities
101IX(F) Civil Actions
101k2539 Process and Notice
101k2544 What Officer or Agent Should or May Be Served
101k2544(2) k. Authority or capacity of person served in general. Most Cited Cases

**Judgment 228 ⬥17(9)**

228 Judgment
228I Nature and Essentials in General
228k17 Process or Notice to Sustain Judgment
228k17(9) k. Defective process or service. Most Cited Cases
Plaintiff improperly served the complaint against company on his wife, who was not an officer or director of company and was not an agent of company authorized to receive service of process, and thus, default judgment entered against company was void. HRS § 414–64; Rules Civ.Proc., Rule 4(d)(3).

**[10] Appeal and Error 30 ⬥957(1)**

30 Appeal and Error
30XVI Review
30XVI(H) Discretion of Lower Court
30k957 Opening Default
30k957(1) k. In general. Most Cited

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

268 P.3d 443
126 Hawai'i 190, 268 P.3d 443
(Cite as: 126 Hawai'i 190, 268 P.3d 443)

Page 3

Cases
    Appellate court reviews a trial court's order setting aside an entry of default under the abuse of discretion standard.

**[11] Appeal and Error 30 ☞893(1)**

30 Appeal and Error
    30XVI Review
        30XVI(F) Trial De Novo
            30k892 Trial De Novo
                30k893 Cases Triable in Appellate Court
                    30k893(1) k. In general. Most Cited Cases
    When a party seeks to set aside entry of default due to improper service of process it raises a question of the circuit court's jurisdiction, which is reviewed de novo.

**[12] Corporations and Business Organizations 101 ☞2546(3)**

101 Corporations and Business Organizations
    101IX Corporate Powers and Liabilities
        101IX(F) Civil Actions
            101k2539 Process and Notice
                101k2546 Substituted or Constructive Service
                    101k2546(3) k. Service by mail. Most Cited Cases
    Service of process on company by mailing complaint to company's registered agent was not proper; agent had to be served with complaint in person. HRS § 414–64(a); Rules Civ.Proc., Rule 4(c).

**[13] Corporations and Business Organizations 101 ☞2543**

101 Corporations and Business Organizations
    101IX Corporate Powers and Liabilities
        101IX(F) Civil Actions
            101k2539 Process and Notice
                101k2543 k. Mode of service in general. Most Cited Cases

Company's registered agent's knowledge of lawsuit against company did not cure jurisdictional defect created by plaintiff's failure to personally serve agent. Rules Civ.Proc., Rule 4(d)(3).

**[14] Corporations and Business Organizations 101 ☞2544(4)**

101 Corporations and Business Organizations
    101IX Corporate Powers and Liabilities
        101IX(F) Civil Actions
            101k2539 Process and Notice
                101k2544 What Officer or Agent Should or May Be Served
                    101k2544(4) k. Subordinate officer or agent. Most Cited Cases
    Service of process on company's receptionist at botanical gardens was not proper, where receptionist was not company's registered agent and plaintiff knew who the registered agent was and where to locate him. HRS § 414–64(a).

**[15] Appeal and Error 30 ☞893(1)**

30 Appeal and Error
    30XVI Review
        30XVI(F) Trial De Novo
            30k892 Trial De Novo
                30k893 Cases Triable in Appellate Court
                    30k893(1) k. In general. Most Cited Cases
    Supreme Court reviews the circuit court's grant of summary judgment under a de novo standard of review.

**[16] Judgment 228 ☞181(2)**

228 Judgment
    228V On Motion or Summary Proceeding
        228k181 Grounds for Summary Judgment
            228k181(2) k. Absence of issue of fact. Most Cited Cases

**Judgment 228 ☞185(6)**

228 Judgment

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

268 P.3d 443
126 Hawai'i 190, 268 P.3d 443
(Cite as: 126 Hawai'i 190, 268 P.3d 443)

Page 4

228V On Motion or Summary Proceeding
228k182 Motion or Other Application
228k185 Evidence in General
228k185(6)  k.  Existence  or non-
existence of fact issue. Most Cited Cases
Summary judgment is appropriate if the plead-
ings, depositions, answers to interrogatories, and
admissions on file, together with the affidavits, if
any, show that there is no genuine issue as to any
material fact and that the moving party is entitled to
judgment as a matter of law; a fact is material if
proof of that fact would have the effect of establish-
ing or refuting one of the essential elements of a
cause of action or defense asserted by the parties.
Rules Civ.Proc., Rule 56(c).

[17] Judgment 228 ☞185(2)

228 Judgment
228V On Motion or Summary Proceeding
228k182 Motion or Other Application
228k185 Evidence in General
228k185(2)  k. Presumptions and bur-
den of proof. Most Cited Cases
On a motion for summary judgment, evidence
must be viewed in the light most favorable to the
non-moving party. Rules Civ.Proc., Rule 56(c).

[18] Judgment 228 ☞178

228 Judgment
228V On Motion or Summary Proceeding
228k178  k.  Nature of  summary judgment.
Most Cited Cases
A summary judgment motion challenges the
very existence or legal sufficiency of the claim or
defense to which it is addressed; in effect, the mov-
ing party takes the position that he or she is entitled
to prevail because his or her opponent has no valid
claim for relief or defense to the action. Rules
Civ.Proc., Rule 56(c).

[19] Judgment 228 ☞185(2)

228 Judgment
228V On Motion or Summary Proceeding

228k182 Motion or Other Application
228k185 Evidence in General
228k185(2)  k. Presumptions and bur-
den of proof. Most Cited Cases

Judgment 228 ☞185(6)

228 Judgment
228V On Motion or Summary Proceeding
228k182 Motion or Other Application
228k185 Evidence in General
228k185(6)  k.  Existence  or non-
existence of fact issue. Most Cited Cases
Party moving for summary judgment has the
initial burden of identifying those portions of the
record demonstrating the absence of a genuine issue
of material fact; the moving party may discharge
his or her burden by demonstrating that if the case
went to trial there would be no competent evidence
to support a judgment for his or her opponent.
Rules Civ.Proc., Rule 56(c).

[20] Judgment 228 ☞185(2)

228 Judgment
228V On Motion or Summary Proceeding
228k182 Motion or Other Application
228k185 Evidence in General
228k185(2)  k. Presumptions and bur-
den of proof. Most Cited Cases
Party moving for summary judgment has the
burden of producing support for its claim that: (1)
no genuine issue of material fact exists with respect
to the essential elements of the claim or defense
which the motion seeks to establish or which the
motion questions; and (2) based on the undisputed
facts, it is entitled to summary judgment as a matter
of law. Rules Civ.Proc., Rule 56(c).

[21] Judgment 228 ☞185(2)

228 Judgment
228V On Motion or Summary Proceeding
228k182 Motion or Other Application
228k185 Evidence in General
228k185(2)  k.  Presumptions and bur-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

268 P.3d 443
126 Hawai'i 190, 268 P.3d 443
(Cite as: 126 Hawai'i 190, 268 P.3d 443)

den of proof. Most Cited Cases

**Judgment 228 ⬅️➡️185(5)**

228 Judgment
    228V On Motion or Summary Proceeding
        228k182 Motion or Other Application
            228k185 Evidence in General
                228k185(5) k. Weight and sufficiency.
Most Cited Cases
    Only when the party moving for summary judgment satisfies its initial burden of production does the burden shift to the non-moving party to respond to the motion for summary judgment and demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial. Rules Civ.Proc., Rule 56(c).

**[22] Judgment 228 ⬅️➡️185(2)**

228 Judgment
    228V On Motion or Summary Proceeding
        228k182 Motion or Other Application
            228k185 Evidence in General
                228k185(2) k. Presumptions and burden of proof. Most Cited Cases
    Party moving for summary judgment bears the ultimate burden of persuasion; this burden always remains with the moving party and requires the moving party to convince the court that no genuine issue of material fact exists and that the moving part is entitled to summary judgment as a matter of law. Rules Civ.Proc., Rule 56(c).

**[23] Judgment 228 ⬅️➡️185(4)**

228 Judgment
    228V On Motion or Summary Proceeding
        228k182 Motion or Other Application
            228k185 Evidence in General
                228k185(4) k. Documentary evidence or official record. Most Cited Cases

**Judgment 228 ⬅️➡️185.3(16)**

228 Judgment
    228V On Motion or Summary Proceeding

        228k182 Motion or Other Application
            228k185.3 Evidence and Affidavits in Particular Cases
                228k185.3(16) k. Negotiable instruments. Most Cited Cases
    Evidence that former garden director submitted in response to botanical garden operator's summary judgment motion on director's claims for breach of contract under promissory notes and credit card loans was insufficient to raise fact issue that the obligations actually existed, where none of the alleged promissory notes were sworn to, attached to any affidavit, or properly authenticated, and the affidavits submitted in opposition to the summary judgment motion failed to establish the existence and terms of the alleged contract for the credit card loans.

**[24] Judgment 228 ⬅️➡️181(15.1)**

228 Judgment
    228V On Motion or Summary Proceeding
        228k181 Grounds for Summary Judgment
            228k181(15) Particular Cases
                228k181(15.1) k. In general. Most Cited Cases
    Genuine issues of material fact existed as to whether alleged services provided to botanical gardens by former garden director required a contractor's license and whether former director engaged in any iniquitous conduct, precluding summary judgment on his quantum meruit claim against operator of gardens.

**[25] Implied and Constructive Contracts 205H ⬅️➡️3**

205H Implied and Constructive Contracts
    205HI Nature and Grounds of Obligation
        205HI(A) In General
            205Hk2 Constructive or Quasi Contracts
                205Hk3 k. Unjust enrichment. Most Cited Cases
    A claim for unjust enrichment requires only that a plaintiff prove that he or she conferred a benefit upon the opposing party and that the retention of that benefit would be unjust.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

268 P.3d 443
126 Hawai'i 190, 268 P.3d 443
(Cite as: 126 Hawai'i 190, 268 P.3d 443)

[26] Equity 150 ⬬═65(1)

150 Equity
    150I Jurisdiction, Principles, and Maxims
        150I(C) Principles and Maxims of Equity
            150k65 He Who Comes Into Equity Must
Come with Clean Hands
                150k65(1) k. In general. Most Cited
Cases
    Under the doctrine of "unclean hands," it is expressed that he who comes into equity must come with clean hands.

[27] Equity 150 ⬬═65(1)

150 Equity
    150I Jurisdiction, Principles, and Maxims
        150I(C) Principles and Maxims of Equity
            150k65 He Who Comes Into Equity Must
Come with Clean Hands
                150k65(1) k. In general. Most Cited
Cases
    Whether a party engaged in iniquitous conduct is primarily a question of fact.

*446 Walter L. Wagner, on the briefs, Plaintiff–Appellant Pro Se.

Thomas L.H. Yeh (Tsukazaki Yeh & Moore), on the briefs, for Defendant–Appellee.

FOLEY, Presiding Judge, REIFURTH and GINOZA, JJ.

Opinion of the Court by GINOZA, J.
    Plaintiff–Appellant Walter L. Wagner (Wagner), appearing *pro se*, appeals from the January 15, 2008 Judgment filed in the Circuit Court for the Third Circuit (circuit court) [FN1] in favor of Defendant–Appellee World Botanical Gardens, Inc. (WBGI) and against Wagner as to all claims asserted by Wagner in his First Amended Complaint.

    FN1. The Honorable Glenn S. Hara presided.

WBGI operates a botanical garden on the Island of Hawai'i. Wagner's First Amended Complaint presented twelve counts alleging the following: eight counts for breach of contract under eight separate promissory notes from WBGI to Wagner dated between January 1, 1996 to January 1, 2003 for providing directorship services for WBGI; one count for breach of an oral contract and a subsequent novation of the original contract for providing directorship services for WBGI in 2003; one count for breach of contract under a "series of monthly oral contracts" whereby Wagner agreed to loan several of his personal credit cards for use by WBGI; one count for quantum meruit due to Wagner's services and activities between January 2, 1995 and December 31, 2003 benefitting WBGI; and one count for constructive trust as to WBGI land.

    On appeal, Wagner asserts the following points of error: (1) the circuit court erred in vacating a default judgment that had been entered against WBGI on September 10, 2004; (2) the circuit court erred in quashing Wagner's service of process of the First Amended Complaint and vacating an entry of default against WBGI dated January 2, 2007; and (3) the circuit court erroneously granted summary judgment to WBGI.[FN2]

    FN2. We have reordered Wagner's points of error to address them in the order they were addressed by the circuit court.

    Wagner's opening brief does not meet the requirements of Rule 28(b) of the Hawai'i Rules of Appellate Procedure (HRAP) in a variety of ways, including a failure in many respects to cite appropriately to the record and to provide authority in support of his arguments. In light of his *pro se* status, we address his arguments on appeal to the extent they can reasonably be discerned. *See Hous. Fin. & Dev. Corp. v. Ferguson*, 91 Hawai'i 81, 85–86, 979 P.2d 1107, 1111–12 (1999); *Hawaiian Props., Ltd. v. Tauala*, 125 Hawai'i 176, 181 n. 6, 254 P.3d 487, 492 n. 6 (App.2011).

    We conclude that summary judgment was not

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

268 P.3d 443
126 Hawai'i 190, 268 P.3d 443
(Cite as: 126 Hawai'i 190, 268 P.3d 443)

Page 7

warranted as to Wagner's claim based on quantum meruit, and further proceedings on remand are required as to this claim. In all other respects, we affirm the circuit court.

I. *Order Setting Aside Default Judgment*

The circuit court did not err in setting aside the September 10, 2004 Judgment (default judgment). The default judgment had been entered after a motion by Wagner and *447 a proof hearing in August 2004 wherein Wagner made various representations, including that he and his wife, Linda Wagner, were the only officers and shareholders of WBGI and that WBGI had no objection to the default judgment.

WBGI filed its motion to set aside the default judgment on January 18, 2006, approximately one year and four months after the default judgment had been entered.

Wagner contends that WBGI's motion to set aside the default judgment was not timely under Rule 60(b) of the Hawai'i Rules of Civil Procedure (HRCP) because it was not filed within one year of the default judgment. He thus argues that the circuit court was without jurisdiction to re-open the case. He also challenges WBGI's assertion of fraud against him and generally argues that service on WBGI was made by serving the complaint on his wife.

A. *WBGI's Motion To Set Aside Default Judgment Was Timely Under HRCP Rule 60(b)(4)*

[1][2] Whether a motion under HRCP Rule 60(b) is timely "implicates the jurisdiction" of the circuit court. *See Child Support Enforcement Agency v. Doe*, 98 Hawai'i 499, 503, 51 P.3d 366, 370 (2002).[FN3] "[T]he existence of jurisdiction is a question of law that we review de novo under the right/wrong standard." *Captain Andy's Sailing, Inc. v. Dep't of Land & Natural Res.*, 113 Hawai'i 184, 192, 150 P.3d 833, 841 (2006) (citation omitted).

FN3. The opinion in *Child Support Enforcement Agency* addresses Rule 60(b) of

the Hawai'i Family Court Rules (HFCR). 98 Hawai'i 499, 51 P.3d 366. However, HFCR Rule 60(b) and HRCP Rule 60(b) are substantially similar, and they are likewise materially similar to Rule 60(b) of the Federal Rules of Civil Procedure (FRCP). Therefore, treatises and cases interpreting HFCR Rule 60(b) and FRCP Rule 60(b) are persuasive for purposes of interpreting HRCP Rule 60(b). *See Cvitanovich–Dubie v. Dubie*, 125 Hawai'i 128, 147 n. 23, 254 P.3d 439, 458 n. 23 (2011); *Child Support Enforcement Agency*, 98 Hawai'i at 503 n. 7, 51 P.3d at 370 n. 7; *Hayashi v. Hayashi*, 4 Haw.App. 286, 290 n. 6, 666 P.2d 171, 174 n. 6 (1983).

[3] WBGI's motion to set aside the default judgment asserted that the default judgment was void because service of process was defective and also that Wagner had committed fraud upon the court in obtaining the default judgment. In ruling on the motion, the circuit court determined there was evidence that Wagner had made untrue representations during the August 2004 proof hearing and that the default judgment was procured by fraud or misrepresentation. *See* HRCP Rule 60(b)(3).[FN4] The circuit court also separately determined that service of the complaint upon WBGI had not been proper. Thus, an independent basis asserted by WBGI and relied upon by the circuit court in setting aside the default judgment was that Wagner failed to properly serve WBGI pursuant to HRCP Rule 4(d)(3), the court did not have jurisdiction over WBGI when the default judgment was entered, and consequently the default judgment was void. *See* HRCP Rule 60(b)(4).

FN4. HRCP Rule 60(b) provides, in pertinent part:

**Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

268 P.3d 443
126 Hawai'i 190, 268 P.3d 443
(Cite as: 126 Hawai'i 190, 268 P.3d 443)

Page 8

from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void.... The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken....

The circuit court had jurisdiction to entertain WBGI's motion to set aside the default judgment to the extent the motion was based on HRCP Rule 60(b)(4), which allows a court to grant relief from a void final judgment. Wagner's argument, that WBGI's motion to set aside the default judgment had to have been filed within one year of the default judgment, applies if a motion is brought pursuant to HRCP Rule 60(b)(1), (2) or (3). *See* HRCP Rule 60(b); *Cvitanovich–Dubie v. Dubie*, 125 Hawai'i 128, 144, 254 P.3d 439, 455 (2011); *Buscher v. Boning*, 114 Hawai'i 202, 214 n. 5, 159 P.3d 814, 826 n. 5 (2007); *448 Child Support Enforcement Agency*, 98 Hawai'i at 504–05, 51 P.3d at 371–72. The one year limitation does not apply to motions asserting that a judgment is void and which is thus based on HRCP Rule 60(b)(4).

[4] Instead, "a judgment may be declared void upon a HRCP Rule 60(b)(4) motion regardless of how much time has passed between entry of judgment and filing the motion." *Bank of Haw. v. Shim*, 120 Hawai'i 1, 11, 200 P.3d 370, 380 (2008); *see also Calasa v. Greenwell*, 2 Haw.App. 395, 398, 633 P.2d 553, 555 (1981); 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2862 (2d ed. 1995) (under FRCP Rule 60(b)(4), "there is no time limit on an attack on a judgment as void.").

HRCP, Rule 60(b)(4), differs from the other five clauses of the rule. It does not involve a question of judicial discretion, does not require the moving party to show a meritorious defense, and is not restricted by a reasonable time requirement.

*Calasa,* 2 Haw.App. at 397, 633 P.2d at 555 (citation omitted).

The record in this case establishes that WBGI first became aware of the default judgment when it was discovered by WBGI's counsel in mid-December of 2005. Approximately one month later, WBGI filed its motion to set aside the default judgment. WBGI's motion pursuant to HRCP Rule 60(b)(4) was not precluded by any time limit.

B. *The Default Judgment Was Void*

[5][6] "The determination of whether a judgment is void is not a discretionary issue." *In re Hana Ranch Co.*, 3 Haw.App. 141, 146, 642 P.2d 938, 941 (1982); *see also* 12 James Wm. Moore et al., *Moore's Federal Practice* § 60.44 [5] [a] at 60–163 (3d ed. 2011). We thus review *de novo* the circuit court's ruling that the default judgment was void. *See Cvitanovich–Dubie,* 125 Hawai'i at 139, 254 P.3d at 450.

[7][8] "A judgment is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *In re Genesys Data Techs., Inc.*, 95 Hawai'i 33, 38, 18 P.3d 895, 900 (2001) (internal quotation marks and citation omitted); *Citicorp Mortg., Inc. v. Bartolome*, 94 Hawai'i 422, 430, 16 P.3d 827, 835 (App.2000). "In order for a trial court to exercise personal jurisdiction over a defendant, the defendant must be served with a copy of the summons and the complaint pursuant to HRCP Rule 4(d)." *Citicorp Mortg., Inc.*, 94 Hawai'i at 430, 16 P.3d at 835 (citation omitted).

[9] Here, the circuit court made the following findings:

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

268 P.3d 443
126 Hawai'i 190, 268 P.3d 443
(Cite as: 126 Hawai'i 190, 268 P.3d 443)

Page 9

3.  The Complaint herein was served by Plaintiff upon his wife, Linda M. Wagner, as evidenced by the Return and Acknowledgment of Service filed herein on July 29, 2004 by Plaintiff.

4. The Return and Acknowledgment of Service also represented that Linda M. Wagner was the Secretary/Treasurer of WBGI as of July 28, 2004.

5. Records submitted by WBGI in support of its motion establish that since August 16, 2003, Annette Emerson has served as the Secretary/Treasurer of WBGI pursuant to appointment of the Board of Directors of WBGI and was serving in that capacity as of July 28, 2004.

6. WBGI has submitted evidence that WBGI's Board of Directors and officers were not notified of the Complaint and also did not have notice or knowledge of the Promissory Note upon which the Complaint was based. Plaintiff has not responded to or explained the evidence submitted by WBGI on this issue. [FN5]

> FN5. The circuit court did not hold an evidentiary hearing and made its findings based on the written submissions of the parties. We thus review the record de novo.

Wagner makes general and conclusory arguments on appeal that his wife was an officer of WBGI at the time the complaint was served on her on July 28, 2004. From our review, the record establishes otherwise. WBGI submitted the affidavits of Ken Francik and Annette Emerson, as well as business and other records, showing that when the complaint was served on Linda Wagner, Annette *449 Emerson was the Secretary/Treasurer of WBGI and that Linda Wagner did not hold those positions, was not an officer or director of WBGI, and did not represent WBGI in any official capacity. The numerous declarations and records submitted by Wagner did not provide evidence supporting a different conclusion.

Wagner thus improperly served the complaint

on his wife, Linda Wagner, who on July 28, 2004 was not an officer or director of WBGI and was not an agent of WBGI authorized to receive service of process. HRCP Rule 4(d) and Hawaii Revised Statutes (HRS) § 414–64(a) (2004 Repl.).[FN6] As a party to this case, it was also improper for Wagner to have been the person effecting service. HRCP Rule 4(c).[FN7]

> FN6. As a corporation, WBGI should have been served pursuant to HRCP Rule 4(d)(3) or HRS § 414–64. HRCP Rule 4(d)(3) and (8) state:
>
> **(d) Same: Personal Service.** The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:
>
> ....
>
> (3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, *by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process* and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.
>
> (8) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, *it is also sufficient if the summons and complaint are served in the manner prescribed by any statute.*
>
> (Emphasis added). Under HRS § 414–64(a), service of process in the state upon a corporation may be made "in the

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

manner provided by law upon any re-gistered agent, officer, or director of the corporation who is found within the jur-isdiction of the court[.]"

FN7. HRCP Rule 4(c) states in relevant part:

(c) Same: By Whom Served. Service of all process shall be made: (1) anywhere in the State by the sheriff or the sheriff's deputy, by some other person specially appointed by the court for that purpose, or by any person *who is not a party* and is not less than 18 years of age; or (2) in any county by the chief of police or the chief's duly authorized subordinate....

(Emphasis added).

Because service of the complaint and summons was not properly made upon WBGI as required by HRCP Rule 4 or HRS § 414–64, the default judg-ment was void for lack of jurisdiction over WBGI. *See Romero v. Star Mkts., Ltd.,* 82 Hawai'i 405, 411–12, 922 P.2d 1018, 1024–25 (App.1996). The circuit court properly set aside the default judg-ment.

Under *BDM, Inc. v. Sageco, Inc.,* 57 Haw. 73, 76, 549 P.2d 1147, 1150 (1976), the following con-siderations usually apply as to whether an entry of default or a default judgment should be set aside:

In general, a motion to set aside a default entry or a default judgment may and should be granted whenever the court finds (1) that the nondefault-ing party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious de-fense, and (3) that the default was not the result of inexcusable neglect or a wilful act. The mere fact that the nondefaulting party will be required to prove his case without the inhibiting effect of the default upon the defaulting party does not constitute prejudice which should prevent a re-opening.

(citations omitted). However, we do not con-sider the *BDM* test in this case where the default judgment was void due to lack of service of pro-cess. *See Peralta v. Heights Med. Ctr., Inc.,* 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988) (as a matter of due process, defendant was entitled to have default judgment against him set aside where he did not receive proper service of process, even though he did not have a meritorious defense); *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind,* 841 F.2d 646, 649 (5th Cir.1988) (when trial court lacks jurisdiction over defendant due to lack of service of process, "the judgment is void and, under [FRCP] Rule 60(b)(4), the [trial] court *must* set it aside, regardless of whether the movant has a meritorious defense.") (citations omitted); 10 James Wm. Moore et al., *Moore's Federal Practice* § 55.70 [2] [d] at 55–92 (3d ed. 2011) ("A party is not required to show a meritorious defense when seeking relief from default or default judgment be-cause*450 the party was not served with process. In this situation the court lacks jurisdiction, and the party is entitled to have the default or default judg-ment set aside on that basis alone, without regard to any other factors (see § 55.84[2] )."); 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2862 (2d ed. 1995).

II. *Order Setting Aside Entry of Default*
After the default judgment was set aside, Wag-ner filed the First Amended Complaint on June 26, 2006. On January 2, 2007, Wagner then filed a re-quest for entry of default against WBGI, attesting that the First Amended Complaint had been served upon WBGI and that WBGI had failed to answer or otherwise plead. The clerk of the circuit court entered default against WBGI. thereafter filed a "Motion to Quash Service of Process and to Set Aside Entry of Default," asserting that the First Amended Complaint had not been properly served. The circuit court granted WBGI's motion to set aside the entry of default.

[10][11] We typically review a trial court's or-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

126 Hawai'i 190, 268 P.3d 443
(Cite as: 126 Hawai'i 190, 268 P.3d 443)

der setting aside an entry of default under the abuse of discretion standard. *See Nature Conservancy v. Nakila,* 4 Haw.App. 584, 589–90, 671 P.2d 1025, 1030 (1983) (A "motion to set aside an entry of default is addressed to the sound discretion of the trial court."). In this case, however, WBGI sought to set aside entry of default due to improper service of process of the First Amended Complaint, which raises a question of the circuit court's jurisdiction. *See Citicorp Mortg., Inc.,* 94 Hawai'i at 430, 16 P.3d at 835. Therefore, we review this issue *de novo. Captain Andy's Sailing, Inc.,* 113 Hawai'i at 192, 150 P.3d at 841.

[12] The circuit court properly granted WBGI's motion to set aside the court clerk's entry of default due to improper service of process on Thomas Yeh (Yeh) and Nikol Sumbicay (Sumbicay): HRS § 414–64(a) addresses service of process within the state upon a corporation and provides in pertinent part:

§ 414–64 **Service on corporation.** (a) Service of any notice or process authorized by law issued against any corporation, whether domestic or foreign, by any court ... may be made in the manner provided by law upon any registered agent, officer, or director of the corporation who is found within the jurisdiction of the court ...; or if any registered agent, officer, or director cannot be found, upon the manager or superintendent of the corporation or any person who is found in charge of the property, business, or office of the corporation within the jurisdiction.

HRS § 414–64(a).

Under HRCP Rule 4(d), service on a corporation is addressed in sub-paragraphs (3) and (8) as follows:

**Rule 4. Process.**

...

(d) *Same: Personal service.* The summons and complaint shall be served together. The plaintiff

shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

...

(3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

...

(8) Upon a defendant or any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute.

Further, HRCP Rule 4(c) specifies those who are authorized to effect service:

Service of all process shall be made: (1) anywhere in the State by the sheriff or the sheriff's deputy, by some other person specially appointed by the court for that purpose, or by any person who is not a party and is not less than 18 years of age; or (2) **\*451** in any county by the chief of police or the chief's duly authorized subordinate....

[13] The relevant facts are not disputed. Wagner attempted service on WBGI in two ways, neither of which constituted valid service of process under HRS § 414–64(a) or HRCP Rule 4. First, Linda Wagner's certificate of service and subsequent declaration establish that she mailed a copy of the summons and First Amended Complaint via U.S. mail to Yeh at his business address on W. Lanikaula Street in Hilo, Hawai'i. Yeh is WBGI's counsel and has been its registered agent located in Hilo, Hawai'i since December 21, 2005. Yeh ac-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

268 P.3d 443
126 Hawai'i 190, 268 P.3d 443
(Cite as: 126 Hawai'i 190, 268 P.3d 443)

knowledged that he received the documents by mail on October 31, 2006, but informed Wagner that this form of service was not proper. Yeh attested, and it is not disputed, that he was physically present in Hilo at relevant times and that Walter Wagner has been to his office, yet no attempts were made to personally serve Yeh with the First Amended Complaint. Pursuant to HRS § 414–64(a) and HRCP Rules 4(c) and 4(d), Yeh should have been served in person. Mailing the complaint and summons to Yeh in these circumstances is not a method allowed under the statute or rule. HRCP Rule 4(c) specifies who is authorized to serve process and does not include service by mail. In turn, HRCP Rule 4(d)(3) requires the method of service on a corporation to be "by *delivering* a copy" of the summons and complaint to an individual listed therein. Moreover, contrary to Wagner's argument, Yeh's knowledge of the lawsuit did not cure the jurisdictional defect. *See Tropic Builders, Ltd. v. Naval Ammunition Depot Lualualei Quarters, Inc.,* 48 Haw. 306, 319, 402 P.2d 440, 448 (1965) (footnote omitted) ("[I]t is service of process, not actual knowledge of the commencement of the action which confers jurisdiction. Otherwise a defendant could never object to the sufficiency of service of process, since he must have knowledge of the suit in order to make such objection.").

[14] Second, Wagner attempted service on WBGI by delivery of the summons and First Amended Complaint to Sumbicay while she was working at the botanical gardens on December 8, 2006. Both Wagner and Linda Wagner attested that Sumbicay served as a receptionist at the botanical gardens, while WBGI submitted evidence that Sumbicay was hired through a temporary employment agency to work at the garden's visitor center. In either case, it is undisputed that Sumbicay was working at the botanical gardens on December 8, 2006, but was not a registered agent, officer or director of WBGI. She also was not a managing or general agent, or any other agent authorized to receive service of process. Additionally, even assuming Sumbicay was a person "found in charge of the

property," serving the First Amended Complaint on her was not proper under HRS § 414–64(a). Wagner knew that Yeh was the registered agent for WBGI and knew where to locate him.

In sum, Wagner's attempts at serving WBGI wholly failed to comply with HRS § 414–64(a) or HRCP Rule 4, and thus the circuit court properly set aside the entry of default pursuant to HRCP Rule 55(c).[FN8]

> FN8. Similar to the order setting aside the default judgment, addressed *supra*, we do not consider the test set out in *BDM* regarding the order setting aside the court clerk's entry of default. In both situations, there was no proper service on WBGI and therefore the circuit court did not have jurisdiction over WBGI to issue either the default judgment or the entry of default. *See* 10 James Wm. Moore et al., *Moore's Federal Practice* § 55.70[2] [d] at 55–92 (3d ed. 2011).

III. *Summary Judgment Rulings*

To the extent it can be discerned from Wagner's opening brief, he challenges the circuit court's grant of summary judgment on his claims for breach of contract under the promissory notes, breach of contract for loans through his personal credit cards, and quantum meruit. Wagner does not challenge the judgment as to his claim for breach of contract on the alleged oral contract and novation for services in 2003 or the claim for a constructive trust as to WBGI land.

A. *Standard of Review*

[15][16][17][18][19][20][21][22]  We review the circuit court's grant of summary judgment to WBGI under a *de novo* standard of review. **\*452** *Querubin v. Thronas,* 107 Hawai'i 48, 56, 109 P.3d 689, 697 (2005).

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affi-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

268 P.3d 443
126 Hawai'i 190, 268 P.3d 443
(Cite as: 126 Hawai'i 190, 268 P.3d 443)

Page 13

davits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and the inferences drawn therefrom in the light most favorable to the party opposing the motion.

*Id.* (citations omitted); HRCP Rule 56(c).

A summary judgment motion challenges the very existence or legal sufficiency of the claim or defense to which it is addressed. In effect, the moving party takes the position that he or she is entitled to prevail because his or her opponent has no valid claim for relief or defense to the action. Accordingly, the moving party has the initial burden of identifying those portions of the record demonstrating the absence of a genuine issue of material fact. The moving party may discharge his or her burden by demonstrating that if the case went to trial there would be no competent evidence to support a judgment for his or her opponent. For if no evidence could be mustered to sustain the nonmoving party's position, a trial would be useless.

*Sprague v. Cal. Pac. Bankers & Ins. Ltd.,* 102 Hawai'i 189, 202, 74 P.3d 12, 25 (2003) (citation omitted).

The burden is on the party moving for summary judgment (moving party) to show the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitles the moving party to judgment as a matter of law. This burden has two components.

First, the moving party has the burden of producing support for its claim that: (1) no genuine issue of material fact exists with respect to the essential elements of the claim or defense which the motion seeks to establish or which the motion

questions; and (2) based on the undisputed facts, it is entitled to summary judgment as a matter of law. Only when the moving party satisfies its initial burden of production does the burden shift to the non-moving party to respond to the motion for summary judgment and demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.

Second, the moving party bears the ultimate burden of persuasion. This burden always remains with the moving party and requires the moving party to convince the court that no genuine issue of material fact exists and that the moving part is entitled to summary judgment as a matter of law.

*Stanford Carr Dev. Corp. v. Unity House, Inc.,* 111 Hawai'i 286, 295–96, 141 P.3d 459, 468–69 (2006) (citations omitted).

"[A] motion for summary judgment is used as a means to avoid useless trials, and at the same time achieve a final determination on the merits ... in order to simplify trial or better prepare for trial." *Haw. Prince Hotel Waikiki Corp. v. City & Cnty. of Honolulu,* 89 Hawai'i 381, 393, 974 P.2d 21, 33 (1999) (quoting J. Friedenthal, M. Kane & A. Miller, *Civil Procedure: Summary Judgment* § 9.1, at 434–35 (1985)) (quotations and brackets omitted).

**B:** *Promissory Notes and Credit Card Loans*

[23]   Wagner's First Amended Complaint claims breach of contract under eight promissory notes allegedly executed at the beginning of each year between 1996 to 2003 by "Walter L. Wagner, President, WBGI" and "Linda M. Wagner, Secretary/Treasurer, WBGI." The First Amended Complaint alleges as to each promissory note that Wagner had entered into an oral contract with WBGI to perform directorship services for WBGI, that he had fulfilled the terms of his oral contract, and that due to WBGI's inability to pay for the services "WBGI, by and through its officers of record, signed the Promissory Note attached" and deferred

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

268 P.3d 443
126 Hawai'i 190, 268 P.3d 443
(Cite as: 126 Hawai'i 190, 268 P.3d 443)

payment for *453 "ten years, or until such earlier time that demand for payment was made."

With regard to the credit card loans, the First Amended Complaint alleges that:

40. Commencing circa January, 1997, and continuously thereafter, plaintiff Walter L. Wagner entered into a series of monthly oral contracts with WBGI, whereby he agreed to loan several of his personal credit cards to WBGI for use by WBGI for making materials and services purchases for WBGI and for making cash advances to WBGI's corporate checking account, in light of WBGI's then inability to qualify for a corporate credit card program.

41. Under the terms of the loan of credit cards, WBGI was obligated to monthly pay all charges made on the cards that were for WBGI purposes. Any charges and balances owing not paid were to be carried over to the following month's oral contract, with interest charged thereon by the credit card copies. All interest accumulated thereon, charged by the lending institutions, likewise became an obligation of WBGI, as if it were in stead [sic] of plaintiff. Demand for full repayment could be made at any time by plaintiff, and failure to repay same did not stop any accumulating credit card interest. Plaintiff was obligated to maintain copies of his credit card statements, so as to be able to make an accounting thereon, and subtract out any personal charges made on his cards.

42. Over the course of several years, the monthly balance on said credit cards grew larger, with the amount owed to plaintiff increasing to an amount in excess of $80,000 at the time of the breach of the repayment, which breach of payments on the monthly charge balances occurred circa May 24, 2004. Since that time, the interest on the balance owing by WBGI to plaintiff has continued by the credit card companies, which total balance owing now exceeds $120,000.00.

43. Demand for payment in full was made when WBGI first breached its repayment program, but no further payments have been made by WBGI.

In support of its motion for summary judgment, WBGI submitted the affidavits of Kenneth A. Francik (Francik), a WBGI shareholder and Chairman of the Board for WBGI as of August 2003, and Leslie Cobos (Cobos), a WBGI shareholder and Secretary for WBGI from approximately September 2004. In Francik's affidavit he attests in pertinent part:

15. Since August of 2003, when I was appointed as Chairman of the Board, Walter Wagner reported to me first as President of WBGI and beginning in December of 2003, as WBGI's Garden Director, pursuant to a contract I signed on behalf of WBGI, as its Chairman of the Board until Walter Wagner's contract was terminated in May of 2004. At no time prior to this contract was there any contract or salary package for Mr. Wagner which was approved by either WBGI's shareholders, nor did I ever see or hear of any promissory notes being due to Mr. Wagner. Prior to Walter Wagner negotiating and signing his Garden Directors [sic] independent contract, at no time did he ever mention or produce any documentation that indicated he was owed any back pay or any other claims for monetary compensation.

....

34. Walter Wagner has never presented evidence to WBGI's Board to substantiate his claims. He now claims he served WBGI under various employment contracts allegedly entered into between Wagner and WBGI from 1995 through 2003, yet WBGI has no record of any such employment contracts. WBGI has no records indicating that Walter Wagner was ever an employee of WBGI. Wagner has not produced any W–2 or any tax returns as to his claim of salary.

35. Further, the financial accounting records

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

268 P.3d 443
126 Hawai'i 190, 268 P.3d 443
(Cite as: 126 Hawai'i 190, 268 P.3d 443)

Page 15

maintained by the Wagner's [sic] when they ran WBGI until 2003 do not contain any evidence indicating that WBGI owes Wagner back wages. For example, there is no record or corporate resolution that WBGI owed a liability for unpaid wages or that Wagner's compensation was deferred.

In Cobos's affidavit, she attests in pertinent part: *454 6. I am currently a WBGI shareholder. I am also the Secretary of WBGI and have been so since about September 25, 2004. I have generally maintained custody and control over WBGI's records....

....

9. At no time prior to my investment, was it ever disclosed by Walter Wagner or Dan Perkins that Walter Wagner was owed credit card debts, deferred compensation or promissory notes by WBGI or any entity I believed I was investing in.

....

14. At no time was it ever disclosed to me that WBGI, the Nevada corporation, had ever agreed to assume the debts or liabilities of a defunct Utah corporation, nor have I seen any corporate resolution to this effect.

....

39. WBGI's records do not contain any promissory notes, deferred compensation or employment agreements, resolutions, or any other evidence that WBGI owed Walter Wagner for such sums, or had agreed to assume any pre-incorporation debts.

The affidavits of Francik and Cobos established that, based on their knowledge as well as the records of WBGI, there existed no amounts owing to Wagner from WBGI for the promissory-notes or for the alleged credit card loans. In response, therefore, Wagner was required to present evidence rais-

ing a genuine issue of material fact that these obligations actually existed.

Even considered in the light most favorable to him as the non-moving party, the evidence Wagner submitted in response to WBGI's summary judgment motion failed to make such a showing. For instance, none of the alleged promissory notes were sworn to, attached to any affidavit, or properly authenticated. Under HRCP Rule 56(e), there was no admissible evidence as to the existence or terms of the promissory notes.[FN9] At most, Wagner's affidavits make general reference to the promissory notes attached to the First Amended Complaint. This does not meet the requirements of HRCP Rule 56(e).

FN9. HRCP Rule 56(e) states in relevant part: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth *such facts as would be admissible in evidence,* and shall show affirmatively that the affiant is competent to testify to the matters stated therein. *Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.* " (Emphasis added).

Likewise, the affidavits submitted in opposition to WBGI's summary judgment motion failed to establish the existence and/or terms of the alleged contract for the credit card loans. Wagner also failed to provide any admissible evidence showing the amounts owed to him or establishing any credit card expenses that were WBGI-related expenses.

Based on our *de novo* review of the record, Wagner failed to make a showing that there were genuine issues of material fact as to his claims under the alleged promissory notes or for the alleged credit card loans. For these reasons, we conclude the circuit court was warranted in granting summary judgment for WBGI on these claims.

C. *Quantum Meruit*

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

268 P.3d 443
126 Hawai'i 190, 268 P.3d 443
(Cite as: 126 Hawai'i 190, 268 P.3d 443)

[24] With regard to his quantum meruit claim, Wagner alleges in his First Amended Complaint that:

44. [C]ommencing circa January 2, 1995 and continuously thereafter through to December 31, 2005, plaintiff Walter L. Wagner engaged in services and activities which rendered a net positive benefit to WBGI and its land holdings, by improving the lands it owns, and creating a Botanical Gardens with an attendant large cash flow.

Wagner alleges that the fair market value of the services rendered to WBGI exceeds $700,000 and that WBGI has been enriched in that amount. He claims WBGI is indebted to him in the sum of $700,000 less $122,013.25 already paid to him.

The circuit court granted summary judgment to WBGI on the quantum meruit claim on the following grounds:

20. Wagner's claim for the value of his services in improving the WBGI property, whether based upon independent contractor agreements or in quantum meruit is *455 also barred to the extent that he was not a licensed contractor. On the face of the promissory notes, he was an independent contractor, not an employee.... HRS Section 444–22 prohibits persons who are unlicensed contractors "from recovering for work done, or materials or supplies furnished, or both on a contract or on the basis of the reasonable value thereof, in a civil action, if such person failed to obtain a license under this chapter prior to contracting for such work."

21. Wagner's claim for quantum meruit is also barred by the doctrine of unclean hands. Wagner's failure to disclose the amount of his contract or claimed debt, and his representations to shareholders that neither officers or directors would be compensated estop him from making this claim, and he also breached his fiduciary duty.

[25] On appeal, Wagner argues that he built the botanical gardens and is owed for his services. WBGI does not contest Wagner's claim that he did extensive work regarding the botanical gardens, but argues that Wagner's quantum meruit claim is barred by HRS § 444–22 (1993 Repl.) and the doctrine of unclean hands. From our *de novo* review of the record, we conclude there are genuine issues of material fact that preclude summary judgment as to the quantum meruit claim.

It is a truism that " *[a] person confers a benefit upon another if he gives to the other possession of or some other interest in money, land, chattels or [choses] in action, ..., or in any way adds to the other's security or advantage.*"... And it is axiomatic that "[a] person who has been unjustly enriched at the expense of another is required to make restitution to the other."

*Durette v. Aloha Plastic Recycling, Inc.,* 105 Hawai'i 490, 502, 100 P.3d 60, 72 (2004) (citations omitted). "[A] claim for unjust enrichment requires only that a plaintiff prove that he or she 'confer[red] a benefit upon' the opposing party and that the 'retention [of that benefit] would be unjust.' " *Id.* at 504, 100 P.3d at 74 (citation omitted).

Under HRS § 444–22, if Wagner was acting as an independent contractor and engaging in services covered by HRS Chapter 444, his claim for quantum meruit would be barred as he produced no evidence that he was licensed as required under HRS Chapter 444. *See* HRS § 444–22. A contractor is defined as:

[A]ny person who by oneself or through others offers to undertake, or holds oneself out as being able to undertake, or does undertake to alter, add to, subtract from, improve, enhance, or beautify any realty or construct, alter, repair, add to, subtract from, improve, move, wreck, or demolish any building, highway, road, railroad, excavation, or other structure, project, development, or improvement, or do any part thereof, including the erection of scaffolding or other structures or works in connection therewith.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

268 P.3d 443
126 Hawai'i 190, 268 P.3d 443
(Cite as: 126 Hawai'i 190, 268 P.3d 443)

Page 17

HRS § 444–1 (Supp.2010). HRS § 444–9 (1993 Repl.) requires that persons within the purview of HRS Chapter 444 be licensed. In turn, HRS § 444–22 provides:

§ 444–22 Civil action. The failure of any person to comply with any provision of this chapter shall prevent such person from recovering for work done, or materials or supplies furnished, or both on a contract or *on the basis of the reasonable value thereof,* in a civil action, if such person failed to obtain a license under this chapter prior to contracting for such work.

(Emphasis added). *See Shultz v. Lujan,* 86 Hawai'i 137, 140, 948 P.2d 558, 561 (App.1997) (footnote omitted) ("Under HRS § 444–22, if a person contracts to perform the work of a contractor but, at the time of contracting, the person is not licensed to do the work, then that person is prohibited from bringing civil action to recover payment for work done.").

The First Amended Complaint alleges that "[a]t all times herein mentioned, plaintiff Walter L. Wagner contracted with defendant WBGI to engage in various services discussed further below" and does not allege that Wagner was an employee of WBGI. Therefore, by Wagner's own claim, there is no dispute that he was not acting in the capacity of an employee who would be exempt*456 from HRS Chapter 444. *See* HRS 444–2(6) (Supp.2010). However, based on the evidence adduced as to the quantum meruit claim, genuine issues of material fact exist as to whether Wagner was providing services covered by HRS Chapter 444 that required a license.

Wagner and his wife are far from consistent in their affidavits as to the work he performed for WBGI, and their affidavits indicate that significant portions of the work he claims to have done may be contracting work covered by HRS Chapter 444. However, Wagner also did attest that his garden director services "included a wide variety of functions, including hiring, training and supervising employees, providing gardening services, negotiating

contracts, etc." Such services, or at least a part of those services, may be outside the scope of HRS Chapter 444. Therefore, genuine issues of material fact exist as to: the services Wagner provided to WBGI that would be a basis for his quantum meruit claim; whether he was required to be licensed under HRS Chapter 444 to provide such services; and whether such services that he rendered would be barred from recovery under HRS § 444–22.

[26][27] Genuine issues of material fact also exist whether Wagner is barred from recovering on his quantum meruit claim due to unclean hands. Quantum meruit is an equitable claim. Under the doctrine of unclean hands, it is expressed that "he who comes into equity must come with clean hands [.]" *7's Enters., Inc. v. Del Rosario,* 111 Hawai'i 484, 494, 143 P.3d 23, 33 (2006). As stated by the Hawai'i Supreme Court regarding the doctrine of unclean hands:

Broad as the principle is in its operation, it must still be taken with reasonable limitations; it does not apply to every unconscientious act or inequitable conduct on the part of a plaintiff. *The maxim, considered as a general rule controlling the administration of equitable relief in particular controversies, is confined to misconduct in regard to, or at all events connected with, the matter in litigation, so that it has in some measure affected the equitable relations subsisting between the two parties,* and arising out of the transaction; it does not extend to any misconduct, however gross, which is unconnected with the matter in litigation, and with which the opposite party has no concern. When a court of equity is appealed to for relief it will not go outside of the subject matter of the controversy, and make its interference to depend upon the character and conduct of the moving party in no way affecting the equitable right which he asserts against the defendant, or the relief which he demands. *Woodward v. Auyong,* 33 Haw. 810, 811–12 (1936) (emphasis added). It has also been stated by this court that the clean hands doctrine "is not one of

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

268 P.3d 443
126 Hawai'i 190, 268 P.3d 443
(Cite as: 126 Hawai'i 190, 268 P.3d 443)

Page 18

absolutes, and each case must be judged on its particular facts and circumstances." *Shinn v. Edwin Yee, Ltd.,* 57 Haw. 215, 230–31, 553 P.2d 733, 744 (1976) (citing *Keystone Driller Co. v. Gen. Excavator Co.,* 290 U.S. 240, 54 S.Ct. 146, 78 L.Ed. 293 (1933)).

*Id.* at 494–95, 143 P.3d at 33–34. Whether a party "engaged in iniquitous conduct is primarily a question of fact[.]" *Shinn v. Edwin Yee, Ltd.,* 57 Haw. 215, 230, 553 P.2d 733, 743 (1976).

Wagner's quantum meruit claim extends over numerous years and, although there is a multitude of evidence suggesting questionable conduct by Wagner, we are unable to agree with the circuit court that summary judgment is warranted on this claim based on a factual finding of unclean hands. From our review of the record in this case and the numerous affidavits submitted regarding WBGI's summary judgment motion, we conclude that there are genuine issues of material fact on the question of unclean hands pertaining to Wagner's quantum meruit claim.

IV. *Conclusion*
Based on the foregoing, the Judgment filed on January 15, 2008 in the Circuit Court of the Third Circuit is vacated to the extent that it enters judgment on Wagner's claim for quantum meruit in favor of WBGI and against Wagner. This case is remanded to the circuit court for further proceedings on Wagner's claim for quantum meruit, consistent with this Opinion. In all other respects, *457 we affirm the Judgment entered on January 15, 2008.

Hawai'i App.,2011.
Wagner v. World Botanical Gardens, Inc.
126 Hawai'i 190, 268 P.3d 443

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.