Arnold Richer, #2751
Patrick F. Holden, #6247
**RICHER & OVERHOLT, P.C.**
Attorneys for Defendant World Botanical Gardens, Inc.
901 West Baxter Drive
South Jordan, Utah 84095
Telephone: (801) 561-4750, Ext. 15
Email: aricher@richerandoverholt.com

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WALTER L. WAGNER, an individual, : | |
| Plaintiff, : | Case No. 2:11-cv-784-CW-PMW |
| v. : | DEFENDANT WORLD BOTANICAL GARDENS, INC.'S |
| PRESTON MICHIE, an individual, KENNETH : FRANCIK, an individual, LESLIE COBOS, an individual, MARK ROBINSON, an individual, : ANNETE EMERSON, an individual, STEVE BRYANT, an individual, and WORLD : BOTANICAL GARDENS, INC., a Nevada corporation, : Defendants. : | MEMORANDUM IN SUPPORT OF DEFENDANT WORLD BOTANICAL GARDENS, INC.'S SECOND MOTION TO DISMISS. District Judge Clark Waddoups Magistrate Judge Paul M. Warner |

Defendant World Botanical Gardens, Inc, a Nevada corporation ("Defendant WBGI"), by and through its attorneys of record and pursuant to the *Federal Rules of Civil Procedure* (hereinafter "Rule" or "Rules") 12(b)(6) and DUCivR 7-1, submits Defendants World Botanical Gardens,

Inc.'s Memorandum in Support of Defendant World Botanical Gardens, Inc.'s Second Motion to Dismiss.

## INTRODUCTION

Defendant WBGI previously moved to dismiss the Complaint filed by Plaintiff Walter L. Wagner's ("Wagner"). Defendant WBGI's motion to dismiss was based in part on the doctrine of issue preclusion. The Court found in favor of Defendant WBGI on each element of issue preclusion, except the finality of the three state court judgments at issue. As a result, the Court denied Defendant WBGI's Motion to Dismiss without prejudice and indicated the Court would reconsider its decision upon proper proof of the finality of the three state court judgments.

Defendant WBGI has filed the instant motion to provide proof of the finality of two of the three state court decisions at issue, and also to provide the Court with the status of the third state court decision.

## REQUEST FOR JUDICIAL NOTICE OF THE THREE PRIOR STATE COURT JUDGMENTS AND RELATED COURT ORDERS AND RULINGS ESTABLISHING THE FINALITY OR STATUS OF THE STATE COURT JUDGMENTS

The Court has already granted Defendant WBGI's request that the Court take judicial notice of the three state court decisions pursuant to Fed. R. Evid. 201(d). To recap, the three prior state court judgments related to this case are:

(1) <u>World Botanical Gardens, Inc. v. Walter Wagner, et al.</u>; Second Judicial District for the State of Nevada, Washoe County; Case No. CV05-02079, dated October 2, 2006 (hereinafter

referred to as the "Nevada Judgment" and the court as the "Nevada Court");

(2) <u>Walter L. Wagner v. World Botanical Gardens, Inc.</u>; Third Circuit Court for the State of Hawaii; Civil No. 04-01-0232, dated November 13, 2007 (hereinafter referred to as the "First Hawaii Judgment" and the court as the "First Hawaii Court"); and

(3) <u>World Botanical Gardens, Inc. v. Walter Wagner, et al.</u>; Third Circuit for the State of Hawaii; Case No. 05-01-0210, dated October 9, 2008 (hereinafter referred to as the "Second Hawaii Judgment" and the court as the "Second Hawaii Court").

Defendant WBGI requests, pursuant to Fed. R. Evid. 201(d), that the Court take judicial notice of the state court orders and rulings related to the finality of three state court decisions. Fed. R. Evid. 201(d) provides that a "court shall take judicial notice if requested by a party and supplied with the necessary information." In addition, Fed.R. Evid. 201(b) defines a "judicially noticed fact must be one not subject to reasonable dispute in that it . . . capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."

The Tenth Circuit Court of Appeals has taken judicial notice of state court proceedings. For example, in <u>St. Louis Baptist Temple v. Federal Deposit Insurance Corporation</u>, 605 F.2d 1169, 1172 (10th Cir. 1979) the Tenth Circuit stated that "[i]t has been held that federal courts . . . may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." See also <u>Pace v. Swerdlow</u>, 519 F.3d 1067, 1072 (10th Cir. 2008)(affirming district court action in taking "judicial

notice of all the materials in the state court's file.") and Painsolvers, Inc. v. State Farm Mut. Auto. Ins. Co., 732 F.Supp. 2d 1107, 116 n. 12 (D. Hawaii 2010)("Judicial notice is properly taken of transcripts, orders and decisions made by other courts or administrative agencies.")

The orders and rulings related to the three state court decisions are directly related to the resolution of this case. The proof of these state court decisions' finality is directly relevant to the Court's resolution of the preclusive effects of these judgments.

### A.  The Nevada Judgment.

On January 15, 2008, the Nevada Supreme Court affirmed the judgment issued by Judge Brent T. Adams' from the second Judicial District Court, Washoe County. A copy of the *Order of Affirmance* from the Nevada Supreme Court dated January 15, 2008 is attached as Exhibit A. The United States Supreme Court denied Plaintiff's Petition for Issuance of a Writ of Certiorari on October 6, 2008. A copy of the Keycite Report from Westlaw documenting the United States Supreme Court's denial of Plaintiff's Petition is attached as part of Exhibit A.

### B.  The First Hawaii Judgment.

The First Hawaii case is the subject of a reported decision, Wagner v. World Botanical Gardens, Inc., 268 P.3d 443 (Hawaii Ct. App. 2011), a copy of which is attached as Exhibit B. The Hawaii Court of Appeals vacated the trial court on the issue of Wagner's right to recover under a quantum meruit theory and affirmed the trial court in all other respects. The Hawaii Court of Appeals remanded the case to the trial court for further proceedings. The Second

Hawaii case is now pending before the Circuit Court of Hawaii.

### C. The Second Hawaii Judgment.

Wagner appealed the Second Hawaii Judgment to the Hawaii Court of Appeals. The Hawaii Court of Appeals affirmed the trial court's decision. Wagner then filed a Petition of Certiorari to the Hawaii Supreme Court, which rejected Wagner's Petition. Attached as Exhibit C are copies of the following: (1) the First Amended Final Judgment; (2) the unpublished decision of the Hawaii Court of Appeals; and (3) the Hawaii Supreme Court's Order Rejecting Application for Writ of Certiorari.

## POINT I

## PLAINTIFF'S CLAIMS RELATED TO THE NEVADA AND SECOND HAWAII JUDGMENT SHOULD BE DISMISSED WITH PREJUDICE UNDER THE DOCTRINE OF ISSUE PRECLUSION.

### A. The Nevada Decision is Final.

In the *Report and Recommendation*, the Court stated that "[i]f WBGI can demonstrate that the Nevada Decision is final, WBGI should be allowed to renew its motion to dismiss Wagner's claims related to record keeping." *Report and Recommendation*, pg. 12. Attached as Exhibit A is a copy of an *Order of Affirmance* from the from the Nevada Supreme Court. In the *Order of Affirmance*, the Nevada Supreme Court ordered the judgment of the district court affirmed. Also attached as part of Exhibit A is documentation of the United States Supreme Court's denial of Plaintiff's Petition for a Writ of Certiorari to the United States Supreme Court.

The Nevada Decision is therefore final for purposes of issue preclusion.

.As indicated in the *Report and Recommendation*, the Nevada Court addressed and resolved the issue of Wagner's poor record-keeping. *Report and Recommendations*, pgs. 9 - 10.

**B.  The First Hawaii Decision is not Final.**

In the *Report and Recommendation*, the Court stated that "under Hawaii law, it appears that a judgment is not final for purposes of issue preclusion while pending on appeal." *Report and Recommendations*, pg. 14.  Based on the Court's ruling, the First Hawaii Decision is not final for purposes of issue preclusion.  Nevertheless, to inform the Court of the current status of the case, Defendant WBGI attached as Exhibit B the recent decision from the Hawaii Court of Appeal.  In Wagner v. World Botanical Gardens, Incorporated, 268 P.3d 443, 446 (Haw. Ct. App. 2011)(emphasis added) the court concluded that "summary judgment was not warranted as to Wagner's claim based on quantum meruit, and further proceedings on remand are required as to this claim.  **In all other respects, we affirm the circuit court.**"

Therefore, all issues related to Wagner's defamation claim (fraudulent promissory notes, Ms. Wagner's status as officer of WBGI and general misappropriation) were affirmed by the Hawaii Court of Appeal.  Nevertheless, under this Court's ruling and Hawaii state law, the judgment is not yet final pending resolution of the quantum meruit claims.

**C.  The Second Hawaii Decision is Final.**

In the *Report and Recommendation*, the Court stated that "[i]f and when the First Hawaii

Decision and the Second Hawaii Decision become final, WBGI should be allowed to renew its motion to dismiss Wagner's claims related to misappropriation of funds and the 2004 Note." *Report and Recommendation*, pg. 16.

The Hawaii Court of Appeal affirmed the Second Hawaii Decision in an unpublished disposition, which is attached as Exhibit C. The Hawaii Supreme Court denied Plaintiff's subsequent Application for Writ of Certiorari. A copy of the Hawaii Supreme Court's *Order Rejecting Application for Writ of Certiorari* is attached as part of Exhibit C. Accordingly, the finality requirement of issue preclusion is satisfied with respect to the Second Hawaii Decision.

As noted in the Court's *Report and Recommendation*, the Second Hawaii Decision addressed "allegations that WBGI stated that Wagner embezzled funds designated for use to construct a Visitor Center." *Report and Recommendation*, pg. 12. Further, the Second Hawaii Decision resolved the issue of the Visitor Center account and Plaintiff's misappropriation of investor funds for personal use. *Report and Recommendation*, pg. 12.

Therefore, Plaintiff's defamation claims arising from the Visitor Center, Visitor Center account and Plaintiff's misappropriation of investor funds for personal use are barred under the doctrine of issues preclusion.

## CONCLUSION

For the foregoing reasons, Defendant WBGI requests that the Court dismiss Plaintiff's

Complaint with prejudice.

DATED this 4th day of April, 2012.

        **RICHER & OVERHOLT, P.C.**

        */s/ Patrick F. Holden*
        Arnold Richer
        Patrick F. Holden
        Attorneys for Defendant World Botanical Gardens, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing **DEFENDANT WORLD BOTANICAL GARDENS, INC.'S MEMORANDUM IN SUPPORT OF DEFENDANT WORLD BOTANICAL GARDENS, INC.'S SECOND MOTION TO DISMISS** to be delivered to the following in the manner and on the date below indicated:

[ ] Mail  
[ ] Fax  
[X] Email  
[ ] Hand Delivery  

Walter L. Wagner  
532 N 700 E  
Payson, Utah 84651  
retlawdad@hotmail.com  
(Pro Se Plaintiff)

DATED this 4th day of April, 2012.

_Patt I. Hill_ (signature)