# EXHIBIT A

IN THE SUPREME COURT OF THE STATE OF NEVADA

WALTER L. WAGNER; LINDA M. WAGNER; DAN PERKINS; AND DAVID ADAMS,
Appellants,
vs.
WORLD BOTANICAL GARDENS, INC.,
Respondent.

No. 48428

FILED
JAN 15 2008
TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court permanent injunction and judgment in a business dispute. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

Respondent World Botanical Gardens, Inc., is a Nevada corporation operating a botanical garden in Hawaii. Based on appellants' interference with World Botanical Gardens' business and governance, World Botanical Gardens instituted the underlying action against them. In its amended complaint, World Botanical Gardens sought (1) a declaratory judgment identifying certain individuals—not including appellants—as World Botanical Gardens' validly elected board of directors; (2) preliminary and permanent injunctions precluding appellants from further interfering with World Botanical Gardens' business; (3) an accounting of funds and assets intended for World Botanical Gardens that appellants had improperly obtained or redirected; and (4) a constructive trust for World Botanical Gardens' benefit, consisting of the funds and assets intended for World Botanical Gardens that appellants had obtained or redirected.

World Botanical Gardens ultimately obtained the relief that it sought through various district court orders. In particular, the district court issued a preliminary injunction precluding appellant Walter L.

SUPREME COURT
OF
NEVADA

(O) 1947A

08-01143

Wagner from interfering with World Botanical Gardens' business and governance. The district court then granted summary judgment to World Botanical Gardens with respect to its request for a judgment declaring that certain individuals constituted World Botanical Gardens' valid and controlling board of directors. Next, the district court issued a permanent injunction precluding Walter Wagner from interfering with World Botanical Gardens' business and governance. Thereafter, the district court issued a permanent injunction prohibiting appellants Linda Wagner, Dan Perkins, and David Adams from interfering with World Botanical Gardens' business and governance. The permanent injunction order also included a $12,737.06 judgment jointly and severally against Walter Wagner and a defendant who is not a party to this appeal, based on Walter Wagner's and the defendant's interference with a World Botanical Gardens' bank account and website.

The district court subsequently entered an order awarding $7,058.36 in costs and $75,000.00 in attorney fees to World Botanical Gardens. Ultimately, the court entered an order determining that Walter Wagner and Dan Perkins were in contempt of its injunctions and imposing a constructive trust in World Botanical Gardens' favor, consisting of $351,520 obtained by Walter Wagner and Perkins, but intended for World Botanical Gardens. Walter Wagner, Linda Wagner, Dan Perkins, and David Adams have appealed.

In considering this appeal, questions of law are reviewed de novo.[1] But we give deference to the district court's factual findings so long

---

[1] SIIS v. United Exposition Services Co., 109 Nev. 28, 30, 846 P.2d 294, 295 (1993).

as they are not clearly wrong and are supported by substantial evidence,[2] which has been defined as evidence that "a reasonable mind might accept as adequate to support a conclusion."[3] Moreover, witness credibility determinations are within the district court's fact-finding purview, and we thus will not substitute our or appellants' view of witness testimony for that of the district court.[4]

The district court's decisions with respect to injunctive relief, costs and attorney fees, and contempt are generally reviewed for an abuse of discretion.[5] And although we likewise generally review a district court's

---

[2]See NOLM, LLC v. County of Clark, 120 Nev. 736, 739, 100 P.3d 658, 660-61 (2004); Gibellini v. Klindt, 110 Nev. 1201, 1204, 885 P.2d 540, 542 (1994).

[3]First Interstate Bank v. Jafbros Auto Body, 106 Nev. 54, 56, 787 P.2d 765, 767 (1990) (internal quotation marks omitted).

[4]Fox v. First Western Sav. & Loan, 86 Nev. 469, 472, 470 P.2d 424, 426 (1970).

[5]See Labor Comm'r v. Littlefield, 123 Nev. __, __, 153 P.3d 26, 28 (2007) (noting that the decision to grant a preliminary injunction is within the district court's discretion); Kahn v. Morse & Mowbray, 121 Nev. 464, 479, 117 P.3d 227, 238 (2005) (noting that "[t]he decision to award attorney fees is within the [district court's] sound discretion . . . and will not be overturned absent a 'manifest abuse of discretion'" (quoting County of Clark v. Blanchard Constr. Co., 98 Nev. 488, 492, 653 P.2d 1217, 1220 (1982))); Matter of Water Rights of Humboldt River, 118 Nev. 901, 903, 59 P.3d 1226, 1227 (2002) (noting that contempt orders are reviewed for an abuse of discretion); Bobby Berosini, Ltd. v. PETA, 114 Nev. 1348, 1352, 971 P.2d 383, 385 (1998) (noting that the determination of allowable costs is within the district court's sound discretion); A.L.M.N., Inc. v. Rosoff, 104 Nev. 274, 277, 757 P.2d 1319, 1321 (1988) (recognizing that the district court's decision to grant a permanent injunction is generally reviewed for an abuse of discretion); Schouweiler v. Yancey Co., 101 Nev. 827, 833, 712 P.2d 786, 790 (1985) (noting that the district court has discretion to award attorney fees based on a rejected offer of judgment).

decision with respect to issuing a declaratory judgment for an abuse of discretion,[6] because the declaratory judgment in this case was issued in the context of an order granting a motion for partial summary judgment, we conclude that the proper standard of review is that for summary judgment, de novo.[7] With respect to the district court's decision to impose a constructive trust, a constructive trust is an equitable remedy,[8] which is within the district court's discretion to impose.[9]

Having reviewed the record, appellants' appeal statements, respondent's response, and appellants' joint reply thereto[10] in light of

---

[6]County of Clark v. Upchurch, 114 Nev. 749, 752, 961 P.2d 754, 756 (1998) (recognizing that a district court's determination with respect to issuing a declaratory judgment is reviewed for an abuse of discretion).

[7]See Wood v. Safeway, Inc., 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (noting that this court reviews orders granting summary judgment de novo); cf. A.L.M.N., Inc., 104 Nev. at 277, 757 P.2d at 1321 (reviewing de novo a district court's decision to issue a permanent injunction because it issued the permanent injunction in conjunction with granting a motion for summary judgment).

[8]See Danning v. Lum's, Inc., 86 Nev. 868, 871, 478 P.2d 166, 167 (1970) (recognizing that a constructive trust is a remedial device by which the holder of legal title to property is designated a trustee for the benefit of another, who in good conscience is entitled to it).

[9]See Hames v. Frank, 579 N.E.2d 1348, 1355 (Ind. Ct. App. 1991) (noting that "[t]he trial court has full discretion to fashion equitable remedies that are complete and fair to all parties involved"), cited in Bedore v. Familian, 122 Nev. 5, 12 n.21, 125 P.3d 1168, 1172 n.21 (2006).

[10]Although appellants did not separately request leave to submit a reply brief, as we have considered their reply brief filed on August 29, 2007, we deny World Botanical Gardens' December 13, 2007 motion to strike it.

*continued on next page . . .*



those principles, we conclude that the district court's determinations are neither an abuse of its discretion nor erroneous. Indeed, substantial record evidence supports the district court's judgment.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.[11]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

---

*. . . continued*

Further, to the extent that World Botanical Gardens' December 13 motion to strike appellants' response requests to supplement its response with an order from an action involving Walter Wagner and World Botanical Gardens in the Circuit Court of Hawaii, that request is denied.

[11]On November 29, 2007, Walter Wagner filed a letter essentially requesting that we determine the propriety of a document that World Botanical Gardens purportedly filed in the district court, notifying the district court of Walter Wagner's alleged violations of the permanent injunction. That issue, however, is not properly raised in the context of this appeal. Accordingly, we deny any request for relief contained in Walter Wagner's November 29 letter.

Having considered all of the issues raised by appellants, we conclude that their other contentions lack merit and thus do not warrant reversal of the district court's judgment.

cc: Hon. Brent T. Adams, District Judge
David Adams
Dan Perkins
Linda M. Wagner
Walter L. Wagner
Story Law Group
Washoe District Court Clerk

Westlaw.

Date of Printing: Mar 06, 2012

## KEYCITE

H Wagner v. World Botanical Gardens, Inc., 124 Nev. 1516, 238 P.3d 863 (Nev., Jan 15, 2008) (NO. 48428)

### History

### Direct History

=>  1 **Wagner v. World Botanical Gardens, Inc.**, 124 Nev. 1516, 238 P.3d 863 (Nev. Jan 15, 2008) (Table, NO. 48428)

*Certiorari Denied by*

H  2 Wagner v. World Botanical Gardens, Inc., 555 U.S. 827, 129 S.Ct. 174, 172 L.Ed.2d 44, 77 BNA USLW 3001, 77 BNA USLW 3023, 77 BNA USLW 3193, 77 BNA USLW 3197 (U.S.Nev. Oct 06, 2008) (NO. 07-1589)

### Court Documents

### Appellate Court Documents (U.S.A.)

**U.S. Appellate Petitions, Motions and Filings**

3 Wagner v. World Botanical Gardens, Inc., 2008 WL 2492161 (Appellate Petition, Motion and Filing) (U.S. Apr. 12, 2008) **Petition for Issuance of a Writ of Certiorari** (NO. 07-1589)

### Dockets (U.S.A.)

**U.S.**

4 WALTER L. WAGNER, ET AL. v. WORLD BOTANICAL GARDENS, INCORPORATED, NO. 07-1589 (Docket) (U.S. Jun. 20, 2008)

© 2012 Thomson Reuters. All rights reserved.