Arnold Richer, #2751
Patrick F. Holden, #6247
**RICHER & OVERHOLT, P.C.**
Attorneys for Defendant World Botanical Gardens, Inc.
901 West Baxter Drive
South Jordan, Utah 84095
Telephone: (801) 561-4750, Ext. 15
Email: aricher@richerandoverholt.com

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WALTER L. WAGNER, | Case No. 2:11-cv-00784-CW-PMW |
| Plaintiff, | |
| v. | DEFENDANT WORLD BOTANICAL GARDENS, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO STAY. |
| PRESTON MICHIE, an individual, KENNETH FRANCIK, an individual, LESLIE COBOS, an individual, MARK ROBINSON, an individual, ANNETE EMERSON, an individual, STEVE BRYANT, an individual, and WORLD BOTANICAL GARDENS, INC., a Nevada corporation, | District Judge Clark Waddoups Magistrate Judge Paul M. Warner |
| Defendants. | |

Defendant World Botanical Gardens, Inc. ("Defendant WBGI"), by and through its attorneys of record and pursuant to *Federal Rules of Civil Procedure* 7, submits Defendant World Botanical Gardens, Inc.'s Memorandum in Support of Motion to Stay.

WBGI 03

## INTRODUCTION

The remaining issues left in this case have been litigated and decided in favor of Defendant WBGI and against Plaintiff Walter L. Wagner ("Wagner") by a Hawaii state court (hereinafter "the First Hawaii Court," "the First Hawaii Case," or "the First Hawaii Judgment"). However, the First Hawaii Case is not yet final for purposes of *res judicata*. Therefore, in the interests of judicial economy, Defendant WBGI asks the Court to stay further proceedings in this case until the First Hawaii Case is final for purposes of *res judicata*. After the First Hawaii Court proceedings are final, the Court may then either dismiss Wagner's remaining claims under *res judicata*, or proceed in a manner consistent with the final disposition of the First Hawaii Case.

## POINT I

### THE COURT SHOULD ISSUE A STAY IN THIS CASE UNTIL THE FIRST HAWAII CASE IS RESOLVED FOR PURPOSES OF *RES JUDICATA*.

The Court should issue a stay because a related prior state court proceeding involves identical issues for purposes of *res judicata*. The pendency of the related prior state court proceeding constitutes exceptional circumstances warranting the issuance of a stay.

The United States Supreme Court has long recognized that:

> [t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for the litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

Landis v. North American Company, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). See also Khadr v. Bush, 587 F.Supp.2d 225, 229 (D.D.C. 2008)(internal citations and quotations omitted)("Resolving a motion to stay or to hold a matter in abeyance pending the outcome of a related or parallel proceeding turns upon the unique circumstances of the case, and is largely a matter of discretion for the court. A court may grant such a motion if it finds that [i]n the interests of judicial economy and avoiding unnecessary litigation a stay is appropriate.")

The landmark decision of Colorado River Water Conservancy District v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) established the standards for determining whether a district court could stay proceedings in a case. In Colorado River, the Court observed that:

> there are principles . . . which govern in situations involving the contemporaneous exercise of concurrent jurisdiction, either by federal courts or by state and federal courts. These principles rest on considerations of wise judicial administration, given regard to conservation of judicial resources and comprehensive disposition of litigation.

Id. at 817.

Specifically, "in the event of an exercise of concurrent jurisdiction," a federal court may consider:

> such factors as the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation, and the order in which jurisdiction was obtained by the concurrent forums. No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligations to exercise jurisdiction and the combination of factors counseling against that exercise is

required. Only the clearest of justifications will warrant dismissal.
Id. at 818 - 819 (internal citations omitted).

Several years later, in Moses H. Cone Hospital v. Mercury Construction Corporation, 460 U.S. 1, 16, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the Court reaffirmed Colorado River, clarifying that:

> the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.

The Tenth Circuit Court of Appeals applied the Colorado River doctrine in Fox v. Maulding, 16 F.3d 1079 (10th Cir. 1994). There, the Tenth Circuit applied a two-part test to determine whether the federal court proceedings should be stayed. First, the federal court must determine "whether the state and federal proceedings are parallel." Id. at 1081. Second, "if a federal court determines the state and federal proceedings *are* parallel, it must then determine whether deference to state court proceedings is appropriate under the particular circumstances." Id. at 1082 (emphasis original). The second part of the test requires an application of the factors set forth in Colorado River:

> In *Colorado River*, the Supreme Court set forth a nonexclusive list of factors for courts to consider in deciding whether 'exceptional circumstances' exist to warrant deference to parallel state proceedings: (1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the courts obtained jurisdiction.
>
> Id.

The Tenth Circuit recommended consideration of these additional factors: "the vexatious or reactive nature of either the federal or the state action, whether federal law provides the rule of decision, . . . the adequacy of the state court action to protect the federal plaintiff's rights; [and] whether the party opposing abstention has engaged in impermissible forum-shopping." Id.

The issuance of a stay is appropriate under the Colorado River doctrine. First, the federal and state court proceedings are parallel. Second, the federal court should defer to the First Hawaii Court based on the First Hawaii Court's assumption of jurisdiction years prior to this federal case, the inconvenience of Utah as a forum, and the furtherance of judicial economy by preventing piecemeal litigation.

## A. This Federal Proceeding is Parallel to the First Hawaii Court Proceeding.

In evaluating whether a proceeding is parallel, the Tenth Circuit "examine[s] the state proceedings *as they actually exist* to determine whether they are parallel to the federal proceedings." Fox, 16 F.3d at 1081 (emphasis original). This requirement insures that "the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." Moses H. Cone Hospital v. Mercury Construction Corporation, 460 U.S. 1, 28, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)

This Court has already determined that the federal case and the First Hawaii Case are identical. [*R & R,* pgs. 12 - 14.] The Court stated:

> the First Hawaii Decision resolved the issue of whether Wagner fraudulently manufactured the 2004 Note (in addition to the prior notes incorporated into the 2004 Note). In this case, Wagner contends that WBGI's statement that Wagner

fraudulently executed the 2004 Note was defamatory. Wagner further alleges that WBGI's assertion that Wagner's spouse executed the 2004 Note as an officer of WBGI, while she was in fact not an officer of WBGI, was also defamatory.

The First Hawaii Court resolved this issue and found that the 'promissory notes are fabrications' and that 'Wagner's own statements to the Court also constitute admissions that the promissory notes are fabrications.' In addition, the First Hawaii Court ultimately ruled that '[t]he 2004 [Note] . . . was fraudulently created.' Wagner's defamation claims are based, in part, on his assertion that the statement Wagner "fraudulently created the 2004 Note" is false. However, that issue was already resolved by the First Hawaii Court.

[*R & R*, pgs. 13 - 14]

The Court concluded that "the issues presented in this case concerning the misappropriation of WBGI funds and the 2004 Note are identical to the issues addressed in the First Hawaii Decision and the Second Hawaii Decision." [*R & R*, pg. 14.]  Therefore, the instant case is a parallel proceeding to the First Hawaii Case satisfying the first element of Fox.

**B.  Exceptional Circumstances Warrant Issuance of a Stay.**

Under Colorado River, there are exceptional circumstances supporting the issuance of a stay. Defendant WBGI will address each factor in order.

**(1) Assumption of Jurisdiction Over Property.**

The first factor, whether either court has assumed jurisdiction over property, is not applicable. Although Wagner's First Amended Complain in the First Hawaii Court Case contained a claim for constructive trust over certain property, neither court has exercised jurisdiction over property. Therefore, the first factor is inapplicable.

WBGI 03

### (2) Inconvenience of Federal Forum.

The second factor, the inconvenience of the federal forum, favors the issuance of a stay. While Wagner is a Utah resident, Defendant WBGI is a Nevada corporation whose principal place of business is in Hawaii.

The individual defendants (who have not been served) are not Utah residents. They reside in a variety of states including California, Minnesota and Oregon. Therefore, it is inconvenient for both Defendant WBGI as well as the individual defendants to litigate this case in Utah. The issues in this case arise from the operation of a Nevada corporation exclusively in Hawaii. Utah is an inconvenient forum for Defendant WBGI, as well as the remaining unserved defendants.

### (3) Avoiding Piecemeal Litigation.

The third factor, avoiding piecemeal litigation, is perhaps the strongest factor supporting the issuance of a stay. Wagner has already litigated identical issues in the First Hawaii Case. Now, seeking a second bite at the apple, Wagner raises the same issues in this case, albeit in the guise of a defamation claim. The issuance of a stay would prevent piecemeal litigation and the concomitant waste of judicial resources.

### (4) Order in Which Courts Obtained Jurisdiction.

The fourth factor also favors the issuance of a stay, namely the order in which the courts obtained jurisdiction. On July 28, 2004, Wagner filed a complaint in the First Hawaii Case. Wagner filed the instant case on August 23, 2011. The First Hawaii Case predates the instant

case by about seven years. In addition, the matter has been litigated, appealed, and is now on remand. The Hawaii Court Case is much further along than the instant case.

### (5) Vexatious or Reactive Nature of Either Case.

The fifth factor examines the vexatious or reactive nature of either the federal or state action. This Court found that the instant action and the First Hawaii Case involve identical issues. Based on this finding, Wagner's initiation of suit raising issues already litigated is vexatious.

### (6) State Court can Adequately Protect Wagner's Rights.

Sixth, the First Hawaii Court can adequately protect Wagner's rights. In fact, Wagner has utilized the First Hawaii Court to enforce his rights since he initiated the case in July of 2004.

### (7) Forum Shopping.

Finally, Wagner has engaged in impermissible forum shopping. Defendant WBGI is located in Hawaii and state courts in Nevada and Hawaii have addressed Wagner's claims. Wagner now chooses Utah as the forum to relitigate these claims already raised in the prior state court actions.

In sum, this federal case is a parallel proceeding to the First Hawaii Court Case. In addition, application of the Colorado River factors demonstrates the necessity of a stay in this case to prevent an abuse of process and waste of judicial resources.

WBGI 03

## CONCLUSION

For the foregoing reasons, Defendant WBGI requests that the Court stay the proceedings pending resolution of the currently pending matter before the First Hawaii Court.

DATED this 4th day of April, 2012.

**RICHER & OVERHOLT, P.C.**

_____
Arnold Richer
Patrick F. Holden
Attorneys for Defendant World Botanical Gardens, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **DEFENDANT WORLD BOTANICAL GARDENS, INC.'S MOTION TO STAY** to be delivered to the following in the manner and on the date below indicated:

| | |
|---|---|
| [ ] Mail | Walter L. Wagner |
| [ ] Fax | 532 N 700 E |
| [X] Email | Payson, Utah 84651 |
| [ ] Hand Delivery | retlawdad@hotmail.com |
| | (Pro Se Plaintiff) |

DATED this 4th day of April, 2012.

_____