WALTER L. WAGNER
532 N 700 E
Payson, Utah 84651
retlawdad@hotmail.com
808-443-6344

FILED
U.S. DISTRICT COURT
2012 APR -6  P 1:03
DISTRICT OF UTAH
BY:_____
    DEPUTY CLERK

# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | | |
|---|---|---|
| WALTER L. WAGNER, | ) | Case:   2:11cv00784 |
| | ) | |
| Plaintiff | ) | **NOTICE OF FINALITY OF** |
| | ) | **HAWAII JUDGMENT** |
| vs. | ) | **[HRAP 40.1(a)(1)]** |
| | ) | |
| PRESTON MICHIE, KENNETH FRANCIK, LESLIE COBOS, MARK ROBINSON, ANNETTE EMERSON STEVE BRYANT, WORLD BOTANICAL GARDENS, INC. (WBGI), | ) ) ) ) ) | **District Judge Clark Waddoups** |
| Defendants | ) ) | **Magistrate Judge Paul Warner** |

## NOTICE OF FINALITY OF HAWAII JUDGMENT

The appellate court Judgment from the Intermediate Court of Appeals (ICA) of the State of Hawaii, attached as *Exhibit "A"* to plaintiff Walter L. Wagner's recently filed "*Sworn Affidavit of Walter L. Wagner in Rebuttal to Report and Recommendation and in Support of Motion to Amend Complaint*" has recently become a final Judgment in the State of Hawaii and may no longer be reviewed by the Hawaii Supreme Court.

Hawaii Rules of Appellate Procedure (HRAP) pertaining to petitions for *certiorari* to the Hawaii Supreme Court recently underwent a change on January 1, 2012. Under the old rule (prior to January 1, 2012), under HRAP Rule 40.1(a), a party could seek review with the Hawaii Supreme Court by filing an application for a writ of *certiorari* in the Hawaii Supreme Court "*no later than 90 days after filing of the intermediate court of appeals' judgment on appeal*". Thus, the final filing deadline for ICA Judgments entered prior to January 1, 2012 would be March 31, 2012. No petition for *certiorari* was filed by WBGI prior to that final deadline.

Under the new rule (January 1, 2012 and after) a party seeking *certiorari* before the Hawaii Supreme Court must file "*within thirty days after the filing of the intermediate court of appeals' judgment on appeal*" (HRAP 40.1(a)(1).

Thus, under the current (new) rule, the final filing deadline was thirty days after January 25, 2012 which gave a final filing deadline of February 24, 2012.

Due to possible uncertainty of how the Hawaii Supreme Court might treat petitions for certiorari that had final filing deadlines between January 31 and March 31 (under either rule), plaintiff has waited until the passing of March 31, 2012 to notice this Court of the passing of the final filing deadline.

The Hawaii ICA *Judgment on Appeal* is now final under either rule, and defendant herein WBGI owes plaintiff herein Wagner a substantial sum of money for his work in developing WBGI, to be determined at a later date at the trial court level (or by settlement).[1]

DATED:   April 3, 2012

_____
Walter L. Wagner

---

[1] Because the fraudulently obtained "trial" judgment ("*Second Hawaii Decision*") was for an even larger sum, this will require obtaining a judgment in the instant action in excess of that fraudulently obtained "judgment". The Hawaii appellate court declined to entertain the appeal after two years pending before the appellate court, dismissing the appeal instead. This was a few days after the original ICA appellate panel was dismissed following the self-recusal of the presiding judge. The new presiding judge assigned to the ICA panel simply summarily dismissed the appeal, claiming it was not understandable to him; and the Supreme Court declined to entertain the petition for *certiorari* to review the fraud of collusion of the trial court judge with defendant herein Francik to deprive plaintiff herein of an actual trial.