WALTER L. WAGNER
532 N 700 E
Payson, Utah 84651
retlawdad@hotmail.com
808-443-6344

FILED
U.S. DISTRICT COURT

2012 APR 10  P 3: 49

DISTRICT OF UTAH

BY:_____
   DEPUTY CLERK

# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| WALTER L. WAGNER, | Case:   2:11cv00784 |
| Plaintiff | **SWORN AFFIDAVIT OF CALVIN N. ANDRUS IN SUPPORT OF OPPOSITION TO REQUEST FOR STAY, ETC.** |
| vs. | |
| PRESTON MICHIE, KENNETH FRANCIK, LESLIE COBOS, MARK ROBINSON, ANNETTE EMERSON STEVE BRYANT, WORLD BOTANICAL GARDENS, INC. (WBGI), | **District Judge Clark Waddoups** |
| Defendants | **Magistrate Judge Paul Warner** |

# SWORN AFFIDAVIT OF CALVIN N. ANDRUS
# IN OPPOSITION TO REQUEST FOR STAY, ETC.

I, Calvin N. Andrus, affirm, state and declare under penalty of perjury as follows:

I have read the affidavits of plaintiff Wagner herein, and I am appalled by the conduct of the person who has served as the President of WBGI, namely defendant Francik. His conduct has cost WBGI a tremendous amount of money, and has resulted in the loss of 90% of its land holdings, leaving very little equity interest to back my approximately 1% ownership interest in the company.

I have been reliably informed that WBGI will be unable to continue business operations under its present course of conduct of continuous litigation rather than negotiation and settlement. I have been informed that neighbors to WBGI's last remaining parcel are simply waiting for the final death rattle before they swoop in and obtain that last parcel from the shareholders. The business operation is performing very poorly without the primary assets that were sold off, and I'm told the neighbor who acquired much of WBGI's assets and who could

make things happen for WBGI will not do business with the current management involving defendant Francik and chronic litigation with the founder.

I believe that the current management will do as they have done previously – sell the land to others and retain a short-term lease on the parcel to maintain the semblance of business operations. I believe they will do this also with the remaining last parcel, unless a Receiver is appointed to protect the shareholders, including the founder. It appears that their intent is to repay themselves their investment, while leaving the other shareholders high and dry. The resulting shell of a corporation, having no land asset other than short-term leases on land it formerly owned, would result in certain bankruptcy for any future board of directors saddled with such. This is no different than a spider that sucks the vital fluids from its prey, leaving a shell that resembles the original prey, but without life or ability to grow.

I believe the request for a Stay is simply their effort to give them more time to sell off the remaining parcel. There are large encumbrances on that parcel that they have placed, and they will sell that land to pay themselves first, to the exclusion of others who have claims on it.

I request that this Court immediately appoint a Receiver to protect both my interests and the interests of the other shareholders, to prevent them from liquidating the final assets of WBGI.

DATED: April 9, 2012

_____
Calvin N. Andrus