Arnold Richer, #2751
Patrick F. Holden, #6247
**RICHER & OVERHOLT, P.C.**
Attorneys for Defendants Michie, Francik,
Cobos, Robinson, Emerson, Bryant and WBGI
901 West Baxter Drive
South Jordan, Utah 84095
Telephone: (801) 561-4750
Email: aricher@richerandoverholt.com

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WALTER L. WAGNER, an individual, | : |
| Plaintiff, | : Case No. 2:11-cv-00784-CW-PMW |
| v. | : DEFENDANTS PRESTON MICHIE'S, KENNETH FRANCIK'S, LESLIE |
| PRESTON MICHIE, an individual, KENNETH FRANCIK, an individual, LESLIE COBOS, an individual, MARK ROBINSON, an individual, ANNETE EMERSON, an individual, STEVE BRYANT, an individual, and WORLD BOTANICAL GARDENS, INC., a Nevada corporation, | : COBOS', MARK ROBINSON'S ANNETTE EMERSON'S, AND STEVE : BRYANT'S MEMORANDUM IN SUPPORT OF MOTION TO : DISMISS. : District Judge Clark Waddoups |
| Defendants. | : Magistrate Paul M. Warner |

Defendants Preston Michie, Kenneth Francik, Leslie Cobos, Mark Robinson, Annette

Emerson, and Steve Bryant ("the Individual Defendants"), by and through its attorneys of record

Arnold Richer and Patrick F. Holden of RICHER & OVERHOLT, P.C., and pursuant to the

*Federal Rules of Civil Procedure* (hereinafter "Rule" or "Rules") 12(b)(6) and DUCivR 7-1, submit the Individual Defendants' Memorandum in Support of Motion to Dismiss.

## INTRODUCTION

This case arises out of a dispute between Plaintiff Walter L. Wagner ("Plaintiff") and his former business, Defendant World Botanical Gardens, Inc. ("Defendant WBGI"). Plaintiff's dispute is not confined to Defendant WBGI, but also includes members of Defendant WBGI's current and former Board of Directors (hereinafter "the Individual Defendants"). This case is the latest in a series of actions between Plaintiff and Defendant WBGI.

There are three prior state court cases which have resolved the factual basis of Plaintiff's defamation claims. These state court decisions have been discussed in Defendant WBGI's Memorandum in Support of Motion to Dismiss, [Docket # 7] and in Magistrate Warner's Report and Recommendations (hereinafter "Report") [Docket # 30]. In the Report, Magistrate Warner took judicial notice of the three state court decisions[1]. [Docket, # 30, pgs. 2 - 3].

Defendant WBGI moved to dismiss Plaintiff's Complaint based on the doctrine of issue preclusion and Plaintiff's lack of standing to bring a fraud, waste and mismanagement claim against Defendant WBGI. [Docket # 5 and # 7]  As to Defendant WBGI's motion based on issue preclusion, Magistrate Warner denied Defendant WBGI's motion without prejudice. Defendant

---

[1] The decisions are referred to as (1) the Nevada Decision or the Nevada Case; (2) the First Hawaii Decision or First Hawaii Case; and (3) the Second Hawaii Decision or the Second Hawaii Case.

WBGI established three of the four required elements of issue preclusion. However, Defendant WBGI did not establish the finality of the three prior state court decisions. Magistrate Warner dismissed Plaintiff's fraud, waste and mismanagement claim, finding that Plaintiff lacked standing to bring such a claim under Nevada state law.

Defendant WBGI then brought a second motion to dismiss to resolve the remaining issue of the finality of the three state court decisions. [Docket # 39 and # 40] In addition, Defendant WBGI moved to stay proceedings in the case pending resolution of the one state court decision which is not final. [Docket # 41 and # 42] These motions are pending.

Subsequently, the Individual Defendants consented to accept service of process from Plaintiff. As a result, the same claims are before the Court again, although against different defendants. The Individual Defendants seek dismissal of Plaintiff's defamation claims based on the doctrine of issue preclusion. Also, the Individual Defendants formally join in Defendant WBGI's motion to stay all proceedings in this case pending resolution of the one pending state court case in the State of Hawaii. [Docket # 41].

## POINT I

## PLAINTIFF'S STATE LAW DEFAMATION CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS ARE BARRED BY THE DOCTRINE OF ISSUE PRECLUSION.

Plaintiff's defamation claims against the Individual Defendants are barred by the doctrine of issue preclusion for the same reason and to the same extent as Plaintiff's claims against Defendant WBGI. The elements of issue preclusion are: (1) identical issues; (2) final judgment

on the merits; (3) party or privity in party; and (4) issue actually and necessarily litigated [Docket # 30, pg. 9].[2] Plaintiff brings three types of defamation claims: (1) record-keeping; (2) misappropriation of WBGI funds; and (3) the 2004 Note. [Docket # 30, pg. 7]

**A. Record Keeping.**

In the Report, Magistrate Warner found three of the four elements of issue preclusion satisfied with respect to Plaintiff's allegations related to poor record keeping. First, the issues were identical. [Docket # 30; pgs. 9 - 10] Second, Plaintiff was a party to the prior proceedings. [Report; pg. 11]. Third, the issues were actually and necessarily litigated. [Docket # 30; pg. 11]

Defendant WBGI addressed the last element, the finality of the judgment, in its second motion to dismiss. [Docket # 39 and # 40] To establish the finality of the Nevada Decision, Defendant WBGI attached a copy of an *Order of Affirmance* from the Nevada Supreme Court as well as documentation of the United States Supreme Court's denial of Plaintiff's Petition for a Writ of Certiorari to the United States Supreme Court. [Docket # 40, Exhibit A] The Nevada Decision is final for purposes of issue preclusion. Therefore, Plaintiff's defamation claims against the Individual Defendants are similarly barred under the doctrine of issue preclusion.

---

[2] Magistrate Warner resolved the choice of law issue finding that Nevada and Hawaii state law applies to determine the preclusive effect of each jurisdictions' decisions. [Docket # 30, pgs. 8 - 9]. The elements of issue preclusion in Hawaii and Nevada are similar, except Hawaii's fourth element requires that the issue is actually litigated, finally decided and essential to the judgment. [Docket # 30, pg. 15].

**B. Misappropriation of WBGI Funds and the 2004 Note.**

In the Report, Magistrate Warner found three of the four elements of issue preclusion satisfied with respect to Plaintiff's allegations related to misappropriation and conversion. First, the issues were identical. [Docket # 30; pgs. 12 - 14] Second, Plaintiff was a party to the prior proceedings. [Report; pg. 15]. Third, the issues were actually litigated, finally decided and essential to the judgment. [Docket # 30; pgs. 15 - 16]

Defendant WBGI addressed the last element, the finality of the judgment, in its second motion to dismiss. [Docket # 39 and # 40] To establish the finality of the Second Hawaii Decision, Defendant WBGI attached a copy of the following: (1) the First Amended Final Judgment; (2) the unpublished decision of the Hawaii Court of Appeals; and (3) the Hawaii Supreme Court's Order Rejecting Application for Writ of Certiorari. [Docket # 40, Exhibit C] The Second Hawaii Decision is final for purposes of issue preclusion. Therefore, Plaintiff's conversion and misappropriation claims against the Individual Defendants are similarly barred under the doctrine of issue preclusion.

**C. The 2004 Note.**

Plaintiff's allegations related to the fraudulent 2004 note were resolved by the First Hawaii Court. [Docket # 30; pgs. 12 - 14]. The issue was therefore identical. Plaintiff was a party to the First Hawaii Case. [Docket # 30; pg. 15] The 2004 note issue was actually litigated and essential to the Second Hawaii Judgment. [Docket # 30; pgs. 15 - 16]

The First Hawaii Decision, however, is not yet final. In <u>Wagner v. World Botanical</u>

Gardens, Incorporated, 268 P.3d 443, 446 (Haw. Ct. App. 2011)(emphasis added) the court concluded that "summary judgment was not warranted as to Wagner's claim based on quantum meruit, and further proceedings on remand are required as to this claim. **In all other respects, we affirm the circuit court.**" Therefore, all issues related to Wagner's defamation claim (fraudulent promissory notes, Ms. Wagner's status as officer of WBGI and general misappropriation) were affirmed by the Hawaii Court of Appeals.

As a result of the pendency of the First Hawaii Case, the Individual Defendants join in Defendant WBGI's motion to stay proceedings in this case for the reasons set forth therein. [Docket # 41 and # 42]

## CONCLUSION

For the foregoing reasons, the Individual Defendants respectfully request that Plaintiff's state law defamation claims be dismissed with prejudice under the doctrine of res judicata. For claims related to the First Hawaii Decision, the Individual Defendants request that the Court stay proceedings in this case pending final resolution of the First Hawaii Decision.

DATED this 16th day of May, 2012.

**RICHER & OVERHOLT, P.C.**

_/s/ Patrick F. Holden_
Arnold Richer
Patrick F. Holden
Attorneys for Defendants Preston Michie, Kenneth Francik, Leslie Cobos, Mark Robinson, Annette Emerson, and Steve Bryant

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **DEFENDANTS PRESTON MICHIE'S, KENNETH FRANCIK'S, LESLIE COBOS', MARK ROBINSON'S, ANNETTE EMERSON'S AND STEVE BRYANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** to be delivered to the following in the manner and on the date below indicated:

[X] Mail  
[ ] Fax  
[X] Email  
[ ] Hand Delivery  

Walter L. Wagner  
532 N 700 E  
Payson, Utah 84651  
retlawdad@hotmail.com  
(Pro Se Plaintiff)

DATED this 16th day of May, 2012..

_____  
Patrick F. Holden