WALTER L. WAGNER
532 N 700 E
Payson, Utah 84651
retlawdad@hotmail.com
808-443-6344

FILED
U.S. DISTRICT COURT

2012 JUN 26  A 9: 15

DISTRICT OF UTAH

BY:_____
     DEPUTY CLERK

# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| WALTER L. WAGNER, | Case:   2:11cv00784 |
| Plaintiff | **MOTION FOR APPOINTMENT OF CAL ANDRUS AS RECEIVER AND TO BAR WBGI PAYMENTS** |
| vs. | |
| PRESTON MICHIE, KENNETH FRANCIK, LESLIE COBOS, MARK ROBINSON, ANNETTE EMERSON STEVE BRYANT, WORLD BOTANICAL GARDENS, INC. (WBGI), | |
| | **Clark Waddoups, Judge** |
| Defendants | **Paul Warner, Magistrate** |

## MOTION FOR APPOINTMENT OF CAL ANDRUS AS RECEIVER
## AND TO BAR WBGI PAYMENTS

Plaintiff Walter L. Wagner respectfully moves this Court to appoint Mr. Cal Andrus as a Receiver of the WBGI corporation assets and liabilities for the purpose of salvaging WBGI from the gross mismanagement it has been experiencing, and to bar WBGI from making any further payments to attorneys or law firms until it has satisfied the outstanding appellate decision rendered against it by the Intermediate Court of Appeals in Hawaii earlier this year.

This motion is based upon the *First Amended Complaint* filed herein, upon the earlier filed affidavits in support of prior motions, upon the accompanying *SWORN AFFIDAVIT OF WALTER L. WAGNER IN SUPPORT OF ANDRUS' APPOINTMENT AS RECEIVER*, upon the accompanying *SWORN AFFIDAVIT OF CALVIN N. ANDRUS IN SUPPORT OF APPOINTMENT AS RECEIVER*, upon the *Memorandum of Law in Support of Appointment of Cal Andrus as Receiver* to be filed herein, and upon such other and further affidavits and documents as may be filed in support thereof and on such oral argument as may be presented herein.

This motion is necessitated based upon two salient facts as detailed in the accompanying affidavits and memorandum of law:

1) WBGI spent approximately $700,000 on lawyers (with most going to a college crony of defendant Michie) in its attack upon the WBGI founder, plaintiff herein, for the purpose of avoiding the liability to the plaintiff herein for his construction work in building the botanical garden. Nevertheless, WBGI has been found liable to him by the Hawaii appellate court, which is in an amount similar to the amount spent by defendants trying to unlawfully avoid that liability; and

2) Lead members of the current management team of WBGI, who are defendants herein, have engaged in extensive wrongdoing, including criminal fraud, tortious conduct, etc. directed towards the WBGI shareholders and plaintiff, and that wrongdoing has caused the WBGI shareholders extensive harm. These include, but are not limited to:

a) Inducing dozens of WBGI shareholders to deposit their money into a dedicated "Visitor Center Account" on the false written promise that their additional investment money would be used exclusively for construction of a much-needed and much-anticipated Visitor Center, but

instead spending the money on fraudulent litigations and payments to defendant Michie's college crony, and then thereafter lying about it and falsely claiming that plaintiff herein had illegally spent those monies elsewhere;

b)     Lying to WBGI shareholders by defendant Francik falsely proclaiming that plaintiff herein was "caught" by his girlfriend defendant Cobos during an "audit" in an alleged 'embezzlement' when in fact he was entirely set up and induced into selling his own shares to help meet WBGI's payment obligation on credit card loans, and then falsely charged with selling company treasury shares, not his own;

c)     Lying to WBGI shareholders and others by defendant Francik falsely proclaiming that plaintiff herein and his wife were not WBGI officers when they signed the last in a series of nine promissory notes written to save WBGI from having to make financial outlays and deferring that obligation for a period of ten years, falsely asserting instead that such signatures constituted 'attempted theft' and 'identity theft' and initiating fraudulent criminal charges thereon and falsely publishing those false charges to the WBGI shareholders long after they were dismissed by the courts;

d)      Selling off of WBGI's primary assets, its land holdings, and leaving WBGI with less than 10% of its original holdings; selling off of WBGI's land assets in violation of WBGI By-Laws and established practice; selling off of WBGI's land assets to personal friends of some of the named defendants herein without realtor assistance or public offering but rather by 'private placement' at prices greatly below market value;

e)      Billing WBGI approximately $150,000 by defendant Michie for alleged 'legal work' in assisting his college crony in promoting the frauds of defendant Francik;

f)      Neglecting of the botanical garden infrastructure, including allowing extensive growth of weeds and loss of plantings, and failing to maintain the development program instituted by the founder.

As a consequence of those facts, the WBGI shareholders, including plaintiff herein, have been seriously harmed and will continue to be further harmed unless this Court appoints a Receiver to manage the affairs of WBGI in a manner consistent with prudent business practices.  Because of the extensive experience with Mr. Cal Andrus, both as a US Military officer

and in the private sector, as well as with the formation of WBGI, it is strongly encouraged to this Court to appoint Mr. Andrus as that Receiver.

Because WBGI owes plaintiff herein monies, as determined by the appellate court of Hawaii as a final decision, it is requested that this Court further bar any payments by WBGI to others until WBGI has satisfied that obligation, or as otherwise directed by the WBGI Receiver.

DATED: June 22, 2012

Walter L. Wagner