WALTER L. WAGNER
532 N 700 E
Payson, Utah 84651
retlawdad@hotmail.com
808-443-6344

FILED
U.S. DISTRICT COURT

2012 JUL -9  A 9: 54

DISTRICT OF UTAH

BY:_____
   DEPUTY CLERK

# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | | |
|---|---|---|
| WALTER L. WAGNER, | ) | Case:   2:11cv00784 |
| | ) | |
| Plaintiff | ) | **OPPOSITION TO** |
| | ) | ***"REQUEST TO SUBMIT*** |
| vs. | ) | ***FOR DECISION"*** |
| | ) | |
| PRESTON MICHIE, KENNETH | ) | |
| FRANCIK, LESLIE COBOS, MARK | ) | |
| ROBINSON, ANNETTE EMERSON | ) | |
| STEVE BRYANT, WORLD BOTANICAL | ) | |
| GARDENS, INC. (WBGI), | ) | **Clark Waddoups, Judge** |
| | ) | |
| Defendants | ) | **Paul Warner, Magistrate** |
| | ) | |

## OPPOSITION TO "*REQUEST TO SUBMIT FOR DECISION*"

Plaintiff Walter L. Wagner respectfully opposes the request to submit the defendants' several motions to dismiss, at this time. Plaintiff also has a motion pending for appointment of a Receiver, and this Court should consider both the defendants' motions, as well as the plaintiff's motion, together. Plaintiff has filed and served his motion for appointment of a Receiver, including several sworn affidavits in support. Defendants' opposition (if any) is due in only a few days, and plaintiff's reply thereto would be within ten days thereafter.

At that time, this Court should consider the competing motions, and plaintiff will also file and serve his own *Request to Submit* once defendants have responded and plaintiff has filed his reply thereto.

Further, it is instructive to note that plaintiff has filed numerous sworn affidavits in support of his complaint and his pending motion for appointment of Mr. Cal Andrus as a Receiver, and that there are no affidavits in opposition. The uncontested facts, based upon the facts detailed in those sworn affidavits, are as follows:

Defendants engaged themselves in the filing of fraudulent lawsuits in Hawaii and Nevada, and fraudulently opposed the filing of plaintiff's suit for back-pay in Hawaii. Over the course of several years, defendants spent approximately $700,000 of shareholder monies on those frauds, primarily for the purpose of avoiding the obligation to plaintiff of his accumulated back-pay, which was also for approximately that same amount.

Rather than continuing with the plans to build the Visitor Center as the shareholders desired, which would have served to make WBGI successful, the defendants took $200,000 from a dedicated Visitor Center account, and other monies from the general operating account and from their illegal sell-off of 90% of the WBGI lands, and used those monies to promote their frauds upon the courts of Hawaii and Nevada, while paying themselves substantially as well.

As a consequence, the much-needed and much-anticipated Visitor Center was never built, and the defendants began lying to the shareholders regarding that, falsely proclaiming that plaintiff herein had illegally spent the dedicated Visitor Center Account monies when in fact one or more of the defendants illegally spent that money for fraudulent lawsuits. Additionally, defendants lied to a grand jury and others to make it appear as if plaintiff

had committed crimes, when in fact the crimes committed were of perjury and embezzlement of the Visitor Center Account funds by one or more of the defendants.

As a consequence of those continuing frauds by defendants, plaintiff filed the instant suit for defamations and to appoint a Receiver to salvage the remainder of the botanical garden from the hands of those crooks. The botanical garden itself has fallen on dire financial times, as detailed by defendant Bryant in his recent e-Newsletter, and the garden is in a greatly dilapidated state, as detailed by numerous visitors in their *TripVisitor* comments linked by defendant Bryant in his most recent e-Newsletter.

As a further note to this Court, the request to appoint Mr. Andrus as a Receiver is based upon his extensive experiences as a Utah businessman following his honorable retirement from the US Air Force, as well as his experience in helping found WBGI circa 1994-1995, and his substantial ownership interest in WBGI (larger than any of the named defendants). Since there are no members of the current 'board of directors' of WBGI who have not been in collusion with defendants Francik, Michie, et al. and their frauds, this Court is free to appoint someone who is not a board member as the Receiver.

4

Accordingly, it is respectfully requested that this Court defer its decision on the pending defendants' motions until defendants have filed their response to the pending plaintiff's motion to appoint Mr. Andrus as a Receiver, and plaintiff has replied thereto.

DATED: July 8, 2012

_Walter L. Wagner_
Walter L. Wagner