Arnold Richer, #2751
Patrick F. Holden, #6247
**RICHER & OVERHOLT, P.C.**
Attorneys for Defendants
901 West Baxter Drive
South Jordan, Utah 84095
Telephone: (801) 561-4750, Ext. # 15
Email: aricher@richerandoverholt.com

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WALTER L. WAGNER, an individual, | : |
| Plaintiff, | : Case No. 2:11-cv-00784-CW-PMW |
| v. | : DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S |
| PRESTON MICHIE, an individual, KENNETH FRANCIK, an individual, LESLIE COBOS, an individual, MARK ROBINSON, an individual, ANNETE EMERSON, an individual, STEVE BRYANT, an individual, and WORLD BOTANICAL GARDENS, INC., a Nevada corporation, | : MOTION FOR APPOINTMENT OF CAL ANDRUS AS RECEIVER AND : TO BAR WBGI PAYMENTS. |
| | : |
| | : District Judge Clark Waddoups |
| Defendants. | : Magistrate Paul M. Warner |

Defendants Preston Michie, Kenneth Francik, Leslie Cobos, Mark Robinson, Annette Emerson, Steve Bryant and World Botanical Gardens, Inc. ("the Defendants"), by and through their attorneys of record, and pursuant to the *Federal Rule of Civil Procedure 7*, submit Defendants' Memorandum in Opposition to Plaintiff's Motion for Appointment of Cal Andrus as

Receiver and to Bar WBGI Payments.

### POINT I

### PLAINTIFF WAGNER LACKS STANDING TO BRING A MOTION TO APPOINT A RECEIVER FOR WBGI.

Plaintiff Wagner has brought a Motion for Appointment of Cal Andrus as Receiver and to Bar WBGI Payments ("Motion"). (Docket # 59) Plaintiff lacks standing to bring the Motion. On March 5, 2012, Magistrate Warner issued a Report and Recommendation in which Magistrate Warner dismissed Plaintiff's fraud, waste and mismanagement claims. (Docket # 30) Magistrate Warner stated in relevant part:

> It appears that Wagner no longer has any stake or any ownership interest in WBGI. According to the Second Hawaii Decision, his shares were sold and he was lawfully removed from WBGI. As such, the court agrees with WBGI's argument that Wagner lacks standing to bring his fraud, waste and mismanagement claim and, therefore, that the claim should be dismissed for lack of subject matter jurisdiction.

(Docket # 30, pg. 18)

Plaintiff's Motion raises similar issues to those already raised in the fraud, waste and mismanagement section of Plaintiff's Complaint. Plaintiff complains of "extensive wrongdoing, including criminal fraud, tortious conduct, etc."(Docket # 59, pg. 6) However, this Court has found that it does not have subject matter jurisdiction over such claims.

"Under NRS 78.650, **a shareholder** may request dissolution or appointment of a receiver when the corporation's directors are guilty of fraud or collusion or gross mismanagement . . . ."

2

WBGI 03

Bedore v. Familian, 125 P.3d 1168, 1171 (Nev. 2006)(internal quotations omitted)(emphasis added). Plaintiff is no longer a shareholder and simply lacks standing to bring a shareholder action for the appointment of a receiver under Nevada law. Accordingly, Plaintiff's Motion should be denied.

### POINT II

### DEFENDANT WBGI DOES NOT OWE PLAINTIFF MONEY.

Plaintiff claims that "plaintiff is owed money by defendant WBGI, as now affirmed by the Hawaii appellate court . . . ." (Docket # 59, pg. 9) This is not true. In Wagner v. World Botanical Gardens, Inc., 268 P.3d 443, 456 (Haw. Ct. App. 2011) the Court held that:

> genuine issues of material fact exist as to: the services Wagner provided to WBGI that would be a basis for his quantum meruit claim; whether he was required to be licensed under HRS Chapter 444 to provide such services; and whether such services that he rendered would be barred from recovery under HRS § 444-22.

The court went on to rule that:

> Wagner's quantum meruit claim extends over numerous years and, although there is a multitude of evidence suggesting questionable conduct by Wagner, we are unable to agree with the circuit court that summary judgment is warranted on this claim based on a factual finding of unclean hands. . . . [W]e conclude that there are genuine issues of material fact on the question of unclean hands pertaining to Wagner's quantum meruit claim.

Id. at 456.

As is apparent from the above quotes, the Hawaii Court of Appeals did not find WBGI owed Plaintiff any money. Instead, the court noted that there were questions of fact both on

Wagner's quantum meruit claim as well as WBGI's equitable defense of unclean hands. There has been no determination by the Hawaii courts that WBGI owes Plaintiff any money.

## POINT III

### THERE IS NO BASIS FOR THE APPOINTMENT OF A RECEIVER.

The Nevada Supreme Court recognizes that "the appointment of a receiver or the dissolution of a corporation is a harsh and extreme remedy which should be used sparingly and only when the securing of ultimate justice requires it." Bedore v. Familian, 125 P.3d 1168, 1172 (Nev. 2006)(internal quotations omitted). Plaintiff seeks the appointment of a receiver based on allegations of fraud, waste and abuse in his Amended Complaint and affidavits. Ironically, much of the financial difficulty experienced by WBGI is a result of Plaintiff's ongoing litigation against WBGI.

In contrast to Plaintiff's allegations, are the following findings by the Nevada State Court that has had the opportunity to review and assess Plaintiff's claims:

"The dispute over control of WBGI has been nothing more than a relentless conspiracy and campaign by Defendant Walter Wagner and other remaining Defendants to gain control of WBGI at any cost."

(Docket # 7, Exhibit A, Nevada Decision, pg. 4, ¶ 13).

"At every opportunity, Defendant Walter Wagner has attempted to paralyze and destroy WBGI - he has frozen the WBGI bank account; he has improperly and illegally recorded a lis pendens against the property of WBGI and its Garden Director, Dr. Lanny Neel; he has trespassed on WBGI property, where he sprayed weed-killer on garden plants; he has taken over and/or closed WBGI's website, thereby destroying WBGI's internet marketing plan; and he improperly sold interests in WBGI and pocketed the proceeds, thereby depriving WBGI of badly needed capital

and defrauding investors."

(Docket # 7, Exhibit A, Nevada Decision, pgs. 6 - 7, ¶ 23).

Plaintiff's Motion lacks factual support. Mr. Wagner's history, reflected in the now final Nevada Decision, undercuts any claimed concern Mr. Wagner expresses for WBGI. According to the Nevada Court, Mr. Wagner has attempted to destroy WBGI. This is remarkably strong language. Mr. Wagner's Motion should be denied as lacking a sufficient factual basis.

## CONCLUSION

Because this Court has already found Plaintiff lacks standing on the same issues encompassed within Plaintiff's Motion, this Court should deny Plaintiff's Motion. This Motion is the latest episode in Plaintiff's ongoing abuse of process. The purpose, intent and unfortunately the effect of which is to force WBGI to incur ever mounting legal fees and costs. Defendants respectfully request that the Court summarily deny Plaintiff's Motion.

DATED this 9th day of July, 2012.

**RICHER & OVERHOLT, P.C.**

_____
Arnold Richer
Patrick F. Holden
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **DEFENDANTS MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF CAL ANDRUS AS RECEIVER AND TO BAR WBGI PAYMENTS** to be delivered to the following in the manner and on the date below indicated:

[x] Mail  
[ ] Fax  
[x] Email  
[ ] Hand Delivery  

Walter L. Wagner  
532 N 700 E  
Payson, Utah 84651  
retlawdad@hotmail.com  
(Pro Se Plaintiff)

DATED this 10th day of July, 2012..

_____  
Patrick F. Holden