IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WALTER L. WAGNER,<br><br>        Plaintiff,<br><br>v.<br><br>PRESTON MICHIE; KENNETH FRANCIK; LESLIE COBOS; MARK ROBINSON; ANNETE EMERSON; STEVE BRYANT; and WORLD BOTANICAL GARDENS, INC., a Nevada corporation,<br><br>        Defendants. | ORDER<br><br><br>Case No. 2:11-cv-784-RJS-PMW<br><br><br><br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Paul M. Warner |

       This case has been referred to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] At the outset, the court notes that Walter L. Wagner ("Plaintiff") is proceeding pro se in this case. Accordingly, the court will construe his pleadings and other submissions liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

    [1] This case was previously assigned to District Judge Clark Waddoups, *see* docket no. 8, who entered the original order of reference pursuant to 28 U.S.C. § 636(b)(1)(B). *See* docket no. 9. On October 11, 2012, the case was reassigned to District Judge Robert J. Shelby, and the order of reference was affirmed. *See* docket no. 73.

Before the court are Plaintiff's (1) renewed motion for an extension of time for service of process or, alternatively, for service of process upon the Clerk of the Court;[2] and (2) motion for appointment of a receiver for World Botanical Gardens, Inc. ("WBGI").[3]  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).  The court will address the motions in turn.

## I. Renewed Motion for Extension of Time for Service of Process or, Alternatively, for Service of Process Upon the Clerk of the Court

Plaintiff's amended complaint in this case was filed on October 4, 2011.[4]  Plaintiff has provided the court with timely proof of service with respect to defendant World Botanical Gardens, Inc.[5]  Subsequent to the filing of Plaintiff's instant motion concerning service, counsel for the remaining defendants named in Plaintiff's amended complaint (collectively, "Defendants") entered an appearance for Defendants by filing a motion to dismiss and supporting memorandum.[6]  In addition, Plaintiff has filed waivers of service for some of the Defendants.[7]  To date, Defendants have not raised any objections concerning service of process.

---

[2]  *See* docket no. 35.

[3]  *See* docket no. 59.

[4]  *See* docket no. 2.

[5]  *See* docket no. 4.

[6]  *See* docket nos. 52, 53.

[7]  *See* docket nos. 48, 50, 51.

Because all parties have now entered appearances in this case, and because Defendants have not raised any objections about service of process, the court concludes that Plaintiff's motion is now moot.

## II.  Motion for Appointment of Receiver for WBGI

In this motion, Plaintiff seeks to have a receiver appointed for WBGI.  Plaintiff's motion lacks merit.

WBGI is a Nevada corporation.  Accordingly, Plaintiff's request to appoint a receiver is governed by Nevada law.  Pursuant to Nevada statutory law governing the appointment of a receiver, Plaintiff's motion has been brought in the wrong court.  *See* Nev. Rev. Stat. § 78.650(1).  Under § 78.650(1), a shareholder must apply for appointment of a receiver in "the district court in the county in which the corporation's registered office is located."  *Id*.  WBGI is a Nevada corporation, with its principal place of business in Hawaii.  Accordingly, this court cannot be the proper venue to entertain Plaintiff's request for appointment of a receiver.

Furthermore, even if this court could entertain Plaintiff's motion, the court would be forced to conclude that he lacks standing to bring it.  Under § 78.650(1), only a shareholder who holds "one-tenth of the issued and outstanding stock" may apply for appointment of a receiver. *Id*.  In a report and recommendation issued on March 5, 2012, this court concluded that Wagner

no longer had any ownership interest in WBGI.[8]  Because Plaintiff is not a shareholder of WBGI, he cannot bring a motion for appointment of a receiver under § 78.650(1).  *See id*.

For these reasons, Plaintiff's motion for appointment of a receiver for WBGI is denied.

\* \* \* \* \*

In summary, **IT IS HEREBY ORDERED:**

1.  Plaintiff's renewed motion for an extension of time for service of process or, alternatively, for service of process upon the Clerk of the Court[9] is **MOOT**.

2.  Plaintiff's motion for appointment of a receiver for WBGI[10] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 5th day of November, 2012.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[8] *See* docket no. 30 at 18.

[9] *See* docket no. 35.

[10] *See* docket no. 59.