# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| WALTER L. WAGNER, | REPORT AND RECOMMENDATION |
| Plaintiff, | |
| v. | Case No. 2:11-cv-784-RJS-PMW |
| PRESTON MICHIE; KENNETH FRANCIK; LESLIE COBOS; MARK ROBINSON; ANNETE EMERSON; STEVE BRYANT; and WORLD BOTANICAL GARDENS, INC., a Nevada corporation, | District Judge Robert J. Shelby |
| Defendants. | Magistrate Judge Paul M. Warner |

This case has been referred to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court are (1) World Botanical Gardens, Inc.'s ("WBGI") second motion to dismiss;[2] (2) Preston Michie, Kenneth Francik, Leslie Cobos, Mark Robinson, Annette Emerson, and Steve Bryant's (collectively, "Defendants") motion to dismiss;[3] and (3) WBGI's motion to stay.[4] The court has carefully reviewed the written memoranda submitted by the

---

[1] This case was previously assigned to District Judge Clark Waddoups, *see* docket no. 8, who entered the original order of reference pursuant to 28 U.S.C. § 636(b)(1)(B). *See* docket no. 9. On October 11, 2012, the case was reassigned to District Judge Robert J. Shelby, and the order of reference was affirmed. *See* docket no. 73.

[2] *See* docket no. 39.

[3] *See* docket no. 52.

[4] *See* docket no. 41.

parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

As an initial matter, the court notes that Walter L. Wagner ("Plaintiff") is proceeding pro se in this case. Accordingly, the court will construe his pleadings and other submissions liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## FACTUAL BACKGROUND

In a Report and Recommendation issued on March 5, 2012 ("R&R"),[5] this court set out the relevant factual background of this case and recommended rulings on several pending motions.[6] The following additional background, which was not contained in the R&R, is relevant to the motions currently before the court.

### I. State Court Decisions

Plaintiff's complaint in this case contains defamation claims against WBGI and Defendants on three specific topics: record-keeping, misappropriation of WBGI funds, and a

---

[5] *See* docket no. 30.

[6] The factual background set forth in the R&R is incorporated into this report and recommendation by reference and will not be repeated here.

2004 promissory note ("2004 Note").[7] In the R&R, the court took judicial notice of three state court decisions that relate to those causes of action. The three state court decisions are:

    1.    *World Botanical Gardens, Inc. v. Walter Wagner, et al.*; Second Judicial District for the State of Nevada, Washoe County; Case No. CV05-02079; dated October 2, 2006 ("Nevada Decision I").

    2.    *Walter Wagner v. World Botanical Gardens, Inc.*; Third Circuit Court for the State of Hawaii; Civil No. 04-1-0232; dated November 13, 2007 ("First Hawaii Decision I").

    3.    *World Botanical Gardens, Inc. v. Walter Wagner, et al.*; Third Circuit for the State of Hawaii; Case No. 05-1-0210; dated October 9, 2008 ("Second Hawaii Decision I").[8]

WBGI and Defendants now ask the court to take judicial notice of three more state court decisions. The court will take judicial notice of those decisions. The court recognizes that rule 12(d) of the Federal Rules of Civil Procedure generally requires a court to treat a motion to dismiss as a motion for summary judgment when matters outside the complaint are considered. *See* Fed. R. Civ. P. 12(d). However, since the three state court decisions are the type of public records that are subject to judicial notice, the court's consideration of them does not require the court to treat WBGI's and Defendants' motions to dismiss as motions for summary judgment. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Grynberg v. Koch*

---

    [7] Plaintiff's complaint also contains a cause of action for fraud, waste, and mismanagement. Because the court recommended dismissal of that claim in the R&R, and because that claim is not implicated by the motions before the court, it will not be addressed further here.

    [8] These three decisions were explained in detail in the R&R, and those explanations will not be repeated here.

*Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004); *City of Philadelphia v. Fleming Cos.*, 264 F.3d 1245, 1251 n.4 (10th Cir. 2001); *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000).  The three additional state court decisions are:

1. *Walter L. Wagner, et al. v. World Botanical Gardens, Inc.*, Supreme Court of the State of Nevada, Washoe County, Case No. 48428, dated January 15, 2008 (unpublished), *cert. denied*, 555 U.S. 827 (2008) ("Nevada Decision II").

2. *Walter Wagner v. World Botanical Gardens, Inc.*, 268 P.3d 443 (Haw. Ct. App. 2011) ("First Hawaii Decision II").

3. *World Botanical Gardens, Inc. v. Walter Wagner, et al.*, 265 P.3d 493 (Haw. Ct. App. 2011), *cert. denied*, 2011 Haw. LEXIS 265 (Haw. 2011) ("Second Hawaii Decision II").

### A.  Nevada Decision II

On January 15, 2008, the Nevada Supreme Court issued the Nevada Decision II, which affirmed the Nevada Decision I.  On October 6, 2008, the United States Supreme Court denied Plaintiff's petition for a writ of certiorari.

### B.  First Hawaii Decision II

On December 23, 2011, the Intermediate Court of Appeals of Hawaii issued the First Hawaii Decision II.  The First Hawaii Decision II reversed the First Hawaii Decision I on Plaintiff's claim for quantum meruit, but affirmed the First Hawaii Decision I in all other respects.  The case was remanded and is now pending before the trial court.

### C.  Second Hawaii Decision II

Plaintiff appealed the Second Hawaii Decision I to the Intermediate Court of Appeals of Hawaii, and the court affirmed the Second Hawaii Decision I with the Second Hawaii Decision

4

II. Plaintiff then filed a petition for a writ of certiorari with the Hawaii Supreme Court, and that petition was rejected.

## II.  R&R

In addition to the above, and the factual background set forth in the R&R, a summary of the analysis contained in the R&R is necessary for resolution of the motions before the court.  In the R&R, this court recommended that WBGI's motion to dismiss be granted in part and denied in part and that Plaintiff's motion for a preliminary injunction be denied.  With respect to WBGI's first motion to dismiss, this court concluded that the motion should be denied without prejudice as to Plaintiff's claims related to record-keeping, misappropriation of funds, and the 2004 Note.  This court also concluded that the motion should be granted as to Plaintiff's claim for fraud, waste, and mismanagement.

In reaching the conclusion about Plaintiff's claims related to record-keeping, misappropriation of funds, and the 2004 Note, this court addressed whether those claims were barred under the doctrine of issue preclusion by the Nevada Decision I (record-keeping), the First Hawaii Decision I (2004 Note), and the Second Hawaii Decision I (misappropriation of funds).[9] On each of those claims, this court concluded that WBGI had established three of the elements of issue preclusion, but had not satisfied the requirement that the Nevada Decision I, the First Hawaii Decision I, and the Second Hawaii Decision I resulted in final judgments or decisions. Accordingly, this court could not conclude that Plaintiff's claims related to record-keeping,

---

[9] The applicability of the doctrine of issue preclusion to this case was discussed in detail in the R&R and will not be repeated here.

misappropriation of funds, and the 2004 Note were barred by the doctrine of issue preclusion. At the same time, the court indicated that if and when WBGI could demonstrate that the Nevada Decision I, the First Hawaii Decision I, and the Second Hawaii Decision I ended in final judgments or decisions, it could renew its motion to dismiss.

## PROCEDURAL BACKGROUND

Plaintiff filed his original complaint on August 29, 2011,[10] and an amended complaint on October 4, 2011.[11] Subsequent to the filing of his amended complaint, Plaintiff filed a motion for a preliminary injunction.[12] Initially, Plaintiff served his complaint only on WBGI.[13] In response to the complaint, WBGI filed a motion to dismiss.[14] In January 2012, after the 120-day period for proper service of the complaint had expired, see Fed. R. Civ. P. 4(m), Plaintiff filed a motion for an extension of time to serve Defendants or, alternatively, to allow him to effect service upon the Clerk of the Court.[15]

On March 5, 2012, this court issued the R&R.[16] In an order issued on that same day, this court denied without prejudice Plaintiff's motion for an extension of time to serve Defendants or,

---

[10] See docket no. 1.

[11] See docket no. 2.

[12] See docket no. 10.

[13] See docket no. 4.

[14] See docket no. 5.

[15] See docket no. 28.

[16] See docket no. 30.

alternatively, to effect service upon the Clerk of the Court.[17] In that order, the court concluded that Plaintiff had failed to demonstrate "good cause" for his failure to serve Defendants in a timely fashion. *Id.* The court also concluded that Plaintiff's argument for service upon the Clerk of the Court was unpersuasive. At the same time, the court recognized that, pursuant to rule 4(m) of the Federal Rules of Civil Procedure, notice to Plaintiff was required before the court could recommend dismissal of his claims against Defendants under rule 4(m). Consequently, the court provided Plaintiff with the opportunity to renew his motion on or before March 30, 2012, with the requirement that he provide enough detail in his motion for the court to determine whether "good cause" exists for extending the time to serve Defendants. *Id.* Plaintiff was warned that his failure to renew his motion would result in a recommendation that his claims against Defendants be dismissed pursuant to rule 4(m).

On March 19, 2012, Plaintiff filed objections to the R&R.[18] On April 4, 2012, WBGI filed a response to Plaintiff's objections.[19] The R&R, Plaintiff's objections, and WBGI's response have not yet been resolved as a consequence of the subsequent filings referenced below.

On April 4, 2012, WBGI filed its second motion to dismiss.[20] The following day, WBGI filed a motion to stay.[21] On May 16, 2012, counsel entered an appearance for Defendants by

---

[17] *See* docket no. 31.

[18] *See* docket no. 32.

[19] *See* docket no. 38.

[20] *See* docket no. 39.

[21] *See* docket no. 41.

filing a motion to dismiss.[22]  All three of those motions will be addressed in this Report and Recommendation.

There are two other motions pending in this case that will not be addressed in this Report and Recommendation.  Plaintiff has filed a renewed motion for an extension of time to serve Defendants or, alternatively, to effect service upon the Clerk of the Court.[23]  Plaintiff has also filed a motion for appointment of a receiver for WBGI.[24]  The court will not address those motions here.  Instead, they will be addressed by way of a separate order.

## ANALYSIS

The motions before the court are (1) WBGI's second motion to dismiss and Defendants' motion to dismiss and (2) WBGI's motion to stay.

### I.  Motions to Dismiss

The motions to dismiss before the court seek dismissal of Plaintiff's complaint under rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss under rule 12(b)(6), the court "accept[s] all well-pleaded facts as true and view[s] them in the light most favorable to the plaintiff."  *Jordan-Arapahoe, LLP v. Bd. of County Comm'rs*, 633 F.3d 1022, 1025 (10th Cir. 2011).

> To survive a motion to dismiss, a complaint must contain sufficient
> factual matter, accepted as true, to "state a claim to relief that is

---

[22] *See* docket no. 52.

[23] *See* docket no. 35.

[24] *See* docket no. 59.

> plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

As indicated above, this court has already concluded in the R&R that WBGI has established three of the four required elements for the application of issue preclusion with respect to Plaintiff's claims related to record-keeping, misappropriation of funds, and the 2004 Note. In their motion to dismiss, Defendants argue that the court's conclusions in the R&R concerning issue preclusion should apply equally to them because Plaintiff makes the same claims in his complaint against WBGI and Defendants related to record-keeping, misappropriation of funds, and the 2004 Note. The court agrees. For the same reasons set forth in the R&R, the court concludes that Defendants, like WBGI, have established three of the four required elements of issue preclusion for Plaintiff's claims related to record-keeping, misappropriation of funds, and the 2004 Note.

The court now turns to the unsatisfied element of issue preclusion for those claims, namely, whether the Nevada Decision I, the First Hawaii Decision I, and the Second Hawaii Decision I have resulted in final judgments or decisions.

### A. Nevada Decision I

In the R&R, this court addressed whether Plaintiff's claims related to record-keeping were barred by the doctrine of issue preclusion by the Nevada Decision I. As noted above, the

court concluded that the only unsatisfied element was the finality of the Nevada Decision I. WBGI and Defendants now assert that the case underlying the Nevada Decision I has ended in a final judgment on the merits. The court agrees. The Nevada Decision II affirmed the Nevada Decision I and the United States Supreme Court denied Plaintiff's petition for a writ of certiorari. Because WBGI and Defendants have now established all four of the required elements for application of issue preclusion, the court concludes that Plaintiff's claims related to record-keeping are barred by that doctrine and that those claims should be dismissed.

### B.  First Hawaii Decision I

Also in the R&R, this court addressed whether Plaintiff's claims related to the 2004 Note were barred by the doctrine of issue preclusion by the First Hawaii Decision I. As noted above, the court concluded that the only unsatisfied element of issue preclusion was the finality of that decision. WBGI and Defendants admit that this element is still not satisfied because the First Hawaii Decision I was reversed by the First Hawaii Decision II, and the case has been remanded to the trial court for further proceedings. In light of that admission, the court cannot conclude that the First Hawaii Decision I has resulted in a final judgment on the merits.[25]

### C.  Second Hawaii Decision I

The court also addressed in the R&R whether Plaintiff's claims related to misappropriation of funds were barred by the doctrine of issue preclusion by the Second Hawaii Decision I. WBGI and Defenants contend that the case underlying the Second Hawaii Decision I

---

[25] WBGI has filed a motion to stay this case pending resolution of the case underlying the First Hawaii Decision I. That motion will be addressed below.

has ended in a final judgment on the merits. The court agrees. As noted above, Plaintiff appealed the Second Hawaii Decision I to the Intermediate Court of Appeals of Hawaii, and the court affirmed the Second Hawaii Decision I in the Second Hawaii Decision II. Plaintiff then filed a petition for a writ of certiorari with the Hawaii Supreme Court, and that petition was rejected. There is no indication that Plaintiff has sought further appeal of the Second Hawaii Decision I. Because WBGI and Defendants have now established all four of the required elements for application of issue preclusion, the court concludes that Plaintiff's claims related to misappropriation of funds are barred by that doctrine and that those claims should be dismissed.

### D. Conclusion on Motions to Dismiss

Based on the foregoing, the court concludes that WBGI's second motion to dismiss and Defendants' motion to dismiss should be granted in part and denied in part. More specifically, WBGI's second motion to dismiss and Defendants' motion to dismiss Plaintiff's claims related to record-keeping and misappropriation of funds should be granted. WBGI's second motion to dismiss and Defendants' motion to dismiss Plaintiff's claims related to the 2004 Note should be denied without prejudice. When the First Hawaii Decision I becomes final, WBGI and Defendants should be allowed, if necessary, to renew their motions to dismiss Wagner's claims related to the 2004 Note.

### II. Motion to Stay

As the court has noted, WBGI and Defendants have established three of the four required elements for issue preclusion with respect to the case underlying the First Hawaii Decision I. In this motion, WBGI seeks a stay of this case pending finality of the case underlying the First

Hawaii Decision I. WBGI argues that a final decision in that case could result in the establishment of all four of the required elements of issue preclusion in this case and, therefore, that the case should be stayed pending that final decision.

The United States Supreme Court has recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Further, "[t]he decision whether to defer to the state courts is necessarily left to the discretion of the district court." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983).

When considering a motion to stay, the court must apply the *Colorado River* doctrine. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). "The *Colorado River* doctrine applies to 'situations involving the contemporaneous exercise of concurrent jurisdictions . . . by state and federal courts.'" *Fox v. Maulding*, 16 F.3d 1079, 1080 (10th Cir. 1994) (quoting *Colo. River*, 424 U.S. at 817) (alteration in original). "The doctrine permits a federal court to dismiss or stay a federal action in deference to pending parallel state court proceedings, based on 'considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id.* (quoting *Colo. River*, 424 U.S. at 817) (other quotations and citation omitted). "[D]eclining to exercise jurisdiction based on the *Colorado River* doctrine is appropriate only in 'exceptional' circumstances." *Id.* at 1081 (quoting *Colo. River*, 424 U.S. at 818; *Moses H. Cone*, 460 U.S. at 19).

> The Supreme Court has set forth a number of factors for a court to consider in determining whether exceptional circumstances exist. Before examining these factors, however, a federal court must first determine whether the state and federal proceedings are parallel. Suits are parallel if substantially the same parties litigate substantially the same issues in different forums.

*Id*. (quotations and citations omitted). To determine whether the state and federal proceedings are parallel, this court "examine[s] the state proceedings as they actually exist to determine whether they are parallel to the federal proceedings." *Id*.

"[I]f a federal court determines the state and federal proceedings are parallel, it must then determine whether deference to state court proceedings is appropriate under the particular circumstances." *Id*. at 1082.

> In *Colorado River*, the Supreme Court set forth a nonexclusive list of factors for courts to consider in deciding whether exceptional circumstances exist to warrant deference to parallel state proceedings: (1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the courts obtained jurisdiction. The Court discussed several other factors in *Moses H. Cone*, such as the vexatious or reactive nature of either the federal or the state action, whether federal law provides the rule of decision, and the adequacy of the state court action to protect the federal plaintiff's rights. Other courts also have considered whether the party opposing abstention has engaged in impermissible forum-shopping.
>
> No single factor is dispositive; the weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case. Rather than use the factors as a mechanical checklist, a court should engage in a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.

*Id.* (quotations and citations omitted). The court now turns to examining those factors as they apply to this case.

### A. Parallel Proceedings

Before addressing the factors to determine if exceptional circumstances exist warranting a stay of this case, the court must determine whether the state and federal proceedings are parallel. As noted above, "[s]uits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Id.* (quotations and citations omitted). Further, when analyzing whether state and federal proceedings are parallel, this court "examine[s] the state proceedings as they actually exist to determine whether they are parallel to the federal proceedings." *Id.*

In the R&R, this court determined that this case and the case underlying the First Hawaii Decision I present the same issues with respect to the 2004 Note. Specifically, this court concluded that "the issues presented in this case concerning . . . 2004 Note are identical to the issues addressed in the First Hawaii Decision [I]."[26] In addition, the case underlying the First Hawaii Decision I involves substantially the same parties as this case. Accordingly, the court concludes here that this case and the case underlying the First Hawaii Decision I are parallel proceedings. Accordingly, the court turns to addressing the relevant factors to determine whether exceptional circumstances exist to warrant a stay of this case in deference to the case underlying the First Hawaii Decision I.

---

[26] Docket no. 30 at 14.

### B.  Assumption of Jurisdiction Over Property

Neither this court nor the court that issued the First Hawaii Decision I have assumed jurisdiction over any property.  Consequently, this factor is inapplicable here.

### C.  Inconvenience of the Federal Forum

While Wagner is a resident of Utah, none of the named defendants are Utah residents. WBGI is a Nevada corporation, with its principal place of business in Hawaii.  Defendants reside in a variety of states, including California, Minnesota, and Oregon.  Accordingly, the court concludes that the District of Utah is an inconvenient forum for the named defendants.  As such, this factor weighs in favor of a stay.

### D.  Avoiding Piecemeal Litigation

In the R&R, this court has already concluded that the issues raised in this case with respect to the 2004 Note are identical to the issues raised on the same topic in the case underlying the First Hawaii Decision I.  Consequently, allowing this case to go forward at the same time as the case underlying the First Hawaii Decision I would result in piecemeal litigation and a potential waste of judicial resources.  Accordingly, this factor weighs in favor of a stay.

### E.  Order of Jurisdiction

This factor also weighs in favor of a stay.  The case underlying the First Hawaii Decision I was initiated in July 2004, while this case was initiated much later, in August 2011.

### F.  Vexatious or Reactive Nature

Again, this court has already concluded in the R&R that the issues concerning the 2004 Note that are raised in this case are identical to the issues raised in the case underlying the First

Hawaii Decision. After Plaintiff received an unfavorable ruling on those issues in the First Hawaii Decision I, he initiated this case, raising the same issues. Consequently, it appears that Plaintiff's filing of this case was, at best, reactive and, at worst, vexatious. Therefore, this factor weighs in favor of a stay.

### G. Federal Law

Federal law does not provide the rule of decision in this case. Instead, Plaintiff's claims in this case and the case underlying the First Hawaii Decision I all appear to be state-law claims. Accordingly, this factor weighs in favor of a stay.

### H. Protection of Plaintiff's Rights

There is no indication that Plaintiff's rights will not be adequately protected in the case underlying the First Hawaii Decision I. Indeed, Plaintiff chose that forum to protect his rights initially when he filed that case in July 2004, well before he initiated this case. Accordingly, this factor weighs in favor of a stay.

### I. Forum-Shopping

Although Plaintiff has filed two cases that raise identical issues concerning the 2004 Note, the court cannot say that he has engaged in forum shopping. Instead, it appears that Plaintiff has simply chosen to litigate parallel cases in two different forums. The court is not persuaded that such conduct amounts to forum shopping. Consequently, this factor weighs against imposing a stay.

### J.  Conclusion on Motion to Stay

The overwhelming majority of the above-referenced factors weigh in favor of a stay of this case pending final resolution of the case underlying the First Hawaii Decision I.  After carefully balancing those factors, the court concludes that exceptional circumstances exist warranting a stay of this case in deference to the case underlying the First Hawaii Decision I.  Accordingly, the court concludes that WBGI's motion to stay should be granted.  The stay should remain in effect until the case underlying the First Hawaii Decision I results in a final judgment.  Within thirty (30) days after that final judgment is rendered, the parties should be directed to provide the court with written notice of the judgment, at which point the stay in this case should be lifted.

### CONCLUSION AND RECOMMENDATION

In summary, **IT IS HEREBY RECOMMENDED** that:

1. WBGI's second motion to dismiss[27] and Defendants' motion to dismiss[28] be **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. WBGI's second motion to dismiss and Defendants' motion to dismiss Plaintiff's claims related to record-keeping and misappropriation of funds be **GRANTED**, as indicated above.

---

[27] *See* docket no. 39.

[28] *See* docket no. 52.

      b.      WBGI's second motion to dismiss and Defendants' motion to dismiss Plaintiff's claims related to the 2004 Note be **DENIED WITHOUT PREJUDICE**, as indicated above.

2.      WBGI's motion to stay[29] be **GRANTED**, as indicated above.

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after receiving it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 5th day of November, 2012.

BY THE COURT:

PAUL M. WARNER  
United States Magistrate Judge

---

[29] *See* docket no. 41.