Arnold Richer, #2751
Patrick F. Holden, #6247
**RICHER & OVERHOLT, P.C.**
901 West Baxter Drive
South Jordan, Utah 84095
Telephone: (801) 561-4750, Ext. #15
Email: aricher@richerandovertholt.com

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| WALTER L. WAGNER, | : | Case No. 2:11-cv-00784-PMW |
| Plaintiff, | : | |
| | | DEFENDANTS' MEMORANDUM |
| v. | : | IN OPPOSITION TO PLAINTIFF'S |
| | | MEMORANDUM OF OBJECTION |
| PRESTON MICHIE, an individual, KENNETH | : | TO REPORT AND |
| FRANCIK, an individual, LESLIE COBOS, an | | RECOMMENDATION. |
| individual, MARK ROBINSON, an individual, | : | |
| ANNETE EMERSON, an individual, STEVE | | |
| BRYANT, an individual, and WORLD | : | |
| BOTANICAL GARDENS, INC., a Nevada | | District Judge Robert J. Shelby |
| corporation, | : | |
| | | Magistrate Judge Paul M. Warner |
| Defendants. | : | |

Defendants Preston Michie, Kenneth Francik, Leslie Cobos, Mark Robinson, Annete

Emerson, Steve Bryant (collectively "Individual Defendants") and World Botanical Gardens, Inc.

WBGI 03

("Defendant WBGI") (collectively "Defendants"), hereby submit Defendants' Memorandum in Opposition to Plaintiff's Memorandum of Objection to Report and Recommendation of Magistrate Paul M. Warner of November 5, 2012 ("Report").

## INTRODUCTION

Plaintiff Walter L. Wagner ("Wagner") objects to Magistrate Paul M. Warner's Report partially granting and partially denying Defendant WBGI's Second Motion to Dismiss, the Individual Defendants' Motion to Dismiss and granting Defendants' Motion to Stay. Defendants moved to dismiss Wagner's defamation claims based on the preclusive effects of three prior state court decisions. In addition, Defendants moved to stay proceedings related to a pending court case in the State of Hawaii.

At issue, are the preclusive effects of three state court decisions[1]; the Nevada Decision, the First Hawaii Decision and the Second Hawaii Decision. Magistrate Warner found that Defendants established the four elements of issue preclusion[2] as to two of the three issues raised in Wagner's Complaint, namely record-keeping and misappropriation of funds. Magistrate

---

[1] Magistrate Warner took judicial notice of the three state court decisions. [*Report*, pg. 3]. In addition, Magistrate Warner referred to the three state court decisions as (1) the Nevada Decision or the Nevada Court; (2) the First Hawaii Decision or the First Hawaii Court; and (3) the Second Hawaii Decision or the Second Hawaii Court. Defendants will use the same nomenclature throughout this memorandum.

[2] Magistrate Warner applied Nevada issue preclusion law to the Nevada decision and Hawaii issue preclusion law to the First and Second Hawaii decisions.

WBGI 03

Warner found that issues related to the 2004 Note relate to the pending First Hawaii Court

decision. Accordingly, Magistrate Warner determined Wagner's defamation claims, to the extent

they relate to the 2004 Note, should be stayed pending final resolution of the First Hawaii Case.

## POINT I

### THE FIRST HAWAII APPELLATE DECISION DOES NOT SUPPORT WAGNER'S CLAIMS AGAINST DEFENDANTS.

Wagner contends that the First Hawaii Case appellate decision, Wagner v. World

Botanical Gardens, Incorporated, 268 P.3d 443 (Haw. Ct. App. 2011), resolves Wagner's claims

in his favor and precludes the order of dismissal and stay in the instant action. In particular,

Wagner states that:

> the outcome has already been determined as to whether or not the underlying
> claim from monetary damages against WBGI is a valid claim, with the Hawaii
> Court of Appeals (First Hawaii Case – II) determining that the *quantum meruit*
> aspect of the breach of contract is a valid contract action, sending it back to the
> trial court for determination as to the amount of money owed, not whether or not
> the suit was validly filed.

[Wagner Obj., pgs. 2 - 3]

Wagner has not accurately described the reasoning or result of the Hawaii Court of

Appeals' decision in Wagner v. World Botanical Gardens, Incorporated, 268 P.3d 443 (Haw. Ct.

App. 2011). In Wagner, the court reviewed the trial court's dismissal of Wagner's twelve count

complaint. Id. at 446. Wagner's claims were based on eight separate promissory notes. Id. The

court also reviewed Wagner's quantum meruit claims.

3

WBGI 03

The court did not grant judgment to Wagner on the issue of quantum meruit. To the contrary, the court remanded the issue of quantum meruit on both liability and damages. First, the court noted that Wagner's entitlement to recovery under quantum meruit depended on whether he was required to be licensed for the type of services he provided. Id. at 456. If Wagner was required to be licensed, he could not recover under quantum meruit. Id. Second, the court remanded on the issue of whether Wagner's quantum meruit claim was barred by the doctrine of unclean hands. On this issue, the court observed "there is a multitude of evidence suggesting questionable conduct by Wagner", but that fact issues remained on the issue of unclean hands. Id.

Therefore, Wagner's objection to the Report based on the First Hawaii appellate decision is without merit. The Hawaii Court of Appeals affirmed every issue against Wagner, except quantum meruit. There, the court did not rule in Wagner's favor, but instead remanded for a determination as to whether Wagner could recover under quantum meruit at all.

## POINT II

## MAGISTRATE WARNER CORRECTLY DISREGARDED WAGNER'S IRRELEVANT AND IMPROPER AFFIDAVITS.

Wagner complains that Magistrate Warner did not consider the several and lengthy affidavits submitted by Wagner attesting to alleged and myriad conspiracies by and among the litigants and the state court judiciary of Nevada and Hawaii. Magistrate Warner properly considered the allegations in Wagner's Complaint along with the state court decisions, which

4                          WBGI 03

were subject to judicial notice. Under Fed.R.Civ.P.12(d), Magistrate Warner was under no

obligation to address Wagner's Affidavits:

> (d) Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

The Tenth Circuit rejected a similar argument in Prager v. LeFaver, 180 F.3d 1185, 1189

(10th Cir. 1999). There, the court found that the district court has discretion not to consider

extrinsic materials provided by a party in the context of a rule 12(b) motion. The court relied in

part on the fact that "[n]umerous other circuits use language indicating district courts have

discretion in deciding whether to consider such materials." Id. at 1189. See also Elite Nutrition

Centers v. Kocheskov, No. 2:07-CV-512, 2007 WL 4210188, * 1 (D. Utah Nov. 27, 2007)("In

resolving a 12(b)(6) motion, a court may not consider matters outside the pleadings, unless those

documents are attached to the complaint or are referenced in the complaint. As to such

documents, the district court is not required to consider them, but may do so in its discretion.")

Similarly in the instant case, Magistrate Warner was not required to consider, let alone

address, Wagner's detailed and extensive conspiracy theories set forth in affidavit form. Neither

were Defendants under any obligation to address or refute these claims in the context of a motion

to dismiss. The affidavits were documents extrinsic to the pleadings, and were therefore, properly

disregarded.

WBGI 03

## POINT III

## ISSUES RELATED TO THE 2004 NOTE, INCLUDING THE INDICTMENT, WERE PROPERLY STAYED.

Wagner claims that he should be allowed to proceed with his defamation claims arising out of a criminal indictment in Hawaii state court. However, as Wagner acknowledges, the indictment "'relates' to the "2004 Note" claim (First Hawaii Case) for monetary damages . . . ." [Wagner Memo., pg. 5] Because the indictment claim relates to the 2004 Note claim, it, like all aspects of the 2004 Note claim, remain stayed pending the final resolution of the First Hawaii Case.

As discussed in Magistrate Warner's initial report, Wagner's defamation claims are the same claims raised in the First Hawaii Case under the auspices of the 2004 Note. That Wagner now seeks to continue his litigation in the guise of a defamation action is of no moment. The underlying factual issues which are the predicate of Wagner's defamation claim are the very same factual issues raised in the Hawaii state cases. Therefore, Magistrate Warner correctly concluded that to the extent the defamation claims relate to the Second Hawaii case, they were subject to dismissal. To the extent the defamation claims relate to the First Hawaii decision, the claims are stayed.

## CONCLUSION

For the foregoing reason, Defendants request that the Court adopt Magistrate Warner's

WBGI 03

*Report* without modification.

DATED this _10_ day of December, 2012.

**RICHER & OVERHOLT, P.C.**

Arnold Richer
Patrick F. Holden
Attorneys for Plaintiff

7                                    WBGI 03

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **DEFENDANTS'**

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MEMORANDUM OF**

**OBJECTION TO REPORT AND RECOMMENDATION** to be delivered to the following on

the date and in the manner below indicated:

[X] Mail                          Walter L. Wagner
[ ] Fax                          532 N 700 E
[ ] Email                      Payson, Utah 84651
[ ] Hand Delivery        retlawdad@hotmail.com

DATED this 11 day of December, 2012.

_____
Patrick F. Holden

WBGI 03