WALTER L. WAGNER
532 N 700 E
Payson, Utah 84651
retlawdad@hotmail.com
808-443-6344



# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| WALTER L. WAGNER, ) | Case: 2:11-cv-784-RJS-PMW |
| ) | |
| Plaintiff ) | **REBUTTAL TO DEFENDANTS'** |
| ) | **MEMORANDUM IN** |
| vs. ) | **OPPOSITION TO PLAINTIFF'S** |
| ) | **MEMORANDUM** |
| PRESTON MICHIE, KENNETH ) | |
| FRANCIK, LESLIE COBOS, MARK ) | |
| ROBINSON, ANNETTE EMERSON ) | |
| STEVE BRYANT, WORLD BOTANICAL ) | |
| GARDENS, INC. (WBGI), ) | **District Judge Robert J. Shelby** |
| ) | |
| Defendants ) | **Magistrate Judge Paul Warner** |
| ) | |

## REBUTTAL TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MEMORANDUM

### POINT 1

### THE FIRST HAWAII APPELLATE DECISION SUPPORTS WAGNER'S CLAIMS

Defendants, in their argument that black is actually white, argue that plaintiff Wagner's favorable appellate decision (First Hawaii Case – II) does not support Wagner's claims against defendants.

After eight years of litigation (2004 filing to 2012 appellate decision), the Hawaii appellate court determined that Wagner had an arguable claim for *quantum meruit* monetary claim and reversed the trial court and sent the case back for trial on the *quantum meruit* claim. That decision, of which this honorable Court is requested to take judicial notice, precludes defendants, and all of them, from asserting that Wagner filed a bogus lawsuit without any arguable claim and that such was an "attempted theft" of WBGI monies.

It is also fully documented by way of the extensive sworn affidavits filed herein that Wagner in fact engaged in extensive work for WBGI, in support of his *quantum meruit* claim, without financial compensation from WBGI (other

2

than Promissory Notes), further evidencing that his suit was not a sham, but for payment for services actually rendered.

Even if Wagner were "required to be licensed" as asserted by counsel for defendants as a possible defense, such legal technicality would not render the filing of his suit as a 'sham', as his suit amply presented a color of a claim. Moreover, there is no requirement for the WBGI employees to be licensed as gardeners, and none of the current, or past, employees have ever been so licensed, nor is there any licensing statute in Hawaii law requiring gardeners to be licensed to do gardening work. This is a mere smoke-screen by defendants.

Accordingly, the <u>defendants</u> are now precluded, by the doctrine of issue preclusion, from asserting that Wagner's filing of his suit to collect monies owed for services rendered over the course of a decade was an "attempted theft" and they accordingly are not privileged to have published the fraudulently issued and subsequently dismissed 'indictment' which alleged such, nor can they now claim that there was any validity to the claim of "attempted theft" they so willfully and wantonly made in an effort to steal Wagner's assets under cover of their lies.

Even if plaintiff Wagner does not prevail on that suit, by either not showing up due to the lengthy passage of time, or by failure to present his claims anew,

or for any other reason, such does not effect the valid judicial determination that he filed a valid lawsuit for a *quantum meruit* claim, which now serves as issue preclusion to a false claim that his suit was an "attempted theft".

## POINT II

## MAGISTRATE WARNER INCORRECTLY DISREGARDED PLAINTIFF'S RELEVANT AND PROPER AFFIDAVITS BY SEVERAL AFFIANTS

Plaintiff Wagner submitted numerous sworn affidavits in support of numerous facts. Those affiants included Mr. Dan Perkins, a long-time Utah businessman who had spent ten years working for WBGI, Mr. Cal Andrus, a long-time Utah businessman who was instrumental in founding WBGI, and plaintiff himself who had intimate knowledge of the facts surrounding this case.

**None of those sworn affidavits were contested by any party filing opposing affidavits.**

Counsel for defendants now urges this Court to "disregard" the facts set forth by those affiants pursuant to case authority allowing *"discretion in deciding whether to consider such materials"*.[1]

---

[1] *Prager v. LeFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999); cited by defendants' counsel on page 5 of its *Memorandum in Opposition*.

4

While certainly this Court has discretion, all exercise of discretion must be sound discretion in the furtherance of justice.

The facts set forth by the affiants should be disturbing to this Court. They set forth felony activity on the part of defendant Francik in several venues. They set forth his fraud and lying to courts in Hawaii and Nevada to obtain fraudulent judgments. They set forth felony theft of funds deposited by shareholders into a dedicated 'Visitor Center Account' specifically promised to be used exclusively for construction of a Visitor Center and instead spent on defendant Francik's frauds. They set forth lying and perjury to a grand jury for the purpose of obtaining a fraudulent criminal indictment against plaintiff herein and against his wife. And they set forth the wrongful publication of that subsequently dismissed indictment, long after it was dismissed, on the WBGI shareholder website for the purpose of falsely defaming plaintiff to his business partners and associates (which is the crux of the instant case).

For this Court, or any court, to disregard such detailing of criminal and fraudulent activity would not only be unsound, but an abuse of its discretion in light of the uncontested nature of the detailing of those facts.

Accordingly, this Court should disregard defendants' counsels suggestion to disregard those facts, and instead fully regard them for what they are and their effect on this case – namely a basis for entering of summary judgment against defendants as requested by plaintiff, and eliminating fully any claim of 'issue preclusion' based on the prior fraudulently obtained 'judgments'.

### POINT III

### ISSUES RELATING TO EITHER THE 2004 NOTE OR 'INDICTMENT' CANNOT BE PROPERLY STAYED

The issues pertaining to the 2004 promissory note have been (wrongly) dismissed pursuant to the Second Hawaii Case – II, leaving only the *quantum meruit* claim. Accordingly, it is improper to stay proceedings to await the outcome of the issues pertaining to that note because those issues have already been dismissed and nothing is left to decide about them.

The only remaining issue – *quantum meruit* – raises factual issues as to the amount of work performed between 1995 and 2004 by plaintiff herein and its dollar value. Nothing more. These issues have nothing to do with, and are in no way related to, the instant claims for defamation. The primary instant claim for defamation pertains to the publication on the WBGI website of a fraudulently

obtained, and subsequently dismissed, 'indictment' document as if it were a true, pending and extant indictment, for the purpose of falsely defaming plaintiff to his long-time business associates. That 'indictment' document, as is already conclusively demonstrated, is not only fraudulently obtained but cannot even be claimed to be true as setting forth a valid claim of "attempted theft" for plaintiff's filing of suit against WBGI because the First Hawaii Case – II has already conclusively determined that such filing of suit was legally proper.

It is simply a lie to assert that "*Wagner's defamation claims are the same claims raised in the First Hawaii Case under the auspices of the 2004 note.*"[2] As detailed previously, the primary defamation claim relates to defendant Francik's lying, commencing circa 2008, to his attorney to obtain a hearing before a grand jury, lying to the grand jury, and subsequent extensive lying to his attorney, business associates, and others to induce them to engage in wrongdoing such as inducing defendant Robinson to publish the fraudulently obtained 'indictment' to plaintiff's business partners on the WBGI website. Conversely, the remaining claim in Hawaii (First Hawaii Case - II) is solely a *quantum meruit* claim for the value of services rendered between 1995 to 2004.

---

[2] Page 6, middle of page, of defendants' *Memorandum in Opposition*.

The Hawaii claim and the instant Federal claim are not related in the least, neither in time frame, nor in factual issues.

Accordingly, since the issues pertaining to the 2004 note have already been dismissed in Hawaii there is no basis to await an outcome of issues pertaining to the 2004 note, and no basis for a stay pending the decision of the dollar amount of the remaining *quantum meruit* claim.

## CONCLUSION

This Court, in the sound exercise of its discretion, should acknowledge that the facts as set forth during the past year of litigation are **uncontested**, and enter summary judgment in favor of plaintiff as to the issue of liability, leaving for the jury the issue as to the dollar amount. There is no basis for a stay of the major defamation claim nor any basis for dismissal of the lesser claims.

DATED: December 12, 2012 (12/12/12)

_____
Walter L. Wagner

WALTER L. WAGNER
532 N 700 E
Payson, Utah 84651
retlawdad@hotmail.com
808-443-6344

FILED

2012 DEC 14  P 3: 49

# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| WALTER L. WAGNER, ) | Case:   2:11-cv-784-RJS-PMW |
| ) | |
| Plaintiff ) | **CERTIFICATE OF SERVICE** |
| ) | |
| vs. ) | |
| ) | |
| PRESTON MICHIE, KENNETH ) | |
| FRANCIK, LESLIE COBOS, MARK ) | |
| ROBINSON, ANNETTE EMERSON ) | |
| STEVE BRYANT, WORLD BOTANICAL ) | |
| GARDENS, INC. (WBGI), ) | **District Judge Robert J. Shelby** |
| ) | |
| Defendants ) | **Magistrate Judge Paul Warner** |
| ) | |

## CERTIFICATE OF SERVICE

I, Walter L. Wagner, certify that I served the *MEMORANDUM OF OBJECTION TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE PAUL M. WARNER OF NOVEMBER 5, 2012* on defendants by placing same into the US Mail on November 30, 2012 addressed to Richer and Overholt, 901 W. Baxter Dr., South Jordan, UT 84095.

DATED: December 5, 2012

_Walter L. Wagner_
Walter L. Wagner