WALTER L. WAGNER
532 N 700 E
Payson, Utah 84651
retlawdad@hotmail.com
808-443-6344

FILED
U.S. DISTRICT COURT
2013 MAR 15 ⌐ 1:01
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| WALTER L. WAGNER, ) | Case:   2:11-cv-784-RJS-PMW |
| ) | |
| Plaintiff ) | |
| ) | **PLAINTIFF'S REQUEST FOR** |
| vs. ) | **STATUS UPDATE** |
| ) | |
| PRESTON MICHIE, KENNETH ) | |
| FRANCIK, LESLIE COBOS, MARK ) | |
| ROBINSON, ANNETTE EMERSON ) | |
| STEVE BRYANT, WORLD BOTANICAL ) | |
| GARDENS, INC. (WBGI), ) | **District Judge Robert J. Shelby** |
| ) | |
| Defendants ) | **Magistrate Judge Paul Warner** |
| ) | |

## PLAINTIFF'S REQUEST FOR STATUS UPDATE

1.      Plaintiff requests a Status Update on the pending motions that were submitted several months ago.

2.      Plaintiff reminds this Court that plaintiff has submitted several sworn affidavits in support of his motions and in opposition to defendants' motions; and that defendants have submitted no affidavits in support of their motions or in opposition to plaintiff's motions.

3.      Plaintiff reminds this court that defendants are seeking a stay of this action pending determination of plaintiff's outstanding Hawaii action for contractual back-pay from 1995 to 2003 that defendant WBGI refused to pay him.  Plaintiff has opposed this stay request on the basis that the outstanding Hawaii action will not determine facts relevant to the current tort claims that have arisen since 2008.

4.      Plaintiff reminds this court that one of his motions is to appoint a *Receiver*, suggesting Mr. Cal Andrus for such appointment as he was one of the original founders of WBGI, and who remains ready to accept the appointment.  He in turn is ready to appoint Utah legal counsel to represent WBGI thereafter.  Defendant WBGI claimed it sold off plaintiff's shares for 1/50th of their prior value to WBGI itself and to one of the WBGI board members.  This Court is reminded that even if that were true and not a fraudulent sale (which Plaintiff contends, supported by affidavit), they only sold the shares he had remaining if he had been selling his own shares, not corporate treasury shares.  They have left him with approximately 700 shares (out of his original 3,333 shares) and only sold about 2,600 of his shares at a purported 'auction', leaving him standing to seek a receiver even if their purported 'auction' were somehow valid and not the fraud plaintiff has contended in his motions.

DATED: MARCH 15, 2013


_____
Walter L. Wagner