WALTER L. WAGNER
532 N 700 E
Payson, UT 84651
retlawdad@hotmail.com
808-443-6344

FILED
U.S. DISTRICT COURT

2013 APR -1  P 12: 05

DISTRICT OF UTAH

BY:_____
     DEPUTY CLERK

## IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

## STATE OF HAWAII

| | | |
|---|---|---|
| WALTER L. WAGNER, | ) | Civil No. 04-1-232 |
| | ) | |
| Plaintiff | ) | **MOTION FOR STAY** |
| | ) | (Rule 16(a)(5) and (c)(16)) |
| vs. | ) | |
| | ) | |
| WORLD BOTANICAL GARDENS, | ) | |
| INCORPORATED (WBGI) | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

## MOTION FOR STAY

1.     Plaintiff Walter L. Wagner respectfully moves this Court, pursuant to Rules 16(a)(5) and 16(c)(16) of the *Hawai'i Rules of Civil Procedure*, for a stay of the proceedings pending resolution of the parallel case entitled *Wagner v. Michie, WBGI, et al.*, Civil No. 0124895, currently pending in US District Court, District of Utah.

2.     In the pending federal action, plaintiff seeks not only monetary relief for numerous tort actions of defendants commencing circa 2008, but also for appointment of a Receiver to replace the current mismanagement team. It is expected that the Receiver will immediately appoint corporate counsel to replace Thomas Yeh, for the purpose of resolving the instant action without further litigation.

3.      The pending federal action has a submitted request for appointment of a Receiver, with the parties having submitted the matter for decision in late 2012. The expected Receiver, one of the original co-founders of WBGI, has indicated his desire to appoint counsel who will quickly settle the fraudulent litigations that the current WBGI mismanagement has foisted upon WBGI shareholders.

4.      Numerous sworn affidavits were filed in that federal case in support of the appointment of a receiver, attesting to among other facts, plaintiff Wagner's 12.5% ownership interest in WBGI (the federal rules require a minimum 10% ownership interest to), and the sell-off of 90% of WBGI's land interests by the current mismanagement team. None of those supporting affidavits had opposing affidavits filed in opposition contesting any of the facts that were set forth to sustain appointment of a receiver, or any other facts setting forth the frauds of defendant herein including the fraudulent opposition to the instant claim.

5.      Facts set forth in the affidavits in support of a Receiver are summarized in the accompanying *Affidavit of Walter L. Wagner in Support of a Stay of Proceedings*. This instant matter has been pending before the court for nine years, and an additional few months' stay will not adversely impact either party.

6.      Accordingly, it is requested that this court grant this motion at the Rule 16 conference this court calendared in this matter.  Staying this matter while it is determined in federal court whether Thomas Yeh may continue to purport to represent the interests of the WBGI shareholders is within the purview of Rule 16 purposes which allows for the court to engage in such actions that will facilitate the settlement of the case (Rule 16(a)(5)) or engage in such other matters as may facilitate the just, speedy and inexpensive disposition of the case (Rule16(c)(16)).

DATED: March 24, 2013

Walter L. Wagner