IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WALTER L. WAGNER,<br><br>          Plaintiff,<br><br>     vs.<br><br>PRESTON MICHIE, KENNETH FRANCIK, LESLIE COBOS, MARK ROBINSON, ANNETTE EMERSON, STEVE BRYANT, and WORLD BOTANICAL GARDENS, INC.,<br><br>          Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br><br><br>Case No. 2:11-cv-784 |

There are a number of motions pending in the above-captioned matter. Over a year ago, Defendant World Botanical Gardens, Inc. (WBGI) filed a Motion to Dismiss (Dkt. No. 5) and Plaintiff Walter L. Wagner filed a Motion for a Preliminary Injunction (Dkt. No. 10). The Honorable Paul Warner addressed these motions in his First Report and Recommendations (Dkt. No. 30). Judge Warner recommended that the court deny Mr. Wagner's Motion for a Preliminary Injunction. He then considered WBGI's motion to dismiss the claims pending against it.

Judge Warner divided Mr. Wagner's claims into two categories. First, he recommended that the court grant WBGI's motion as it pertained to Mr. Wagner's claims for fraud, waste, and mismanagement because he found that Mr. Wagner lacked standing to bring these claims. Second, Judge Warner assessed whether Mr. Wagner's claims for defamation should be

dismissed under the doctrine of issue preclusion, since Mr. Wagner has been involved in numerous state court actions with these parties on similar matters.  Mr. Wagner alleges claims for slander and libel against WBGI for making false statements about three different topics: Mr. Wagner's poor record-keeping, a fraudulent promissory note signed by Mr. Wagner's wife Linda in 2004, and Mr. Wagner's misappropriation of WBGI funds.  Judge Warner took judicial notice of three state court decisions that dealt with these issues:

1. *World Botanical Gardens, Inc. v. Wagner*, Case No. CV05-02079 (Second Judicial District for the State of Nevada, Oct. 2, 2006) ("Nevada");

2. *Wagner v. World Botanical Gardens, Inc.*, Case No. 04-1-0232 (Third Circuit Court for the State of Hawaii, Nov. 13, 2007) ("First Hawaii"); and

3. *World Botanical Gardens, Inc. v. Wagner*, Case No. 05-1-0210 (Third Circuit Court for the State of Hawaii, Oct. 9, 2008) ("Second Hawaii").

Given the findings made by these courts, Judge Warner found that the Nevada decision barred Mr. Wagner's claim related to record-keeping; that the First Hawaii decision barred Mr. Wagner's claim concerning the 2004 promissory note; and that the Second Hawaii decision barred Mr. Wagner's claim about misappropriation.  But because Judge Warner did not have proof that any of these decisions were final, he found that WBGI had not satisfied a required element to establish issue preclusion.  Accordingly, Judge Warner recommended that the court deny WBGI's Motion to Dismiss as it pertained to the defamation claims without prejudice to refile if the state court decisions became final.

After Judge Warner issued his First Report and Recommendations, WBGI submitted a second Motion to Dismiss (Dkt. No. 39) and a Motion to Stay (Dkt. No. 41).  The individual Defendants also submitted a Motion to Dismiss (Dkt. No. 52).  In these motions, the Defendants

presented evidence that the Nevada decision was affirmed by the Nevada Supreme Court; that the Intermediate Court of Appeals of Hawaii reversed the First Hawaii decision on a quantum meruit claim but affirmed the decision in all other respects; and that the Hawaii Supreme Court denied a petition for a writ of certiorari for the Second Hawaii decision, which was affirmed by the Intermediate Court of Appeals of Hawaii.  As a result, the parties argued that the defamation claims related to poor record-keeping and misappropriation of funds should be dismissed, and that the court should stay the remaining defamation claim concerning the 2004 promissory note until the First Hawaii court issued a final decision.  In his Second Report and Recommendations (Dkt. No. 75), Judge Warner agreed that the Defendants' arguments were valid and adopted their recommendations.

    Mr. Wagner has filed an Objection to Judge Warner's First Report and Recommendations (Dkt. No. 32) as well as an Objection to the Second Report and Recommendations (Dkt. No. 77). In his first set of objections, Mr. Wagner argues that only issues concerning the identity of WBGI's proper governing board were litigated in the Nevada court, and that therefore the court's decision cannot be used to preclude him from now litigating issues about his record-keeping. The court disagrees.  The Nevada court ultimately decided which of two competing boards of directors should control WBGI.  But to reach this decision, the Nevada court resolved a number of related factual and legal issues, including whether Mr. Wagner misappropriated funds, whether he kept proper records, and whether his removal from the board of directors was proper. Mr. Wagner had ample opportunity to argue these issues during the Nevada litigation and is now barred from asking this court to reconsider factual matters that the Nevada court has already addressed.

Second, Mr. Wagner contends that he did not have a full and fair opportunity to litigate the issues addressed by the Second Hawaii court because his wife was arrested during those proceedings on a bench warrant. Mr. Wagner asserts that he could not present his own testimony during that trial because he had to bail his wife out. The court finds that Mr. Wagner's argument is nonsensical. There is no evidence that Mr. Wagner himself was arrested or was prevented from appearing at the Second Hawaii trial. He cannot complain that he did not have a full and fair opportunity to litigate when he voluntarily chose not to appear. In any event, the Second Hawaii court had already decided issues concerning Mr. Wagner's conversion and misappropriation on a motion for partial summary judgment, long before Ms. Wagner was arrested at trial.

Third, Mr. Wagner challenges Judge Warner's finding that Mr. Wagner lacked standing to bring his fraud, waste, and mismanagement claims against WBGI. Mr. Wagner claims that the sale in which his remaining interest in WBGI was sold was conducted fraudulently. But, as the Second Hawaii court found, this sale was conducted according to a valid Nevada court order and under court direction. In essence, Mr. Wagner is asking a federal court to question the sufficiency of a state court proceeding for reasons wholly unrelated to any federal law. The court declines Mr. Wagner's invitation.

In his second set of objections, Mr. Wagner argues that Judge Warner failed to consider a number of affidavits that Mr. Wagner submitted in support of his contention that the Nevada and Hawaii state court decisions were fraudulently obtained. But Judge Warner was considering purely legal issues on a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure. These legal decisions do not depend on any of the factual issues raised by Mr.

Wagner in his supporting affidavits. As a result, it was appropriate for Judge Warner to disregard them. In any event, even if the state court proceedings were indeed tainted by the fraudulent actions of some of the parties (a fact of which the court is highly skeptical), Mr. Wagner must challenge those decisions using procedures outlined by state law. This court will not overturn a state court decision on the grounds that Mr. Wagner suggests, no matter how many affidavits he submits.

Second, Mr. Wagner contends that the Hawaii appellate court's decision on the First Hawaii matter resolves his claims in his favor. The court generously concludes that Mr. Wagner's argument is born out of a misapprehension of the Hawaii court's ruling. The Hawaii Court of Appeals held: "We conclude that summary judgment was not warranted as to Wagner's claim based on quantum meruit, and further proceedings on remand are required as to this claim. In all other respects, we affirm the circuit court." *Wagner v. World Botanical Gardens, Inc.*, 268 P.3d 443, 446 (Haw. Ct. App. 2011). These "other respects" include a claim based on the 2004 promissory note, which the First Hawaii court denied. It is clear that the Court of Appeals took no issue with the First Hawaii court's finding that the 2004 promissory note was fraudulent. In any event, the appellate court did not resolve Mr. Wagner's claims in his favor, since even Mr. Wagner's quantum meruit claim faces a number of hurdles on remand. These hurdles include issues about whether he was required to be licensed to recover and whether his claim is barred by the "multitude of evidence suggesting questionable conduct by Wagner." *Id.* at 456.

Finally, Mr. Wagner argues that he should be able to proceed with the part of his defamation action that concerns an indictment against him that the Defendants allegedly published on the WBGI website. But Mr. Wagner's claim appears to be nothing more than an

assertion that the Defendants published a document available in the public record. *See State of Hawaii v. Wagner*, Case No. 3-PC-08-1-97 (indictment filed February 28, 2008). This action does not constitute a claim for defamation.

Because the court is not persuaded by any of Mr. Wagner's objections, the court adopts all of Judge Warner's recommendations except for one. The court sees no reason to stay the case until resolution of the First Hawaii decision because the court finds ample reasons to dismiss the case immediately.

While Judge Warner focused on the First Hawaii court's treatment of the 2004 promissory note, other courts have also addressed this issue. Most importantly, the Second Hawaii court made an identical finding in its Findings of Fact: "After August of 2003, Defendant Linda Wagner executed numerous documents purporting to be WBGI documents using the title of WBGI Treasurer, without authority or authorization to do so, including a Promissory Note dated January 1, 2004." *Second Hawaii Decision* ¶ 73. Based on this statement, the court holds that the Second Hawaii court has already addressed an identical issue to the matter that Mr. Wagner now attempts to bring before this court. And as discussed above, Mr. Wagner had a full and fair opportunity to litigate the matters that were considered by the Second Hawaii court. Since the Second Hawaii decision is now final for the purposes of issue preclusion, Mr. Wagner is barred from asserting any claims based on the 2004 promissory note. The court therefore dismisses all of Mr. Wagner's claims on the grounds that they have been previously litigated.

The court notes that a myriad of other reasons exist to dismiss this case. If the court determined that issue preclusion did not bar Mr. Wagner's causes of action, the court would nevertheless issue an Order to Show Cause why the case should not be dismissed for failure to

comply with Rule 11(b) of the Federal Rules of Civil Procedure.  The court is convinced that this case has been filed for the purpose of harassing the Defendants.  The Second Hawaii court labeled Mr. Wagner a vexatious litigant for commencing at least five civil actions that were determined adversely to him, as well as for filing in bad faith numerous frivolous motions that were intended for the sole purpose of causing unnecessary delay.  The number of instances of Mr. Wagner's fraudulent conduct, false representations, and unauthorized actions listed by both the Second Hawaii court and the Nevada court are too legion to list here.  As one example, Mr. Wagner was able to obtain a default judgment against WBGI without its knowledge by telling the Second Hawaii court that WBGI did not have any officers or directors and that WBGI did not object to the default being taken.[1]  *Second Hawaii Decision* ¶ 96.  Given this background, it is highly unlikely that Mr. Wagner's current suit was brought in good faith.  It is also doubtful that Mr. Wagner's Complaint satisfies the pleading standards required by Rule 8 of the Federal Rules of Civil Procedure.  It is even doubtful that the court has jurisdiction to hear this matter, as Mr. Wagner presents no federal question and bases his claim to diversity jurisdiction on unsupported assertions that the amount in controversy is over $75,000.  All of these observations support the court's decision to dismiss the case.

## CONCLUSION

For the reasons stated above, Mr. Wagner's objections are OVERRULED and the court adopts Judge Warner's First Report and Recommendations (Dkt. No. 30) in full.  The court adopts Judge Warner's Second Report and Recommendations (Dkt. No. 75) with the exception

---

[1] The Second Hawaii court later granted relief from its entry of default when it realized that WBGI did indeed have a board of directors who had never received notice of the lawsuit.

that it declines to stay the case.  Instead, the court dismisses all of Mr. Wagner's claims.  As a result, the Defendants' Motions to Dismiss (Dkt. Nos. 39 & 52) are GRANTED.  WBGI's first Motion to Dismiss for Failure to State a Claim and for Lack of Jurisdiction (Dkt. No. 5) and its Motion to Stay (Dkt. No. 41) are DENIED AS MOOT.  Mr. Wagner's Motion for a Preliminary Injunction (Dkt. No. 10) is DENIED.  The court orders the Clerk of the Court to close the case.

SO ORDERED this 22nd day of April, 2013.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge